UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
   :
DANIEL JUNK,    :
   :
          Plaintiff,    :
   :    No. 07-CIV-4640 (LMM) (GWG)
      - against -    :
   :
AON CORP., AON SERVICE CORPORATION    :
and AON CONSULTING, INC.,    :
   :
          Defendants.    :
   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## REPLY MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF DEFENDANTS' MOTION TO DISMISS

WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166

*Attorneys for Defendants*
*Aon Corp., Aon Service Corporation*
*and Aon Consulting, Inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ........................................................................................................... 2

    I.    Plaintiff's Employment Letter Is Properly Before The Court .................................... 2

    II.    Plaintiff Has Failed To And Cannot State A Claim For Breach Of An Alleged Employment Agreement ........................................................... 3

    III.    Plaintiff Has Failed To And Cannot State A Claim For Breach of Contract Based Upon Aon's Corporate Policies And Procedures ............................................. 5

    IV.    Plaintiff Has Failed To And Cannot Plead Claims For Fraudulent Inducement And Promissory Fraud ........................................................... 6

CONCLUSION ........................................................................................................ 10

i

# TABLE OF AUTHORITIES

## CASES

*Alter v. Bogoricin*, No. 97 Civ. 0662, 1997 WL 691332 (S.D.N.Y. Nov. 6, 1997) .......... 8

*Apostolos v. R.D.T. Brokerage Corp.*, 159 A.D.2d 62, 559 N.Y.S.2d 295 (1st Dep't 1990) .................................................................................................................. 5

*Baron v. Port Authority of New York and New Jersey*, 271 F.3d 81 (2d Cir. 2001) .......... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955 (2007) ............................ 2

*Brady v. Calyon Securities (USA)*, 406 F. Supp. 2d 307 (S.D.N.Y. 2005) ...................... 9

*Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)…………........... 2

*Broder v. Cablevision Systems Corp.*, 418 F.3d 187 (2d Cir. 2005) ................................ 2

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991)……….................. 2

*Cucchi v. New York City Off-Track Betting Corp.*, 818 F. Supp. 647 (S.D.N.Y. 1993)....................................................................................................................... 4

*Cunnison v. Richardson Greenshields Sec., Inc.*, 107 A.D.2d 50, 485 N.Y.S.2d 272 (1st Dep't 1985) ...................................................................................... 4

*D&N Boening, Inc. v. Kirsch Beverages, Inc.,* 63 N.Y.2d 449, 483 N.Y.S.2d 164 (1984)………………………………………………………………….............5

*DiFilippo v. Hidden Ponds Associates*, 146 A.D.2d 737, 537 N.Y.S.2d 222 (2d Dep't 1989) ........................................................................................................... 7

*Dupont Flooring Systems, Inc. v. Discovery Zone, Inc.*, No. 98 Civ. 5101, 2004 WL. 1574629 (S.D.N.Y. July 14, 2004)...................................................... 8

*Fitzgerald v. Hudson Nat'l Golf Club,* 11 A.D.3d 426, 783 N.Y.S.2d 615 (2d Dep't 2004) ........................................................................................................... 8

*Granite Partners, L.P. v. Bear, Stearns & Co., Inc.*, 58 F. Supp. 2d 228 (S.D.N.Y. 1999)......................................................................................................... 9

*Hirsch v. Columbia Univ. College of Physicians and Surgeons,* 293 F. Supp. 2d 372 (S.D.N.Y. 2003)…………………………………………………….............9

*Holloway v. King*, 161 Fed. Appx. 122, 2005 WL. 3579351 (2d Cir. 2005).................... 2

*I. Meyer Pincus & Assoc. v. Oppenheimer & Co.*, 936 F.2d 759 (2d Cir. 1991)...............3

*Int'l Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62 F.3d 69 (2d Cir. 1995)....................................................................................................................2

*Lobosco v. New York Telephone Co./NYNEX*, 96 N.Y.2d 312, 727 N.Y.S.2d 383 (2001) ................................................................................................................ 4, 6

*MacDiarmid v. ING Bank N.V.*, No. 02 Civ. 3077, 2003 WL 41995 (S.D.N.Y. Jan. 6, 2003).............................................................................................. ....8

*Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83 (2d Cir. 1998) ........................................ 5, 6

*Meyercord v. Curry*, 38 A.D.3d 315, 832 N.Y.S.2d 29 (1st Dep't 2007) ........................ 9

*North Shore Bottling Co., Inc. v. C. Schmidt and Sons, Inc.*, 22 N.Y.2d 171, 292 N.Y.S.2d 86 (1968) ................................................................................................ 5

*Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 514 N.Y.S.2d 209 (1987)...................... 4

*Stewart v. Jackson & Nash*, 976 F.2d 86 (2d Cir. 1992) ............................................ 7, 9

*Wegman v. Dairylea Cooperative, Inc.*, 50 A.D.2d 108, 376 N.Y.S.2d 728 (4th Dep't 1975) ............................................................................................................ 8

*Weiner v. McGraw-Hill*, 57 N.Y.2d 458, 457 N.Y.S.2d 193 (1982)............................... 6

*Yak v. Bank Brussels Lambert*, 252 F.3d 127 (2d Cir. 2001)...................................... 2, 3

## FEDERAL STATUTES

Fed. R. Civ. P. 9(b) ................................................................................................ 1, 10

Fed. R. Civ. P. 12(b)(6)........................................................................................... 1, 10

Defendants Aon Corp., Aon Service Corporation, and Aon Consulting, Inc. (collectively "Aon") respectfully submit this reply memorandum of law in further support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b), to dismiss the complaint filed by plaintiff Daniel Junk ("Plaintiff").[1]

## PRELIMINARY STATEMENT

As set forth below and in Aon's moving papers, Plaintiff's complaint should be dismissed because each of the contract and fraud claims asserted therein is barred by the plain and unambiguous terms of Plaintiff's November 9, 2006, offer letter.[2]  Pursuant to that letter, Plaintiff agreed that he was an at-will employee who could be terminated at any time and for any reason, and that no oral representations could vary the letter's written terms.[3]

In his Opposition, Plaintiff does not challenge the accuracy or authenticity of his offer letter, but merely dismisses it as "extraneous."  Contrary to Plaintiff's assertion, his employment letter is not "extraneous," but an integral part of his pleading and properly before the Court.

Plaintiff's additional arguments fare no better.  Neither the oral "guarantee" of employment (Count I) nor Aon's employment policies (Count II), create an enforceable contract, alter Plaintiff's presumptively at-will status or limit Aon's right to terminate him.  Plaintiff's fraudulent inducement and promissory fraud claims (Counts III and IV) also are flawed.  They are duplicative of his contract claim, based on non-actionable future promises, opinion and/or

---

[1]  A true and correct copy of Plaintiff's complaint, dated June 1, 2007 ("Compl."), is attached to the Affirmation of Lori J. Van Auken, dated August 6, 2007, as Exhibit A.

[2]  Memorandum of Law In Support of Defendants' Motion To Dismiss, dated August 6, 2007 ("Mem.") at 7-13, 15.

[3]  A true and correct copy of Aon's offer letter dated November 7, 2006, countersigned by Plaintiff on November 9, 2006, is attached to the Affidavit of Leonora Galletti, dated August 3, 2007 ("Galletti Aff."), as Exhibit A.

puffery, and fail to establish the essential elements of fraudulent intent or reliance.[4]
Accordingly, for these reasons as well, Plaintiff's complaint should be dismissed.

## ARGUMENT

**I.    Plaintiff's Employment Letter Is Properly Before The Court.**

In his Opposition, Plaintiff urges the Court to ignore his employment letter
because it is "extrinsic evidence" that should not be considered on a motion to dismiss.  Opp. at
7.  Plaintiff, who cites no authority for his conclusory assertion, is mistaken.

A court considering a Rule 12(b)(6) motion to dismiss may refer to "documents
attached to the complaint as an exhibit or incorporated in it by reference, to matters of which
judicial notice may be taken, or to documents either in plaintiff['s] possession or of which
plaintiff had knowledge and relied on in bringing suit." *Brass v. American Film Techs., Inc.,* 987
F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48
(2d Cir. 1991)).  Where a plaintiff chooses not to attach to the complaint or incorporate by
reference a document upon which it relies, such document is "'integral' to the complaint," and
the court may take such document into consideration in deciding a motion to dismiss.  *Int'l
Audiotext Network, Inc. v. American Tel. and Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995).[5]

The Second Circuit's decision is *Yak v. Bank Brussels Lambert*, 252 F.3d 127 (2d
Cir. 2001) is directly on point.  There, the plaintiff, a consultant, sought to recover employee

---

[4]  Plaintiff erroneously argues that Aon's motion should be granted only if "it appears beyond doubt" that Aon "can
prove no set of facts in support of [its] claim which would entitle [it] to relief."  Opp. at 5.  Plaintiff, however, fails
to recognize that this standard no longer controls, and that to survive a motion to dismiss under Fed. R. Civ. P.
12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic
Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955, 1959-1960 (2007).  As set forth herein and in Aon's initial moving
papers, Plaintiff's complaint, in several key respects, fails to meet this test.

[5]  S*ee also Holloway v. King*, 161 Fed. Appx. 122, No. 05 Civ. 2110, 2005 WL 3579351 (2d Cir. 2005) (court
properly dismissed claim for breach of oral agreement by relying on writing not expressly referred to in complaint)
(summary order); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (court need not accept
plaintiff's description of agreement's terms, but may look to the agreement itself).

benefits following her termination.   In her complaint, plaintiff made no reference to her consulting agreements which expressly precluded such a claim.   The Second Circuit held that it was proper for the lower court to consider the consulting agreements in connection with the bank's motion to dismiss because those agreements were clearly "integral to [Plaintiff's] complaint."  252 F.3d at 130-131.  To hold otherwise, the court reasoned, would permit plaintiff "'to evade a properly argued motion to dismiss'" simply by choosing to make no reference to the controlling documents in her pleading.   *Id.* at 130, *citing I. Meyer Pincus & Assoc. v. Oppenheimer & Co.,* 936 F.2d 759, 762 (2d Cir. 1991).

Here, in an obvious attempt to steer the Court's attention away from matters fatal to his claims, Plaintiff assiduously avoids any explicit reference to his written offer letter.  As in *Yak*, however, Plaintiff's deliberately disingenuous pleading does not preclude the Court from considering his offer letter in connection with Aon's motion to dismiss.

Moreover, it is clear that Plaintiff's offer letter is an integral part of his complaint. Although Plaintiff does not mention the letter by name, he makes ample reference to its terms, including those setting forth his salary, bonus, title and job responsibilities.   Compl. ¶¶27-29. Indeed, Plaintiff's entire pleading is premised upon his employment relationship with Aon which is governed by the terms of his offer letter.   Significantly, nowhere in his Opposition does Plaintiff deny the accuracy or authenticity of his offer letter or otherwise question its terms. Accordingly, it is entirely appropriate for this Court to consider and rely upon the offer letter in deciding Aon's motion to dismiss.

## II.   **Plaintiff Has Failed To And Cannot State A Claim For Breach Of An Alleged Employment Agreement.**

Plaintiff contends that Count I should not be dismissed because it adequately states a claim for breach of an oral employment agreement.   Opp. at 6.   To the extent that

Plaintiff's offer letter precludes such a claim, Plaintiff simply urges the Court to ignore it. Plaintiff is wrong on both counts.

First, Plaintiff's offer letter, which is properly before the Court, clearly and unambiguously precludes Plaintiff from stating a claim based upon any allegedly oral employment agreement or any oral representations made prior to the letter's date.[6] On this basis alone, Count I should be dismissed. *See also* Mem. at 7-10 (and cases cited therein).

Even if, however, the Court were to ignore Plaintiff's offer letter, Count I cannot be sustained.  It is well-settled that absent an agreement of fixed duration, the relationship between employer and employee is presumptively one at-will. *Lobosco v. New York Telephone Co./NYNEX,* 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 385-386 (2001).  Oral assurances, such as those asserted here (Compl. ¶ 27), are wholly insufficient to alter an employee's at-will status. S*ee Cucchi v. New York City Off-Track Betting Corp.*, 818 F.Supp. 647, 652 (S.D.N.Y. 1993); *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 514 N.Y.S.2d 209 (1987).[7]  Moreover, the mere fact that an employee changes the location of his or her residence in order to accept new employment is insufficient to show reliance upon any promises allegedly made.  *See Cunnison v. Richardson Greenshields Sec., Inc.*, 107 A.D.2d 50, 485 N.Y.S.2d 272 (1st Dep't 1985).

---

[6]  The offer letter reads, in pertinent part:

> Nothing in this letter is intended or should be construed as a contract or guarantee of indefinite employment.  Employment with Aon Consulting is for no specified period and constitutes at-will employment.  As a result, you are free to resign at any time, for any reason or for no reason.  Similarly, [Aon] is free to conclude its employment relationship with you at any time, with or without cause.  This letter supersedes any prior representation or agreements between you and Aon Consulting, whether written or oral.  This employment letter may not be modified or amended except by a written agreement, signed by the President of the Company for which you work, or his or her designee.

Galletti Aff., Ex. A at 3.  *See also* Galletti Aff., Ex. B (Non-Solicitation Agreement) at 1, 4; Galletti Aff., Ex. C (Employment Application) at 12.

[7]  The allegations upon which Plaintiff relies in Count I also are far too vague and indefinite to create an enforceable contract or alter Plaintiff's at-will status.  *See* Mem. at 10, n.7.

Plaintiff's contention that his allegedly oral agreement is not barred by the Statute of Frauds is similarly misplaced. Plaintiff fails to recognize that in cases such as this, where performance depends upon events beyond the control of the parties (*e.g.*, obtaining the dominant market leading position), and contemplates no continuing duty on the part of the Plaintiff, the Statute of Frauds applies.[8] *See, e.g., D&N Boening, Inc. v. Kirsch Beverages, Inc.,* 63 N.Y.2d 449, 483 N.Y.S.2d 164 (1984); *Apostolos v. R.D.T. Brokerage Corp.,* 159 A.D.2d 62, 559 N.Y.S.2d 295 (1st Dep't 1990). The case upon which Plaintiff relies, *North Shore Bottling Co., v. C. Schmidt and Sons, Inc.*, 22 N.Y.2d 171, 292 N.Y.S.2d 86 (1968), makes this abundantly clear.

### III. Plaintiff Has Failed To And Cannot State A Claim For Breach of Contract Based Upon Aon's Corporate Policies And Procedures.

Count II of Plaintiff's complaint, based upon an alleged breach of Aon's corporate policies and procedures, also cannot be sustained. Nothing in Plaintiff's Opposition even remotely suggests that a contrary conclusion should be reached.[9] Plaintiff's selective quotes from the Aon Employee Handbook and Code of Business Conduct are unavailing. Opp. at 9. The quoted language does not limit Aon's right to discharge; indeed, such language says nothing whatsoever about termination. The cases upon which Plaintiff relies are also completely distinguishable. In each case, the employment policy at issue contained language prohibiting the employee's discharge absent "just and good cause." *Marfia v. T.C. Ziraat Bankasi,* 147 F.3d 83,

---

[8]  For all of the other reasons set forth herein and in Aon's initial moving papers, Plaintiff's suggestion that Count I now be read to exclude any reference to Aon's achievement of a dominant market leading position in e-discovery software solutions does not save this claim from dismissal.

[9]  As the cases (including those cited by Plaintiff) make clear, to state a claim for breach of contract, an at-will employee must establish (1) that the employer made the employee aware of an express written policy limiting its right of discharge; and (2) that the employee detrimentally relied on that policy in accepting employment. *See* Opp. at 8, *quoting Marfia v. T.C. Ziraat Bankasi,* 147 F.3d 83, 88 (2d Cir. 1998). Plaintiff, however, has not and cannot establish either element of such a claim.

86, 88 (2d Cir. 1998); *Weiner v. McGraw-Hill, Inc.,* 57 N.Y.2d 458, 460, 457 N.Y.S.2d 193, 194

(1982). No such language appears in the Aon Employee Handbook or Code of Conduct at all.

Moreover, unlike the policies at issue in *Marfia* and *Weiner,* the Aon Employee

Handbook and Code of Business Conduct each contains explicit language that precludes the

creation of any contract rights. *See* Mem. at 12; Galletti Aff., Ex. D at 1, Ex. E at 1, 3. In

addition, both documents make it abundantly clear that nothing stated in either policy shall alter

an employee's at-will status or Aon's right to terminate "its employment relationship. . . at any

time for any reason." *Id.*

The New York Court of Appeals' decision in *Lobosco,* 96 N.Y.2d 312, 727

N.Y.S.2d 383 (2001)—which Plaintiff completely ignores—is directly on point. In *Lobosco*, the

court held that where, as here, an employee handbook contains an explicit disclaimer of any

contractual relationship and preserves the employer's right to terminate an employee at-will, the

handbook cannot form the basis of a breach of contract claim, even if the handbook also contains

language assuring employees' protection from reprisal. 96 N.Y.2d at 317, 727 N.Y.S.2d at 386.

Moreover, contrary to Plaintiff's assertion (Opp. at 8), where, as here, the policy at issue contains

such a disclaimer, "the totality of the circumstances inquiry is unnecessary" and the implied

contract claim should be dismissed as a matter of law. *Baron v. Port Authority of New York and

New Jersey,* 271 F.3d 81, 88 (2d Cir. 2001) (expressly declining to follow the *Marfia* decision

upon which Plaintiff relies here).

**IV.    Plaintiff Has Failed To Allege Valid Claims for Fraudulent Inducement And
        Promissory Fraud.**

In his Opposition, Plaintiff contends that he has sufficiently stated claims for

fraudulent inducement and promissory fraud. For the reasons set forth below and in Aon's

moving papers, Plaintiff's arguments are wholly lacking in merit. *See* Mem. at 13-24.

At the outset, Plaintiff's fraud claims are barred by the terms of his offer letter. As noted above, that letter clearly and unambiguously provides that it "supersedes any prior representations or agreements between [Plaintiff] and [Aon] whether written or oral" and "may not be modified or amended except by a written agreement, signed by the President of the Company for which [Plaintiff] work[s], or his or her designee." *See* Point II at 4, n.6; Galletti Aff., Ex. A at 3. Because each of the alleged representations that Plaintiff claims Aon made to him preceded his execution of the offer letter on November 9, 2006, (Compl. ¶¶ 24, 27, 35), Plaintiff is absolutely precluded by the terms of the letter from relying on any oral representations allegedly made.

*DiFilippo v. Hidden Ponds Associates* 146 A.D.2d 737, 537 N.Y.S.2d 222 (2d Dep't 1989), cited by Plaintiff, does not suggest otherwise. There, the court stated that "a general merger clause is ineffective to exclude parol evidence of fraud in the inducement in an action to rescind the contract." 146 A.D.2d at 737, 537 N.Y.S.2d at 223. Here, however, Plaintiff is not seeking to rescind a contract. In addition, the merger clause in *DiFilippo* contained no language disclaiming reliance on any oral representations. 146 A.D.2d at 738, 537 N.Y.S.2d at 224. The merger clause in Plaintiff's offer letter, however, does so. Galletti Aff., Ex. A at 3.

For this reason as well, Plaintiff's reliance upon *Stewart v. Jackson & Nash*, 976 F.2d 86 (2d Cir. 1992) misses the mark. There was no written employment letter at issue in *Stewart*, much less an employment letter that contained a specific merger clause. Here, in contrast, Plaintiff, an attorney, signed his name to his offer letter confirming his "acceptance of employment with Aon" "subject to the terms and conditions" set forth therein. Galletti Aff., Ex. A at 3. Plaintiff cannot now complain that these alleged oral representations, which contradict

the terms of his offer letter, form the basis of a fraud claim. *MacDiarmid v. ING Bank N.V.*, No. 02 Civ. 3077, 2003 WL 41995, at *3 (S.D.N.Y. Jan. 6, 2003) ("Where provisions in a [written employment letter] expressly contradict the claimed fraudulent oral representations, [ ], plaintiff cannot sustain a fraud claim.").[10]

Plaintiff's other arguments are equally unavailing. Plaintiff, in a dismissive one-liner, contends that his fraud claims should not be dismissed because they are "completely independent of any contractual obligation." Opp. at 10. That simply is not the case. The oral representations upon which Plaintiff allegedly relies for both his fraud and breach of contract claims focus on the very same thing: Aon's alleged promise to develop a "proprietary e-discovery software solution." Compl. ¶¶24, 27; Opp. at 7. Accordingly, notwithstanding Plaintiff's assertions, his fraud and breach of contract claims substantially overlap.[11] *See Wegman v. Dairylea Cooperative, Inc., et al.*, 50 A.D.2d 108, 112-113, 376 N.Y.S.2d 728, 734 (4th Dep't 1975) (breach of contract, not fraud is the only possible cause of action where the alleged representations relate to the essential terms of an employment agreement).[12]

---

[10]  Plaintiff had every opportunity to review the offer letter and request changes to it but, instead, signed it with the merger clause intact. *See Fitzgerald v. Hudson Nat'l Golf Club* 11 A.D.3d 426, 428, 783 N.Y.S.2d 615, 616 (2d Dep't 2004); *Alter v. Bogoricin*, No. 97 Civ. 0662, 1997 WL 691332, at *9 (S.D.N.Y. Nov. 6, 1997) (fraudulent inducement claim based on "pre-contractual promises is defeated by the stark fact that it was within [plaintiff's] power to incorporate those promises—in enforceable terms—into the Employment Agreement [and that plaintiff's] failure to do so reflects either his own inconvenient candor or his lack of foresight, but not fraud").

[11]  Plaintiff argues that the damages he seeks in connection with his fraud claims are "separate and apart from" his alleged employment contract. Opp. at 12. However, nowhere in his Complaint does Plaintiff make any such distinction. Instead, he seeks the same $3 million in damages for all four of his claims. Compl. ¶¶ 48, 54, 58, 63.

[12]  Moreover, statements pertaining to Aon's expertise and resources also are not collateral to the alleged employment agreement, but related to it. *See Dupont Flooring Systems, Inc. v. Discovery Zone, Inc.*, No. 98 Civ. 5101, 2004 WL 1574629, at *12 (S.D.N.Y. July 14, 2004) ("[p]romises 'such as representations of expertise and resources, are not considered collateral to the contract because they 'simply underscore the defendant's purported intention and ability to perform the contract' and are thus 'simply part and parcel of the intention to perform'") (citations omitted).

Moreover, the alleged representations upon which Plaintiff purportedly relied clearly contemplate future performance.[13]  *See* Mem. at 16-19.  Nowhere does Plaintiff claim that Mr. Barbanel represented that a particular e-discovery product already existed.  In contrast, the alleged representations, suggest that Aon was "developing" a software solution that Mr. Barbanel hoped Aon would be able to introduce to the market at some point in the future.  Compl. ¶24.  Plaintiff's allegation "upon information and belief" that Mr. Barbanel's statements were false because Aon had not yet commenced the "development *and* programming" of such software or "allocated funds" for that purpose (Compl. ¶¶25, 30) (emphasis added), is strained, at best, and certainly does not reflect the "fraudulent intent" necessary to state a fraudulent inducement claim.  Mem. at 20-21.  *See also Granite Partners, L.P. v. Bear, Stearns & Co.,* 58 F.Supp. 2d 228 (S.D.N.Y. 1999).[14]

Even assuming that the alleged representations are deemed to be actionable—which they plainly are not—Plaintiff's fraud claims also should be dismissed because Plaintiff cannot allege that he justifiably relied on any such representations.  As set forth in Aon's initial moving papers, any such reliance is barred by the merger clause in Plaintiff's employment letter and his at-will status.  Mem. at 20-21, 24-25.  *See Brady v. Calyon Securities (USA)*, 406 F.Supp. 2d 307, 316-317 (S.D.N.Y. 2005); *Meyercord v. Curry,* 38 A.D.3d 315, 316, 832 N.Y.S.2d 29, 31 (1st Dep't 2007) (finding "any reliance on representations of future

---

[13]  This is contrary to both *Stewart* and *Hirsch v. Columbia Univ. College of Physicians and Surgeons,* 293 F.Supp. 2d 372 (S.D.N.Y. 2003), upon which Plaintiff relies, where the alleged representations were of present fact, *e.g.*, that the law firm *had* secured an environmental client,or *had* follwed certain procedures and involved promises of promotion.

[14]  Plaintiff does not dispute that certain representations allegedly made to him are not actionable because they are puffery or expressions of opinion.  *See* Mem. at 19.

intentions, such as job security or future changes, would be deemed unreasonable as a matter of law" where employment is at-will) (citations omitted).[15]

## CONCLUSION

For the reasons set forth above, Aon respectfully requests that the Court issue an Order pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) dismissing Plaintiff's complaint in its entirety, with prejudice, and granting such other and further relief as the Court may deem just and proper.

Dated:   New York, York
         September 27, 2007

                              Respectfully submitted,

                              WINSTON & STRAWN LLP

                              By:      s/  Lori J. Van Auken
                                   Lori J. Van Auken (LV 2858)
                                   Alexis A. Lury (AL 8672)

                                   200 Park Avenue
                                   New York, New York  10166
                                   T:  (212) 294-6700
                                   F:  (212) 294-4700
                                   lvanauken@winston.com

Of Counsel:

Timothy J. Rooney                    M. Carter DeLorme
WINSTON & STRAWN LLP                 WINSTON & STRAWN LLP
35 West Wacker Drive                 1700 K Street, N.W.
Chicago, Illinois  60601             Washington, D. C.  20006
T:  (312) 558-5600                   T:  (202) 282-5000
F:  (312) 558-5700                   F:  (202) 282-5100

---

[15]  Moreover, Plaintiff's claim that he suffered injury because he retained a real estate broker to sell his home in South Carolina is also insidious.  Opp. at 12.  Real estate brokers typically do not receive payment unless and until a house is sold and nowhere does Plaintiff claim that this ever happened.  *Id.*; Compl. ¶28.  Because Plaintiff has not alleged any cognizable injury, his fraud claims should be dismissed for this reason as well.