UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DANIEL JUNK

                      Plaintiff,            Case No.: 07-CIV-4640 (LMM)(GWG)

    - against -

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.

                      Defendants.
_____

**AFFIRMATION OF CHARLES N. INTERNICOLA IN SUPPORT OF PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)**

      CHARLES N. INTERNICOLA, an attorney duly admitted to the Courts of the State of New York and the United States District Court for the Southern District of New York, hereby declares under the penalty of perjury:

    1.    I am a member of the law firm of Decker Decker Dito & Internicola, LLP, attorneys for the Plaintiff. I respectfully submit this affirmation in support of my motion pursuant to Fed. R. Civ. P. 6(b)(1)(B) to extend plaintiff's time to reply to defendants' counterclaims to February 20, 2008 – the date of actual service and docketing.

    2.    On January 16, 2008 the defendants served an answer with counterclaims in this action. The Defendant's answer followed extensive motion practice and the Court's decision partially denying defendants' motion to dismiss.

    3.    With regard to the filing and service of defendant's answer, on two separate occasions, defendants' counsel requested extensions of time and I promptly consented to same.

Based on the service date of defendants' answer, plaintiffs reply papers were due on February 8, 2008.

4. On February 20, 2008, I served defendants reply to counterclaims and I docketed same with the Court. In doing so, I acknowledge that such service was untimely by twelve (12) days and request that the Court grant my requested extension of time. With regard to such service, I note and affirm to the Court that the delay in service was completely unintentional and the result of an error in improperly entering and calendaring this date in my computer. Additionally, during the early part of this past February I was out of my office on many occasions due to the flu and upon returning on February 19th, I noticed my error.

5. Upon realizing my error, on February 19th, I immediately contacted the offices of defendants' counsel to request their consent to a stipulation to be submitted to the court. At the time of contacting defendants' counsel, I left a message for Ms. VanAuken, Esq. as to my request and I was advised by her staff that she would return my call.

6. On February 20, 2008, I immediately served defendants' counsel with the reply and I docketed the reply with the Court.

7. Additionally, on February 20th and numerous occasions thereafter both myself and my staff made numerous attempts to contact Ms. VanAuken and her staff about my request and in each instance I was advised that she was not presently available but would get back to me. Ms. VanAuken's staff was aware of the purpose of our calls.

8. My attempts to contact Ms. VanAuken, Esq. were predicated upon my belief that she would consent to my requested extension or to an application pursuant to Fed. R. Civ. P. 6(b)(1)(B). My reason for this belief – and my continuing attempt to contact Ms. VanAuken,

Esq. – was based upon the numerous courtesies and extensions that I had previously consented to. In particular, as to the defendants' answer and counterclaims, I consented to two adjournments. The last adjournment occurred last minute after Ms. VanAuken, Esq. contacted me and advised that she was ill.

9. This past Tuesday, March 11, 2008 was the first time that Ms. VanAuken responded to my February messages. During our phone conversation Ms. VanAuken advised me that she was aware of my prior request for an extension and proceeded to advise me that she was uncertain whether she would stipulate to anything. After our phone call, I then emailed Ms. VanAuken and asked for her to advise me if she would consent to my application respecting the service of the reply papers. Ms. VanAuken never responded to my email.

10. Having not received, again, a response from Ms. VanAuken, I submitted correspondence to the Court and at the Court's direction I submit the instant motion.

11. In submitting the instant application, I note that throughout the entire action all parties have been timely and actively involved. Since the defendants' answer and counterclaims were not served until recently, the case is at its inception stage with discovery just commencing. Accordingly, it is respectfully submitted that such a minimal delay of twelve (12) days will not have any impact on these proceeding nor prejudice the rights of the defendants.

12. At all times, on multiple occasions, I have promptly communicated with opposing counsel and have acted in good faith.

13. Wherefore I respectfully request that the Court grant the instant application.

Dated: Staten Island, New York
March 13, 2008

                                Respectfully Submitted,

                                DECKER DECKER DITO & INTERNICOLA, LLP


                            By /s/ Charles N. Internicola

                            Charles N. Internicola (CI 4059)
                            1610 Richmond Road
                            Staten Island, NY 10304
                            T. 718. 979. 4300
                            F. 718. 351. 3514
                            cinternicola@dddilaw.com