UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

DANIEL JUNK

                Plaintiff,        Case No.: 07-CIV-4640 (LMM)(GWG)

    - against -

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.

                Defendants.
───────────────────────────────────────

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**
**PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)**

**PRELIMINARY STATEMENT**

Plaintiff submits this memorandum of law pursuant to Fed. R. Civ. P. 6(b)(1)(B) to extend Plaintiff's time to reply to defendants counterclaims. In doing so, Plaintiff seeks an extension of twelve (12) days to February 20, 2007, representing the date of actual service and docketing of plaintiff's reply. As set forth in detail in the accompanying Affirmation of Charles N. Internicola, Esq. dated March 13, 2008 (the "Internicola Aff."), the instant application is necessitated by a good faith error docketing and entering the counterclaim reply date, non-communication from opposing counsel, and multiple and immediate corrective steps taken by the moving party.

## STATEMENT OF FACTS

The facts are set forth in detail in the accompanying Internicola Aff.

## ARGUMENT

Fed. R. Civ. P. 6(b)(1)(B) states:

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

On a motion for enlargement of time pursuant to Fed. R. Civ. P. 6(b)(1)(B), upon a showing of "good faith" and a "reasonable basis for noncompliance", the excusable neglect standard is satisfied and the courts possess broad discretion in granting the requested relief. *Zeidman v. General Accident Insurance Co.,* 122 F.R.D. 160 (SDNY 1988)

> The Court emphasizes that the moving party needs to prove both good faith and a reasonable basis for noncompliance in order to be successful under Rule 6(b)(2). Excusable neglect "has proven to be an elastic concept." 4A C. Wright & A. Miller, *Federal Practice and Procedure:* Civil §1165 at 479. *Id.*

Favoring a determination of issues on their merits, the courts have liberally adopted and applied the excusable neglect standard and have evaluated, in favor of the moving party, factors such as (a) the good faith actions of counsel, (b) the timeliness of corrective measures and (c) prejudice to the non-moving party. *MBA/Creative Connections, Inc. v. Binder*, 1986 U.S.Dist LEXIS 25894 (1986).

As set forth in detail in the Internicola Aff., the requested relief is made at the inception

of this litigation and seeks an extension of time of twelve (12) days to February 20, 2008, respecting the date of actual service and docketing of plaintiff's reply. The necessity for this application is based on a clerical error in docketing plaintiff's answer (which was the subject of multiple extensions) and the service date for Plaintiff's reply. Upon learning of this error, moving counsel immediately and on multiple occasions (in addition to serving and docketing the reply) contacted defendants' counsel to communicate and confer as to corrective steps. Despite constant communication efforts since February 19, 2008, only recently (within 48 hours of this application) has defendants' counsel returned any communications or advised as to their requested consent.

Since the defendants' answer and counterclaims were filed only recently, the parties are at the initial stages of this litigation. Defendants counsel has not yet served their preliminary disclosures and it is respectfully submitted that the defendant cannot claim any prejudice as to the requested twelve (12) day extension of time.

## CONCLUSION

The motion should be granted in its entirety.

Dated:  Staten Island, New York
        March 13, 2008

                                        Respectfully Submitted,

                                        DECKER DECKER DITO & INTERNICOLA, LLP

                                        By /s/ Charles N. Internicola

                                            Charles N. Internicola (CI 4059)
                                            1610 Richmond Road
                                            Staten Island, NY 10304
                                            T. 718. 979. 4300