UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DANIEL JUNK,

                                           07-CIV-4640 (LMM)(GWG)

                  Plaintiff,

      -against-

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.,

                  Defendants.
--------------------------------------------------------x

**DECLARATION OF LORI J. VAN AUKEN IN OPPOSITION TO PLAINTIFF'S
MOTION PURSUANT TO FED. R. CIV. P. 6(b)(1)(B) FOR AN EXTENSION OF TIME**

           LORI J. VAN AUKEN, pursuant to 28 U.S.C.§ 1746, declares as follows under the penalty of perjury:

           1.     I am an attorney admitted to practice law in the State of New York and a member of the law firm of Winston & Strawn LLP, attorneys for Defendants Aon Corp., Aon Service Corporation and Aon Consulting, Inc. ("Defendants").  I respectfully submit this affidavit in opposition to Plaintiff's motion pursuant to Fed. R. Civ. P. 6(b)(1)(B), for an extension of time to answer Defendants' counterclaims.

           2.     Defendants oppose Plaintiff's motion because Plaintiff has not and cannot demonstrate that his failure to file and serve an answer within the prescribed time period was due to "excusable neglect."  Rather, Plaintiff's failure to act within the 20 day time limit clearly prescribed by Fed. R. Civ. P. 12(a)(1)(B), was due to his failure to read and abide by the applicable Federal Rules.  Plaintiff compounded his errors when, upon realizing his mistake, he filed his answer without first seeking the Court's permission as is required by the Fed. R. Civ. P.

6(b)(1)(B). Plaintiff also is not entitled to the relief he seeks because he has not demonstrated the good faith that warrants an exercise of this Court's discretion in his favor.

3.     On or about December 4, 2007, this Court entered a Memorandum and Order granting, in part and denying in part, Defendants' motion to dismiss Plaintiff's Complaint. As a result of the Court's decision, all but one of the four claims Plaintiff asserted against Defendants were dismissed.

4.     During a conference with the Court on December 11, 2007, Your Honor suggested, and the parties agreed, that Defendants would file and serve their answer to Plaintiff's Complaint within 30 days. On or about December 14, 2007, the undersigned submitted a Stipulation, signed by counsel for both parties, providing that Defendants' answer would be due on or before Friday, January 11, 2008. The Stipulation was endorsed and so entered with the Court on December 20, 2007. A copy of the so-ordered Stipulation is attached hereto as Exhibit A.

5.     On Thursday, January 10, 2008, prior to the time Defendants' answer was due, I contacted Plaintiff's counsel and requested a short, five-day extension of time to and including Wednesday, January 16, 2008, due to the fact that I had been ill. Plaintiff's counsel agreed. I promptly prepared a Stipulation and submitted it to the Court on Friday, January 11, 2008, as is required by Fed. R. Civ. P. 6(b)(1)(A). The Stipulation was so-ordered and entered with the Court on Tuesday, January 15, 2008. A copy of so-ordered Stipulation is attached hereto as Exhibit B.

6.     On January 16, 2008, Defendants filed their answer and counterclaims with the Court, and sent a courtesy copy to Plaintiff's counsel by overnight mail.

2

7.    Pursuant to Fed. R. Civ. P. 12(a)(1)(B), Plaintiff's answer to Defendants' counterclaims was due 20 days later, on Tuesday, February 5, 2008. If, pursuant to Fed. R. Civ. P. 6(d), an additional three days is added to this time period, Plaintiff's answer was due no later than Friday, February 8, 2008.

8.    Two weeks later, on Tuesday, February 19, 2008, Plaintiff's counsel telephoned my office. I was out of the country at the time. The message counsel left with my assistant was that he had been out "sick for a few days" and wanted to let me know that he would be sending Plaintiff's answer to Defendants' counterclaims the following day, Tuesday, February 20, 2008. Contrary to counsel's affirmation, nothing was said about seeking my "consent to a stipulation to be submitted to the court." *See* Affirmation of Charles N. Internicola In Support of Plaintiff's Motion for an Extension of Time Pursuant to Fed. R. Civ. P. 6(b)(1)(B), dated March 13, 2008 ("Internicola Aff.") at ¶5.

9.    The following day, Tuesday, February 20, 2008, Plaintiff's counsel called my office and was told by my assistant that I was out of the office and would not be returning until the following Monday, February 25, 2008. Shortly thereafter, at approximately 4:00 p.m., Plaintiff filed his Reply to Defendants' Counterclaims.

10.    At no time prior to the time his answer was due, on February 5, 2008, did Plaintiff's counsel contact the undersigned to request an extension of time. In fact, Plaintiff's counsel first called my office to notify me that he was filing an answer on February 19, 2008, two weeks *after* his answer should have been filed in the first instance.

11.    The undersigned heard nothing further from Plaintiff's counsel until Wednesday, February 28, 2008. At that time, his assistant called my office to inquire whether we had been able to reach the mediator assigned to this case. A copy of the file memo my

assistant prepared concerning counsel's call is attached hereto as Exhibit C. Contrary to counsel's assertion, nothing was said about Plaintiff's Reply to Defendants' counterclaims nor was any "request" made that the undersigned "consent to a stipulation to be submitted to the court." *See* Internicola Aff. at ¶¶5, 7.

12.    The following Monday, March 4, 2008, I received an email from Plaintiff's counsel in which he advised as follows:

> I have been trying to get in touch with you over the past few weeks regarding the mediation to satisfy our pre-mediation obligations. Also, I have not received communications from the mediator and wanted to see if you had any discussions with the mediator. Also with regard to discovery production, I wanted to discuss the possibility of a confidentiality agreement.

A copy of counsel's email, dated March 4, 2008, is attached hereto as Exhibit D. As is clear from the text of his email, Plaintiff's counsel was *not* then and had not previously been trying to contact me to discuss anything relating to Plaintiff's Reply.

13.    The following morning, Wednesday, March 5, 2008, I replied to Mr. Internicola's email. A copy of my email is attached hereto as Exhibit E. In my email, I advised Mr. Internicola that I had heard nothing from the mediator and suggested that he call me at noon that day, March 5, 2008, to discuss the matter further. Alternatively, I asked Mr. Internicola to let me know when he might be available for a call. I received no response to my email.

14.    On Monday, March 10, 2008, Mr. Internicola's assistant again called my office regarding the mediation and, on Tuesday, March 11, 2008, I returned the call. As noted above, however, this was not the first time that I had contacted Plaintiff's counsel, as he now contends. *See* Internicola Aff. at ¶9.

15.    During my call with Plaintiff's counsel on March 11, he advised that he had been calling to find out whether we had any information concerning the mediation—"that's

all." I told him we had not received any written notification from the mediation office. We also discussed certain discovery issues.

16. During the call, I raised with Plaintiff's counsel the fact that he had filed a Reply to Defendants' counterclaims after the time for doing so had expired. Plaintiff's counsel responded that his reply was only "a day or two late." I advised him, however, that his answer was actually close to two weeks late, as he had 20 (plus three) days within which to respond.

17. Plaintiff's counsel then asked me if I would consent to the late filing. I advised him that I did not have the authority to do so, but did not think, in any event, that my consent would obviate the need for him to obtain the Court's permission under the applicable Federal Rules. As a matter of courtesy, I further explained to counsel that, absent the Court's approval, his answer filed on February 20, 2008, could be deemed a nullity.

18. A few hours later, Plaintiff's counsel submitted a letter to the Court requesting permission to file his answer "*nunc pro tunc.*" In his letter, dated March 11, 2008, Plaintiff's counsel acknowledged that his answer was filed "beyond the statutory period" but did not advise the Court when his Reply actually was due. Plaintiff's counsel apologized for failing to make an "earlier application" and stated that on "various prior occasions during the past month," he had attempted to communicate with the undersigned, but did not receive a response. A copy of Plaintiff's March 11, 2008 letter to the Court is attached hereto as Exhibit F.

19. I responded by letter dated March 12, 2008, a copy of which is attached hereto as Exhibit G. In my letter, I advised the Court that Defendants objected to Plaintiff's letter application because Plaintiff failed to show that his failure to act was the result of excusable neglect. I further explained to the Court that Plaintiff had not contacted the undersigned to discuss his reply until February 19, 2008, close to two weeks after his reply was

due.  I also explained that Plaintiff's counsel had filed his reply on February 20, 2008, without waiting for me to respond and without seeking the permission of the Court.  In addition, I objected to counsel's attempt to blame me for his failure to comply with the Federal Rules.

20.    In reply to my letter, Plaintiff's counsel claimed, for the first time, that his failure to file a timely answer "was the result of a calendaring error in docketing the defendant's answer in our system (ironically occurring after changing the dates in our system as a result of Ms. Van Auken's requested extension of time) and was exacerbated when I was out of the office for a number of days with the flu."  A copy of counsel's letter, dated March 13, 2008, is attached hereto as Exhibit H.  On March 13, 2008, the Court entered an Order directing Plaintiff to file a formal motion seeking relief and the Plaintiff's motion followed.

21.    In his supporting Affirmation, Plaintiff's counsel claims, among other things, that "[a]t all times, on multiple occasions, I have promptly communicated with opposing counsel and have acted in good faith."  The undersigned respectfully takes issue with counsel's statement.

22.    On October 19, 2007, I sent Plaintiff's counsel a letter requesting his input on a proposed confidentiality agreement in a related matter.  Despite repeated phone calls, follow-up letters, dated November 8, 2007 and November 29, 2007, and a discussion with Plaintiff's counsel concerning the matter on December 11, 2007, I received no response from Plaintiff's counsel until *last week*, on March 19, 2008—*five months later*.

23.    In addition, on December 14, 2007, I sent a letter to Plaintiff's counsel requesting detailed information concerning the whereabouts of the laptop computer Defendants supplied to Plaintiff for use during the course of his employment, which Plaintiff had failed to

return upon his termination.  A copy of my December 14, 2007 letter is attached hereto as Exhibit I.  I have received no response to this letter whatsoever.

24.     In August 2007, I agreed to Plaintiff's request for an extension of time to respond to Defendants' motion to dismiss.

25.     I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
        March 27, 2008

_s/  Lori J. Van Auken_____
        Lori J. Van Auken