# EXHIBIT G

## WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

25 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

March 12, 2008

**BY HAND**

Honorable Lawrence M. McKenna
United States District Court, Southern District of New York
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street, Room 1640
New York, New York 10007

Re:   <u>Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.)(LMM)</u>

Dear Judge McKenna:

     Winston & Strawn LLP represents the defendants, Aon Corp., Aon Service Corporation and Aon Consulting, Inc. ("Defendants") in the above-referenced action. I am writing to respond to the letter submitted to you yesterday, March 11, 2008, by Charles Internicola, counsel for the Plaintiff, Daniel Junk ("Plaintiff"). In his letter, Mr. Internicola requests that the Court enter an order allowing Plaintiff to file an answer to Defendants' Counterclaims *nunc pro tunc*. Defendants object to Plaintiff's application for the reasons set forth below.

     Plaintiff's application should be denied because Plaintiff has failed to demonstrate that he is entitled to relief under Fed. R. Civ. P. 6(b). Under Fed. R. Civ. P. 6(b)(1)(B), a party seeking to perform an act after the specified time for doing so has expired must seek permission from the court by way of a motion.[1] Rule 6(b)(1)(B) further provides that the court may grant such a motion, in its discretion and for cause shown, "where the failure to act was the result of excusable neglect."

     Here, Plaintiff's answer to Defendants' counterclaims was due no later than February 8, 2008, 20 (plus three) days after service of Defendants' Answer and Counterclaims on January 16, 2008. *See* Fed. R. Civ. P. 6(d), 12(a)(2). In his letter, however, Plaintiff's counsel offers no absolutely excuse for his failure to file an answer on or before February 8, 2008. Instead, Plaintiff's counsel merely apologizes for failing to seek the Court's permission to file an answer prior to March 11, 2008, and then blames his failure to act sooner on the undersigned. Plaintiff's counsel, however, has no one to blame but himself.

---

[1]   According to this Court's Local Rules, all motions must be accompanied by a memorandum of law. *See* Rule 7.1 of the Local Rules of the United States District Court for the Southern District of New York. No such memorandum of law was submitted with Plaintiff's application.

WINSTON & STRAWN LLP
Hon. Lawrence M. McKenna
March 12, 2008
Page 2

       Plaintiff's counsel first telephoned the undersigned requesting an "extension of time" to answer on Tuesday, February 19, 2008—eleven days *after* his time to answer already had expired. I was out of the country at the time. Without waiting to hear back from me or bothering to seek this Court's permission, Plaintiff's counsel went ahead and filed his answer the following day, on February 20, 2008. Counsel's suggestion, thus, that *his* failure to answer Defendants' counterclaims on or before February 8, was somehow due to *my* failure to return his call on February 19, 2008, is completely disingenuous.

       As I explained to Plaintiff's counsel yesterday, once his time to answer expired, he needed the permission of the Court to file an answer beyond the statutory deadline. Fed. R. Civ. P. 6(b). His letter seeking such relief followed shortly thereafter. In his letter, however, counsel suggests that *his* failure to seek this Court's permission prior to March 11 was somehow due to *my* failure to "communicate" with him concerning the subject. Clearly, Plaintiff's counsel did not consider seeking permission until I apprised him of the applicable rule yesterday afternoon. Plaintiff's counsel, however, has an independent obligation to comply with the Federal Rules; it is not my duty to ensure that he abides by them. Counsel's unwillingness to accept responsibility for his own actions is inexcusable and should not be countenanced by this Court.[2]

       Finally, contrary to Plaintiff's assertion, Defendants will be prejudiced in the event Plaintiff is permitted to file an answer at this stage—more than one month after it was due. Plaintiff's failure to answer the allegations set forth in Defendants' counterclaims constitutes an admission on the part of Plaintiff that such allegations are true. Fed. R. Civ. P. 8(d). In the event Plaintiff is permitted to file his answer at this time, Defendants would be compelled to expend time and resources litigating the merits of counterclaims that are now deemed admitted. Moreover, had Plaintiff complied with the applicable rules in the first place, Defendants would not be put to the expense of preparing a response to the instant application at all.

       For all of the foregoing reasons, thus, Defendants respectfully request that Plaintiff's request to file a reply to Defendants' counterclaims *nunc pro tunc* be denied.

Very truly yours,

Lori J. Van Auken

LVA:dc
Copy for:    Charles N. Internicola, Esq. (via facsimile)

---

[2] I also must point out that Plaintiff's counsel contacted me last week to inquire about a scheduling matter--not to discuss Plaintiff's answer to Defendants' counterclaims--and I responded to him, via email, suggesting times for a call, but never heard back from him.