# EXHIBIT H

03/13/2008 15:21 FAX  1 718 3513514        D.D.D.I ATTORNEYS AT LAW                    ☐001/003



# DECKER, DECKER, DITO & INTERNICOLA LLP

### ATTORNEYS AT LAW

1610 Richmond Road, Staten Island, New York 10304
T. 718. 979. 4300    F. 718 351. 3514

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Lori Van Auken, Esq. | Charles N. Internicola, Esq. |

| | DATE: |
|---|---|
| | March 13, 2008 |

| FAX | TOTAL NO. OF PAGES INCLUDING COVER |
|---|---|
| 212-294-4700 | 3 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| | YOUR REFERENCE NUMBER: |
|---|---|
| Junk v. Aon | |

---

PLEASE NOTIFY US IMMEDIATELY IF THIS FACSIMILE IS NOT PROPERLY RECEIVED: The information contained in this facsimile is legally privileged, confidential and intended only for the review and use by the individual or entity named above. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution or copying of this facsimile is prohibited. If you have received this facsimile in error, please notify us by telephone and destroy the original message. Thank you.



# DECKER, DECKER, DITO & INTERNICOLA LLP

### ATTORNEYS AT LAW

March 13, 2008

**BY HAND DELIVERY**
Honorable Lawrence M. McKenna
United States District Judge
United States Courthouse
500 Pearl Street-Room 1640
New York, NY 10007

      Re:    Junk v. Aon Corp, et al.
              Case No.: 07-CIV-4640

Your Honor:

As the Court is aware, this firm is legal counsel to the Plaintiff Daniel Junk. This letter is submitted in further support of my application and in response to the correspondence of Ms. VanAuken, Esq. of March 12, 2008 now objecting to the reply to counterclaims that I served, filed and docketed on February 20, 2008.

At the outset I note to this court my sincere disappointment as to the nature and substance of Ms. VanAuken, Esq's response. In the course of my professional career, in my interactions with clients and opposing counsel, I have always conducted myself in an honest and respectful manner and have avoided what I believe to be insincere and wasteful tactics. To this end, I initially note to this court that at all times I have always extended the courtesy of timely responding and consenting to Ms. VanAuken, Esq.'s requests for extensions of time. Most recently, I believe that on two separate occasions I have consented to Ms. VanAuken's requests for an extension of time with respect to the service of her answer and counterclaims. With regard to Ms. VanAuken's most recent last minute request (whereby she explained to me that she was ill) I simply advised her not to worry in that my office would certainly consent and timely sign off on all stipulations. In fact, on one prior occasion when I was not available to respond to Ms. VanAuken's request, at my instruction one of my partners timely responded.

As to the instant application, after weeks of attempting to contact Ms. VanAuken, Esq. (and not receiving the courtesy of a return message or response) only this past Tuesday did Ms. VanAuken, Esq. have the courtesy to respond to my calls. In doing so she apologized and advised me she was ill. During our phone conversation we discussed the



# DECKER, DECKER, DITO & INTERNICOLA LLP

### ATTORNEYS AT LAW

planned mediation and discovery. Additionally she then brought up the fact of my prior calls for an extension of time and advised that technically she did not consent to my extension. When I advised her that I would make a request to the court she further stated that she "did not see why the court would not consent to same".

For the record I have never blamed Ms. VanAuken, Esq.'s failure to return my numerous phone messages for the delay (of 12 days) in serving the reply. Rather I affirm to this court that my failure to do so was the result of a calendaring error in docketing the defendant's answer in our system (ironically occurring after changing dates in our system as a result of Ms. VanAuken's requested extension of time) and was exacerbated when I was out of the office for a number of days with the flu. Additionally, I note that at no time did Ms. VanAuken, Esq. object to or reject the served reply. I respectfully submit that Ms. VanAuken, Esq. has not and cannot cite to any semblance of prejudice to her client associated with the minimal delay in serving Plaintiff's reply. Had Ms. VanAuken returned my calls and advised me that she would not extend me this most basic courtesy (in consenting to a stipulation to be so-ordered as to the instant relief) I would have made an earlier application – I hesitated only so as not to waste the resources of my client and the Court with eminently avoidable motion practice over a procedural issue.

In the future I will not expect the courtesy of a return phone call from Ms. VanAuken or her consent to any requested extension of time.

Wherefore, I respectfully request that the Court grant the instant application.

Respectfully Submitted,

Charles N. Internicola
(CI 4059)

1610 Richmond Road, Staten Island, New York 10304   T: 718.979.4300  F: 718.351.3511  www.dddilaw.com