UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL JUNK,

Plaintiff,

- against -

AON CORP., AON SERVICE CORPORATION and AON CONSULTING, INC.,

Defendants.

No. 07-CIV-4640 (LMM) (GWG)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME PURSUANT TO FED.R.CIV.P. 6(b)(1)(B)**

WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166

*Attorneys for Defendants*
*Aon Corp., Aon Service Corporation*
*and Aon Consulting, Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 2

ARGUMENT .......... 2

I. Plaintiff Has Not and Cannot Demonstrate That His Failure To Act Within The Prescribed Time Period Was Due to "Excusable Neglect" .......... 2

II. Contrary To Plaintiff's Assertion, Defendants Will Be Prejudiced In The Event This Court Grants Plaintiff's Motion .......... 7

III. Plaintiff's Motion Also Should Be Denied Because Plaintiff Has Not Acted In Good Faith .......... 8

CONCLUSION .......... 9

**TABLE OF AUTHORITIES**

Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997)........................... 3, 6

MBA/Creative Connections, Inc. v. Binder, 1986 WL 5382 (S.D.N.Y. 1986)............................ 6

Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Ptrshp., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)........................................................................................ 4, 7

Silvanch v. Celebrity Cruises, Inc., 333 F.3d 355 (2d Cir. 2003)................................................ 4

United States v. Hooper, 43 F.3d 26 (2d Cir. 1994).................................................................. 4

Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501 (2d Cir. 1994)......................... 3,6

Zeidman v. General Accident Ins. Co., 122 F.R.D. 160 (S.D.N.Y. 1988).................................. 6

Defendants Aon Corp., Aon Service Corporation, and Aon Consulting, Inc. respectfully submit this memorandum of law in opposition to Plaintiff's motion, pursuant to Fed. R. Civ. P. 6(b)(1)(B), for an extension of time to serve an answer to Defendants' counterclaims beyond the 20 day time period prescribed by Fed. R. Civ. P. 12(a)(1)(B). For the reasons set forth below and in the accompanying Declaration of Lori J. Van Auken, dated March 27, 2008 ("Van Auken Dec."), Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

Plaintiff, a former at-will employee of Aon Consulting, Inc., was terminated less than six months after he was hired for blatantly violating company policy by committing acts of employee dishonesty. On or about December 4, 2007, this Court granted Defendants' motion to dismiss all but one of the four claims asserted by Plaintiff in his complaint.

On January 16, 2008, Defendants timely served an answer to Plaintiff's complaint, along with eight counterclaims seeking damages, declaratory and injunctive relief. Although Plaintiff's answer to Defendants' counterclaims was due 20 days later, on February 5, 2008, Plaintiff did not file or serve an answer until two weeks later, on February 20, 2008. At no time prior to February 5, 2008, did Plaintiff's counsel contact Defendants' counsel to request an extension of time. Moreover, although his time had expired, at no time prior to filing his answer on February 20, 2008, did Plaintiff seek this Court's permission as is required by Fed. R. Civ. P. 6(b)(1)(B). In fact, Plaintiff's counsel took no steps at all to contact the Court until March 11, 2008, when Defendants' counsel advised him it was necessary to do so.

Plaintiff's motion for an extension of time to serve an answer to Defendants' counterclaims should be denied because Plaintiff has failed to demonstrate that his failure to act within the prescribed 20-day time period was due to "excusable neglect." Rather, in an attempt

to cover up his obvious failure to consult the applicable rules, Plaintiff argues that his mistake was due to "clerical error in docketing plaintiff's answer" and "the service date for Plaintiff's reply." *See* Plaintiff's Memorandum of Law In Support Of Plaintiff's Motion For An Extension Of Time Pursuant To Fed. R. Civ. P. 6(b)(1)(B) ("Plaintiff's Mem.") at 3. Although hardly plausible, Plaintiff's failure to read and follow a clear and unambiguous rule of procedure does not constitute "excusable neglect" in the Second Circuit Court of Appeals.

Plaintiff's motion also should be denied because Plaintiff has failed to demonstrate the good faith that warrants an exercise of this Court's discretion in his favor. Contrary to Plaintiff's assertions, his counsel did not make "constant" efforts to communicate with Defendants' counsel to "confer as to corrective steps," but instead, contacted Defendants' counsel to discuss other matters. Moreover, once the 20-day time period expired, Defendants' consent was unnecessary and would not have obviated Plaintiff's need to file a motion seeking relief from the Court. In these circumstances, where Plaintiff's failure to serve a timely answer is compounded by his ignorance of the steps necessary to rectify his error and disingenuous attempt to blame Defendants' counsel for his predicament, Plaintiff's motion should be denied.

## STATEMENT OF FACTS

Defendants respectfully refer the Court to the accompanying Declaration of Lori J. Van Auken, dated March 27, 2008, for a statement of the facts relevant to the instant motion.

## ARGUMENT

### I. Plaintiff Has Not and Cannot Demonstrate That His Failure To Act Within The Prescribed Time Period Was Due To "Excusable Neglect"

Federal Rule of Civil Procedure 6(b)(1) provides in clear and unambiguous terms:

> When an act may or must be done within a specified time, *the court* may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, *before* the original time or its extension expires**;** *or*

(B) *on motion made after the time has expired if the party failed to act because of excusable neglect*.

Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). The rule is absolutely clear that in either instance an extension of time may be granted only by order of the court. Rule 6 is equally clear that where the extension is sought *after* the prescribed time period has expired, the Court may, for good cause, extend the time, upon a duly filed motion, only if the party seeking relief "failed to act because of excusable neglect."

In numerous cases, the Second Circuit has refused to find excusable neglect where, as is the case here, the moving party's failure to act was due to a mistaken understanding of a clear and unambiguous rule. In *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248 (2d Cir. 1997), the court held that plaintiff's counsel failed to show "excusable neglect" where he argued that his failure to act within the relevant time frame was due to "administrative oversight" and a mistaken belief that the responsive pleadings were not due until a return date for the motion was set. The court emphasized that the "failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." *Id.* at 250. In *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501 (2d Cir. 1994), plaintiff's counsel argued that his failure to comply with the applicable rule was "simply the product of a good-faith misunderstanding of the Rules" and apparent assumption that the federal rules were the same as the state's rules. *Id.* at 503. The court, however, rejected plaintiff's claim, explaining that counsel's mistake arose, not from a "'plausible misconstruction'" of the rule, but "a failure to follow the plain terms" of it. The court emphasized, "[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *Id.*

Likewise, in *United States v. Hooper*, 43 F.3d 26 (2d Cir. 1994), the Second Circuit held plaintiff failed to demonstrate excusable neglect where counsel's legal assistant did not file a notice of appeal upon the mistaken belief that it was due within 30, rather than 10 days after the judgment of conviction. Because the mistake was made not from any "plausible misconstruction" of the statute, but from an apparent failure to examine and abide by the applicable rule, the court concluded that the mistake did not constitute "excusable neglect."

The Second Circuit's decision in *Silvanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003), is also compelling. There, plaintiff filed a notice of appeal two days after the 30-day time period prescribed by the appellate rules. Three weeks later, having realized his mistake, plaintiff's counsel file a motion for an extension of time. Counsel argued that his failure to act was excusable due to the "state of the docket" and "confusion" surrounding the entry of a supplemental order, as well as his reliance upon his adversary who told him the deadline for filing an appeal was several days later than it actually was.

The district court granted plaintiff's motion for an extension of time, but the Second Circuit reversed. Relying on the United States Supreme Court's recent decision in *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Ptrshp.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the court noted that four factors are to be considered in considering a motion to extend time due to excusable neglect. They are: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reasons for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 333 F.3d at 366, *citing Pioneer Investment*, 507 U.S. at 395. Although noting that three of these four factors would often weigh in favor of the moving party, the Second Circuit emphasized that the third factor—the reason for

the delay and whether it was within the reasonable control of the movant—was most important. As the court explained, "the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule.'" Thus, the court stated "where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'" 333 F.3d at 366-67, *citing Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248 (2d Cir. 1997). Accordingly, the court held, counsel's apparent failure to consult a calendar to determine when the 30-day time period expired, and his reliance upon his adversary's erroneous calculation of that time period, did not constitute "excusable neglect."

For the very reasons articulated by the Second Circuit in these cases, plaintiff has failed to demonstrate excusable neglect here. Federal Rule of Civil Procedure 12(a)(1)(B) is clear and unambiguous, and has long provided that an answer to a counterclaim must be served "within 20 days after" service of the pleading stating the counterclaim. Here, there can be no doubt but that Plaintiff's failure to serve an answer within the prescribed 20-day time period constitutes "neglect."

None of the varied reasons Plaintiff advances for his failure to act demonstrate that his neglect was excusable. When he first telephoned Defendants' counsel on February 19, 2008, Plaintiff's counsel advised that he had been sick for the past few days and would be sending his answer the following day. Van Auken Dec. ¶8. In his letter to this Court on March 11, 2008, counsel offered no excuse whatsoever. *See* Van Auken Dec. ¶18, Ex. F. In a follow up letter to the Court dated March 13, 2008, Plaintiff's counsel advised the Court that his "failure" to serve a timely reply "was the result of a calendaring error in docketing the defendant's answer in our system (ironically occurring after changing dates in our system as a result of Ms. Van Auken's requested extension of time) and was exacerbated when I was out of

the office for a number of days with the flu." Van Auken Dec. ¶20, Ex. H. In his Affirmation in support of the instant motion, plaintiff's counsel notes "that the delay in service was completely unintentional and the result of an error in improperly entering and calendaring this date in his computer." In addition, counsel explained, "during the early part of this past February I was out of my office on many occasions due to the flu and upon returning on February 19th, I noticed my error." Internicola Aff. at ¶4.

Like the circumstances at issue in *Canfield* and *Weinstock*, the excuses advanced by Plaintiff's counsel here do not reflect a "plausible misconstruction" of Rule 12(a)(1)(B), but instead, evince a complete failure to read and follow the plain terms of one of the most basic procedural rules on the books. Indeed, it is hard to conceive of any credible explanation for Plaintiff's failure to calculate properly the 20 day period from January 16, 2008 to February 5, 2008, and then not discover his error until February 19, 2008, some 34 days later.[1] In any event, the case law in this Circuit is clear that the mistake which Plaintiff describes as a "clerical error" does not amount to "excusable neglect."

The cases cited by Plaintiff are inapposite. In *Zeidman v. General Accident Ins. Co.*, 122 F.R.D. 160 (S.D.N.Y. 1988), the court actually *denied* the plaintiff 's motion finding that he had "failed to make an adequate showing of either good faith or excusable neglect." *Id.* at 162. *MBA/Creative Connections, Inc. v. Binder,* 1986 WL 5382 (S.D.N.Y. 1986), to the extent it suggests that counsel's oversight, in certain circumstances may constitute excusable neglect, is of dubious precedential value in light of the more recent Second Circuit decisions

[1] The only possible explanation, of course, which Plaintiff does not even advance, it that he believed his answer was due 30 days, not 20 days after Defendants' counterclaims were served and filed. Indeed, when Defendants' counsel spoke with Plaintiff's counsel on March 11, 2008, he insisted that his answer was only a day or two late. Even if true, such an error would not constitute "excusable neglect." *Weinstock*, 16 F.3d 503, n.2.

discussed herein, all of which Plaintiff, in his motion, completely ignores. For the reasons set forth above, Plaintiff's motion should be denied.

## II. Contrary to Plaintiff's Assertion, Defendants Will Be Prejudiced In The Event This Court Were To Grant Plaintiff's Motion

Plaintiff argues that his motion also should be granted because this litigation is in its early stages and Defendants "cannot claim any prejudice as to the requested twelve (12) day extension of time." Plaintiff's Mem. 3. Plaintiff's argument is misplaced. It is clear from the Supreme Court's decision in *Pioneer Investment*, 507 U.S. 380, 394 (1993), that the non-moving party need not show actual prejudice as a result of the movant's failure to act. Rather, the mere "danger" of prejudice to the non-moving is all that is relevant. However, as the Second Circuit explained in *Silvanch,* the focus of the analysis is this Circuit is on the reason for the movant's delay; the existence or danger of prejudice to the non-moving party is not determinative.

Even if, however, the Court were to consider the prejudice issue, it is evident that Defendants are in danger of suffering prejudice in the event Plaintiff's motion is granted. Plaintiff's failure to file a timely answer to Defendants' counterclaims constitutes an admission on his part that the allegations set forth in the counterclaims are true. Fed. R. Civ. P. 8(d). In the event Plaintiff is permitted to file his answer at this time, Defendants would be required to expend time and resources litigating the merits of counterclaims it is not now required to do.

The *Zeidman* case upon which Plaintiff relies also makes this abundantly clear. There, the court found that prejudice may be suffered as a result of the delay and uncertainty surrounding litigation and the unnecessary burdens and expenses associated with it. The same holds true in this case.

**III. Plaintiff's Motion Also Should Be Denied Because Plaintiff Has Not Acted In Good Faith**

Plaintiff's counsel also urges the Court to exercise its discretion in his favor for the further reason that Plaintiff's counsel has, "[a]t all times, on multiple occasions" "acted in good faith." Internicola Aff. ¶2. Defendants respectfully disagree.

In each of the Second Circuit cases discussed above in Point I, counsel, upon discovering his mistake, immediately filed a motion with the court seeking an extension of time. Here, however, plaintiff's counsel did not do so. Instead, he completely ignored Rule 6, and filed his reply. Indeed, Plaintiff's counsel had no intention of seeking this Court's approval until Defendants' counsel brought the matter to his attention on March 11, 2008. Plaintiff's flouting of the Federal Rules should not be countenanced by the Court.

Plaintiff's lack of good faith is further reflected by the fact that he continues to blame Defendants' counsel for his failure to abide by the rules in the first instance. For some reason, Plaintiff believes that his efforts to contact Defendants' counsel and her inability to return his calls immediately somehow hampered his ability to file his answer in a timely manner or make a motion seeking an extension of time pursuant to Fed. R. Civ. P. 6(b)(1)(B). Defendants' consent is not a prerequisite to a Rule 6(b)(1)(B) motion and nothing Defendant's counsel did or did not do could change this.

Counsel's lack of good faith is further reflected by the multiple misrepresentations he has made to the Court concerning his conversations with Defendants' counsel during the past few weeks. First, Plaintiff's counsel claims that he was constantly trying contact Defendants' counsel to discuss his answer and "corrective steps" (Plaintiff's Memo of Law at 3), when, in fact, his March 4, 2008 email clearly indicates that he had been calling to discuss other issues. Van Auken Dec. ¶12, Ex. D. Second, Plaintiff's counsel represented to the

Court that Defendants' counsel did not respond to his inquiries until March 11, 2008 (Internicola Aff. ¶9; Plaintiff's Memo of Law at 1, 3), when, in fact, Defendants' counsel did contact him on March 5, 2008, and suggested times for a call, but never received a response. Van Auken Dec. ¶13, Ex. E. Finally, the notion that Plaintiff's counsel has "at all times, on multiple occasions" "promptly communicated with opposing counsel" is belied by his failure to respond to several letters sent to him during the past several months, one of which he responded to last week, five months after it was sent. Van Auken Dec. ¶¶22, 23, Ex. I.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court issue an order denying Plaintiff's motion, pursuant to Fed. R. Civ. P. 6(b)(1)(B), for an extension of time to serve an answer to Defendants' counterclaims and granting such other and further relief as the Court may deem just and proper.

Dated: New York, York
March 27, 2008

Respectfully submitted,

WINSTON & STRAWN LLP

By: s/ Lori J. Van Auken

Lori J. Van Auken (LV 2858)
Alexis J. Lury (AL 8672)
200 Park Avenue
New York, New York 10166
T: (212) 294-6700
F: (212) 294-4700
lvanauken@winston.com

Of Counsel:
Timothy J. Rooney
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700