UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DANIEL JUNK

                       Plaintiff,                Case No.: 07-CIV-4640 (LMM)(GWG)

    - against -

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.

                       Defendants.
_____

**REPLY AFFIRMATION OF CHARLES N. INTERNICOLA IN FURTHER
SUPPORT OF PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME
PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)**

    CHARLES N. INTERNICOLA, an attorney duly admitted to the Courts of the State of New York and the United States District Court for the Southern District of New York, hereby declares under the penalty of perjury:

    1.    I am a member of the law firm of Decker Decker Dito & Internicola, LLP, attorneys for the Plaintiff. I respectfully submit this reply affirmation in further support of my motion pursuant to Fed. R. Civ. P. 6(b)(1)(B) to extend plaintiff's time to answer defendants' counterclaims.

SUMMARY

    2.    In opposing the instant application, defendants' counsel has erroneously and wrongfully taken the liberty to misstate facts and information concerning my knowledge, intentions and acts as to a clerical error in entering a date in my computer. In doing so, opposing

counsel has misrepresented partial communications and facts in an effort to convert an unfortunate but extremely limited clerical error into a vehicle for liability and an allege act of bad faith.

3. Moreover, opposing counsel now seeks to somehow attribute a negative consequence and effect to my unilateral and deliberate efforts to undertake corrective measures. The day I discovered my error (12 days after the statutory date) I served defendants' counsel with my answer and I immediately communicated to them my error. I engaged in numerous efforts to communicate with opposing counsel so as to be advised of their position in connection with this application. Within forty-eight hours of receiving a return phone call from opposing counsel I made the instant application. At no time did I assume an application would not be made. My attempts to communicate with opposing counsel were made in good faith and in an effort to obtain their consent to the application or, at least, discuss any concerns the defendants' may or may not have had as to any perceived delay in any pending mediation or discovery obligations attributed to the twelve day delay.

4. In connection with the progress of this action, relative to my requested application, I respectfully submit that the defendants' have been in possession of plaintiff's answer since February 20, 2008 – a period of twelve days after the statutory date.

5. Moreover, to date, unrelated to the plaintiff's service of an answer to defendants' counterclaims, the defendants have failed to serve their initial disclosures pursuant to Fed. R. Civ. P. 26. Attached as Exhibit "A" is a copy of my correspondence to Ms. Van Auken requesting the status of the defendants' Rule 26 initial disclosures. Despite the plaintiff's prior

service of his Rule 26 disclosures, Ms. Van Auken has failed to respond to my correspondence or advise as to when or if the defendants intended to abide by their Rule 26 obligations.

### ERROR CONCERNING COMPUTER ENTRY OF DATE

6. As set forth in my moving affirmation, on February 19, 2008 I discovered that by my own clerical error, I (unknown at the time) improperly entered the deadline date for service of plaintiff's answer to the counterclaims. I did this not as a result of misunderstanding or misapplying the law, but rather a physical error when clicking on the calendar dates on the computer.

7. My error respecting the service date deadline had nothing to do with my understanding as to the statutory time to serve an answer to counterclaims but rather a mechanical error in entering the intended counterclaim answer date on the pop-up menu in the computer, *viz.,* I unintentionally (and unknown to me at the time) clicked February 20 when entering the deadline in my calendar.

### PRIOR RESEARCH AND KNOWLEDGE OF THE APPLICABLE RULES FOR SERVICE OF PLAINTIFF'S ANSWER TO COUNTERCLAIMS

8. Prior to receiving the defendants' answer and counterclaims, I specifically reviewed the Federal Rules and was aware of the plaintiff's that the plaintiff possessed twenty days to answer and an additional three days due to mailing. Moreover, I further consulted with one of my partners to ensure that electronic service did not constitute in-hand delivery. Opposing counsels' statement that I misapplied, did not understand or did not research the applicable rules is simply wrong and overreaching.

9. Significantly, prior to even receiving the defendants' answer and counterclaims, I had reviewed Rule 12 of the Federal Rules of Civil Procedure as a result of an improper threat from defendants' counsel to withhold defendants' answer subject to my client's delivery of a laptop computer that he did not possess. In particular, despite the mandate of Fed. R. Civ. P. 12(a)(4) Ms. Van Auken advised me that the defendants' would be withholding their answer to the complaint until thirty (30) days after Ms. Van Auken's receipt of a laptop computer claimed to be in plaintiff's possession. Ms. Van Auken again privately made this statement to me at the Interim Pre-Trial Conference held by the Court on December 11, 2007. At the time of the conference I advised Ms. Van Auken, that my client was not in possession of any laptop. Although Ms. Van Auken never made any application or raised an issue with the Court, by correspondence dated December 13, 2007, she nevertheless demanded and advised that she would not be serving an answer until within thirty days of her receipt of the laptop. In particular, in her December 13, 2007 correspondence Ms. Van Auken stated:

> "Please arrange to have the laptop delivered to my attention at your earliest opportunity. We will serve our Answer to the Complaint within (30) days after it is received"

A copy of Ms. Van Auken's December 13, 2007 correspondence is attached hereto as Exhibit "B".

10. In response to Ms. Van Auken's threat, after again reviewing Rule 12 of the Federal Rules and by correspondence dated December 13, 2007, I advised Ms. Van Auken that the plaintiff did not possess the laptop computer and that she did possess any right to withhold defendants' answer. As to service of an answer, I stated:

4

> With regard to the answer, irrespective of the foregoing [laptop computer], there is no basis for you to withhold your answer, I am not aware of any provision in the Federal Rules of Civil Procedure authorizing you to delay your answer.

A copy of my December 13, 2007 correspondence to Ms. Van Auken, Esq. is attached hereto as Exhibit "C".

### ATTEMPTED COMMUNICATIONS WITH OPPOSING COUNSEL

11.   In the Declaration of Lori Van Auken dated March 27, 2008 (the Van Auken Dec."), Ms. Van Auken acknowledges my attempted communications with her office commencing from February 19, 2008 through March 11, 2008.  Within that period of time, on no less than seven occasions, either myself or my assistant made phone calls to Ms. Van Auken's office and each time we were advised that we would be receiving a response and that Ms. Van Auken was aware of my calls.  In most instances we were advised that Ms. Van Auken was away from her desk, home sick or out of the office.

12.   At all times, Ms. Van Auken and her staff were aware that commencing from February 19, 2008 that I maintained multiple outstanding calls to her related to, at a minimum, my acknowledgment as to an error in the service of my plaintiff's answer and the need to speak with her about corrective measures.  Van Auken Dec., ¶¶8 and 9.  Although Ms. Van Auken acknowledges that she did not speak to me or return all but one of my calls, she has nevertheless misrepresented my intentions and the purpose and nature of my calls.

13.   At all times I was advised and my assistant was advised that Ms. Van Auken was aware of my issue and calls and that she would get back to me.  When I did not hear back from Ms. Van Auken on February 19, 2008 about her consent to an application, I again contacted her on February 20, 2008.  When Ms. Van Auken did not respond on the 20th (nor did any of her

5

partners or associates) I served my answer and proceeded to follow up with her office . In each instance, Ms. Van Auken's staff was aware of the purpose of our calls and I was advised that she would respond. Between the service and mailing of my answer and my numerous calls, Ms. Van Auken was aware of my request. Moreover, at all times I made it clear that my answer was late due to an error and that I needed to speak to her about an application. I served my answer not to violate any rules but rather to mitigate any delay in the defendants' receipt of same

   14. Simultaneous to my calls respecting the answer, both, myself and my staff made additional inquiries respecting mediation and our concern that we did not hear from any assigned mediator as we had expected. This also was important since the plaintiff needed to make travel arrangements.

   15. In my March 4, 2008 email to Ms. Van Auken ("Van Auken Dec"). ¶12, Ex. 12) I did indeed write to Ms. Van Auken about mediation due to my travel concerns. Since this email was proceeded with no less than six prior messages about my answer I did not refer to it in my email. Moreover, I do affirm and state to this Court that on the very same day I personally called Ms. Van Auken's office to again speak with her about the answer.

   16. Throughout my numerous communications, Ms. Van Auken was aware of my requests. In response to Ms. Van Auken's March 5, 2008 email (Van Auken Aff Dec. ¶13) I again attempted to contact her by phone.

   17. On March 11, 2008, when I did speak to Ms. Van Auken she advised me that she had the flu, apologized for not responding and acknowledged my calls respecting the answer. At that time I asked Ms. Van Auken if she would consent to an application to the Court, to which she did not respond.

18. Following my phone conversation with Ms. Van Auken on March 11, 2008 – due to her non-response – I proceeded to email her wherein I inquired as to whether or not she would consent to my application to the Court.

19. Ms. Van Auken never responded to my March 11th email.

20. In connection with the foregoing communications, I affirm to this Court that I was aware of the necessity of making an application to the Court for relief. As to the foregoing communications, in good faith, I sought to inquire as to the defendants' consent and I sought to resolve any issues (associated with any perceived delay to the defendants) that I may have been addressed in my application.

<u>OPPOSING COUNSEL MISREPRESENTS  ISSUES OF BAD FAITH</u>

21. In an effort to somehow demonstrate bad faith in my actions, Ms. Van Auken asserts that on December 14, 2007 she sent me a letter inquiring about a laptop computer. Van Auken Dec ¶23, Ex I.  However, in her correspondence, Ms. Van Auken not only inquires about the laptop computer but also requests my consent to an extension of time for the filing of her Answer.  Ms. Van Auken's claim that I did not respond to this request is simply erroneous and is belied by the obvious fact that I responded to her letter by promptly signing and consenting to the requested extension.  As to the laptop, I previously advised Ms. Van Auken that the plaintiff was not possession of the laptop, *See.,* Ex. C, and that it was sent back to the defendants by regular mail.

22. With regard to an alleged "confidentiality agreement" referred to in Paragraph "22" of the Van Auken Dec, Ms. Van Auken again misrepresents the facts.  The confidentiality agreement referred to by Ms. Van Auken does not relate, in any way, to the proceedings before

7

this Court. The confidentiality agreement is not the requirement of any government agency but rather a pretext and request of the defendants in a completely separate and unrelated investigation by the United States Labor Department. In connection with the Labor Department's investigation, Ms. Van Auken had requested that the Labor Department not disclose the defendants' response to plaintiff's Labor Department investigation unless and until the plaintiff entered into a confidentiality agreement. I had been advised by the Labor Department that this is not a typical request (since we were basically dealing with pleadings) and I have been and remain hesitant to having my client sign a broad confidentiality agreement that could result in litigation. I have not delayed that matter and as the Labor Department proceeded with its investigation, after again consulting with the Labor Department investigator, I proposed revisions that would make the agreement less onerous on my client. Like Ms. Van Auken's demand for the laptop, she is attempting to establish the Labor Department confidentiality agreement as a pre-text for her own inaction.

23. Ms. Van Auken has not responded to my proposed revisions to the confidentiality agreement.

### DEFENDANTS' HAVE FAILED TO SERVE THEIR INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26

24. As previously stated, to date, despite plaintiff service of his initial Rule 26 disclosures, the defendants have failed to comply with their statutory obligations and have failed to serve any disclosures.

25. As set forth in Exhibit "A" I have inquired and requested that Ms. Van Auken advise me as to the status of her clients mandatory initial disclosures

26. While the instant application and any issues concerning the plaintiff's answer to counterclaims have no bearing on this discovery obligation, Ms. Van Auken, has nevertheless elected to ignore this obligation and has failed to respond to my inquiry.

27. I respectfully submit that the defendants' failure in this regard greatly outweighs any possible delay associated with the twelve day delay in filing plaintiff's answer.

28. Wherefore I respectfully request that the Court grant the instant application.

Dated: Staten Island, New York
       March 28, 2008

>Respectfully Submitted,
>
>DECKER DECKER DITO & INTERNICOLA, LLP
>
>By /s/ Charles N. Internicola
>
>Charles N. Internicola (CI 4059)
>1610 Richmond Road
>Staten Island, NY 10304
>T. 718. 979. 4300
>F. 718. 351. 3514
>cinternicola@dddilaw.com