UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC T OF NEW YORK
——————————————————————

DANIEL JUNK

                          Plaintiff,              Case No.: 07-CIV-4640 (LMM)(GWG)

          - against -

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.

                        Defendants.
——————————————————————

## PLAINTIFF'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR AN
## EXTENSION OF TIME PURSUANT TO FED. R. CIV. P. 6(b)(1)(B)

### PRELIMINARY STATEMENT

Plaintiff submits this reply memorandum of law in further support of plaintiff's motion pursuant to Fed. R. Civ. P. 6(b)(1)(B) to extend plaintiff's time to answer defendants counterclaims. In connection with the instant application, plaintiff seeks an extension of time due to the untimely filing (of twelve days) of an answer to counterclaims due to a mechanical error in entering the answer deadline in counsel's computerized calendar.

In opposition to the instant application, defendants' counsel has resorted to tactics of contrived speculation and partial information in an effort to recast plaintiff's mechanical error and excusable neglect into one of indifference, inaction and ignorance of the law. In doing so, defendants' counsel has patently mischaracterized moving counsel's corrective measures and numerous attempted communications.

### STATEMENT OF FACTS

The facts are set forth in detail in the accompanying Reply Affirmation of Charles N. Internicola, Esq. dated March 28, 2008 (the "Internicola Reply Aff.")

## ARGUMENT

Following the expansive and elastic interpretation of the excusable neglect standard under Fed. R. Civ. P. 6(b)(1)(B) by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Assoc., Ltd. Ptrshp.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed2d 74 (1993), the Second Circuit has adopted and emphasized the equitable nature of the "excusable neglect" standard and has even expanded its application to instances of "mere inadvertence" . *Raymond v. IBM Corp.* 148 F.3d 63 (2nd Cir. 1998).   In doing so, the Second Circuit has stated:

> …in *Pioneer,* the Supreme Court noted that it is not surprising…that in applying Rule 6(b), the Court of Appeals have generally recognized that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.  *In other words, mere inadvertence*, without more, can in some circumstances be enough to constitute "excusable neglect" justifying relief under Rule (6)(b)(2).

*Raymond*, 148 F.3d at 66-67 (2nd Cir 1998).

To apply the excusable neglect standard, the court is granted the equitable authority to "take into account all relevant circumstances surrounding the party's omission", including (a) the reason for the delay; (b) the duration of the delay; (c) prejudice to the other party; and (d) the good faith of the moving party.  *Id.*

## PLAINTIFF HAS ESTABLISHED EXCUSABLE NEGLECT

As set forth in Plaintiff's moving papers, the Internicola Aff. and the Internicola Reply Aff., the plaintiff has established and demonstrated that the instant application and the twelve (12) day delay in serving plaintiff's answer to counterclaims, was (a) the product of an unintentional

mechanical error in entering the answer deadline; (b) resulted in a minimal delay of only twelve days; (c) has not prejudiced the defendant; and (d) was accompanied by immediate communications and corrective measures demonstrative of good faith.

(a)    Plaintiff's Delay was the Result of a Mechanical Error - Not Mere Inadvertance

As set forth in plaintiff's moving papers and the Internicola Reply Aff., the twelve day delay in answering defendants' counterclaims was the product of an entry error.  Internicola Reply Aff. ¶¶6-7.  Contrary to the speculation of defendants' counsel, the delay in answering was not the result of mere inadvertence or misunderstanding of the law.

The analysis and standards applied by the Second Circuit in *Raymond,* mandates, or at the very least, supports the application of the excusable neglect standard and the grant of plaintiff's requested extension of time.  In *Raymond* - a lawsuit involving, *inter alia¸* retaliatory discharge claims between a plaintiff employee and a defendant employer – the Second Circuit affirmed the district court's application of Rule 6(b) in granting the plaintiff's application to serve a jury demand out of time.  In affirming the district court decision, the  Second Circuit acknowledged that although the *Raymond* plaintiff's delay was the product of "mere inadvertence" (where plaintiff's counsel mistakenly believed he had served the jury demand) that an enlargement of time was nevertheless an appropriate application of the lower court's discretion due to plaintiffs good faith and the limited prejudice to the defendant.  *Raymond*, 148 F.3d at 66-67 (2nd Cir 1998)("We hold that in light of the Supreme Court's decision in *Pioneer*, the requirement in *Noonan* of a showing *"beyond* mere inadvertence" should not be construed to preclude a district court from granting a Rule 6(b)(2) motion in appropriate circumstances".

It is respectfully submitted that the facts of this case and the instant application are more

compelling and worthy of the discretion afforded by Rule 6(b)(2), in that (a) The delay in this action was caused not by an act of "mere inadvertence" but rather a mechanical error in entering a date; (b) the delay in this action amounted to a limited period of seven days; (c) moving counsel discovered his own error and, in good faith, took prompt steps to communicate with opposing counsel and file an application with the Court; and (d) the defendant in this action can claim no prejudice resulting from the delay.

It is respectfully submitted that the cases cited by the defendants are inapposite to the facts of this case in that the applicable delays were either the result of intentional acts or willful acts of inadvertence, *See, United States v. Hooper*, 43 F.3d 26 (2nd Cir. 1994)(failure to timely file notice of appeal, excusable neglect did not exist where failure was the result of moving counsels "poorly supervised assistants" ignorance of the applicable rule.); *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248 (2nd Cir. 1994)(motion denied where failure was admittedly attributed to legal counsel's time management due to his heavy "involvement in [his] bid for the 124th Assembly District in New York")*; Weinstock v. Cleary, Gotlieb, Steen & Hamilton,* (2nd Cir 1994)(Involved untimely notice of appeal and denial of extension where moving counsel was admittedly ignorant of and refused to review the applicable rule); *Silvanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2nd. Cir 1994)(Failure to timely serve notice of appeal due to moving counsel's failure to consult record and reliance on erroneous verbal information from opposing counsel.

In addition to the foregoing, it is further submitted that there exists a qualitative difference in the equitable factors when evaluating the untimely filing of a notice of appeal and, as in the instant case, the untimely filing of an answer to the defendant's counterclaims in an actively litigated lawsuit at the inception of the discovery process

(b)    Plaintiff's Delay was Limited to Twelve (12) Days

As set forth in the Internicola Reply Aff., plaintiff's answer to defendants' counterclaims was delayed by twelve days.  Upon discovering plaintiff's error, defendants' counsel immediately communicated with opposing counsel and served the defendants' with plaintiff's answer.  It is respectfully submitted, that this failure has not resulted in any delay in discovery or the prosecution of this action.  This is especially true since the defendants, to date, have failed to serve their initial Rule 26 disclosures.

(c)    Defendants Cannot Claim Prejudice.

In opposition to the instant application, it is respectfully submitted that defendants' do not and cannot offer any prejudice attributed to plaintiff's twelve day delay.  The lack of prejudice is amplified by the fact that the defendants have failed to comply with their initial discovery obligations.  Accordingly, to the extent that there is any delay in this action, it is respectfully submitted that same is attributed to the defendants' discovery failures.

Moreover, to evaluate prejudice the defendants must evaluate the position that they would have been in had plaintiff's answer been timely served  and not measure or look toward the loss of any default judgment.  Moreover, since the defendants' counterclaims were a mirror or directly adverse to plaintiff's allegations in the complaint, the defendants' were aware that plaintiff would be denying defendants allegations.  Also, in light of the motion practice involving defendants' previously determined motion to dismiss, the defendants were further aware of plaintiff's position and factual assertions as to almost all of defendants' counter claims. *See, Raymond,* 148 F.3d 63, 66-67 (Rule 6(b)(2) motion granted permitting service of jury demand out of time where delay was substantial but defendant was aware of or anticipated a jury trial).

5

(d)     Plaintiff has Acted in Good Faith

As set forth in detail in the moving papers and the Internicola Reply Aff., it is respectfully submitted that, at all times, moving counsel has acted in good faith.  After discovering the error, moving counsel immediately acted to take corrective measures and communicate with opposing counsel.  Moreover, at all time, moving counsel has abided by his obligations in this action and has sought to expedite and proceed with discovery.  To date, the defendants have failed to serve their initial disclosures and refuse to advise as to the status of same.

## CONCLUSION

The motion should be granted in its entirety.

Dated: Staten Island, New York
       March 28, 2008

Respectfully Submitted,

DECKER DECKER DITO & INTERNICOLA, LLP


By /s/ Charles N. Internicola
_____

Charles N. Internicola (CI 4059)
1610 Richmond Road
Staten Island, NY 10304
T. 718. 979. 4300