

# DECKER, DECKER, DITO & INTERNICOLA LLP

ATTORNEYS AT LAW

May 8, 2008

**BY FEDERAL EXPRESS**
Honorable Lawrence M. McKenna
United States District Judge
United States Courthouse
500 Pearl Street-Room 1640
New York, NY 10007

Re:  Junk v. Aon Corp., et al
     Case No.: 07-CIV-4640

**MEMO ENDORSED**

RECEIVED
IN CHAMBERS

MAY - 9 2008

LAWRENCE M. McKENNA
USDJ   SDNY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/08

Your Honor:

This firm is counsel to the plaintiff in the above referenced action. This letter is submitted pursuant to Local Rule 37.2 and the Your Honor's endorsed letter of April 17, 2008 to advise the Court as to numerous and substantial discovery disputes between the parties. In particular, as of today's date, the defendants have refused to provide plaintiff with any documents whether in the form of initial Rule 26 disclosures or responses to Plaintiff's First Request for Production of Documents. In doing so, defendants' counsel has taken a dual approach to plaintiff's demands whereby counsel (a) rejects the demand as irrelevant and (b) advises that "*Aon is currently in the process of collecting and reviewing documents responsive to this request*". This response is even offered by defendants' counsel to plaintiff's demands requesting documents "identified" and referred to by the defendants in their own initial disclosures[1]. Likewise, defendants have resorted to blanket objections respecting plaintiff's detailed interrogatories.

With regard to the Court's endorsed letter of April 17, 2008 directing counsel to meet and confer respecting a discovery plan, I can advise that Court that counsel has conferred on numerous occasions and that an agreement cannot be reached between counsel. The basis for this disagreement relates, exclusively, to the overreaching and eleventh hour demand by defendants' counsel to "bifurcate" discovery between "damages" and "liability". In doing so, defendants' counsel is demanding that the plaintiff be precluded from "liability" based discovery (i.e., Aon's alleged wrongful acts) until discovery respecting plaintiff's damages has been concluded. Such request would serve no purpose other than to delay this matter and prejudice plaintiff's ability to adjudicate his claims. At this time, defendants' counsel has not served plaintiff with any discovery demands.

*This case will be referred to a Magistrate Judge for general pretrial supervision (including discovery). So ordered.* [signature] 5/9/08

---

[1] In defendants' Rule 26 initial disclosures, defendants' failed to produce any documents. In doing so, defendants referred to groups of documents claimed to be within defendants' custody, control and possession. In plaintiff's document demands, plaintiff has requested the documents referred to in defendants' initial disclosures.

1610 Richmond Road, Staten Island, New York 10304   T: 718.979.4300   F: 718.351.3514   www.dddilaw.com



## DECKER, DECKER, DITO & INTERNICOLA LLP
ATTORNEYS AT LAW

Honorable Lawrence M. McKenna
May 8, 2008
Page 2 of 4

With regard to defendants' discovery responses, the following sampling is representative of serious deficiencies that are serving to delay this matter, will prejudice the plaintiff and require motion practice.

**Plaintiff's Document Requests.**
In Plaintiff's First Request for Production of Documents, plaintiff's requests the documents that were identified but not produced by the defendants in their initial Rule "26" disclosures. Defendants' counsel now objects to such document demands and still refuses to produce any documents.

The following is a brief summary of the documents identified by defendants' in their initial disclosures, plaintiff's related document demands and the defendants' response.

*Defendants' Initial Rule 26 Document Disclosure:*
In Section B1 (Documents) of defendants' initial disclosures (originally dated March 28, 2008), the defendants identify the following documents:

> Based upon information known to the Defendants as of this date, the following categories of documents are in the possession, custody or control of Defendants...:
>
> 1. Documents regarding the expenses for which Plaintiff sought reimbursement during his employment with Aon Consulting, Inc.
>
> 2. Documents reflecting the terms and conditions of Plaintiff's employment with Aon Consulting, Inc.
>
> 3. Documents regarding the products and services developed and/or being developed by or for Aon Consulting, Inc. prior to and during the period of Plaintiff's employment.

\*            \*            \*            \*

*Plaintiff's Initial Document Demands:*
In plaintiff's First Request For Production of Documents, plaintiff requested the documents referred to in defendants' initial disclosures. In doing so, plaintiffs' demands



DECKER, DECKER, DITO & INTERNICOLA LLP

ATTORNEYS AT LAW

Honorable Lawrence M. McKenna
May 8, 2008
Page 3 of 4

specifically identified "Defendants' Initial Disclosures", and requested:

Request No.1

All documents referred to in Section B(1) of Defendants' Initial Disclosures.

Request No.2

All documents referred to in Section B(2) of Defendants' Initial Disclosures.

Request No.3

All documents referred to in Section B(3) of Defendants' Initial Disclosures.

    *        *        *        *

**Defendants' Responses to Plaintiff's Document Demands:**
In response to plaintiff's demands, despite the previously acknowledged relevancy of the requested documents (*i.e.*, defendants' counsel identified them as such in their Initial Disclosures) and the representations of defendants counsel in their March 28, 2008 Initial Disclosures (*i.e.*, that defendants were in "possession, custody and control" of the documents referred to in Section "B" of the Initial Disclosures), defendants' counsel resorts to the following non-responsive blanket objection and, at this date, refuses to produce any documents:

[Aon's] Response to [Plaintiff's] Request No. 1:

Aon also objects to Request No. 1 to the extent it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence…Aon is currently in the process of collecting and reviewing documents responsive to this request…

The foregoing response is consistent with defendants approach to all of plaintiff's demands and, as a result, defendants have not produced one document to the plaintiff. The foregoing is also demonstrative of the tactics deployed in the numerous deficiencies and non-responses to





# DECKER, DECKER, DITO & INTERNICOLA LLP
### ATTORNEYS AT LAW

Honorable Lawrence M. McKenna
May 8, 2008
Page 4 of 4

plaintiff's First Set of Interrogatories. The defendants' responses further contradict the representations made by counsel in defendants' Rule 26 disclosures, *i.e.*, it is assumed that counsel would have reviewed and compiled the identified Rule 26 documents prior to serving defendants' initial disclosures. Had this not been the case, than opposing counsel should have advised the Court and me as to counsels' failure to complete their initial review of their own documents.

As a result of the foregoing, plaintiff has not received one document from the defendants.

Accordingly, I respectfully request a conference with Your Honor to discuss the necessity of a motion to compel defendants' responses and the delay caused by opposing counsel.

Sincerely,

Charles N. Internicola

cc: Lori VanAuken, Esq. (By Federal Express)