# EXHIBIT 3

| | |
|---|---|
| **From:** | Theresa Gogger |
| **Sent:** | Wednesday, May 16, 2007 10:51 AM |
| **To:** | Jim Sheridan |
| **Cc:** | Daryk Rowland |
| **Subject:** | Dan Junk Tracking Numbers |

Jim,

The numbers for the four shipments are as follows:

To Dan-

8608 0996 0257

8608 0996 0235

From Dan -

8608 0996 0213

8608 0996 0224

Best Regards,

Theresa L Gogger

Theresa L. Gogger
Manager
IT Risk Consulting
1 Industrial Way West
Eatontown, NJ 07724
(732) 389-8733 Office
(732) 544-0101 Fax

AONJ_000693

(732) 600-9990 Cell
Theresa_Gogger@aon.com
E-Discovery / High Tech Investigations / Information Security
www.aonediscovery.com

AONJ_000694

| | |
|---|---|
| **From:** | Theresa Gogger |
| **Sent:** | Wednesday, May 16, 2007 11:21 AM |
| **To:** | Daryk Rowland |
| **Subject:** | RE: Dan Junk Tracking Numbers |

I checked fedex.com for both tracking numbers, Jim's packages were received down there, but it doesn't look like he sent the packages back .

Theresa L. Gogger
Manager
E-Discovery / High Tech Investigations / Information Security
www.aonediscovery.com

From: Daryk Rowland/CORP/Aon Consulting
Sent: Wednesday, May 16, 2007 11:57 AM
To: Theresa Gogger/CORP/Aon Consulting
Cc: Jim Sheridan/CORP/Aon Consulting
Subject: Re: Dan Junk Tracking Numbers

Thanks
Theresa

Theresa Gogger
05/16/2007 10:51 AM
To: Jim Sheridan/CORP/Aon Consulting@AONNA
cc: Daryk Rowland/CORP/Aon Consulting@AONNA
Subject: Dan Junk Tracking Numbers

Jim,

The numbers for the four shipments are as follows:

To Dan-
   8608 0996 0257
   8608 0996 0235

From Dan –
   8608 0996 0213
   8608 0996 0224

Best Regards,

Theresa L Gogger

Theresa L. Gogger
Manager
IT Risk Consulting
1 Industrial Way West
Eatontown, NJ 07724
(732) 389-8733 Office
(732) 544-0101 Fax
(732) 600-9990 Cell
Theresa_Gogger@aon.com
E-Discovery / High Tech Investigations / Information Security
www.aonediscovery.com

AONJ_000716

FedEx | Track

Page 1 of 1

Track Shipments/FedEx Kinko's Orders
## Detailed Results

② Quick Help

| | |
|---|---|
| **Tracking number** | 860809960235 |
| **Signed for by** | 999999999999 |
| **Ship date** | Apr 25, 2007 |
| **Delivery date** | Apr 26, 2007 1:26 PM |

**Status**  Delivered

**Signature image available**  No

**Reference**
**Destination**  ADMIN
                 OKATIE, SC
**Service type**  Standard Overnight

**Details**  Package delivered to recipient address - release authorized

| Date/Time | | Activity | Location |
|---|---|---|---|
| Apr 26, 2007 | 1:26 PM | Delivered | OKATIE, SC |

[ Signature proof ]   [ Track more shipments/orders ]

E-mail your detailed tracking results (optional)

Enter your name and e-mail address, submit up to three e-mail addresses, add your message (optional), and click Submit. If you include a message, you must enter your name and e-mail address in the fields provided.

Your name:

Your e-mail address:

To e-mail address(es):

Add personal message:

Not available for non-English characters

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

Submit

http://www.fedex.com/Tracking/Detail?fc_start_url=&totalPieceNum=&backTo=&template_type=print&cntry_code=us&lang...    5/29/2008

AONJ_000016

FedEx | Track

Page 1 of 1

Track Shipments/FedEx Kinko's Orders
## Detailed Results

⑦ Quick Help

| | |
|---|---|
| **Tracking number** | 860809960257 |
| **Signed for by** | 999999999999 |
| **Ship date** | Apr 25, 2007 |
| **Delivery date** | Apr 26, 2007 1:26 PM |

**Status**    Delivered

**Signature Image available**    No

| | | |
|---|---|---|
| **Reference** | | |
| **Destination** | ADMIN | |
| | OKATIE, SC | |
| **Service type** | Standard Overnight | |

**Details**
Package delivered to recipient address - release authorized

| Date/Time | | Activity | Location |
|---|---|---|---|
| Apr 26, 2007 | 1:26 PM | Delivered | OKATIE, SC |

[ Signature proof ]    [ Track more shipments/orders ]

E-mail your detailed tracking results (optional)

Enter your name and e-mail address, submit up to three e-mail addresses, add your message (optional), and click Submit. If you include a message, you must enter your name and e-mail address in the fields provided.

Your name:

Your e-mail address:

To e-mail address(es):

Add personal message:

Not available for non-English characters

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

Submit

http://www.fedex.com/Tracking/Detail?fic_start_url=&totalPieceNum=&backTo=&template_type=print&entry_code=us&lang...    5/29/2008

# EXHIBIT 4

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG


LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

25 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-589.

1700 K STREET, N.W.
W. SHINGTON, D.C. 2000S-0017

December 13, 2007

**BY FACSIMILE**

Charles N. Internicola, Esq.
Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

Re:    **Junk v. Aon Corp., et al., No. 2-4173-07-039**

Dear Mr. Internicola:

      Further to our discussion with Judge McKenna on Tuesday, I am writing to request that your client, Daniel Junk, return the laptop computer provided to him in connection with his employment with Aon. It is my understanding that despite repeated requests from Aon, your client has failed to return it. The laptop computer is the property of Aon and should have been returned immediately upon Mr. Junk's termination.

      Please arrange to have the laptop delivered to my attention at your earliest opportunity. We will serve our Answer to the Complaint within thirty (30) days after it is received.

      Please call me should you wish to discuss this matter further.

Very truly yours,

Lori J. Van Auken

LVA:dc

# EXHIBIT 5



# DECKER, DECKER, DITO & INTERNICOLA LLP

### A T T O R N E Y S     A T     L A W

December 13, 2007

**BY REGULAR MAIL & FACSIMILE**
Lori J. Van Auken
Winston & Strawn, LLP
200 Park Ave
New York, NY 10166

Re:    Junk v. Aon Corp.

Dear Ms. Auken:

After our court conference, I contacted my client to inquire as to whether or not he possessed a laptop computer belonging to Aon Corp. Mr. Junk advised me that after his termination he was in possession of a laptop computer and that on numerous occasions he contacted Aon Corp. and asked Aon Corp. to send him prepaid packaging and labels for the computer. Aon Corp did not send Mr. Junk the proper packaging and after numerous unanswered inquiries, Mr. Junk mailed the computer to Aon Corp. by regular mail. As such, the computer was returned months ago.

With regard to the answer, irrespective of the foregoing, there is no basis for you to withhold your answer. I am not aware of any provision in the Federal Rules of The Civil Procedure authorizing you to delay your answer.

Sincerely,

Charles N. Internicola

# **EXHIBIT 6**

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

41 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON  EC2V 7NG


LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

25 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-589-

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-1817

December 14, 2007

**BY FACSIMILE**

Charles N. Internicola, Esq.
Decker, Decker, Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

Re:     **Junk v. Aon Corp., et al., No. 2-4173-07-039**

Dear Mr. Internicola:

I am in receipt of your letter dated December 13, 2007, regarding the Aon laptop computer provided to your client by Aon. We are very concerned with the manner in which your client appears to have handled Aon's property. Accordingly, please advise me immediately and in writing of the following:

1.     the name of the person to whom Mr. Junk mailed the laptop;

2.     the address to which Mr. Junk mailed the laptop;

3.     the exact date upon which Mr. Junk mailed the laptop;

4.     the post office location from which Mr. Junk mailed it; and

5.     the manner in which the laptop was packaged.

Please also provide me with any proof of postage paid and any certified or registered mail tracking information for the package.

Separately, based upon our discussion with Judge McKenna earlier this week, it is my understanding that Aon has at least thirty (30) days to file its Answer. Enclosed please find a Stipulation to that effect, extending Aon's time to answer to and including January 11, 2008. Please sign and return the Stipulation to me so that I may have it so ordered by the Court. If my understanding is incorrect, please advise me at once so that we may take appropriate measures to

WINSTON & STRAWN LLP

Charles N. Internicola, Esq.
December 14, 2007
Page 2

obtain an extension of time from the Court.

Very truly yours,

Lori J. Van Auken

LVA:dc
Enclosure

# **EXHIBIT 7**

# WINSTON & STRAWN LLP | Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700    FACSIMILE: 212-294-4700

## Fax Number: 212-294-4700

**FROM:**      Lori J. Van Auken
              212-294-4707

**DATE:**      10/19/2007

| CHARGEBACK: |
|---|
| 10107 |
| 6345-27 |

### Please Deliver as Soon as Possible To:

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| Charles N. Internicola, Esq. | Decker Decker Dito & Internicola, LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page:  5

**COMMENTS**

Re:     Junk v. Aon Corp., et al.
        No. 2-4173-07-039

Mr. Internicola,

   Attached please find a draft confidentiality agreement covering information submitted to OSHA in connection with the above-referenced proceeding.  Please let me know if you have any comments or questions.

Regards,

Lori Van Auken

---

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319**

---

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes _____  Name: _____  No: _____

**Draft**
**10/16/07**

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is made and entered into as of the ___day of October, 2007, by and between Daniel Junk ("Junk"), his heirs, agents, attorneys, successors and assigns, and Aon Corporation, Aon Service Corporation and Aon Consulting Services Inc., and their subsidiaries, affiliates, successors, agents, attorneys and assigns (collectively "Aon") (together, "the Parties").

WHEREAS, on or about July 9, 2007, Junk filed a complaint against Aon with the U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA"), pursuant to 18 U.S.C.§ 1514A, entitled *Daniel Junk v. Aon Corp., Aon Service Corporation and Aon Consulting, Inc.*, No. 2-4173-07-039 (the "OSHA Proceeding");

WHEREAS, on or about August 16, 2007, Aon filed a Statement of Position responding to the allegations set forth in Junk's complaint;

WHEREAS, OSHA representatives have asked the Parties to allow OSHA to disclose copies of the documents, evidence and/or information each Party has submitted or may submit to OSHA in connection with the OSHA proceeding to the other Party; and

WHEREAS, prior to any such disclosure, the Parties desire to enter into an agreement to maintain the confidentiality of all such documents, evidence and/or information.

NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the undersigned do hereby agree as follows:

1.    <u>Definition of Confidential Information.</u>    As used herein, the term "Confidential Information" shall mean the existence and content of any information, whether in written or oral form, which the Parties disclose to each other and/or to OSHA in connection with this OSHA Proceeding, whether through conversations, negotiations, documentation, observations or otherwise.

2.    <u>Exceptions to Definition of Confidential Information.</u>    All documents, evidence and/or information disclosed by the Parties in connection with this OSHA Proceeding shall be presumed to be Confidential Information; provided, however, that Confidential Information shall not include:

2.1    Information that has been previously published or otherwise made freely available to the general public;

2.2    Information that both Parties agree in writing shall not be designated as Confidential Information; and

2.3     Information that either Party is required to disclose to the other pursuant to final order of a court or other government authority having competent jurisdiction.

2.4     Information that either Party is required to disclose pursuant to subpoena or other legal process tendered during the course of any court or regulatory proceeding to the extent that such Information is not otherwise privileged or protected from discovery.

3.     <u>Restrictions on Use of Confidential Information.</u>  The Parties agree as follows:

3.1     The Parties will use Confidential Information solely for the purpose of this OSHA Proceeding and not for any other purpose or in any other proceeding including, but not limited to, the litigation proceeding commenced by Junk against Aon in the Southern District of New York, *Junk v. Aon Corp., et al.,* No. 07-Civ-4640 (LMM) (GWG) (the "New York Litigation"); provided, however, that nothing herein shall prevent the Parties from disclosing Confidential Information in such other proceeding if the Parties are required to disclose such Confidential Information pursuant to subpoena or other legal process tendered during the course of such proceeding and such Confidential Information is not otherwise privileged or protected from discovery.

3.2     The Parties will not disclose, provide or allow access to, review or discuss with or in any manner disseminate Confidential Information to anyone other than OSHA employees, the Parties, their respective counsel and anyone to whom both Parties provide their prior written consent.

3.3     In the event that one of the Parties is required by law, regulation or order of court or other government authority having competent jurisdiction, to disclose any Confidential Information in any court or regulatory proceeding other than the OSHA Proceeding or the New York Litigation, it shall give the other Party prompt notice of such requirement so that such Party may seek an appropriate protective order.  If, despite such prompt notice and best efforts, the protective order is denied or disclosure is mandated before the order can be sought, or none of the Parties seek a protective order, the other Party shall use its best efforts to obtain assurance that confidential treatment will be accorded to such Confidential Information and shall use its best efforts to limit the disclosure to the specific information necessary to comply with such law, regulation or order.

4.     <u>Care and Disposition of Confidential Information.</u>

4.1     The Parties agree that their respective counsel may reproduce Confidential Information only to the extent such reproduction is necessary for purposes of this OSHA Proceeding.  All copies made of such documents and evidence shall be subject to the provisions of this Agreement.

4.2     Inadvertent production or disclosure of information, documents or materials that are covered by the attorney-client privilege, work product document or any other applicable evidentiary privilege or protection shall not be deemed to waive the disclosing Party's right to assert such privilege or protection in the OSHA Proceeding or any other proceeding.  In

2

Draft
10/16/07

the event of such inadvertent production or disclosure of privileged or protected information, the Parties agree to return all documents and any reproductions in whatever form to the other Party upon its request.

        4.3     Not later than thirty (30) business days following the conclusion of this OSHA Proceeding, whether by final order, judgment, settlement or otherwise, the Parties shall return all documents, evidence and other materials exchanged pursuant to this Agreement to counsel for the other Party or, at the request of counsel for such other Party, destroy such documents, evidence and other materials.

      5.     <u>General Provisions</u>

        5.1     This Agreement shall be construed and enforced in accordance with the laws of the State of New York and the parties hereto submit to the jurisdiction of federal and state courts of New York for all purposes hereof.

        5.2     This Agreement shall not be assignable in whole or in part without the prior written consent of the other Party provided, however, that notwithstanding the lack of such consent, this Agreement shall be binding upon any assignee of or successor in interest to each Party.

        5.3     No failure or delay by either Party in exercising any right, power, or privilege under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

        5.4     In the event that any provision of this Agreement is deemed invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby.

        5.5     This Agreement may not be amended or waived, in whole or in part, except by a written instrument signed by the duly authorized representative of both parties hereto, which specifically refers to the provision or provisions of this Agreement which are amended or waived thereby.

        5.6     Nothing herein is intended, nor shall it be deemed to constitute, an amendment or waiver of the terms of any prior agreement between some or all of the Parties.

        5.7     This Agreement may be executed in several counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

**Draft**
**10/16/07**


   IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives effective as of the date set forth above.


                    DANIEL JUNK

          By:    _____
                    Charles N. Internicola
                    Attorney for Daniel Junk

          Decker Decker Dito & Internicola, LLP
          1610 Richmond Road
          Staten Island, NY 10304
          718-979-4300


          AON    CORPORATION,    AON    SERVICE
          CORPORATION and AON CONSULTING, INC.

          By:    _____
                    Lori J. Van Auken
                    Attorney for Aon Corp., Aon Service
                    Corp. and Aon Consulting, Inc.

          Winston & Strawn LLP
          200 Park Avenue
          New York, New York 10166
          212-294-6700


NY:1141691.1

4

# **EXHIBIT 8**

# WINSTON & STRAWN LLP

**Facsimile**

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700   FACSIMILE: 212-294-4700

| | | | | | | |
|---|---|---|---|---|---|---|
| 18 W. WACKER DRIVE | 1700 K STREET N.W. | 333 SOUTH GRAND AVENUE | 101 CALIFORNIA STREET | 43 RUE DU RHONE | 25 AVENUE MARCEAU | 99 GRESHAM STREET |
| CHICAGO IL 60601 9703 | WASHINGTON, DC 20006-3817 | LOS ANGELES, CA 90071-1543 | SAN FRANCISCO CA 94111 5894 | 1204 GENEVA, SWITZERLAND | 75116 PARIS, FRANCE | LONDON, UNITED KINGDOM EC2V 7NG |
| 312 558 5600 | 202 282 5000 | 213 615 1700 | 415 591 1000 | 41-22-317 75 75 | 33-1 53 64 82 82 | 44 020-7108 0000 |

## Fax Number: 212-294-4700

| | |
|---|---|
| **FROM:** Lori J. Van Auken<br>212-294-4707 | **CHARGEBACK:**<br>10107<br>6345-27 |
| **DATE:** 11/8/2007 | |

### Please Deliver as Soon as Possible To:

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| Charles N. Internicola, Esq. | Decker Decker Dito & Internicola, LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page:  2

| COMMENTS | |
|---|---|
| Re: | Junk v. Aon Corp., et al.<br>No. 2-4173-07-039 |
| | Please see attached. |

---

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.**
**THANK YOU.**
**212-294-5319**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes _____ Name: _____ No: _____

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br>———<br>43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br>———<br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br>———<br>(212) 294-6700<br>———<br>FACSIMILE (212) 294-4700<br>———<br>www.winston.com | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543<br>———<br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br>———<br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-589<br>———<br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

November 8, 2007

**BY FACSIMILE**

Charles N. Internicola, Esq.
Decker Decker Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

      Re:    <u>**Junk v. Aon Corp., et al., No. 2-4173-07-039**</u>

Dear Mr. Internicola:

      I am writing to follow up on the telephone message I left you, on Monday November 5, 2007, concerning the draft Confidentiality Agreement that I sent you via facsimile on October 19, 2007.

      Please call me at your earliest convenience.

                 Very truly yours,

                 Lori J. Van Auken

LVA:dc

# EXHIBIT 9

# WINSTON & STRAWN LLP   Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700   FACSIMILE: 212-294-4700

| 15 W WACKER DRIVE | 1700 K STREET, N W | 333 SOUTH GRAND AVENUE | 101 CALIFORNIA STREET | 43 RUE DU RHONE | 25 AVENUE MARCEAU | 99 GRESHAM STREET |
|---|---|---|---|---|---|---|
| CHICAGO IL 60601-9703 | WASHINGTON, DC 20006-3817 | LOS ANGELES, CA 90071-1543 | SAN FRANCISCO CA 94111 5894 | 1204 GENEVA, SWITZERLAND | 75116 PARIS, FRANCE | LONDON, UNITED KINGDOM EC2V 7NG |
| 312 558 5600 | 202-282-5000 | 213 615 1700 | 415-591-1000 | 41 22 312 75 75 | 33 1 53 64 82 82 | 44 020 7105 0000 |

## Fax Number: 212-294-4700

**FROM:**   Lori J. Van Auken
212-294-4707

**DATE:**   11/29/2007

┌─────────────────────────┐
│ CHARGEBACK:              │
│   10107                  │
│   6345-27                │
└─────────────────────────┘

### Please Deliver as Soon as Possible To:

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| Charles N. Internicola, Esq. | Decker Decker Dito & Internicola, LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page:  7

| COMMENTS |
|---|
| Re:   Junk v. Aon Corp., et al.<br>No. 2-4173-07-039<br><br>Please see attached. |

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes _____ Name: _____ No: _____

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

41 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

25 AVENUE MARCEAU
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

November 29, 2007

**BY FACSIMILE**

Charles N. Internicola, Esq.
Decker Decker Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

Re:    **Junk v. Aon Corp., et al., No. 2-4173-07-039**

Dear Mr. Internicola:

Further to your request, enclosed please find another copy of the draft Confidentiality Agreement that I sent you previously.

Please call me at your earliest convenience to discuss.

Very truly yours,

Lori J. Van Auken

LVA:dc

# WINSTON & STRAWN LLP | Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700   FACSIMILE: 212-294-4700

| 35 W. WACKER DRIVE | 1700 K STREET, N.W. | 333 SOUTH GRAND AVENUE | 101 CALIFORNIA STREET | 43 RUE DU RHONE | 25 AVENUE MARCEAU | 99 GRESHAM STREET |
| CHICAGO, IL 60601-9703 | WASHINGTON, DC 20006-3817 | LOS ANGELES, CA 90071-1543 | SAN FRANCISCO CA 94111-5894 | 1204 GENEVA, SWITZERLAND | 75116 PARIS, FRANCE | LONDON, UNITED KINGDOM EC2V 7NG |
| 312 588 5600 | 202 282 5000 | 213 615 1700 | 415 591 1000 | 41 22 317 75-75 | 33-1 53 64 82 82 | 44 020-7105 0000 |

## Fax Number: 212-294-4700

| **FROM:** | Lori J. Van Auken | | **CHARGEBACK:** |
| | 212-294-4707 | | 10107 |
| **DATE:** | 10/19/2007 | | 6345-27 |

### Please Deliver as Soon as Possible To:

| RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| Charles N. Internicola, Esq. | Decker Decker Dito & Internicola, LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page: **5**

---

**COMMENTS**

Re:   Junk v. Aon Corp., et al.
No. 2-4173-07-039

Mr. Internicola,

   Attached please find a draft confidentiality agreement covering information submitted to OSHA in connection with the above-referenced proceeding. Please let me know if you have any comments or questions.

Regards,

Lori Van Auken

---

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

   If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes _____ Name: _____ No: _____

**Draft**
**10/16/07**

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement ("Agreement") is made and entered into as of the ____day of October, 2007, by and between Daniel Junk ("Junk"), his heirs, agents, attorneys, successors and assigns, and Aon Corporation, Aon Service Corporation and Aon Consulting Services Inc., and their subsidiaries, affiliates, successors, agents, attorneys and assigns (collectively "Aon") (together, "the Parties").

WHEREAS, on or about July 9, 2007, Junk filed a complaint against Aon with the U.S. Department of Labor, Occupational Safety and Health Administration ("OSHA"), pursuant to 18 U.S.C.§ 1514A, entitled *Daniel Junk v. Aon Corp., Aon Service Corporation and Aon Consulting, Inc.*, No. 2-4173-07-039 (the "OSHA Proceeding");

WHEREAS, on or about August 16, 2007, Aon filed a Statement of Position responding to the allegations set forth in Junk's complaint;

WHEREAS, OSHA representatives have asked the Parties to allow OSHA to disclose copies of the documents, evidence and/or information each Party has submitted or may submit to OSHA in connection with the OSHA proceeding to the other Party; and

WHEREAS, prior to any such disclosure, the Parties desire to enter into an agreement to maintain the confidentiality of all such documents, evidence and/or information.

NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the undersigned do hereby agree as follows:

1.     Definition of Confidential Information.   As used herein, the term "Confidential Information" shall mean the existence and content of any information, whether in written or oral form, which the Parties disclose to each other and/or to OSHA in connection with this OSHA Proceeding, whether through conversations, negotiations, documentation, observations or otherwise.

2.     Exceptions to Definition of Confidential Information.   All documents, evidence and/or information disclosed by the Parties in connection with this OSHA Proceeding shall be presumed to be Confidential Information; provided, however, that Confidential Information shall not include:

2.1     Information that has been previously published or otherwise made freely available to the general public;

2.2     Information that both Parties agree in writing shall not be designated as Confidential Information; and

**Draft**
**10/16/07**

2.3    Information that either Party is required to disclose to the other pursuant to final order of a court or other government authority having competent jurisdiction.

2.4    Information that either Party is required to disclose pursuant to subpoena or other legal process tendered during the course of any court or regulatory proceeding to the extent that such Information is not otherwise privileged or protected from discovery.

3.    <u>Restrictions on Use of Confidential Information.</u>  The Parties agree as follows:

3.1    The Parties will use Confidential Information solely for the purpose of this OSHA Proceeding and not for any other purpose or in any other proceeding including, but not limited to, the litigation proceeding commenced by Junk against Aon in the Southern District of New York, *Junk v. Aon Corp., et al.,* No. 07-Civ-4640 (LMM) (GWG) (the "New York Litigation"); provided, however, that nothing herein shall prevent the Parties from disclosing Confidential Information in such other proceeding if the Parties are required to disclose such Confidential Information pursuant to subpoena or other legal process tendered during the course of such proceeding and such Confidential Information is not otherwise privileged or protected from discovery.

3.2    The Parties will not disclose, provide or allow access to, review or discuss with or in any manner disseminate Confidential Information to anyone other than OSHA employees, the Parties, their respective counsel and anyone to whom both Parties provide their prior written consent.

3.3    In the event that one of the Parties is required by law, regulation or order of court or other government authority having competent jurisdiction, to disclose any Confidential Information in any court or regulatory proceeding other than the OSHA Proceeding or the New York Litigation, it shall give the other Party prompt notice of such requirement so that such Party may seek an appropriate protective order. If, despite such prompt notice and best efforts, the protective order is denied or disclosure is mandated before the order can be sought, or none of the Parties seek a protective order, the other Party shall use its best efforts to obtain assurance that confidential treatment will be accorded to such Confidential Information and shall use its best efforts to limit the disclosure to the specific information necessary to comply with such law, regulation or order.

4.    <u>Care and Disposition of Confidential Information.</u>

4.1    The Parties agree that their respective counsel may reproduce Confidential Information only to the extent such reproduction is necessary for purposes of this OSHA Proceeding.  All copies made of such documents and evidence shall be subject to the provisions of this Agreement.

4.2    Inadvertent production or disclosure of information, documents or materials that are covered by the attorney-client privilege, work product document or any other applicable evidentiary privilege or protection shall not be deemed to waive the disclosing Party's right to assert such privilege or protection in the OSHA Proceeding or any other proceeding.  In

2

the event of such inadvertent production or disclosure of privileged or protected information, the Parties agree to return all documents and any reproductions in whatever form to the other Party upon its request.

4.3    Not later than thirty (30) business days following the conclusion of this OSHA Proceeding, whether by final order, judgment, settlement or otherwise, the Parties shall return all documents, evidence and other materials exchanged pursuant to this Agreement to counsel for the other Party or, at the request of counsel for such other Party, destroy such documents, evidence and other materials.

5.    <u>General Provisions</u>

5.1    This Agreement shall be construed and enforced in accordance with the laws of the State of New York and the parties hereto submit to the jurisdiction of federal and state courts of New York for all purposes hereof.

5.2    This Agreement shall not be assignable in whole or in part without the prior written consent of the other Party provided, however, that notwithstanding the lack of such consent, this Agreement shall be binding upon any assignee of or successor in interest to each Party.

5.3    No failure or delay by either Party in exercising any right, power, or privilege under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

5.4    In the event that any provision of this Agreement is deemed invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby.

5.5    This Agreement may not be amended or waived, in whole or in part, except by a written instrument signed by the duly authorized representative of both parties hereto, which specifically refers to the provision or provisions of this Agreement which are amended or waived thereby.

5.6    Nothing herein is intended, nor shall it be deemed to constitute, an amendment or waiver of the terms of any prior agreement between some or all of the Parties.

5.7    This Agreement may be executed in several counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

Draft
10/16/07

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives effective as of the date set forth above.

DANIEL JUNK

By:    _____

      Charles N. Internicola
      Attorney for Daniel Junk

Decker Decker Dito & Internicola, LLP
1610 Richmond Road
Staten Island, NY 10304
718-979-4300


AON    CORPORATION,    AON    SERVICE
CORPORATION and AON CONSULTING, INC.

By:    _____

      Lori J. Van Auken
      Attorney for Aon Corp., Aon Service
      Corp. and Aon Consulting, Inc.

Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
212-294-6700

NY:1141691.1

4

# **EXHIBIT 10**



# DECKER, DECKER, DITO & INTERNICOLA LLP

## A T T O R N E Y S   A T   L A W

1610 Richmond Road, Staten Island, New York 10304
T. 718. 979. 4300   F. 718 351. 3514

---

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>Lori Van Auken, Esq. | FROM:<br>Charles N. Internicola, Esq. |
|---|---|
| | DATE:<br>March 19, 2008 |
| FAX<br>212-294-4700 | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| Junk v Aon | YOUR REFERENCE NUMBER: |

PLEASE NOTIFY US IMMEDIATELY IF THIS FACSIMILE IS NOT PROPERLY RECEIVED: The information contained in this facsimile is legally privileged, confidential and intended only for the review and use by the individual or entity named above. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution or copying of this facsimile is prohibited. If you have received this facsimile in error, please notify us by telephone and destroy the original message. Thank you.



# DECKER, DECKER, DITO & INTERNICOLA<sup>LLP</sup>

### A T T O R N E Y S    A T    L A W

March 19, 2008

**BY FACSIMILE & REGULAR MAL**
Lori Van Auken, Esq.
Winston & Strong
200 Park Ave
New York, NY 10166

Re:    *Junk v. AON, et al*

Dear Ms. Van Auken:

In connection with the pending proceeding before the United States Department of Labor, after consulting with the supervising investigator and consultation with my client, we will consent to a confidentiality agreement. With regard to your proposed agreement, we will consent to same, subject to the following modification:

[Proposed Addition to Section "2"]

2.5    Information that either party discloses or is required to disclose, pursuant to the Federal Rules of Civil Procedure in the legal proceeding captioned *Junk v. Aon Corp., et al*, Case No.: 07-CIV-4640.

If the foregoing is acceptable, I ask that you to conform your current draft and proceed with this agreement.

Sincerely

Charles N. Internicola

# EXHIBIT 11

DECKER DECKER DITO & INTERNICOLA, LLP
1610 Richmond Road
Staten Island, New York 10304
T. 718. 979. 4300
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL JUNK

Case No.: 07-CIV-4640

Plaintiff,

- against -

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.

Defendants.

---

Plaintiff Daniel Junk, by his attorneys, hereby provides his Initial Disclosures pursuant to Rule 26(a) (1) of the Federal Rules of Civil Procedure.

## I.    WITNESSES

The following individuals are likely to have discoverable information that plaintiff may use to support his claims or defenses in this matter, unless solely for impeachment:

1. Jerry Barbanel
Existing or former employee and/or officer of Defendants.

2. Lee Curtis
Existing or former employee and/or officer of Defendants.

3. Warren Kruse
Existing or former employee and/or officer of Defendants.

4. Anne Kemp
Existing or former employee and/or officer of Defendants.

5. Cliff Schnier
Existing or former employee and/or officer of Defendants.

6. Lela Laurent
Existing or former employee and/or officer of Defendants.

7. Kathleen Skapik
Existing or former employee and/or officer of Defendants.

8. Greg Case
Existing or former employee and/or officer of Defendants.

9. Andrew Apel
Existing or former employee and/or officer of
Defendants.

10. Ahmad Mian
President & CEO of the company that produces
File Control software. Mr. Milan's contact
information is known to defendants.

11. Warren Kruse
Existing or former employee and/or officer of
Defendants.

12. Daryk Rowland
Existing or former employee and/or officer of
Defendants.

13. Bill Cunningham
Existing or former employee and/or officer of
Defendants.

14. Jon Rognerud
Existing or former employee and/or officer of
Defendants.

15. Glenn Cater
Existing or former employee and/or officer of
Defendants.

16. Eric Putter
Existing or former employee and/or officer of
Defendants.

17. Jonathan Bergman
Individual believed to have been
interviewed by Defendants for an
employment position.

18. Anita Picker
Individual believed to have been
interviewed by Defendants for an
employment position.

19. Marcia Goldenberg
Individual believed to have been
interviewed by Defendants for an
employment position.

20. Mark Winston
Existing or former employee and/or officer of
Defendants.

21. Mark W. Foster, Esq.
Zuckerman Spader, LLP
1800 M. Street 1- NW Suite 000
Washington, DC 20036

22. Sanford P. Dumain, Esq.
Milberg Weiss, LLP
1 Penn Plaza – 49th Floor
New York, NY 10119

23. Gary Procknow
Searchlight Systems, Ltd.
300 - 80 S. Washington Street
Seattle, Washington 98104

24. Deborah Johnson
Tynan Consulting
30 East End Ave.
Suite 6A
New York, NY 10028

25. Steve Fried
Employment recruiter employed and/or
retained by defendants

26. Michael Dowd Esq.
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-4297

27. William Hooper
Innovative Litigation Solutions, LLC
5629 FM1960 West - Suite 221
Houston, TX 77069

28. Lisa Schofield
Epiq Systems, Inc.
1156 15th Street, NW
Suite 1000

Washington, DC 20036

29. John Quierolo
Mr. Quierolo is an individual that was
interviewed by defendants in connection with
the employment position accepted by plaintiff.

30. Ann Weaver
Existing or former employee and/or officer of
Defendants.

31. Lucia Shaw
Existing or former employee and/or officer of
Defendants.

## II. DOCUMENTS

Attached are copies of documents in Plaintiff's possession, custody, or control that Plaintiff may use to support his claims or defenses, unless solely for impeachment. These documents include "AON E-Docs" literature and print-outs of extensive email communications between defendants' employees and officers.

## III. DAMAGES

Plaintiff suffered damages related to lost commissions, business opportunities and diminished reputation and earnings potential within the e-discovery business community caused by the wrongful acts of Defendants. As a result of defendants' actions, plaintiff relinquished incentive based compensation, base salary and commissions associated with established customers procured, supported and developed by plaintiff. The exact amount of said loss shall be established at trial but, at present, is estimated to exceed One Million Five Hundred Thousand ($1,500,000.00) Dollars. In addition to the foregoing, as a result of the alleged wrongful acts of defendants, Plaintiff's reputation within the United States electronic discovery and related software markets has been irreparable harmed and impaired such that Plaintiff estimates and believes that Plaintiff's future earning capacity

and ability has been diminished by an amount of no less than Two Million Five Hundred Thousand ($2,500,000.00) Dollars. Additionally, plaintiff suffered damages associated with defendants wrongful acts in that Plaintiffs incentive based compensation as an employee of defendants was diminished by an amount believed to be not less than Five Hundred Thousand ($500,000.00) Dollars

## IV. INSURANCE

Not applicable.

Dated : March 12, 2008

DECKER DECKER DITO & INTERNICOLA, LLP

By:

Charles N. Internicola
1610 Richmond Road
Staten Island, New York 10304
Tel. 718. 979. 4300

To:    Lori VanAuken, Esq.
Winston &Strawn
200 Park Avenue
New York, NY 10016