# **EXHIBIT 17**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
DANIEL JUNK,                                        :
                                                    :
                          Plaintiff,                :
                                                    :
                                                    :   No. 07-CIV-4640 (LMM) (GWG)
        - against -                                 :
                                                    :   **DEFENDANTS' RESPONSES**
AON CORP., AON SERVICE CORPORATION and :              **AND OBJECTIONS TO**
AON CONSULTING, INC.,                               :   **PLAINTIFF'S FIRST REQUEST**
                                                    :   **FOR THE PRODUCTION OF**
                          Defendants.               :   **DOCUMENTS**
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules")

and the Local Civil Rules of the United States District Court for the Southern District of New

York ("Local Rules"), Defendants Aon Corp., Aon Service Corp. and Aon Consulting, Inc.

(collectively "Aon" or "Defendants"), through their undersigned counsel, hereby object and

respond to Plaintiff's First Request for the Production of Documents (collectively, the

"Document Requests") as follows:

### GENERAL OBJECTIONS

        1.      Aon objects to the Document Requests to the extent they call for the production of

documents, information and/or things protected from disclosure by the attorney-client privilege,

the attorney work product doctrine and/or any other admissible privilege or protection.

        2.      Aon objects to the Document Requests to the extent they seek disclosure of

confidential business, trade secret and/or proprietary information, and/or the disclosure of

documents, information and/or things protected by a right of privacy, and/or seek disclosure of

documents, information and/or things which are subject to a confidentiality, non-disclosure or

similar agreement.

5/5/08

3.     Aon objects to the Document Requests to the extent that they seek the production of documents, information and/or things that are not within Aon's possession, custody or control, and/or that are in the possession, custody or control of Plaintiff, Plaintiff's counsel, or any person acting on Plaintiff's behalf.

4.     Aon objects to the Document Requests to the extent that they seek the production of documents, information and/or things that are in the possession, custody or control of any person or entity that is not a party to this litigation and/or are in the public domain.

5.     Aon objects to the Document Requests on the grounds that they are overly broad, unduly burdensome and/or seek the production of documents, information and/or things that are not described with reasonable particularity.

6.     Aon objects to the Document Requests to the extent that they seek the production of documents, information and/or things that are not relevant to the subject matter of this proceeding, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

7.     Aon objects to the Document Requests to the extent that they are vague, ambiguous, confusing and/or use terms that are not defined.

8.     Aon objects to the Document Requests to the extent they call for the production of documents, information and/or things relating to the period prior to September 2006 and/or after April 19, 2007.

9.     Aon objects to the Document Requests to the extent they are inconsistent with the provisions and requirements of the Federal Rules and/or the Local Rules, including, but not limited to Fed. R. Civ. P. 26(b)(1).

10.     Aon objects to the Document Requests to the extent they call for the production of electronically stored information that is not "reasonably accessible" within the meaning of Fed.

2

R. Civ. P. 26(b)(2)(B).

11.     In responding to the Document Requests, Aon does not concede the relevancy, materiality, or admissibility of any of the information sought therein. Aon's responses are made subject to and without waiving any objections as to relevancy, materiality, admissibility, vagueness, ambiguity, undue burdensomeness, invasiveness, competency, and/or privilege.

12.     Any objection or lack of objection to any portion of the Document Requests is not to be deemed an admission that Aon has possession, custody or control of any document, information and/or thing responsive to a particular document request.

13.     Aon does not waive any of its rights to object on any ground to the use of its discovery responses.

14.     Aon has not yet completed its investigation of the facts pertaining to this action, discovery, or preparation for trial. Aon states that these responses are based upon its current knowledge, and that additional information may be in documents that Aon and/or its attorneys have not yet reviewed or received, or with witnesses who Aon and/or its attorneys have not yet interviewed and/or deposed. Aon reserves the right to rely on any facts, documents or other evidence that may develop or come to its attention at a later time.

15.     The inadvertent production of any privileged, confidential or proprietary documents by Aon shall not be deemed a waiver of the protections against disclosure and discovery afforded these types of documents and things. Aon reserves the right to demand that any such documents, and all copies thereof, in any form, be returned to Aon immediately.

16.     Aon's statement that it will produce any non-privileged responsive documents or things subject to the General Objections set forth herein and any specific objections set forth below: (a) does not constitute an acknowledgement that any such documents or things exist; and

3

(b) shall be read to be limited to exclude documents or things covered by any of the objections made herein.

17.     The admissible foregoing general objections are incorporated into each of the specific objections and responses that follow. The stating of a specific objection or response shall not be construed as a waiver of the foregoing general objections. Aon reserves the right to supplement these responses and to make further objections.

### SPECIFIC OBJECTIONS TO DEFINITIONS

1.     Aon objects to the Definition of the term "Document" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive to the extent that it is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules including, but not limited to Fed. R. Civ. P. 26(b)(2)(B) and Fed. R. Civ. P. 34.

2.     Aon objects to the Definition of "Defendants" on the ground that it is overly broad, unduly burdensome and oppressive to the extent that it includes "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates" of each Defendant, and seeks the production of the identical documents, information and/or things from each Defendant "individually and jointly" in response to three separate Requests For The Production of Documents.

3.     Aon objects to the Definition of "Person" on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

4.     Aon objects to the Definition of "Concerning" on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

4

5.     Aon objects to the Definition of "A/Any" on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

6.     Aon objects to the Definition of "Any/All" on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

7.     Aon objects to the Definition of "Objection" on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

8.     Aon objects to the Definition of "Cumulative" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or the Local Rules.

9.     Aon objects to the Definition of the term "Destruction" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive, and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

10.    Aon objects to the Definition of "Possession" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive, and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

11.    Aon objects to the Definition of "Defendants' Initial Disclosures" to the extent it states an objection to Defendants' Initial Disclosures.

5

## SPECIFIC OBJECTIONS

In addition to the foregoing General Objections, all of which are reasserted as to each Document Request as if fully set forth in response thereto, and without waiver thereof, Aon makes the following specific objections:

**Request No. 1:**

All documents referred to in Section B(1) of Defendants' Initial Disclosures.

**Response to Request No. 1:**

Aon also objects to Request No. 1 to the extent it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon objects to Request No. 1 to the extent it seeks documents, information and/or things already in the possession, custody or control of Plaintiff, Plaintiff's counsel or any person acting on Plaintiff's behalf. Aon further objects to Request No 1 to the extent it seeks information that is protected from disclosure by the attorney client privilege, attorney work product doctrine and/or any other applicable privilege or protection. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No.2:**

All documents referred to in Section B(2) of Defendants' Initial Disclosures.

**Response to Request No. 2:**

Aon also objects to Request No. 2 to the extent it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible

6

evidence. Aon objects to Request No. 2 to the extent it seeks documents already in the possession, custody or control of Plaintiff, Plaintiff's counsel or any person acting on Plaintiff's behalf. Aon further objects to Request No 2 to the extent it seeks information that is protected from disclosure by the attorney client privilege, attorney work product doctrine and/or any other applicable privilege or protection. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody and control.

**Request No. 3:**

All documents referred to in Section B(3) of Defendants' Initial Disclosures.

**Response No. 3:**

Aon objects to Request No. 3 to the extent it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No 3 to the extent it seeks the production of documents, information and/or things that are protected from disclosure by the attorney client privilege, attorney work product doctrine and/or any other applicable privilege or protection. Aon also objects to Request No. 3 on the grounds that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody and control, subject to the entry of an appropriate protective order by the court.

7

**Request No. 4:**

All documents referred to in Section B(4) of Defendants' Initial Disclosures.

**Response No. 4:**

Aon objects to Request No. 4 to the extent it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No 4 to the extent it seeks the production of documents, information and/or things that are protected from disclosure by the attorney client privilege, attorney work product doctrine and/or any other applicable privilege or protection. Aon also objects to Request No. 4 to the extent that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement. Aon is currently in the process of collecting and reviewing documents responsive to the request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control, subject to the entry of an appropriate protective order by the court.

**Request No. 5:**

All documents referred to in Section B(5) of Defendants' Initial Disclosures.

**Response No. 5:**

Aon objects to Request No. 5 to the extent it seeks the production of documents, information and/or things that are protected from disclosure by the attorney client privilege, attorney work product doctrine and/or any other applicable privilege or protection. Aon further objects to Request No. 5 to the extent it seeks documents already in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or any person or entity acting on Plaintiff's behalf.

8

Aon is currently in the process of collecting and reviewing documents responsive to the request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 6:**

All documents referred to in Section B(6) of Defendants' Initial Disclosures.

**Response No. 6:**

Aon objects to Request No. 6 to the extent it seeks the production of documents, information and/or things that are protected from disclosure by the attorney client privilege, attorney work product doctrine and/or any other applicable privilege or protection. Aon also objects to Request No. 6 to the extent it seeks documents already in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or any person or entity acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objection, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 7:**

All contracts and agreements between Plaintiff and Defendants.

**Response No. 7:**

Aon objects to Request No. 7 to the extent it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Request No. 7 on the grounds that it is overly broad, unduly burdensome and oppressive and/or fails to specify the relevant time period. Aon also objects to

9

Request No. 7 to the extent it implies that any such "contract[]" or "agreement[]" between Plaintiff and Defendants existed. Aon further objects to Request No. 7 to the extent it seeks documents already in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or any person or entity acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 8:**

All contracts and agreements between Defendants and any recruiting professional or agency respecting and/or relating to Defendants employment of Plaintiff.

**Response No. 8:**

Aon objects to Request No. 8 on the grounds that it is overly broad, unduly burdensome and oppressive and/or seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Request No. 8 on the grounds that it is duplicative of other requests. Aon also objects to the terms "recruiting professional or agency" and "employment" on the grounds that they are vague, ambiguous and undefined. Aon further objects to Request No. 8 to the extent it implies that any such "contract[]" or "agreement[]" between any "recruiting professional or agency" and any of the Defendants existed. Aon also objects to Request No. 8 to the extent that it seeks confidential business information and/or seeks documents, information and/or things that are subject to any confidentiality, non-disclosure or similar agreement. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce

10

non-privileged, responsive documents in its possession, custody or control, subject to the entry of an appropriate protective order by the court.

**Request No. 9:**

All contracts and agreements between Defendants and any recruiting professional or agency respecting and/or relating to Defendants termination of Plaintiff's employment.

**Response No. 9:**

Aon objects to Request No. 9 on the grounds that it is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No. 9 to the extent that it is duplicative of other requests. Aon also objects to the terms "recruiting professional or agency" on the grounds that they are vague, ambiguous and undefined. Aon further objects to Request No. 9 to the extent it implies that any such "contract[]" or "agreement[]" between any of the Defendants and any recruiting professional existed. Aon also objects to Request No. 9 to the extent that it seeks confidential business information and/or seeks documents, information and/or things that are subject to any confidentiality, non-disclosure or similar agreement. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control, subject to the entry of an appropriate protective order by the court.

**Request No. 10:**

All documents and communications between Plaintiff and Defendants concerning Defendants termination of Plaintiff's employment.

11

**Response No. 10:**

Aon objects to Request No. 10 on the grounds that it is overly broad, unduly burdensome, and seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No. 10 to the extent it is duplicative of other requests. Aon also objects to Request No. 10 to the extent it seeks documents and information already in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or any person or entity acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 11:**

The documents and communications concerning and including the "license agreement with File Control Partners", referred to in paragraph "31" of the Answer.

**Response No. 11:**

Aon objects to Request No. 11 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Request No. 11 to the extent that it is duplicative of other requests. Aon further objects to Request No. 11 to the extent that it suggests any "documents" or "communications" are actually "referred to in paragraph "31" of the Answer. Aon also objects to Request No. 11 on the ground that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement. Aon further objects to Request No. 11 on the grounds that it seeks documents and information that is protected by the attorney-

12

client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Subject to and without waiving the General Objections and Specific Objections, Aon will produce a copy of the executed Reseller Agreement between Aon and File Control, subject to the entry of an appropriate protective order by the court.

**Request No. 12:**

All documents and communications that defendants will or may rely upon to prove that the "Aon E-Docs" software was "created for Aon by File Control", as alleged in paragraph "31" of the Answer.

**Response No. 12:**

Aon objects to Request No. 12 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No. 12 to the extent that it is duplicative of other requests. Aon also objects to Request No. 12 to the extent it seeks documents and/or information that is outside Aon's possession, custody or control, and is in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 12 to the extent that it suggests "Aon E-Docs" was "created for Aon by File Control." Aon also objects to Request No. 12 on the grounds that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement.

**Request No. 13:**

All sales material, brochures, presentation materials, and information material and documents created by, utilized and/or distributed by Defendants at or in connection with the "Aon Consulting's E-Discovery Practice Group, event in Los Angeles, California", referred to in paragraph "31" of the Answer.

**Response No. 13:**

Aon objects to Request No. 13 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Request No. 13 to the extent that it is overly broad, unduly burdensome, vague, oppressive, harassing and/or duplicative of other requests. Aon further objects to Request No. 13 to the extent it seeks documents and/or information that is outside Aon's possession, custody or control, and/or is in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to the terms "sales material," "presentation materials," "information material" and "utilized" on the grounds that they are vague, confusing and ambiguous. Aon further objects to Request No. 13 on the grounds that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement.

**Request No. 14:**

All documents and communications concerning the advertising and marketing of Aon E-Docs for the period of January 1, 2006 through present.

**Response No. 14:**

Aon objects to Request No. 14 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Request No. 14 on the grounds that it is overly broad, unduly burdensome and oppressive, particularly to the extent it seeks documents, information and/or things relating to a time period both prior and subsequent to Plaintiff's employment. Aon further objects to Request No. 14 to the extent it seeks documents and/or information that is outside Aon's possession, custody or control, and/or is in the possession, custody or control of

persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to the terms "advertising" and "marketing" on the grounds that they are vague, confusing and ambiguous. Aon also objects to Request No. 14 to the extent it is duplicative of other requests.

**Request No. 15:**

All license agreements concerning or relating to software utilized and branded by Defendants under the "Aon E-Docs" trade name.

**Response No. 15:**

Aon objects to Request No. 15 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Request No. 15 on the grounds that it is overly broad and unduly burdensome and duplicative of other requests. Aon also objects to Request No. 15 on the grounds that the terms "license agreements," "software" and "branded" are vague, ambiguous and undefined and also to the extent, they improperly characterize Aon E-Docs. Aon further objects to Request No. 15 on the grounds that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement. Subject to and without waiving the General Objections and Specific Objections, Aon will produce a copy of the executed Reseller Agreement between Aon and File Control to Plaintiff, subject to the entry of an appropriate protective order by the court.

**Request No. 16:**

All documents and communications that Defendants will or may rely upon to prove that Defendants have developed or were in the process of developing Defendants own proprietary electronic discovery software during the period of January 1, 2006 to present.

15

**Response No. 16:**

Aon objects to Request No. 16 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Request No. 16 on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents, information and/or things from the period prior and/or subsequent to Plaintiff's employment. Aon further objects to Request No. 16 on the grounds it is duplicative of other requests. Aon also objects to Request No. 16 on the grounds that the terms "proprietary" and "electronic discovery software" are vague, ambiguous and/or undefined. Aon further objects to Request No. 16 on the grounds that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control, subject to the entry of an appropriate protective order by the court.

**Request No. 17:**

All documents and communications that Defendants will or may rely upon to prove that Plaintiff violated "AON's Travel & Expense Policy", as alleged in paragraph "34" of the Answer.

**Response No. 17:**

Aon objects to Request No. 17 on the grounds that it is overly broad, unduly burdensome and duplicative of other requests. Aon further objects to Request No. 17 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and

16

whom Aon neither represents nor controls. Aon further objects to Request No. 17 on the grounds that it seeks documents and information that is protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody and control.

### Request No. 18:

All documents and communications that Defendants will or may rely upon to prove that Plaintiff was aware of "AON's Travel & Expense Policy".

### Response No. 18:

Aon objects to Request No. 18 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Request No. 18 to the extent that it suggests Plaintiff's awareness of Aon's Travel & Expense Policy is relevant. Aon further objects to Request No. 18 to the extent that it seeks documents and/or information outside Aon's possession, custody or control and/or in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon also objects to Request No. 18 on the grounds that the phrase "aware of" is vague, ambiguous and undefined. Aon further objects to Request No. 18 to the extent it is duplicative of other requests. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

17

**Request No. 19:**

All documents and communications between Plaintiff and Defendants concerning reimbursements sought by Plaintiff pursuant to AON's Travel & Expense Policy.

**Response No. 19:**

Aon objects to Request No. 19 on the grounds that it is overly broad, unduly burdensome, and duplicative of other requests. Aon further objects to Request No. 19 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon also objects to Request No. 19 to the extent it suggests Plaintiff sought reimbursement in compliance with Aon's Travel & Expense Policy. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 20:**

All documents and communications that Defendants will or may rely upon to prove that plaintiff represented to Mr. Barbanel that "he had a book of business worth at least $10 million" as alleged in paragraph "51" of the Answer.

**Response No. 20:**

Aon objects to Request No. 20 on the grounds that it is overly broad, unduly burdensome, and duplicative of other requests. Aon further objects to Request No. 20 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 20 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff,

Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 21:**

All documents and communications that Defendants will or may rely upon to prove that Defendants relied upon Plaintiff's representations that "he had a book of business worth at lease [sic] $10 million and/or had worked for approximately seven years as an associate with the New York law firm of Simpson, Thacher & Bartlett", as alleged in paragraph "53" of the Answer.

**Response No. 21:**

Aon objects to Request No. 21 on the grounds that it is overly broad, unduly burdensome, and duplicative of other requests. Aon further objects to Request No. 21 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 21 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 22:**

All documents and communications that Defendants will or may rely upon to prove that "Plaintiff's representation that he had a book of business worth at least $10 million was false", as alleged in paragraph "54" of the Answer.

**Response No. 22:**

Aon objects to Request No. 22 on the grounds that it is overly broad, unduly burdensome, and duplicative of other requests. Aon further objects to Request No. 22 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 22 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 23:**

All documents and communications that Defendants will or may rely upon to prove that Plaintiff represented that he was an associate at the New York law firm of Simpson, Thacher & Bartlett for approximately seven years.

**Response No. 23:**

Aon objects to Request No. 23 on the grounds that it is overly broad, unduly burdensome, and duplicative of other requests. Aon further objects to Request No. 23 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 23 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon is currently

20

in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 24:**

All documents and communications that Defendants will or may rely upon to prove that Plaintiff's representation that he was an associate with the New York law firm of Simpson, Thacher & Bartlett for approximately seven years was false as alleged in paragraph "55" of the Answer.

**Response No. 24:**

Aon objects to Request No. 24 on the grounds that it is overly broad, unduly burdensome, and duplicative of other requests. Aon further objects to Request No. 24 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 24 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 25:**

All documents and communications that Defendants will or may rely upon to prove that "As a direct and proximate result of Plaintiff's breach of the Non-Solicitation Agreement, Aon has suffered and continues to suffer harm for which it is entitled to an award of damages in an amount to be determined at trial", as alleged in paragraph "66" of the Answer.

**Response No. 25:**

Aon objects to Request No. 25 to the extent it is duplicative of other requests. Aon further objects to Request No. 25 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 25 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon also objects to Request No. 25 to the extent it seeks documents and/or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 26:**

All documents and communications that Defendants will or may rely upon to prove that Plaintiff breached the Non-Solicitation Agreement, as alleged in paragraph "66" of the Answer.

**Response No.26:**

Aon objects to Request No. 26 to the extent it is duplicative of other requests. Aon further objects to Request No. 26 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 26 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities

22

acting on Plaintiff's behalf. Aon also objects to Request No. 26 to the extent it seeks documents and/or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody of control.

**Request No. 27:**

All documents and communications that Defendants will or may rely upon to prove that Plaintiff failed to return a laptop as alleged in paragraph "68" of the Answer.

**Response No. 27:**

Aon objects to Request No. 27 to the extent it is duplicative of other requests. Aon further objects to Request No. 27 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 27 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon also objects to Request No. 27 to the extent it mischaracterizes the allegation contained in paragraph "68" of the Answer. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 28:**

All documents and communications that Defendants will or may rely upon to prove that Defendants' damages resulting from "Plaintiff's breaches of the Confidentiality Agreement", as alleged in paragraph "78" of the Answer.

**Response No. 28:**

Aon objects to Request No. 28 to the extent it is duplicative of other requests. Aon further objects to Request No. 28 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 28 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing documents responsive to this request. To the extent responsive documents are found and subject to and without waiving the foregoing General Objections and Specific Objections, Aon will produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 29:**

All documents and communications that Defendants will or may rely upon to prove that Plaintiff breached the confidentiality agreement referred to in paragraph "78" of the Answer.

**Response No. 29:**

Aon objects to Request No. 29 to the extent it is duplicative of other requests. Aon further objects to Request No. 29 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 29 to the extent that it seeks documents and/or information in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities

24

acting on Plaintiff's behalf. Aon objects to Request No. 29 on the grounds that it seeks

documents and/or information that is protected by the attorney-client privilege, the attorney work

product doctrine and/or other applicable privilege or protection. Aon is currently in the process

of collecting and reviewing documents responsive to this request. To the extent responsive

documents are found and subject to and without waiving the foregoing General Objections and

Specific Objections, Aon will produce non-privileged, responsive documents in its possession,

custody or control.

**Request No. 30:**

All documents and communications that Defendants will or may rely upon to prove "Aon
Consulting's request", as referred to in paragraph "82" of the Answer.

**Response No. 30:**

Aon objects to Request No. 30 on the grounds that it is duplicative of other requests.

Aon further objects to Request No. 30 to the extent that it seeks documents and/or information in

the possession, custody or control of Plaintiff, Plaintiff's counsel and/or other persons or entities

acting on Plaintiff's behalf. Aon is currently in the process of collecting and reviewing

documents responsive to this request. To the extent responsive documents are found and subject

to and without waiving the foregoing General Objections and Specific Objections, Aon will

produce non-privileged, responsive documents in its possession, custody or control.

**Request No. 31:**

All documents and/or communications for the period of January 1, 2006 through present,
between Defendants and File Control Partners respecting the Defendants license, use and/or sale
of software.

**Response No. 31:**

Aon objects to Request No. 31 on the grounds that it seeks documents, information

and/or things that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Aon further objects to Request No. 31 to the extent it is duplicative of other requests. Aon also objects to Request No. 31 on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information from the period prior and/or subsequent to Plaintiff's employment. Aon also objects to Request No. 31 to the extent it seeks documents and/or information outside Aon's possession, custody or control, and/or in the possession, custody or control of persons or entities that are not parties to this litigation and whom Aon neither represents nor controls. Aon also objects to Request No. 31 on the grounds that the term "software" is vague, ambiguous and undefined. Aon further objects to Request No. 31 on the grounds that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement.

**Request No. 32:**

All documents and communications from customers concerning dissatisfaction with Defendants "Aon E-Docs" software.

**Response No. 32:**

Aon objects to Request No. 32 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No. 32 on the grounds that it is overly broad, unduly burdensome, oppressive, vexatious and harassing. Aon also objects to Request No. 32 on the grounds that the terms "software" and "dissatisfaction" are vague, ambiguous and undefined. Aon objects to Request No. 32 to the extent it seeks documents and/or information that is protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Aon also objects to Request No. 32 on the grounds and to the extent that it seeks proprietary, confidential business and/or trade secret information and/or

seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement.

**Request No. 33:**

All documents and communications from Defendants employees concerning potential client misrepresentations involving Defendants technology solutions and/or the "Aon E-Docs" software.

**Response No. 33:**

Aon objects to Request No. 33 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No. 33 on the grounds that it is overly broad, unduly burdensome, oppressive, vexatious and harassing. Aon also objects to Request No. 33 on the grounds that the terms "potential client misrepresentations," "technology solutions" and "software" are vague, ambiguous and undefined. Aon also objects to Request No. 33 on the grounds and to the extent that it suggests any such "client misrepresentations" took place. Aon also objects to Request No. 33 to the extent it seeks documents and/or information that is protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Aon also objects to Request No. 33 on the grounds and to the extent that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement.

**Request No. 34:**

All documents and communications between Defendants and Ms. Anne Kemp, for the period of January 1, 2006 to present, concerning Aon E-Docs, File Control and any other electronic discovery software and services offered, sold or contracted for Defendants.

**Response No. 34:**

Aon objects to Request No. 34 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No. 34 on the grounds that it is overly broad, unduly burdensome, oppressive, vexatious and harassing. Aon also objects to Request No. 34 on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information from the period prior and/or subsequent to Plaintiff's employment. Aon further objects to Request No. 34 to the extent it is duplicative of other requests. Aon also objects to Request No. 34 on the grounds that the terms "electronic discovery software" and "services" are vague, ambiguous and undefined. Aon objects to Request No. 34 to the extent it seeks documents and/or information that is protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Aon also objects to Request No. 34 on the grounds and to the extent that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement.

**Request No. 35:**

All documents and communications between Defendants and Bill Cunningham for the period of January 1, 2006 to present, concerning Aon E-Docs, File Control and any other software associated with Defendants electronic discovery products and services.

**Response No. 35:**

Aon objects to Request No. 35 on the grounds that it seeks documents, information and/or things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Request No. 35 on the grounds that it is overly broad, unduly burdensome, oppressive, vexatious and harassing. Aon also objects to Request

28

No. 35 to the extent it is duplicative of other requests. Aon also objects to Request No. 35 on the grounds that it is overly broad and unduly burdensome to the extent it seeks documents and information from the period prior and/or subsequent to Plaintiff's employment. Aon also objects to Request No. 35 on the grounds that the phrase "software associated with Defendants electronic discovery products and services" are vague, ambiguous and undefined. Aon objects to Request No. 35 to the extent it seeks documents and/or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Aon also objects to Request No. 35 on the grounds and to the extent that it seeks proprietary, confidential business and/or trade secret information and/or seeks documents, information and/or things that are subject to a confidentiality, non-disclosure or similar agreement.

Dated: May 5, 2008
    New York, New York

                WINSTON & STRAWN LLP

                By: _____
                   Lori J. Van Auken (LV 2858)
                   Alexis A. Lury (AL 8672)

                200 Park Avenue
                New York, New York 10166
                T: (212) 294-6700
                F: (212) 294-4700
                E-mail: lvanauken@winston.com

                *Counsel for Defendants Aon Corp., Aon Service Corp. and Aon Consulting, Inc.*

Of Counsel:
Timothy J. Rooney
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700

                        29

TO:

Charles N. Internicola, Esq.
DECKER DECKER DITO & INTERNICOLA, LLP
1610 Richmond Road
Staten Island, New York  10304

*Attorneys for Plaintiff*

# **EXHIBIT 18**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                         :

DANIEL JUNK,                        :

                Plaintiff,          :

                              :      No. 07-CIV-4640 (LMM) (GWG)

       - against -           :

                              :      **DEFENDANTS' RESPONSES**

AON CORP., AON SERVICE CORPORATION and :  **AND OBJECTIONS TO**
AON CONSULTING, INC.,             :      **TO PLAINTIFF'S FIRST SET**

                              :      **OF INTERROGATORIES**

                              :

                Defendants.      :

                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules")

and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of

New York ("Local Rules"), Defendants Aon Corp, Aon Service Corporation and Aon

Consulting, Inc. (collectively "Aon" or "Defendants"), through their undersigned counsel, hereby

object and respond to Plaintiff's First Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

       1.     Aon objects to the Interrogatories to the extent they call for the production of

information protected from disclosure by the attorney-client privilege, the attorney work product

doctrine or any other applicable privilege or protection.

       2.     Aon objects to the Interrogatories to the extent they seek disclosure of

confidential business, trade secret and/or proprietary information, and/or information protected

by a right of privacy, and/or seeks information which is subject to a confidentiality, non-

disclosure or similar agreement.

       3.     Aon objects to the Interrogatories to the extent they call for the production of

information more readily obtained from another source and/or through the deposition process.

5/5/08

4.      Aon objects to the Interrogatories to the extent that they purport to require Aon to provide information that is not within Aon's possession, custody or control, or that is in the possession, custody or control of Plaintiff, Plaintiff's counsel, or any person acting on Plaintiff's behalf.

5.      Aon objects to the Interrogatories to the extent that they purport to require Aon to provide information from or concerning any person or entity that is not a party to this litigation or information that is in the public domain.

6.      Aon objects to the Interrogatories to the extent that they are overly broad, unduly burdensome and seek information that is not described with reasonable particularity.

7.      Aon objects to the Interrogatories to the extent that they seek information that is not relevant to the subject matter of this proceeding, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

8.      Aon objects to the Interrogatories to the extent that they are vague, ambiguous and/or confusing.

9.      Aon objects to the Interrogatories to the extent they call for the production of information prior to September 2006 and/or after April 19, 2007.

10.     Aon objects to the Interrogatories to the extent they are inconsistent with the provisions and requirements of the Federal Rules and the Local Rules, including, but not limited to Local Rule 33.3(a).

11.     Aon objects to the Interrogatories to the extent they call for the production of electronically stored information that is not "reasonably accessible" within the meaning of Fed. R. Civ. P. 26(b)(2)(B).

12.     Aon objects to the Interrogatories as unduly burdensome to the extent that Plaintiff seeks discovery of information that is duplicative of information contained in

2

documents to be produced in response to Plaintiff's request for documents. To the extent that Aon responds to a particular interrogatory pursuant to Federal Rule 33(d) in lieu of answering, such response shall not be deemed an admission by Aon as to the existence or nonexistence of documents. Any undertaking to produce responsive documents is not a representation that such documents exist, but is only an undertaking to produce them if they so exist and are within the possession, custody or control of Aon.

13.     In responding to the Interrogatories, Aon does not concede the relevancy, materiality, or admissibility of any of the information sought therein. Aon's responses are made subject to and without waiving any objections as to relevancy, materiality, admissibility, vagueness, ambiguity, undue burdensomeness, invasiveness, competency, and/or privilege.

14.     Any objection or lack of objection to any portion of the Interrogatories is not to be deemed an admission that Aon has possession, custody or control of any information responsive to a particular interrogatory.

15.     Aon does not waive any of its rights to object on any ground to the use of its discovery responses.

16.     Aon states that these responses are based upon its current knowledge, and that additional information may be in documents that Aon and/or its attorneys have not yet reviewed or received, or with witnesses who Aon and/or its attorneys have not yet interviewed and/or deposed. Aon reserves the right to rely on any facts, documents or other evidence that may develop or come to its attention at a later time.

17.     The applicable foregoing general objections are incorporated into each of the specific objections and responses that follow. The stating of a specific objection or response shall not be construed as a waiver of the foregoing general objections. Aon reserves the right to supplement these responses and to make further objections.

3

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.    Aon objects to the Definition of the term "Document" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive. Aon also objects to the Definition of the term "Document" on the grounds that it is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules including, but not limited to Fed. R. Civ. P. 26(b)(2)(B).

2.    Aon objects to the Definition of "Defendants" on the ground that it is overly broad, unduly burdensome and oppressive to the extent that it seeks a response from each Defendant "individually and jointly" in three separate, yet identical First Sets of Interrogatories.

3.    Aon objects to the Definition of "A/Any" on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

4.    Aon objects to the Definition of "A/Any" on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

5.    Aon objects to the Definition of "Any/All" on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

6.    Aon objects to the Definition of "Cumulative" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or the Local Rules.

7.    Aon objects to the Definition of the term "Destruction" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive, and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

4

8.    Aon objects to the Definition of "Possession" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive, and/or is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

9.    Aon objects to the Definition of "Source Code" on the grounds that it seeks information that is proprietary, confidential business and/or trade secret information and/or seeks information that is subject to a confidentiality, non-disclosure or similar agreement. Aon also objects to the Definition of "Source Code" on the grounds that the phrase is vague, ambiguous, overly broad, unduly burdensome and oppressive. Aon further objects to the Definition of "Source Code" on the grounds that it is inconsistent with and/or beyond the scope of the Federal Rules and/or Local Rules.

## SPECIFIC OBJECTIONS

In addition to the foregoing General Objections and Specific Objections to Definitions, all of which are reasserted as to each Interrogatory as if fully set forth in response thereto, and without waiver thereof, Aon makes the following Specific Objections:

## INTERROGATORY NO. 1:

Identify all persons with knowledge or information concerning Defendants' employment of Plaintiff and, for each identified individual, state the individual's role and actions taken in evaluating the Plaintiff's credentials and employment qualifications.

## RESPONSE TO INTERROGATORY NO. 1:

Aon objects to Interrogatory No. 1 on the grounds that it seeks identification and description of "all persons" with knowledge or information "concerning Defendants' employment of Plaintiff" and, as such, is overly broad, unduly burdensome and oppressive and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Interrogatory No. 1 on the grounds that it requests information regarding persons who are not parties to this litigation and whom Aon neither

5

represents nor controls. Aon also objects to Interrogatory No. 1 to the extent it is inconsistent

with and/or beyond the scope of the Federal Rules and/or Local Rule 33.3(a). Subject to and

without waiving the foregoing General Objections and Specific Objections, Aon incorporates by

reference into this Response its Rule 26(a)(1) initial disclosures and further states that to the best

of Aon's knowledge at the present time, the following persons at Aon Consulting and/or Aon

Service Corporation have knowledge or information concerning Plaintiff's "credentials and

employment qualifications:"

> *Jerry Barbanel* – Interviewed Plaintiff and recommended that he be offered a position
> with Aon Consulting.

> *Leonora Galletti* – Processed the requisition for approval to hire Plaintiff.

> *Lucia Shaw* – Executed Plaintiff's employment offer letter, dated November 7, 2006.

## INTERROGATORY NO. 2:

Identify all persons with knowledge or information concerning Defendants' termination
of Plaintiff's employment and, for each identified individual, state the individual's role and
actions taken in evaluating any alleged grounds for terminating Plaintiff's employment.

## RESPONSE TO INTERROGATORY NO. 2:

Aon objects to Interrogatory No. 2 on the grounds that it seeks identification and

description of "all persons" with knowledge or information "concerning Defendants' termination

of Plaintiff" and, as such, is overly broad, unduly burdensome and oppressive and seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Aon also objects to Interrogatory No. 2 on the grounds that it seeks

information regarding persons who are not parties to this litigation and whom Aon neither

represents nor controls. Aon further objects to Interrogatory No. 2 to the extent it is inconsistent

with and/or beyond the scope of the Federal Rules and/or Local Rule 33.3(a). Subject to and

without waiving the foregoing General Objections and Specific Objections, Aon incorporates by

reference into this Response its Rule 26(a)(1) initial disclosures and further states that to the best

of Aon's knowledge at the present time, the following persons at Aon have knowledge or

information concerning the grounds for Aon Consulting's termination of Plaintiff's employment:

*Jerry Barbanel* – Mr. Barbanel was advised by Gerard Giordano of issues with Plaintiff's expense reports and, in particular, that receipts showed Plaintiff was seeking reimbursement for personal expenses. Mr. Barbanel also was advised by Leonora Galletti that Plaintiff's submission of false expense reports was a violation of Aon's Travel and Expense Policy and grounds for his termination.

*Gerard Giordano* – Mr. Giordano identified issues with Plaintiff's expense reports and received copies of receipts which showed that the expenses for which Plaintiff sought reimbursement were personal in nature. Mr. Giordano forwarded these receipts to Ms. Galletti.

*Leonora Galletti* – Ms. Galletti communicated with Messrs. Barbanel and Giordano regarding Plaintiff's submission of expense reports seeking reimbursement of personal expenses. Ms. Galletti conveyed the information she received from Mr. Giordano to Enrique Salgado, an attorney and member of Aon's legal department. After conferring with Mr. Salgado, Ms. Galletti confirmed with Messrs. Barbanel and Giordano that Plaintiff's submission of false expense reports was a violation of Aon's Travel and Expense Policy and grounds for his termination. Ms. Galletti participated in the discussion with Daryk Rowland and Plaintiff on April 19, 2007, in which Plaintiff was terminated.

*Daryk Rowland* – Mr. Rowland participated in the discussion with Ms. Galletti and Plaintiff on April 19, 2007, in which Plaintiff was terminated.

*Enrique Salgado* – Mr. Salgado provided legal advice to Ms. Galletti regarding Plaintiff's submission of false expense reports in violation of Aon's Travel & Expense policy.

## INTERROGATORY NO. 3:

In connection with the "license agreement with File Control Partners" and the "e-discovery software" alleged and referred to in paragraph "31" of the Answer, identify and describe:

(a)    All written documents evidencing the license agreement;

(b)    Whether the license agreement was in writing and/or verbal;

(c)    All individuals with knowledge and information concerning the license agreement;

(d)    The term of the license agreement, including the effective date, expiration or termination date, and any optional terms for renewal;

7

(e)     The representative(s) of "File Control Partners" that agreed to the license agreement;

(f)     The rights granted to the Defendants pursuant to the terms of the license agreement;

(g)     All products and/or services offered and sold by Defendants utilizing and/or relying upon (whether in whole or in part) the rights granted to Defendants pursuant to the license agreement;

(h)     All royalties, fees and other charges paid by Defendants pursuant to the terms of the license agreement;

(i)     All revenues and fees earned and/or generated by Defendants, from January 2006 to present, in connection with services and products offered, provided and/or sold by Defendants that utilize and/or rely upon (in whole or in part) the license agreement; and

(j)     All customers that, for the period of January 1, 2006 to Present, purchased, leased, contracted for and/or utilized Defendants' "e-discovery software".

## RESPONSE TO INTERROGATORY NO. 3:

**Response No. 3(a):** Aon objects to Interrogatory No. 3(a) on the grounds that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon further objects to Interrogatory No. 3(a) on the grounds that it is overly broad, unduly burdensome and oppressive and/or seeks information that is duplicative of that contained in documents to be produced in response to Plaintiff's First Request for the Production of Documents. Aon also objects to Interrogatory No. 3(a) to the extent that it seeks information concerning documents outside Aon's possession, custody and/or control and/or within the possession, custody and/or control of Plaintiff, Plaintiff's counsel and/or any person acting on Plaintiff's behalf. Aon also objects to Interrogatory No. 3(a) to the extent that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement. Subject to and without waiving the foregoing General Objections and Specific Objections, the document which evidences "the

8

'license agreement with File Control Partners,'" alleged in paragraph 31 of Defendants' Answer, consists of the Reseller Agreement dated January 29, 2007.

**Response No. 3(b):** Aon objects to Interrogatory No. 3(b) on the grounds that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 3(b) to the extent Plaintiff seeks information that is duplicative of that contained in documents to be produced in response to Plaintiff's First Request for the Production of Documents. Aon also objects to Interrogatory No. 3(b) to the extent it seeks information that is subject to a legal conclusion and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Subject to and without waiving the foregoing General Objections and Specific Objections, the Reseller Agreement, dated January 29, 2007, is in writing.

**Response No. 3(c):** Aon objects to Interrogatory No. 3(c) on the grounds that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 3(c) on the grounds that it is overly broad, unduly burdensome and oppressive, and/or seeks information that is duplicative of that contained in documents to be produced in response to Plaintiff's First Request for the Production of Documents. Aon further objects to Interrogatory No. 3(c) to the extent that it seeks information concerning individuals who are not parties to the litigation and whom Aon neither represents nor controls. Aon also objects to Interrogatory No. 3(c) to the extent that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement. Subject to and without waiving the foregoing General Objections and Specific Objections, Aon incorporates by reference into this Response its Rule 26(a)(1) initial disclosures and further states that to the best of Aon's knowledge at the present time, the

9

individuals at Aon with knowledge and information concerning the license agreement include Jerry Barbanel and Daryk Rowland.

**Response No. 3(d):**  Aon objects to Interrogatory No. 3(d) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon further objects to Interrogatory No. 3(d) on the grounds that it is overly broad, unduly burdensome and oppressive, and/or seeks information that is duplicative of that contained in documents to be produced in response to Plaintiff's First Request for the Production of Documents.  Aon also objects to Interrogatory No. 3(d) to the extent that it seeks information outside the possession, custody and/or control of Aon, and/or is already in the possession, custody and/or control of Plaintiff, Plaintiff's counsel or any person acting on Plaintiff's behalf. Aon also objects to Interrogatory No. 3(d) on the grounds that it seeks information that is proprietary, confidential business and/or trade secret information and/or is information subject to a confidentiality, non-disclosure or similar agreement.

**Response No. 3(e):**  Aon objects to Interrogatory No. 3(e) on the grounds that it seeks that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of applicable evidence, and/or is inconsistent with the provisions and requirements of Local Rule 33.3(a).  Aon also objects to Interrogatory No. 3(e) on the grounds that it is overly broad, unduly burdensome and oppressive and/or seeks information that is duplicative of that contained in documents to be produced in response to Plaintiff's First Request for the Production of Documents.  Aon also objects to Interrogatory No. 3(e) to the extent it seeks information concerning individuals who are not parties to the litigation and whom Aon neither represents nor controls. Aon also objects to Interrogatory No. 3(e) on the grounds that it seeks information that is outside the possession, custody and/or control of Aon and/or is already in the possession,

custody and control of Plaintiff, Plaintiff's counsel and/or persons acting on Plaintiff's behalf. Subject to and without waiving the foregoing General Objections and Specific Objections, to the best of Aon's knowledge at the present time, Ahmad Mian executed the Reseller Agreement, dated January 29, 2007, on behalf of File Control.

**Response No. 3(f):** Aon objects to Interrogatory No. 3(f) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and/or is inconsistent with or beyond the scope of Local Rule 33.3(a). Aon further objects to Interrogatory No. 3(f) on the grounds that it seeks information that is duplicative of that contained in documents to be produced in response to Plaintiff's First Request for the Production of Documents, and/or seeks information that is in the possession, custody or control of Plaintiff, Plaintiff's counsel and/or persons acting on Plaintiff's behalf. Aon also objects to Interrogatory No. 3(f) on the grounds that it requests information that is proprietary, confidential business and/or trade secret information, and/or is information subject to a confidentiality, non-disclosure or similar agreement.

**Response No. 3(g):** Aon objects to Interrogatory No. 3(g) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 3(g) on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 3(g) on the grounds that it is vague and ambiguous to the extent that it seeks information regarding "products and/or services" "utilizing and/or relying upon (whether in whole or in part) rights granted to Defendants pursuant to the license agreement." Aon also objects to Interrogatory No. 3(g) on the grounds that it requests proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

11

**Response No. 3(h):**    Aon objects to Interrogatory No. 3(h) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 3(h) on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 3(h) on the grounds that it is vague and ambiguous to the extent that it seeks information concerning "royalties, fees and other charges" paid by Defendants. Aon also objects to Interrogatory No. 3(h) on the grounds that is seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

**Response No. 3(i):**    Aon objects to Interrogatory No. 3(i) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 3(i) on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 3(i) on the grounds that it is vague and ambiguous to the extent that it seeks information concerning "revenues and fees earned and/or generated" "in connection with services and products" "that utilize and/or rely upon (in whole or in part) the license agreement." Aon also objects to Interrogatory No. 3(i) on the grounds that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

**Response 3(j):**    Aon objects to Interrogatory No. 3(j) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 3(j) on the grounds that it is overly broad, unduly burdensome and oppressive and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 3(j) on the grounds that it is

12

vague and ambiguous to the extent that it uses the phrase "'e-discovery software.'" Aon also objects to Interrogatory No. 3(j) on the grounds that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

## INTERROGATORY NO. 4:

In connection with the Defendants allegation that the Defendants licensed and sold e-discovery software "...created for Aon by File Control under the Name Aon E-Docs...", as alleged in paragraph "31" of the Answer, identify and describe:

(a)     What portion or portions, if any, of the branded "Aon E-Docs" software was created exclusively for Defendants; and

(b)     What differentiated – in terms of software functionality – the branded "Aon E-Docs" software from other software marketed and sold by File Control separately;

## RESPONSE TO INTERROGATORY NO. 4:

**Response No. 4 (a):**    Aon objects to Interrogatory No. 4(a) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Aon also objects to Interrogatory No. 4(a) on the grounds that it seeks information that is inconsistent with and/or beyond the scope of Local Rule 33.3(a).  Aon also objects to Interrogatory No. 4(a) to the extent that it seeks information outside Aon's possession, custody and/or control and/or seeks information from persons who are not parties to the litigation and whom Aon neither represents nor controls.  Aon also objects to Interrogatory No. 4(a) on the grounds that the term "branded" and the phrase "created exclusively for" are vague and ambiguous.  Aon also objects to Interrogatory No. 4(a) on the grounds that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

**Response No. 4(b):**    Aon objects to Interrogatory No. 4(b) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

13

admissible evidence. Aon also objects to Interrogatory No. 4(b) on the grounds that it seeks

information that is inconsistent with or beyond the scope of Local Rule 33.3(a). Aon also objects

to Interrogatory No. 4(b) on the grounds that the phrase "software functionality" is vague and

ambiguous. Aon further objects to Interrogatory No. 4(b) on the grounds that it seeks

information outside Aon's possession, custody and/or control and/or from persons who are not

parties to the litigation and whom Aon neither represents nor controls. Aon also objects to

Interrogatory No. 4(b) on the grounds that it requests proprietary, confidential business and/or

trade secret information, and/or information subject to a confidentiality, non-disclosure or similar

agreement.

**INTERROGATORY NO. 5:**

In connection with Defendants use and understanding of the term "e-discovery software",
as referred to in paragraph "31" of the Answer (irrespective of whether or not such software was
licensed from File Control Partners, any third party or owned by Defendants), identify and
describe:

      (a)     All "e-discovery" software utilized by Defendants and/or offered for sale, license
and/or use by Defendants within or during the period of January 1, 2006 to
present;

      (b)     For all software identified in response to interrogatory "4(a)", above, identify and
describe the owner and/or copyright holder of the software;

      (c)     For all software identified in response to interrogatory "4(a)", above, identify
whether or not Defendants possess access to the Source Code; and

      (d)     For all software identified in response to interrogatory "4(a)", above, identify and
describe all license agreements to which Defendants are a party.

**RESPONSE TO INTERROGATORY NO. 5:**

     **Response No. 5 (a):** Aon objects to Interrogatory No. 5(a) on the grounds that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Aon also objects to Interrogatory No. 5(a) on the grounds that it is overly

broad, burdensome and/or oppressive and/or seeks information inconsistent with and/or beyond

the scope of Local Rule 33.3(a). Aon further objects to Interrogatory No. 5(a) on the grounds that the phrase "e-discovery software" "utilized" and/or "offered for sale, license and/or use" is vague and ambiguous. Aon also objects to Interrogatory No. 5(a) on the grounds that it seeks proprietary, confidential business and/or trade secrets information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

**Response No. 5 (b):** Aon objects to Interrogatory No. 5(b) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Interrogatory No. 5(b) on the grounds that it is overly broad, unduly burdensome and/or oppressive and/or seeks information that is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon further objects to Interrogatory No. 5(b) on the grounds that it seeks information outside Aon's possession, custody and/or control and/or seeks information concerning persons who are not parties to the litigation and whom Aon neither represents nor controls. Aon also objects to Interrogatory No. 5(b) on the grounds that the reference to "all software identified in response to interrogatory '4(a)' is vague and ambiguous. Aon also objects to Interrogatory No. 5(b) on the grounds that it requests proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

**Response No. 5 (c):** Aon objects to Interrogatory No. 5(c) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Interrogatory No. 5(c) on the grounds that it is overly broad, unduly burdensome and/or oppressive and/or seeks information inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 5(c) on the grounds that the terms "access" and "Source Code" and the reference to "all software identified in response to interrogatory '4(a)'" are vague and ambiguous. Aon also objects to Interrogatory

15

No. 5(c) on the grounds that it requests proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

**Response No. 5 (d):** Aon objects to Interrogatory No. 5(d) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon also objects to Interrogatory No. 5(d) on the grounds that it is overly broad, unduly burdensome and oppressive, and/or seeks information inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 5(d) on the grounds that the reference to "all software identified in response to interrogatory '4(a)'" is vague and ambiguous. Aon further objects to Interrogatory No. 5(d) on the grounds that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

## INTERROGATORY NO. 6:

In connection with the May 22, 2006 press release referred to in paragraph "21" of the Complaint and admitted to in paragraph "21" of the Answer wherein Mr. Jerry Barbanel is quoted, in part, as stating that "... *To broaden [Aon's] capabilities, Aon is in the process of developing proprietary E-Discovery solutions that will further enhance our value-added service offerings...* ", identify and describe:

    (a)    The "proprietary E-Discovery solutions" that Aon was developing at the time of Mr. Barbanel's statement;

    (b)    The individuals and software programmers, if any, responsible for planning and developing Defendants proprietary E-Discovery Solutions at the time of Mr. Barbanel's press release; and

    (c)    What differentiated or attributed to the referred to E-Discovery solutions as being "proprietary".

## RESPONSE TO INTERROGATORY NO. 6:

**Response No. 6 (a):** Aon objects to Interrogatory No. 6(a) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Aon also objects to Interrogatory No.6(a) on the grounds that it seeks information inconsistent with and/or outside the scope of Local Rule 33.3(a). Aon further objects to Interrogatory No. 6(a) to the extent that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement.

**Response No. 6 (b):** Aon objects to Interrogatory No. 6(b) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 6(b) on the grounds that it is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 6(b) to the extent that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement. Subject to and without waiving the foregoing General Objections and Specific Objections, Aon states, to the best of Aon's knowledge at the present time, that at or around May 22, 2006, Jerry Barbanel, Daryk Rowland and Glenn Cater were responsible for planning and developing Aon's proprietary E-Discovery solutions.

**Response No. 6(c):** Aon objects to Interrogatory No. 6(c) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 6(c) on the grounds that it is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 6(c) on the grounds that it is vague, ambiguous and/or confusing. Aon also objects to Interrogatory No. 6(c) to the extent that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement. Subject to and without waiving the foregoing General Objections and Specific Objections, Aon states that the E-Discovery solutions referred to were "proprietary" in

17

the sense in which that word is defined in defined in dictionaries of the English language and/or

may be used by persons in the computer software technology industry.

**INTERROGATORY NO. 7:**

In connection with Defendants use and understanding of the term "e-discovery software", as referred to in paragraph "31" of the Answer, identify and describe:

(a)    All proprietary e-discovery software that was developed and in the process of being developed by Defendants during the period of September 1, 2006 through December 15, 2006;

(b)    All software programmers and developers engaged by Defendants during the period September 1, 2006 through December 15, 2006 to develop proprietary e-discovery software on behalf of Defendants; and

(c)    All employees of Defendants with knowledge concerning Defendants efforts to develop proprietary e-discovery software during the period of September 1, 2006 through December 15, 2006; [sic]

**RESPONSE TO INTERROGATORY NO. 7:**

**Response No. 7(a):**    Aon objects to Interrogatory No. 7(a) on the grounds that it seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Aon further objects to Interrogatory No. 7(a) on the grounds that it is

overly broad, unduly burdensome and oppressive, and/or is inconsistent with and/or beyond the

scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 7(a) on the grounds that the

terms "proprietary" and "e-discovery software" are vague and ambiguous. Aon also objects to

Interrogatory No. 7(a) on the grounds that it seeks proprietary, confidential business and/or trade

secret information, and/or information subject to a confidentiality, non-disclosure or similar

agreement. Subject to and without waiving the foregoing General Objections and Specific

Objections, Aon states, to the best of Aon's knowledge at the present time, that during the period

September 1, 2006 through December 15, 2006, Aon was in the process of developing software

tools for use by Aon and/or its clients.

**Response No. 7(b):** Aon objects to Interrogatory No. 7(b) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 7(b) on the grounds that it is overly broad, unduly burdensome and oppressive, and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 7(b) on the grounds that the terms "proprietary" and "e-discovery software" are vague and ambiguous. Aon also objects to Interrogatory No. 7(b) to the extent that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement. Subject to and without waiving the foregoing General Objections and Specific Objections, Aon states, to the best of its knowledge at the present time, that during the period of September 1, 2006 through December 15, 2006, the following individuals had been engaged by Aon to develop "proprietary e-discovery software:" Jerry Barbanel, Daryk Rowland, Glenn Cater and Jon Rugnerud.

**Response No. 7(c):** Aon objects to Interrogatory No. 7(c) on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aon further objects to Interrogatory No. 7(c) on the grounds that it is overly broad, unduly burdensome and/or oppressive and/or inconsistent with and/or beyond the scope of Local Rule 33.3(a). Aon also objects to Interrogatory No. 7(c) on the grounds that the terms "proprietary" and "e-discovery software" are vague and ambiguous. Aon also objects to Interrogatory No. 7(c) to the extent that it seeks proprietary, confidential business and/or trade secret information, and/or information subject to a confidentiality, non-disclosure or similar agreement. Subject to and without waiving the foregoing General Objections and Specific Objections, Aon states, to the best of its knowledge at the present time, that the following Aon employees may have knowledge regarding Aon's efforts to develop proprietary software during

19

the period of September 1, 2006 through December 15, 2006:  Jerry Barbanel, Glenn Cater,

Daryk Rowland and/or Lee Curtis.

**INTERROGATORY NO. 8:**

Identify all employees terminated and/or reprimanded by Defendants during the period of January 1, 2006 to present for or as a result of violating "Aon's Travel & Expense Policy", as such term is used in paragraph "34" of the Answer.

**RESPONSE TO INTERROGATORY NO. 8:**

Aon objects to Interrogatory No. 8 on the grounds that it seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Aon further

objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome and

oppressive, and/or is inconsistent with and/or beyond the scope of Local Rule 33.3(a).  Aon also

objects to Interrogatory No. 8 on the grounds that the term "reprimanded" is vague and

ambiguous.  Aon also objects to Interrogatory No. 8 in that it requests information that is

confidential business information and/or information protected by a right of privacy, the attorney

client privilege, attorney work product doctrine or any other applicable privilege or protection.

Dated: May 5, 2008
New York, New York

WINSTON & STRAWN LLP

By: _____

Lori J. Van Auken (LV 2858)
Alexis A. Lury (AL 8672)

200 Park Avenue
New York, New York 10166
T: (212) 294-6700
F: (212) 294-4700
E-mail: lvanauken@winston.com

*Counsel for Defendants Aon Corp., Aon Service Corp. and Aon Consulting, Inc.*

20

Of Counsel:

Timothy J. Rooney
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700


TO:

Charles N. Internicola, Esq.
DECKER DECKER DITO & INTERNICOLA, LLP
1610 Richmond Road
Staten Island, New York 10304

*Attorneys for Plaintiff*

# **EXHIBIT 19**

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

April 11, 2008

## BY FEDERAL EXPRESS

Charles N. Internicola, Esq.
Decker, Decker, Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

Re:    **Junk v. Aon Corp., et al., No. 07-Civ-4640 (LMM)(GWG)**

Dear Mr. Internicola:

We are in receipt of your Rule 26(a)(1) Initial Disclosures, your correspondence dated April 2, 2008, April 4, 2008 and April 9, 2008, as well as Document Requests and Interrogatories directed to each Defendant in the above-referenced matter. Please consider this a good faith attempt on my part to address each of the items raised in your letters in a manner consistent with the applicable Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York. I address each item in turn.

*Plaintiff's Initial Disclosures*. Defendants object to Plaintiff's Rule 26(a)(1) Initial Disclosures because they fail to comply with Fed. R. Civ. P. 26(a)(1)(A)(i). Pursuant to that Rule, Plaintiff is required to identify, for each of the 30 witnesses listed, the subjects of discoverable information as to which each witness is expected to testify. Plaintiff's Initial Disclosures provide no information whatsoever concerning the subjects of his witnesses' anticipated testimony. Please provide an amended copy of Plaintiff's Initial Disclosures, which complies with Rule 26(a)(1)(A)(i) and includes this information, at once.

*Defendants' Initial Disclosures.* Plaintiff objects to Defendants' Rule 26(a)(1) Initial Disclosures on the ground that Defendants have failed to identify the location of the categories of documents listed. An amended copy of Defendants' Initial Disclosures containing this information is enclosed.

Plaintiff also objects to Defendants' Initial Disclosures on the ground that Defendants have failed to "attach any documents" or describe the documents "with specificity." Rule 26(a)(1)(A)(ii), however, is clear that a party may provide copies *or* a description of the

WINSTON & STRAWN LLP

Charles N. Internicola, Esq.
April 11, 2008
Page 2

documents *by category*. There is no obligation to provide copies or to identify and describe the responsive documents "with specificity" as you suggest.

Defendants also object to Plaintiff's demand that they produce copies of these documents "immediately." Defendants have no obligation under the Federal Rules to provide copies of the documents described in their Initial Disclosures in this manner. Rather, Defendants will assemble and prepare for production those documents properly requested by Plaintiff that are relevant to the claims asserted in this action and are not otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity or restriction.

*Plaintiff's Discovery Demands.* Defendants also object to Plaintiff's service of document requests and interrogatories on the grounds that such service was premature. Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that no discovery may be sought from any source until after the parties have conducted a Rule 26(f) conference. No such conference has taken place in this case and you have not proposed one in any of your recent letters. I, however, am available for a Rule 26(f) conference any time between 10:00 a.m. and 4:00 p.m. on Wednesday, April 16, 2008 or Thursday, April 17, 2008. Please advise whether you are available on either of those dates and, if not, please propose an alternative date or dates. The other items mentioned in your April 2, 2008 and April 4, 2008 letters, to the extent they are appropriate subjects for a Rule 26(f) conference, can be discussed at that time.

*Counsel's Correspondence.* Finally, Defendants take issue with several statements in your most recent letter dated April 9, 2008. Your claim that Plaintiff "remains without any evidence or disclosures" is inaccurate. For the reasons set forth above, Plaintiff has everything to which he is presently entitled under the Federal Rules, including whatever "evidence" is in his own possession, custody or control. Similarly, your statement that I "have refused to provide [you] with the information and access necessary to inspect and reproduce the documents" referred to in Defendants' Initial Disclosures is misleading. As discussed above, Defendants have no obligation to provide you with that "information and access" "immediately" and will do so in due course and in a manner consistent with the Federal Rules.

I look forward to discussing these matters with you during our Rule 26(f) conference. Note, however, that nothing herein shall be construed as a waiver of any rights Defendants might have under the applicable rules to object to Plaintiff's Initial Disclosures, Document Requests and Interrogatories, and Defendants hereby reserve all such rights.

Very truly yours,

Lori J. Van Auken

Enc.



# DECKER, DECKER, DITO & INTERNICOLA<sup>LLP</sup>

### A T T O R N E Y S    A T    L A W

April 17, 2008

**BY REGULAR MAIL & FACSIMILE**
Lori Van Auken, Esq.
Winston & Strawn
200 Park Ave
New York NY 10166

Re:    *Junk v. AON Corp., et al.*

Dear Ms. Van Auken:

After our phone conversation yesterday I received a copy of your correspondence to the Court whereby you advise, or at least imply, that I consented to a Rule 26(f) conference and that my request for an informal court conference was premature. This is not the case and as you are aware, my concern relates to preventing any further delay in discovery. To the extent that you would have attempted to push back the service date of Plaintiff's demands by two weeks and thereby delay your response there would have been material impact on the discovery process. This is especially so considering the discovery end date and the fact that your initial disclosures were not served until March 31, 2008.

Nevertheless, I do believe that our conference was productive and it is my understanding that you have acknowledged that you would be responding to my demands within thirty days of the April 2, 2008 service date. You also advised that while you are making every effort to abide by this date that it is possible that you may need some additional time. To this end, I have advised you that if more time is required, you must consider requesting an extension of the discovery end date. Absent such an extension, any delay in your response to Plaintiff's discovery demands will have a material impact.

Please advise so that I may follow up with the Court as to my requested conference.

Additionally, to the extent that you believe that you may be entitled to a confidentiality agreement concerning some of your anticipated disclosures, I ask that you provide me with a proposed agreement.

Sincerely,

Charles N. Internicola



UNITED STATES POSTAGE
$000.410
02 1P
0004535809  APR 17 2008
MAILED FROM ZIP CODE 10304
PITNEY BOWES

DECKER, DECKER, DITO & INTERNICOLA LLP

A T T O R N E Y S   A T   L A W

Lori Van Auken, Esq.
Winston & Strawn
200 Park Ave
New York NY 10166

1610 Richmond Road, Staten Island, New York 10304 www.dddilaw.com

# WINSTON & STRAWN LLP    **Facsimile**

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700    FACSIMILE: 212-294-4700

| 35 W. WACKER DRIVE CHICAGO, IL 60601-9703 312-558-5600 | 1700 K STREET N.W. WASHINGTON, DC 20006-3817 202-282-5000 | 333 SOUTH GRAND AVENUE LOS ANGELES, CA 90071-1543 213-615-1700 | 101 CALIFORNIA STREET SAN FRANCISCO CA 94111-5894 415-591-1000 | 43 RUE DU RHONE 1204 GENEVA, SWITZERLAND 41-22-317-75-75 | 25 AVENUE MARCEAU 75116 PARIS, FRANCE 33-1 53 64 82 82 | 99 GRESHAM STREET LONDON, UNITED KINGDOM EC2V 7NG 44-020-7105-0000 |

## Fax Number: 212-294-4700

**FROM:**     Lori J. Van Auken
        (212) 294-4707

**DATE:**     4/29/2008

| CHARGEBACK: |
| --- |
| 6345.49 |

### Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
| --- | --- | --- | --- | --- |
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718.351-3514 | 718.979-4300 |

Total number of pages including this page:  6

| COMMENTS |
| --- |
| Please see the attached. |

---

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE. THANK YOU. 212-294-5319**

    The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

    If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes ____ Name: _____ No: ____

# WINSTON & STRAWN LLP

<table>
<tr><td>35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH</td><td>200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>(212) 294-6700<br><br>FACSIMILE (212) 294-4700<br><br>www.winston.com</td><td>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-154<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-58<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817</td></tr>
</table>

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

April 29, 2008

**BY FACSIMILE & REGULAR MAIL**

Charles N. Internicola, Esq.
Decker, Decker, Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

Re:    **Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.) (LMM)**

Dear Mr. Internicola:

      Further to our recent discussions regarding discovery, as well as Judge McKenna's April 18, 2008 order, enclosed herewith please find a draft discovery plan that we have prepared in connection with the above-referenced litigation.

      Although the draft is self-explanatory, I would like to draw your attention to a few items. In accordance with our discussions with the mediator, the draft plan provides that discovery will proceed in two phases, with the first phase focusing on Plaintiff's damages claim, and the second phase focusing on the remaining issues in the case. To ensure that discovery continues to move forward, the enclosed draft provides that during the first phase of discovery, the parties may serve discovery demands relating to the other issues in the case and that written responses to these demands shall be served within the time frames required by the Federal Rules of Civil Procedure or otherwise agreed to by the parties. The proposed deadline for the close of the first phase of discovery is June 15, 2008, and the proposed deadline for the close of all fact discovery is August 31, 2008. Once you have had an opportunity to review the draft, please let me know when it would be convenient to discuss the matter with you. I am available any time tomorrow, Wednesday, April 30, 2008, or Thursday, May 1, 2008.

Very truly yours,

Lori Van Auken

lva:dc
Enc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DANIEL JUNK,

                    Plaintiff,

         - against -

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 07-CIV-4640 (LMM)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

      This Civil Case Management Plan, submitted in accordance with Fed. R. Civ. P. 26(f), is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

1.    All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.    This case is to be tried to a jury.

3.    No amended pleadings may be filed and no additional parties may be joined without prior leave of the Court. Any motion to amend or join additional parties shall be made within 30 days of the date of this Order.

4.    All fact discovery shall be completed no later than August 31, 2008.

5.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties without application to the Court, pursuant to a written stipulation made no less than one (1) day prior to the expiration of the date sought to be extended, provided all fact discovery is completed by the date set forth in Paragraph 4 above:

    a.    The first phase of fact discovery shall be focused on Plaintiff's claim for damages as set forth in Plaintiff's Complaint and Rule 26 Initial Disclosures. The first phase of discovery shall be completed no later than June 15, 2008. Notwithstanding the foregoing, nothing herein shall preclude the service during the first phase of discovery of additional discovery requests relating to issues other than Plaintiff's damages claim.

b.      Initial requests for production of documents, if any, shall be served on or before May 2, 2008. Further document requests may be served as required, but no document request may be served later than thirty (30) days prior to the close of fact discovery as set forth in Paragraph 4 above.

c.      Written responses to all requests for the production of documents shall be served within 30 days after service of such requests. The production of any and all non-privileged, responsive documents relating to Plaintiff's damages claim shall be made on or before May 31, 2008. The production of any and all other non-privileged, responsive documents shall be made on or before June 30, 2008.

d.      Interrogatories pursuant to Rule 33.3 of the Local Civil Rules of the Southern District of New York, if any, shall be served on or before May 2, 2008. No other interrogatories are permitted except upon prior express permission of the Court.

e.      Depositions of fact witnesses shall be completed by the close of fact discovery as provided in Paragraph 4, above. Unless counsel agree otherwise or the court so orders, no depositions other than those relating to Plaintiff's damages claim shall be held until the first phase of discovery is complete. Depositions shall be governed by Rule 30 of the Fed. R. Civ. P. and no deposition shall extend beyond one business day or seven hours without prior leave of the Court.

f.      Requests to Admit shall be served no later than 30 days prior to the close of fact discovery.

6.     Experts

a.      All expert discovery, if any, shall be completed no later than 45 days following the completion of all fact discovery.

b.      Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by September 2, 2008. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by September 15, 2008. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur by October 15, 2008.

W&S DRAFT 4/28/08

7.   Post-discovery dispositive motions, including summary judgment motions may be brought no later than 45 days after the close of all fact and, if any, expert discovery. Opposition, if any, to such post-discovery motions shall be served no later than 30 days after such motion is served, and reply papers, if any, shall be served no later than 20 days after opposition papers are served. The parties are instructed to furnish chambers with courtesy copies of all motion papers at the same time they are exchanged among the parties.

8.   All motions and applications shall be governed by the Individual Practices of Judge Lawrence McKenna.

9.   A joint pre-trial order shall be filed no later than 30 days after the close of fact and, if any, expert discovery, or the court's decision on any post-discovery motion for summary judgment, whichever is later. The other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Individual Practices of Judge Lawrence McKenna.

10.  The parties anticipate the need for a protective order relative to the disclosure and use of competitive, trade secret or other confidential information. The parties will attempt to agree on the form of a protective order and will file a motion requesting entry of such order.

11.  The parties shall produce electronic documents responsive to non-objected to written discovery requests. Except to the extent specifically ordered by the Court, neither party shall be required to search back-up tapes or to forensically restore electronic files deleted prior to the commencement of this action or to search for or produce metadata in response to requests for production.

12.  Inadvertent production of documents or information to which a producing party claims protection of the work product and/or the attorney-client privilege ("Materials") shall not be considered by the Court in deciding whether the Materials are subject to any privilege. In no event shall inadvertent disclosure of Materials constitute a waiver of any privilege applicable to other Materials not produced that are of the same subject matter as the Materials inadvertently produced. Such inadvertently produced Materials (and all copies, if any) shall be returned to the producing party upon request within five (5) business days unless the receiving party in good faith asserts that the Materials at issue are not properly subject to any privilege, in which case the Materials at issue shall be sequestered by the receiving party and used by the receiving party for no purpose other than a motion to the Court for a determination as to whether the Materials are subject to any privilege, pending resolution by the Court of such motion. Materials subject to such a request shall not be disclosed to any person other than the receiving parties' counsel or the Court under seal, and shall not be used during deposition, at trial or otherwise, unless a satisfactory agreement to do so is reached by the parties, or if the matter is submitted to the Court, until disposition of such motion.

13.     Except where otherwise provided herein, this Order may not be modified, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York and the Individual Practices of Judge Lawrence McKenna, and shall be made no less than two (2) days prior to the expiration of the date sought to be extended.


<br>

_____

Lawrence M. McKenna
United States District Judge


Dated:  New York, New York
        April ___, 2008