# **EXHIBIT 20**

**Costello, Chris**

| | |
|---|---|
| **From:** | Van Auken, Lori J. |
| **Sent:** | Sunday, June 01, 2008 4:14 PM |
| **To:** | 'cinternicola@dddilaw.com' |
| **Subject:** | Junk v. Aon -- Draft Protective Order |

**Attachments:** Draft Protective Order

Charles,

Further to our discussions, attached please find a draft stipulated protective order that would govern the disclosure of confidential information during the course of the SDNY litigation.   If possible, I would like to submit this to the Magistrate this week, along with our proposed joint letter addressing the discovery plan and related matters.

I will call you tomorrow to discuss the attached, along with my proposed revisions to the joint letter.

Regards,
Lori



NY-#1182927-v1-lv
 _aon_stipulat...

Lori Van Auken
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
T:  212-294-4707
F:  212-294-4700
lvanauken@winston.com

1

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                   :

DANIEL JUNK,                   :

                   :

         Plaintiff,     :

                   :   No. 07-CIV-4640 (LMM) (GWG)

   - against -       :

                   :   **STIPULATED**

AON CORP., AON SERVICE CORPORATION and :  **PROTECTIVE ORDER**
AON CONSULTING, INC.,       :

                   :

         Defendants.   :

                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS on or about June 1, 2007, Daniel Junk ("Junk") filed a complaint against Aon Corp., Aon Service Corporation and Aon Consulting, Inc. (collectively, "Aon") in the United States District Court for the Southern District of New York, entitled, *Daniel Junk v. Aon Corp., et al.*, No. 07 CIV 4640 (LMM), (the "SDNY Litigation");

WHEREAS on or about January 16, 2008, Aon filed an answer and counterclaims against Junk in the SDNY Litigation;

WHEREAS the parties believe that in the course of this SDNY Litigation certain information, documents and testimony are likely to be disclosed and produced through discovery that may constitute or incorporate trade secrets and other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS the parties believed that the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other confidential research, development or commercial information;

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

WHEREAS good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development or commercial information,

It is hereby STIPULATED, AGREED AND ORDERED, by and between Junk, his heirs, executors, agents, attorneys, successors and assigns, and Aon, their subsidiaries, affiliates, successors, employees agents, attorneys and assigns (together, "the Parties") that the following provisions shall govern the production and exchange of Confidential Information, as that term is defined in Paragraph 2 hereof, during the course of the SDNY Litigation:

1.      Scope of Order.  This Order shall be applicable to and govern the use and dissemination of all information, documents and materials (or portions thereof) that are produced in the SDNY Litigation including, without limitation, information provided with initial disclosures, in response to document requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, responses to requests for admission, stipulations and all other discovery taken, testimony adduced at trial, matters in evidence before this Court, and any other information that a party or non-party reasonably and in good faith believes to contain Confidential Information, as that term is defined in Paragraph 2 hereof, ("Designating Party") and designates as "CONFIDENTIAL" in accordance with the terms of this Order.

2.      Definition of Confidential Information.  As used herein, Confidential Information shall be interpreted to include all information disclosed by the Parties and any non-parties, whether in written form, orally or through electronic means, including, without limitation, the following:

>       2.1     information concerning trade secrets;

>       2.2     information concerning prior, current or potential customers;

2

2.3    information concerning business development, branding, sales and/or marketing activities;

2.4    information concerning any confidential and proprietary technical, research or development information including, but not limited to information concerning any computer hardware, software and/or technology being developed by, for, and/or behalf of Aon or any non-party;

2.5    information deemed to be confidential and/or proprietary pursuant to any pre-existing confidentiality, non-disclosure or similar agreement protecting the disclosure of information to persons or entities other than those who are parties to such agreement;

2.6    information concerning any financial, budgeting and/or accounting information;

2.7    information concerning business performance and projections, business strategies, decisions and/or negotiations;

2.8    information concerning pricing; and

2.9    all other confidential, proprietary or otherwise sensitive information as to which the Parties or any third party customarily takes steps to limit or prevent its disclosure or misuse.

3.    <u>Designation of Confidential Information</u>.  Any party or non-party may designate as "CONFIDENTIAL" under the terms of this Order any non-public information that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation and that such party or non-party in good faith believes contains Confidential Information it does not wish to be disclosed to the public.

3.1    In the event that a party or non-party has not designated any documents, information or testimony that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation as "CONFIDENTIAL" but another party or non-party believes such documents, information or testimony should be so designated, such party or non-party may so designate such documents, information or testimony as "CONFIDENTIAL" within fifteen (15)

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

days after actual receipt of such documents, information or testimony or within fifteen (15) days after the entry of this Stipulated Protective Order, whichever is later.

      3.2     In the event any Designating Party produces Confidential Information that has not been designated as such, or is not correctly designated, the Designating Party may designate or redesignate the Confidential Information to the same extent as it may be designated the Confidential Information before production, by a subsequent notice in writing specifically identifying the redesignated Confidential Information, in which event, the Parties and any non-party shall henceforth treat such Confidential Information in accordance with this Order, and shall undertake their best efforts to correct any disclosure of such Confidential Information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation. No demonstration or proof of error, inadvertence, or excusable neglect by the Designating Party shall be required for such redesignation.

      4.    <u>Procedures For Designating Confidential Information.</u>  Confidential Information shall be designated and marked as follows:

      4.1    <u>Documents.</u>  Documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as Confidential Information by placing the legend "CONFIDENTIAL" on any such document prior to service or filing. Such legend shall be placed on the first page of each document containing Confidential Information and upon each page within such document considered to be Confidential Information.

      4.2    <u>Magnetic, Optical Media and Other Electronic Documents.</u>  Where a document is produced in a magnetic, optical media or other electronic form (such as hard drive, CD-ROM, DVD or flash memory), the drive, CD-ROM, DVD or medium container shall be marked with the legend "CONFIDENTIAL" as

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

appropriate. When possible, files contained on these media may be designated as Confidential Information prior to disclosure or production, via the process described in Paragraph 4.a.. To the extent such media is printed out, then Paragraph 4.a. will apply.

4.3    Physical Exhibits:  The confidential status of a physical exhibit shall be indicated by stamping or placing a label on said physical exhibit designating it as "CONFIDENTIAL."

4.4    Partial Designations:  In the case of information incorporated in answers to interrogatories or responses to requests for admission, the "CONFIDENTIAL" legend shall be placed on the answer or response and such answers or responses shall be separately produced.

4.5    Deposition Proceedings:    Deposition transcripts may be designated confidential by stamping each page of the confidential portion with the word "CONFIDENTIAL," by submitting a list of confidential portions identified by page numbers or any other method by which the parties agree in writing. These transcripts will be treated as Confidential Information in their entirety until such designations are made.

5.    Non-Confidential Information.    The term Confidential Information does not include:

5.1    Information that has been previously published or otherwise made freely available to the general public, other than as a result of disclosure by the Parties in violation of the terms hereof; and

5.2    Information that both Parties agree in writing shall not be designated as Confidential Information.

5

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

6.    Nondisclosure of and Restrictions on Use of Confidential Information.

Confidential Information will be kept confidential by the Parties and any non-parties who receive Confidential Information and shall be utilized by such Parties, non-parties and their respective counsel solely for the purposes of this SDNY Litigation and for no other purpose. The Parties and all non-parties who receive Confidential Information pursuant to the terms of this Order shall safeguard all Confidential Information from unauthorized disclosure. Confidential Information may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only to the persons specified in Paragraphs 7 and 8 hereof and only in accordance with the terms of this Order. Without limiting the generality of any other provisions hereof, unless previously specifically authorized in writing by the Designating Party, no Confidential Information shall be disclosed by or on behalf of a Party or non-party in any press release, disclosure document, governmental filing or other public document or medium.

7.    Disclosure of Confidential Information to Experts.

7.1    As used herein, "Expert" shall mean a person who has been retained by a Party or its counsel to furnish technical or expert services or give testimony in connection with the SDNY Litigation and who is not an employee or former employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

7.2    The Parties may disclose Confidential Information to their Experts, but only if such Expert reasonably needs to know the Confidential Information in connection with the SDNY Litigation, and then, only after each such Expert has: (i) been informed of the confidential nature of the Confidential Information; and (ii) executed an Acknowledgment of his/her/their obligation to be bound by the terms of this Stipulated Protective Order, which Acknowledgment shall be in the form attached hereto as Exhibit A.

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

7.3    The party whose Expert it is will: (i) inform each such Expert of the confidential nature of the Confidential Information; (ii) cause such Expert to treat the Confidential Information confidentially and not to disclose or use it other than in connection with the SDNY Litigation; (iii) be responsible for any improper disclosure or use of the Confidential Information by the party or any such Expert (including without limitation any Expert, who, subsequent to the date of disclosure of the Confidential Information hereunder, becomes a former Expert).

8.    Disclosure of Confidential Information to Others.  Confidential Information may also be disclosed only to the following persons in accordance with the terms set forth herein:

8.1    Counsel (both outside counsel of record and in-house counsel) for the Parties to this action and their associated attorneys, paralegals and support staff who are directly assisting such counsel in connection with this SDNY Litigation, who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

8.2    The Court and Court personnel, provided that such Confidential Information is disclosed to the Court and Court personnel in the following manner:

8.2.a    Any Party or non-party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this SDNY Litigation, the words "CONFIDENTIAL INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their

**FOR DISCUSSION PURPOSES ONLY**
**W&S DRAFT 5.30.08**

counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Court upon disposition of the motion or other proceeding for which they were submitted.

    8.2.b All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents, information or testimony which previously has been designated by a party as comprising or containing Confidential Information, shall identify such documents, information or testimony by the production number ascribed to them at the time of production, and should be filed with the Court in the manner set forth in Paragraph 8.2.a. above.

    8.3 An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 9 and 9.1 hereof;

    8.4 Trial and deposition witnesses, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 9 and 9.1 hereof; and

    8.5 Any other person agreed to in writing by the Parties or upon Order of the Court for good cause shown.

    9. Depositions. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulated Protective Order during the deposition and for a limited period of fifteen (15) days after a transcript of said deposition is received by counsel for the Party asserting the claim of confidentiality. On or before the expiration of the fifteen (15) day period, deposition testimony may be designated as Confidential by written notice of the specific pages and lines of testimony that are Confidential. Each Party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody or control. If no

**FOR DISCUSSION PURPOSES ONLY**
**W&S DRAFT 5.30.08**

such designation is made within the fifteen (15) day period, the Testimony will not be considered or treated as Confidential Information.

9.1    Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulated Protective Order and he/she shall execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order in the form attached hereto as Exhibit A. Counsel for the Party obtaining the Acknowledgement shall supply a copy to counsel for the other Party. In the event that the deposition witness refuses to execute the Acknowledgement, during the course of the deposition that witness, at the option of the Party who made the Confidential Information designation, may be shown Confidential Information to the extent reasonably necessary to obtain his/her testimony but the deposition witness shall not be permitted to make or retain copies of any such Confidential Information and copies of such Confidential Information shall not be sent to the witness with the transcript of his/her deposition testimony.

10.    Court Hearings or Trial. Should the need arise for a Party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the Party may do so only after taking such steps as the Court, upon inquiry of the disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

11.    Non-Party Documents or Information. A Party may designate as Confidential Information subject to this Stipulated Protective Order any document, information or testimony produced or given by any non-party to this action, or any portion thereof only to the extent that the documents or information produced or the testimony provided by the non-party discloses the Party's own Confidential Information. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as

Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of the specific pages and lines of testimony which are to be stamped or otherwise treated as Confidential Information at any time up to fifteen (15) days after the transcript is received by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. Objections to any such designations shall be handled in the manner set forth in Paragraph 12 hereof. If no such designation is made within the fifteen (15) day period, the documents, information and/or testimony will not be considered to be or treated as Confidential Information.

12.    Potential Declassification of Confidential Information. A Party may, at any time within thirty (30) days of receipt of Confidential Information notify the Designating Party that such Party does not concur in the designation of a document or other material as Confidential Information. The receiving party and the Designating Party shall meet and confer in an attempt to resolve such dispute. If the dispute cannot be resolved, either Party may seek a ruling from the Court by submitting a joint letter to the Court in accordance with the applicable Court rules and Order(s), describing the dispute and requesting a conference. The Party seeking to retain the Confidential Information designation shall bear the burden of proof in any challenge to such designation. If no such conference is requested, such documents, information and/or testimony shall continue to be treated as Confidential Information. If such a conference is requested, the

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

documents, information or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

13.    <u>Inadvertently Produced Documents Without Confidential Identification</u>.    Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "CONFIDENTIAL" nature as provided in Paragraphs 3 and/or 4 above, may be so designated by the Party asserting the claim of confidentiality by written notice to counsel for the other Party identifying the document or information as "CONFIDENTIAL" within a reasonable time following the discovery that the document or information has been produced without such designation or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.

14.    <u>Compelled Disclosure</u>. If any Party or non-party is served with a subpoena or an order issued in another litigation or is otherwise requested or required by applicable law to disclose any Confidential Information, such Party or non-party will promptly notify the other Party or Parties in writing immediately, and in no event more than five (5) days after receiving the subpoena, order or request in order to permit the Designating Party to seek a protective order or to take other appropriate action. Such notification must include a copy of the subpoena, court order or request.    The Party or non-party receiving such subpoena or order also must immediately inform in writing the party who caused the subpoena, order or request to issue that some or all the material covered by the subpoena, order or request is the subject of this Stipulated Protective Order.    Additionally, the Party or non-party receiving such subpoena or order must deliver a copy of this Stipulated Protective Order promptly to the party that caused the subpoena, order or request to issue.    Notwithstanding the foregoing, nothing herein shall restrict, or otherwise purport to prohibit the Party or third party from making disclosure of any Confidential Information to a governmental unit as required by any applicable laws, rules or regulations

11

**FOR DISCUSSION PURPOSES ONLY**
**W&S DRAFT 5.30.08**

requiring such disclosure; provided however, that the Party or non-party receiving such subpoena

or order shall notify the Designating Party of the Confidential Information that is proposed to be

disclosed and to whom such disclosure will be made, not less than five (5) business days prior to

making such disclosure. The Party or non-party receiving such subpoena or order also will

cooperate in the Designating Party's efforts to obtain a protective order or other reasonable

assurance that confidential treatment will be accorded to the Confidential Information. If, in the

absence of a protective order, the Party receiving such subpoena or order is compelled as a

matter of law to disclose the Confidential Information, such Party may disclose, but only to the

extent required by applicable law, only the part of the Confidential Information as is required by

law to be disclosed; provided that such Party shall exercise its commercially reasonable efforts to

obtain an order or reasonable assurance that confidential treatment shall be accorded to such

Confidential Information.

15.    Unauthorized Disclosure of Protected Material. If a Party or non-party learns

that, by inadvertence, or otherwise, Confidential Information has been disclosed to any person or

in any circumstance not authorized under this Stipulated Protective Order, such Party or non-

party must immediately (i) notify in writing the Designating Party of the unauthorized

disclosures, (ii) use its best efforts to retrieve all copies of the Confidential Information, (iii)

inform the person(s) to whom unauthorized disclosures were made of the terms of this Stipulated

Protective Order, and (iv) request that such person(s) execute an Acknowledgment to be bound

by the terms of this Stipulated Protective Order. The Parties agree that any use or disclosure of

Confidential Information not authorized under this Stipulated Protective Order constitutes

irreparable harm per se, and that the Designating Party can seek injunctive relief from the Court.

The Parties also agree that regardless of whether the Designating Party can show actual harm

proximately caused by any unauthorized use or disclosure of Confidential Information, the

**FOR DISCUSSION PURPOSES ONLY**
**W&S DRAFT 5.30.08**

Designating Party can move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

16.    <u>Following Final Termination of This Action</u>.    Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, all documents and other materials containing Confidential Information produced or designated, including all reproductions thereof, shall be returned to the Designating Party or shall be destroyed, at the option of the Designating Party. In the event that any documents or other materials containing Confidential Information are to be destroyed, each Party and non-party obligated to destroy such documents and materials shall certify in writing within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, that it has undertaken its best efforts to destroy such documents and materials, and that such documents and materials have been destroyed to the best of its knowledge. The Parties agree that any failure to provide the certification required pursuant to the terms hereof constitutes irreparable harm per se, and that the Designating Party may seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party may move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

17.    <u>General Provisions</u>.    The following General Provisions govern this Stipulated Protective Order:

**FOR DISCUSSION PURPOSES ONLY**
**W&S DRAFT 5.30.08**

17.1    This Stipulated Protective Order shall be construed and enforced in accordance with the laws of the State of New York and the parties hereto submit to the jurisdiction of federal and state courts of New York for all purposes hereof.

17.2    This Stipulated Protective Order shall not be assignable in whole or in part without the prior written consent of the other Party provided, however, that notwithstanding the lack of such consent, this Stipulated Protective Order shall be binding upon any assignee of or successor in interest to each Party.

17.3    No failure or delay by either Party in exercising any right, power, or privilege under this Stipulated Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

17.4    In the event that any provision of this Stipulated Protective Order is deemed invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Stipulated Protective Order shall not in any way be affected or impaired thereby.

17.5    This Stipulated Protective Order may not be amended or waived, in whole or in part, except by a written instrument signed by the duly authorized representative of both Parties hereto, which specifically refers to the provision or provisions of this Stipulated Protective Order which are amended or waived thereby, or by Court order.

17.6    Nothing herein is intended, nor shall it be deemed to constitute, an amendment or waiver of the terms of any prior agreement between some or all of the Parties.

17.7    This Stipulated Protective Order may be executed in several counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

17.8    All persons who receive Confidential Information agree to submit to the jurisdiction of this Court for purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.

18.    Binding Nature of this Stipulated Protective Order.    This Stipulated Protective Order shall remain in force and effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the Parties.

19.    Effect of Stipulated Protective Order.

19.1    Adherence to this Stipulated Protective Order in no way constitutes an admission by any Party that any information provided in this SDNY Litigation and not subject to this Order is not proprietary or confidential.

19.2    This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or non-party nor obligate any Party or non-party to provide discovery to which it asserts objections.

19.3    The terms of this Stipulated Protective Order shall apply to confidential documents, information or testimony produced or disclosed by non-parties in connection with this SDNY Litigation if such non-party wishes to designate any such documents, information or material as Confidential Information.

20.    Nothing herein shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents, information or testimony, which that Party may deem appropriate, including, but not limited to, restrictions on public disclosure or disclosure to competitors.

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

The Parties agree to be bound by the terms and conditions of this Stipulated Protective Order and have caused this Stipulated Protective Order to be executed by their duly authorized undersigned counsel effective as of the date set forth below.

Dated:  June ___, 2008

DANIEL JUNK

By:_____

      Charles N. Internicola
      Attorney for Daniel Junk

Decker Decker Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York  10304
718-979-4300

AON CORPORATION, AON SERVICE CORPORATION and AON CONSULTING, INC.

By:_____

      Lori J. Van Auken
      Attorney for Aon Corp., Aon Service Corp.
      and Aon Consulting, Inc.

Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
212-294-6700

SO ORDERED:

_____

Gabriel W. Gorenstein
United States Magistrate Judge

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

## EXHIBIT A

## DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, _____, under penalty of perjury, declare as follows:

1.    I have received a copy of the Stipulated Protective Order ("Order") governing the production of Confidential Information which has been entered in *Daniel Junk v. Aon Corp., Aon Service Corporation and Aon Consulting, Inc.*, 07 CIV 4640 (LMM)(GWG).

2.    I have read the Order, understand the terms, conditions and restrictions imposed upon me by the Order, and agree to be bound by all of the terms, conditions and restrictions imposed by the Order.

3.    I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any Confidential Information that is the subject of the Order to any person or entity except in strict accordance with the terms of this Order.

4.    I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur following termination of this SDNY action.

Dated: _____

City and State _____

_____
Signature

_____
Name (Printed)

_____
Employer

_____

_____
Business Address

_____
Business Telephone

Confirmation Report — Memory Send

```
Page        : 001
Date & Time: 06-02-08  12:22pm
Line 1      : +12122941713
Line 2      : +12122941713
Machine ID  : Winston & Strawn
```

| | | |
|---|---|---|
| Job number | : | 305 |
| Date | : | 06-02  12:19pm |
| To | : | ☎917183513514 |
| Number of pages | : | 019 |
| Start time | : | 06-02  12:19pm |
| End time | : | 06-02  12:22pm |
| Pages sent | : | 019 |
| Status | : | OK |

Job number    : 305         *** SEND SUCCESSFUL ***

# WINSTON & STRAWN LLP | Facsimile

200 PARK AVENUE, NEW YORK, NY 10166-4193
TELEPHONE: 212-294-6700    FACSIMILE: 212-294-4700

## Fax Number: 212-294-4700

| | |
|---|---|
| FROM: | Lori J. Van Auken |
| | (212) 294-4707 |
| DATE: | 6/2/2008 |

CHARGEBACK:
10107
6345.49

### Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page: 19

COMMENTS

Re:    Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.) (LLM) (GWG)

Please see attached.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes _____  Name: _____  No: _____

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                  :

DANIEL JUNK,                       :

                Plaintiff,     :

                         :   No. 07-CIV-4640 (LMM) (GWG)

      - against -         :

                         :   **STIPULATED**

AON CORP., AON SERVICE CORPORATION and :  **PROTECTIVE ORDER**
AON CONSULTING, INC.,        :

                         :

             Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      WHEREAS on or about June 1, 2007, Daniel Junk ("Junk") filed a complaint against

Aon Corp., Aon Service Corporation and Aon Consulting, Inc. (collectively, "Aon") in the

United States District Court for the Southern District of New York, entitled, *Daniel Junk v. Aon*

*Corp., et al.*, No. 07 CIV 4640 (LMM), (the "SDNY Litigation");

      WHEREAS on or about January 16, 2008, Aon filed an answer and counterclaims against

Junk in the SDNY Litigation;

      WHEREAS the parties believe that in the course of this SDNY Litigation certain

information, documents and testimony are likely to be disclosed and produced through discovery

that may constitute or incorporate trade secrets and other confidential research, development or

commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil

Procedure;

      WHEREAS the parties believed that the entry of a Protective Order pursuant to Rule

26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other

confidential research, development or commercial information;

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

WHEREAS good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development or commercial information,

It is hereby STIPULATED, AGREED AND ORDERED, by and between Junk, his heirs, executors, agents, attorneys, successors and assigns, and Aon, their subsidiaries, affiliates, successors, employees agents, attorneys and assigns (together, "the Parties") that the following provisions shall govern the production and exchange of Confidential Information, as that term is defined in Paragraph 2 hereof, during the course of the SDNY Litigation:

1.    Scope of Order.  This Order shall be applicable to and govern the use and dissemination of all information, documents and materials (or portions thereof) that are produced in the SDNY Litigation including, without limitation, information provided with initial disclosures, in response to document requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, responses to requests for admission, stipulations and all other discovery taken, testimony adduced at trial, matters in evidence before this Court, and any other information that a party or non-party reasonably and in good faith believes to contain Confidential Information, as that term is defined in Paragraph 2 hereof, ("Designating Party") and designates as "CONFIDENTIAL" in accordance with the terms of this Order.

2.    Definition of Confidential Information.  As used herein, Confidential Information shall be interpreted to include all information disclosed by the Parties and any non-parties, whether in written form, orally or through electronic means, including, without limitation, the following:

2.1    information concerning trade secrets;

2.2    information concerning prior, current or potential customers;

2

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

2.3 information concerning business development, branding, sales and/or marketing activities;

2.4 information concerning any confidential and proprietary technical, research or development information including, but not limited to information concerning any computer hardware, software and/or technology being developed by, for, and/or behalf of Aon or any non-party;

2.5 information deemed to be confidential and/or proprietary pursuant to any pre-existing confidentiality, non-disclosure or similar agreement protecting the disclosure of information to persons or entities other than those who are parties to such agreement;

2.6 information concerning any financial, budgeting and/or accounting information;

2.7 information concerning business performance and projections, business strategies, decisions and/or negotiations;

2.8 information concerning pricing; and

2.9 all other confidential, proprietary or otherwise sensitive information as to which the Parties or any third party customarily takes steps to limit or prevent its disclosure or misuse.

3. <u>Designation of Confidential Information</u>. Any party or non-party may designate as "CONFIDENTIAL" under the terms of this Order any non-public information that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation and that such party or non-party in good faith believes contains Confidential Information it does not wish to be disclosed to the public.

3.1 In the event that a party or non-party has not designated any documents, information or testimony that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation as "CONFIDENTIAL" but another party or non-party believes such documents, information or testimony should be so designated, such party or non-party may so designate such documents, information or testimony as "CONFIDENTIAL" within fifteen (15)

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

days after actual receipt of such documents, information or testimony or within fifteen (15) days after the entry of this Stipulated Protective Order, whichever is later.

   3.2  In the event any Designating Party produces Confidential Information that has not been designated as such, or is not correctly designated, the Designating Party may designate or redesignate the Confidential Information to the same extent as it may be designated the Confidential Information before production, by a subsequent notice in writing specifically identifying the redesignated Confidential Information, in which event, the Parties and any non-party shall henceforth treat such Confidential Information in accordance with this Order, and shall undertake their best efforts to correct any disclosure of such Confidential Information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation.  No demonstration or proof of error, inadvertence, or excusable neglect by the Designating Party shall be required for such redesignation.

   4.  <u>Procedures For Designating Confidential Information.</u>  Confidential Information shall be designated and marked as follows:

      4.1  <u>Documents</u>.  Documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as Confidential Information by placing the legend "CONFIDENTIAL" on any such document prior to service or filing.  Such legend shall be placed on the first page of each document containing Confidential Information and upon each page within such document considered to be Confidential Information.

      4.2  <u>Magnetic, Optical Media and Other Electronic Documents</u>.  Where a document is produced in a magnetic, optical media or other electronic form (such as hard drive, CD-ROM, DVD or flash memory), the drive, CD-ROM, DVD or medium container shall be marked with the legend "CONFIDENTIAL" as

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

appropriate. When possible, files contained on these media may be designated as Confidential Information prior to disclosure or production, via the process described in Paragraph 4.a.. To the extent such media is printed out, then Paragraph 4.a. will apply.

4.3     Physical Exhibits:  The confidential status of a physical exhibit shall be indicated by stamping or placing a label on said physical exhibit designating it as "CONFIDENTIAL."

4.4     Partial Designations:  In the case of information incorporated in answers to interrogatories or responses to requests for admission, the "CONFIDENTIAL" legend shall be placed on the answer or response and such answers or responses shall be separately produced.

4.5     Deposition Proceedings:  Deposition transcripts may be designated confidential by stamping each page of the confidential portion with the word "CONFIDENTIAL," by submitting a list of confidential portions identified by page numbers or any other method by which the parties agree in writing. These transcripts will be treated as Confidential Information in their entirety until such designations are made.

5.     Non-Confidential Information.  The term Confidential Information does not include:

5.1     Information that has been previously published or otherwise made freely available to the general public, other than as a result of disclosure by the Parties in violation of the terms hereof; and

5.2     Information that both Parties agree in writing shall not be designated as Confidential Information.

5

6.    <u>Nondisclosure of and Restrictions on Use of Confidential Information</u>. Confidential Information will be kept confidential by the Parties and any non-parties who receive Confidential Information and shall be utilized by such Parties, non-parties and their respective counsel solely for the purposes of this SDNY Litigation and for no other purpose. The Parties and all non-parties who receive Confidential Information pursuant to the terms of this Order shall safeguard all Confidential Information from unauthorized disclosure. Confidential Information may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only to the persons specified in Paragraphs 7 and 8 hereof and only in accordance with the terms of this Order. Without limiting the generality of any other provisions hereof, unless previously specifically authorized in writing by the Designating Party, no Confidential Information shall be disclosed by or on behalf of a Party or non-party in any press release, disclosure document, governmental filing or other public document or medium.

7.    <u>Disclosure of Confidential Information to Experts</u>.

7.1    As used herein, "Expert" shall mean a person who has been retained by a Party or its counsel to furnish technical or expert services or give testimony in connection with the SDNY Litigation and who is not an employee or former employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

7.2    The Parties may disclose Confidential Information to their Experts, but only if such Expert reasonably needs to know the Confidential Information in connection with the SDNY Litigation, and then, only after each such Expert has: (i) been informed of the confidential nature of the Confidential Information; and (ii) executed an Acknowledgment of his/her/their obligation to be bound by the terms of this Stipulated Protective Order, which Acknowledgment shall be in the form attached hereto as Exhibit A.

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

7.3    The party whose Expert it is will: (i) inform each such Expert of the confidential nature of the Confidential Information; (ii) cause such Expert to treat the Confidential Information confidentially and not to disclose or use it other than in connection with the SDNY Litigation; (iii) be responsible for any improper disclosure or use of the Confidential Information by the party or any such Expert (including without limitation any Expert, who, subsequent to the date of disclosure of the Confidential Information hereunder, becomes a former Expert).

8.    Disclosure of Confidential Information to Others.  Confidential Information may also be disclosed only to the following persons in accordance with the terms set forth herein:

8.1    Counsel (both outside counsel of record and in-house counsel) for the Parties to this action and their associated attorneys, paralegals and support staff who are directly assisting such counsel in connection with this SDNY Litigation, who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

8.2    The Court and Court personnel, provided that such Confidential Information is disclosed to the Court and Court personnel in the following manner:

8.2.a    Any Party or non-party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this SDNY Litigation, the words "CONFIDENTIAL INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Court upon disposition of the motion or other proceeding for which they were submitted.

8.2.b    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents, information or testimony which previously has been designated by a party as comprising or containing Confidential Information, shall identify such documents, information or testimony by the production number ascribed to them at the time of production, and should be filed with the Court in the manner set forth in Paragraph 8.2.a. above.

8.3    An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 9 and 9.1 hereof;

8.4    Trial and deposition witnesses, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 9 and 9.1 hereof; and

8.5    Any other person agreed to in writing by the Parties or upon Order of the Court for good cause shown.

9.    <u>Depositions</u>.    All depositions shall presumptively be treated as Confidential Information and subject to this Stipulated Protective Order during the deposition and for a limited period of fifteen (15) days after a transcript of said deposition is received by counsel for the Party asserting the claim of confidentiality. On or before the expiration of the fifteen (15) day period, deposition testimony may be designated as Confidential by written notice of the specific pages and lines of testimony that are Confidential. Each Party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody or control. If no

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

such designation is made within the fifteen (15) day period, the Testimony will not be considered or treated as Confidential Information.

      9.1     Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulated Protective Order and he/she shall execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order in the form attached hereto as Exhibit A. Counsel for the Party obtaining the Acknowledgement shall supply a copy to counsel for the other Party. In the event that the deposition witness refuses to execute the Acknowledgement, during the course of the deposition that witness, at the option of the Party who made the Confidential Information designation, may be shown Confidential Information to the extent reasonably necessary to obtain his/her testimony but the deposition witness shall not be permitted to make or retain copies of any such Confidential Information and copies of such Confidential Information shall not be sent to the witness with the transcript of his/her deposition testimony.

      10.    <u>Court Hearings or Trial</u>. Should the need arise for a Party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the Party may do so only after taking such steps as the Court, upon inquiry of the disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

      11.    <u>Non-Party Documents or Information</u>. A Party may designate as Confidential Information subject to this Stipulated Protective Order any document, information or testimony produced or given by any non-party to this action, or any portion thereof only to the extent that the documents or information produced or the testimony provided by the non-party discloses the Party's own Confidential Information. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of the specific pages and lines of testimony which are to be stamped or otherwise treated as Confidential Information at any time up to fifteen (15) days after the transcript is received by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. Objections to any such designations shall be handled in the manner set forth in Paragraph 12 hereof. If no such designation is made within the fifteen (15) day period, the documents, information and/or testimony will not be considered to be or treated as Confidential Information.

12.    Potential Declassification of Confidential Information. A Party may, at any time within thirty (30) days of receipt of Confidential Information notify the Designating Party that such Party does not concur in the designation of a document or other material as Confidential Information. The receiving party and the Designating Party shall meet and confer in an attempt to resolve such dispute. If the dispute cannot be resolved, either Party may seek a ruling from the Court by submitting a joint letter to the Court in accordance with the applicable Court rules and Order(s), describing the dispute and requesting a conference. The Party seeking to retain the Confidential Information designation shall bear the burden of proof in any challenge to such designation. If no such conference is requested, such documents, information and/or testimony shall continue to be treated as Confidential Information. If such a conference is requested, the

documents, information or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

13.   <u>Inadvertently Produced Documents Without Confidential Identification</u>.   Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "CONFIDENTIAL" nature as provided in Paragraphs 3 and/or 4 above, may be so designated by the Party asserting the claim of confidentiality by written notice to counsel for the other Party identifying the document or information as "CONFIDENTIAL" within a reasonable time following the discovery that the document or information has been produced without such designation or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.

14.   <u>Compelled Disclosure</u>.   If any Party or non-party is served with a subpoena or an order issued in another litigation or is otherwise requested or required by applicable law to disclose any Confidential Information, such Party or non-party will promptly notify the other Party or Parties in writing immediately, and in no event more than five (5) days after receiving the subpoena, order or request in order to permit the Designating Party to seek a protective order or to take other appropriate action.   Such notification must include a copy of the subpoena, court order or request.   The Party or non-party receiving such subpoena or order also must immediately inform in writing the party who caused the subpoena, order or request to issue that some or all the material covered by the subpoena, order or request is the subject of this Stipulated Protective Order.   Additionally, the Party or non-party receiving such subpoena or order must deliver a copy of this Stipulated Protective Order promptly to the party that caused the subpoena, order or request to issue.   Notwithstanding the foregoing, nothing herein shall restrict, or otherwise purport to prohibit the Party or third party from making disclosure of any Confidential Information to a governmental unit as required by any applicable laws, rules or regulations

requiring such disclosure; provided however, that the Party or non-party receiving such subpoena or order shall notify the Designating Party of the Confidential Information that is proposed to be disclosed and to whom such disclosure will be made, not less than five (5) business days prior to making such disclosure. The Party or non-party receiving such subpoena or order also will cooperate in the Designating Party's efforts to obtain a protective order or other reasonable assurance that confidential treatment will be accorded to the Confidential Information. If, in the absence of a protective order, the Party receiving such subpoena or order is compelled as a matter of law to disclose the Confidential Information, such Party may disclose, but only to the extent required by applicable law, only the part of the Confidential Information as is required by law to be disclosed; provided that such Party shall exercise its commercially reasonable efforts to obtain an order or reasonable assurance that confidential treatment shall be accorded to such Confidential Information.

15.    Unauthorized Disclosure of Protected Material.  If a Party or non-party learns that, by inadvertence, or otherwise, Confidential Information has been disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party or non-party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Confidential Information, (iii) inform the person(s) to whom unauthorized disclosures were made of the terms of this Stipulated Protective Order, and (iv) request that such person(s) execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order. The Parties agree that any use or disclosure of Confidential Information not authorized under this Stipulated Protective Order constitutes irreparable harm per se, and that the Designating Party can seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the

12

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

Designating Party can move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

16. <u>Following Final Termination of This Action</u>. Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, all documents and other materials containing Confidential Information produced or designated, including all reproductions thereof, shall be returned to the Designating Party or shall be destroyed, at the option of the Designating Party. In the event that any documents or other materials containing Confidential Information are to be destroyed, each Party and non-party obligated to destroy such documents and materials shall certify in writing within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, that it has undertaken its best efforts to destroy such documents and materials, and that such documents and materials have been destroyed to the best of its knowledge. The Parties agree that any failure to provide the certification required pursuant to the terms hereof constitutes irreparable harm per se, and that the Designating Party may seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party may move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

17. <u>General Provisions</u>. The following General Provisions govern this Stipulated Protective Order:

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

17.1    This Stipulated Protective Order shall be construed and enforced in accordance with the laws of the State of New York and the parties hereto submit to the jurisdiction of federal and state courts of New York for all purposes hereof.

17.2    This Stipulated Protective Order shall not be assignable in whole or in part without the prior written consent of the other Party provided, however, that notwithstanding the lack of such consent, this Stipulated Protective Order shall be binding upon any assignee of or successor in interest to each Party.

17.3    No failure or delay by either Party in exercising any right, power, or privilege under this Stipulated Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

17.4    In the event that any provision of this Stipulated Protective Order is deemed invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Stipulated Protective Order shall not in any way be affected or impaired thereby.

17.5    This Stipulated Protective Order may not be amended or waived, in whole or in part, except by a written instrument signed by the duly authorized representative of both Parties hereto, which specifically refers to the provision or provisions of this Stipulated Protective Order which are amended or waived thereby, or by Court order.

17.6    Nothing herein is intended, nor shall it be deemed to constitute, an amendment or waiver of the terms of any prior agreement between some or all of the Parties.

17.7    This Stipulated Protective Order may be executed in several counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

17.8    All persons who receive Confidential Information agree to submit to the jurisdiction of this Court for purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.

18.    Binding Nature of this Stipulated Protective Order. This Stipulated Protective Order shall remain in force and effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the Parties.

19.    Effect of Stipulated Protective Order.

19.1    Adherence to this Stipulated Protective Order in no way constitutes an admission by any Party that any information provided in this SDNY Litigation and not subject to this Order is not proprietary or confidential.

19.2    This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or non-party nor obligate any Party or non-party to provide discovery to which it asserts objections.

19.3    The terms of this Stipulated Protective Order shall apply to confidential documents, information or testimony produced or disclosed by non-parties in connection with this SDNY Litigation if such non-party wishes to designate any such documents, information or material as Confidential Information.

20.    Nothing herein shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents, information or testimony, which that Party may deem appropriate, including, but not limited to, restrictions on public disclosure or disclosure to competitors.

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

The Parties agree to be bound by the terms and conditions of this Stipulated Protective Order and have caused this Stipulated Protective Order to be executed by their duly authorized undersigned counsel effective as of the date set forth below.

Dated:  June ___, 2008

DANIEL JUNK

By:_____
          Charles N. Internicola
          Attorney for Daniel Junk

Decker Decker Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York  10304
718-979-4300

AON CORPORATION, AON SERVICE CORPORATION and AON CONSULTING, INC.

By:_____
          Lori J. Van Auken
          Attorney for Aon Corp., Aon Service Corp.
          and Aon Consulting, Inc.

Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
212-294-6700

SO ORDERED:

_____
Gabriel W. Gorenstein
United States Magistrate Judge

16

FOR DISCUSSION PURPOSES ONLY
W&S DRAFT 5.30.08

**EXHIBIT A**

**DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER**

I, _____, under penalty of perjury, declare as follows:

1.    I have received a copy of the Stipulated Protective Order ("Order") governing the production of Confidential Information which has been entered in *Daniel Junk v. Aon Corp., Aon Service Corporation and Aon Consulting, Inc.*, 07 CIV 4640 (LMM)(GWG).

2.    I have read the Order, understand the terms, conditions and restrictions imposed upon me by the Order, and agree to be bound by all of the terms, conditions and restrictions imposed by the Order.

3.    I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Confidential Information that is the subject of the Order to any person or entity except in strict accordance with the terms of this Order.

4.    I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur following termination of this SDNY action.

Dated: _____

City and State _____

_____
Signature

_____
Name (Printed)

_____
Employer

_____
Business Address

_____
Business Telephone

17

**Costello, Chris**

| | |
|---|---|
| **From:** | cinternicola@dddilaw.com |
| **Sent:** | Tuesday, June 03, 2008 12:59 PM |
| **To:** | Van Auken, Lori J. |
| **Subject:** | Re: Junk v. Aon |

Lori,
When we spoke yesterday we agreed that we must get the letter to the Judge today.  That is why I made myself available over the weekend. With regard to your proposed protective order, you have just sent it and I will need to discuss the agreement with my client.  Accordingly, I cannot comment on the agreement until at least later this week after speaking with my client.

Accordingly, I expect to get this out to the court today.
Charles N. Internicola
Decker Decker Dito & Internicola, LLP
1610 Richmond Rd. Staten Island, NY 10304
T. 718.979.4300

(Sent by Wireless BlackBerry)

-----Original Message-----
From: "Van Auken, Lori J." <Lvanauke@winston.com>

Date: Tue, 3 Jun 2008 11:23:35
To:<cinternicola@dddilaw.com>
Subject: Re: Junk v. Aon


Charles,

As I advised you yesterday, I will be in meetings most of the day today, as I also was yesterday.  I will do my best to get the letter revised and sent back to you, but cannot guarantee that it will be done today.  In the interim, please let me know if you have any comments on the proposed protective order, which I sent to you on Sunday, and again, yesterday.  I would like to submit it to the court along with the joint letter.


--------------------------
Lori Van Auken


----- Original Message -----
From: Charles N. Internicola <cinternicola@dddilaw.com>
To: Van Auken, Lori J.
Sent: Tue Jun 03 10:53:45 2008
Subject: Junk v. Aon

Lori,

1

As discussed, we will be sending the joint letter to the magistrate today. Unexpectedly, I am in my office for the rest of the morning and afternoon and I can speak at any time to discuss the finalization of the letter.

Charles N. Internicola, Esq.

DECKER DECKER DITO & INTERNICOLA, LLP

1610 Richmond Road, Staten Island, NY 10304

T. 718. 979. 4300 (Ext.29)

F. 718. 351. 3514

www.dddilaw.com <http://www.dddilaw.com/>

CONFIDENTIALITY NOTICE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are notified that dissemination, distribution, or copying of this communication, or any of its contents, is prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you. For more information please visit us at http://www.dddilaw.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*********************************************************************

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# **EXHIBIT 21**



# DECKER, DECKER, DITO & INTERNICOLA LLP

A T T O R N E Y S    A T    L A W

June 9, 2008

**BY FEDERAL EXPRESS**
Lori Van Auken, Esq.
200 Park Ave
New York, NY 10166

Re:    Junk v. Aon

Dear Ms. Van Auken:

Enclosed please find Plaintiff's written responses to Defendant's First Request for Production of Documents. We have served, under separate cover, Plaintiff's Responses to Defendant's First Set of Interrogatories and, separately, Plaintiff's Responses to Defendants' Notice to Admit. As you will note from the enclosed written responses, Plaintiff's document production is voluminous, consisting of documents bates stamped 000001 through 001835. Enclosed with this correspondence are documents Bates Stamped 000001 through 000556.    The remaining documents are being delivered and mailed today under separate cover.

Separately, Mr. Junk has mailed to you directly, by federal Express, any and all Aon property in his possession. Such items include computer monitor, Blackberry device, pens, stationary, computer keyboard and sales brochures.

Sincerely,

Charles N. Internicola



# DECKER, DECKER, DITO & INTERNICOLA^LLP

A T T O R N E Y S    A T    L A W

June 9, 2008

**BY FEDERAL EXPRESS**
Lori Van Auken, Esq.
200 Park Ave
New York, NY 10166

Re:    Junk v. Aon

Dear Ms. Van Auken:

In connection with Plaintiff's Response to Defendants' First Request for Production of Documents, enclosed please find documents Bate's stamped 000557 through 000996.

Sincerely,

Charles N. Internicola



# DECKER, DECKER, DITO & INTERNICOLA LLP

A T T O R N E Y S    A T    L A W

June 9, 2008

**BY FEDERAL EXPRESS**
Lori Van Auken, Esq.
200 Park Ave
New York, NY 10166

Re:    Junk v. Aon

Dear Ms. Van Auken:

In connection with Plaintiff's Response to Defendants' First Request for Production of Documents, enclosed please find documents Bate's stamped 000997 through 001420.

Sincerely,

Charles N. Internicola



# DECKER, DECKER, DITO & INTERNICOLA<sup>LLP</sup>

### A T T O R N E Y S   A T   L A W

June 9, 2008

**BY FEDERAL EXPRESS**
Lori Van Auken, Esq.
200 Park Ave
New York, NY 10166

Re:    Junk v. Aon

Dear Ms. Van Auken:

In connection with Plaintiff's Response to Defendants' First Request for Production of Documents, enclosed please find documents Bate's stamped 001421 through 001835.

Sincerely,

Charles N. Internicola

# EXHIBIT 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DANIEL JUNK

                Plaintiff,            Case No.: 07-CIV-4640 (LMM)(GWG)

    - against -

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.

                Defendants.

_____

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), plaintiff Daniel Junk ("Plaintiff"), through his undersigned attorneys, hereby objects and responds to Defendants' First Set of Interrogatories (the "Interrogatories"), as follows:

### GENERAL OBJECTIONS

1.      Plaintiff does not waive the attorney-client privilege with respect to the Interrogatories posed by the Defendants, or any documents relating to said Interrogatories that are privileged. If Plaintiff provides any information or produces any privileged document, such response and production is inadvertent and does not constitute a waiver of the attorney-client privilege.

2.      Plaintiff objects to all of the Interrogatories posed by Defendants as overbroad to the extent that the Interrogatories demand information beyond the scope and limits of discovery pursuant to the Federal Rules, including Fed.R.Civ.P. 26(b) (1-5) and the Local Rules.

3.      Absent a protective order, Plaintiff generally objects to the Interrogatories to the

extent that they seek information that is a trade secret or confidential.

4.      Plaintiff objects to the Interrogatories to the extent that they request information or documents that were prepared, generated or received in anticipation, or after commencement, of this litigation.

5.      Plaintiff objects to the Interrogatories to the extent they call for the production of information more readily obtained from another source and/or through the deposition process.

6.      Plaintiff objects to the Interrogatories to the extent they are inconsistent with the provisions and requirements of the Federal Rules and the Local Rules, including, but not limited to Local Rule 33.3 (a).

7.      Plaintiff objects to the Interrogatories to the extent that they require Plaintiff to provide information that is not within Plaintiff's possession, custody or control, or that is in the possession, custody or control of Defendants.

8.      In responding to the Interrogatories, Plaintiff does not concede the relevancy, materiality, or admissibility of any of the information sought therein. Plaintiff's responses are made subject to and without waiving any objections as to the relevancy, materiality, admissibility, vagueness, ambiguity, competency, and/or privilege.

9.      Plaintiff's responses, as set forth herein, are based upon Plaintiff's current knowledge and information. Plaintiff reserves the right to rely on any facts, documents or other evidence that may develop or become known to Plaintiff.

10.     The foregoing general objections are incorporated into each of the specific objections and responses that follow. Plaintiff reserves the right to supplement these responses and to make further objections.

## SPECIFIC OBJECTIONS

2

**INTERROGATORY NO. 1:**

Identify all persons with knowledge or information concerning the statements allegedly made to Plaintiff by Jerry Barbanel as alleged in paragraph 24 of the Complaint.

RESPONSE TO INTERROGATORY NO.1 :

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Jerry Barbanel , Steven Fried; Anne Kemp; Lela Laurent; Cliff Shneir; John Queirolo; Anita Picker; Jonathan Bergman; Dan Smith; Marcia Goldenberg and Lisa Schofield.

**INTERROGATORY NO. 2:**
Identify all documents concerning the statement allegedly made to Plaintiff by Jerry Barbanel as alleged in paragraph 24 of the Complaint.

RESPONSE TO INTERROGATORY NO.2 :

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Said statements and/or the content related to said statements were made in various press releases and publications made and/or controlled by Defendants, including, but not limited to, Defendants web site as same has existed and been modified from January 2006 to present, and AON public press releases, including, but not limited to, the May 22, 2006 AON press release referred to in paragraph "21" of the complaint. Said documents are within the custody and possession of Defendants. Likewise, Plaintiff believes that the substance of said statements are contained and/or mentioned within e-mails among and between Defendants employees (internally and to customers), in Defendants sales and presentation materials and other documents within the custody and control of Defendants but not disclosed or produced by Defendants. See also, Plaintiff's Responses to Defendants First Request for Production of Documents.

3

**INTERROGATORY NO. 3:**

Identify all persons with knowledge or information concerning the Plaintiff's allegation that the statements allegedly made to Plaintiff by Jerry Barbanel in paragraph 24 of the Complaint, were false.

RESPONSE TO INTERROGATORY NO.3 :

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this

interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving

the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

> Jerry Barbanel; Warren Kruse; Anne Kemp; Bill Cunningham; Jon Rognerud; Glen Cater; Anne Weaver; Tom Avery; Daryk Rowland; Lee Curtis; Ahmad Mian; Lisa Schofield; Bill Hooper; Gary Procknow; Deborah Johnson; Andrew Appel; Michael Gullotta.

**INTERROGATORY NO. 4:**

Identify all documents concerning Plaintiff's allegation that the statements allegedly made to Plaintiff by Jerry Barbanel in paragraph 24 of the Complaint, were false.

RESPONSE TO INTERROGATORY NO.4 :

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this

interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving

the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

> Said documents are within the custody and possession of Defendants and relate to contracts, and agreements between AON, its employees, customers, software engineers and contracts with third party software vendors and consultants relating to the software and electronic discovery products and services offered, developed and/or licensed by Defendants. Likewise, Plaintiff believes that the substance of said statements are contained and/or mentioned within e-mails among and between Defendants employees (internally and to customers and third party consultants and software licensors) and other documents within the custody and control of Defendants but not disclosed or produced by Defendants. Without limitation of the foregoing said documents include the e-mails to, from and regarding Anne Kemp submitted and disclosed by Plaintiff's in his initial disclosures. Without limitation of the foregoing said documents include internal emails, sales materials, User Guides and all of the documents

Produced by Plaintiff in Plaintiff's Responses to Defendants First Request for Production of Documents.


## INTERROGATORY NO. 5:

Identify with specificity all damages sought by Plaintiff in this Action, including the manner in which such alleged damages are calculated.

## RESPONSE TO INTERROGATORY NO.5 :

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Plaintiff's damages relate to losses suffered by Plaintiff as a direct result of Plaintiff's reliance on the false and fraudulent statements made by Defendants to Plaintiff in connection with Plaintiff's acceptance of employment with Defendants, Plaintiff's actual employment with Defendants, the relinquishment of Plaintiff's then existing employment position with Renew Data, Plaintiff's attempt to market and sell, on behalf of Defendants, electronic discovery software and solutions that were fraudulent and did not exist. Said loss relates to (i) Lost commission based compensation, in addition to Plaintiff's base compensation, for sales previously procured by Plaintiff that Plaintiff would have been paid in 2006 if Plaintiff maintained his employment with Renew Data – said damages are calculated at the approximate sum of One Hundred and Fifty Thousand ($150,000.00) Dollars; (ii) Lost commission based compensation, in addition to Plaintiff's base compensation, for continuing and supplemental services to customers previously procured by Plaintiff that Plaintiff would have been paid in 2006 if Plaintiff maintained his employment with Renew Data – said damages are calculated at the approximate sum of Two Hundred Thousand ($200,000.00) Dollars; (iii) Lost commission based compensation, in addition to Plaintiff's base compensation, for continuing and supplemental services to customers previously procured by Plaintiff that Plaintiff would have been paid in 2007 if Plaintiff maintained his employment with Renew Data – said damages are calculated at the approximate sum of Three Hundred Thousand ($300,000.00); (iv) Lost base compensation that that Plaintiff would have been paid in 2007 if Plaintiff maintained his employment with Renew Data - said damages are calculated at the approximate sum of Twenty Five Thousand ($25,000.00) Dollars; (v) Lost commission based compensation for continuing and supplemental services to customers previously procured by Plaintiff that Plaintiff would have been paid in 2008 if Plaintiff maintained his employment with Renew Data – said damages are calculated at the approximate sum of Two Hundred and Ten Thousand ($210,000.00) Dollars; (vi) Lost base

5

compensation that that Plaintiff would have been paid in 2008 if Plaintiff maintained his employment with Renew Data - said damages are calculated at the approximate sum of Fifteen Thousand ($15,000.00) Dollars; (vii) Future Lost commission based compensation for continuing and supplemental services to customers previously procured by Plaintiff that Plaintiff would be paid if Plaintiff maintained his employment with Renew Data – said damages are calculated at the approximate sum of Five Hundred Thousand ($500,000.00) Dollars; (viii) Plaintiff's lost goodwill, reputation and development within the electronic discovery marketplace respecting Plaintiff's reputation as both an employee and a sales person offering electronic discovery solutions and services – said damages are estimated at the approximate sum of Three Million ($3,000,000.00) Dollars.

## INTERROGATORY NO. 6:

Identify all persons with knowledge or information concerning the damages sought by Plaintiff in this Action.

## RESPONSE TO INTERROGATORY NO.6 :

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Bob Gomes, Bonnie Rodden, Jake Frazier; Ellery Buchanan; Fred Kopec and Tom Antisdel. The foregoing does not include the disclosure of expert witnesses to be retained by Plaintiff.

## INTERROGATORY NO. 7:

Identify all documents upon which Plaintiff intends to rely to prove the damages sought by Plaintiff in this Action.

## RESPONSE TO INTERROGATORY NO. 7:

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Employment records, W-2 statements with Renew Data and material respecting Plaintiff's knowledge and credibility within the electronic discovery marketplace.

**INTERROGATORY NO. 8:**

Identify all e-discovery software that Plaintiff offered to clients and/or prospective clients of Renew Data during the period in which Plaintiff was employed by Renew Data.

RESPONSE TO INTERROGATORY NO. 8:

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

None. At Renew Data Plaintiff only offered services utilizing Renew Data proprietary data restoration technology and third party software.

**INTERROGATORY NO. 9:**

Identify all persons with knowledge or information concerning the "commissions" Plaintiff allegedly "lost" when he left Renew Data and joined Aon Consulting, as alleged in paragraph 62 of the Complaint.

RESPONSE TO INTERROGATORY NO. 9:

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Ellery Buchanan; Robert Gomes; Jake Frazier; Tom Antisdel.

**INTERROGATORY NO. 10:**

Identify all persons with knowledge or information concerning Plaintiff's "nationally renowned reputation," "standing" and "connections" "within the e-discovery market place" as alleged in paragraphs 61 and 62 of the Complaint.

RESPONSE TO INTERROGATORY NO. 10:

7

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Bob Gomes; Steve Fried; Jake Frazier; Dan Ferranti; Ben Levin; Todd Miller. Plaintiff believes that there are other individuals aware of Plaintiff's reputation but not known to Plaintiff.

## INTERROGATORY NO. 11:

Identify all persons with knowledge or information concerning Plaintiff's claim that his "nationally renowned reputation and standing within the e-discovery market place" was "damaged" and "impaired" as a result of Plaintiff's employment with Aon, as alleged in paragraph 62 of the Complaint.

## RESPONSE TO INTERROGATORY NO. 11:

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Steve Fried; Jake Frazier; Chris Paskach; Rick Nalle. In addition to the foregoing, Plaintiff believes that there are other individuals (both consumers and suppliers of electronic discovery services) that are unknown to Plaintiff but are aware of the Defendants alleged fraud and Plaintiffs employment with Defendants and the misrepresented products and/or software offered by Defendants.

## INTERROGATORY NO. 12:

Identify all e-mail addresses used by Plaintiff, during the period May 2006 to the present, to send and/or receive documents concerning any of the allegations asserted by Plaintiff and/or Defendant in this Action.

## RESPONSE TO INTERROGATORY NO. 12:

8

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

djunk@lawfirmkm.com; dan@lawfirmkm.com; djunkman@mac.com.

## INTERROGATORY NO. 13:

Identify the location(s) and custodian(s) of all documents, including, e-mails, whether in electronic or hard copy form, upon which Plaintiff intends to rely in this Action.

## RESPONSE TO INTERROGATORY NO. 13:

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Dan Junk; Verio Web Mail Hosting; .Mac Web Mail Hosting; and the mail host and servers utilized by Defendants – the information of same has not yet been disclosed to Plaintiff by Defendants.

## INTERROGATORY NO. 14:

Identify all persons with knowledge or information concerning the manner in which Plaintiff acquired possession of the documents which he produced with his Rule 26(a) Initial Disclosures.

## RESPONSE TO INTERROGATORY NO. 14:

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

They were offered and provided by Anne Kemp and Bill Cunningham.

**INTERROGATORY NO. 15:**

Identify all persons with knowledge or information concerning Plaintiff's use and handling, during the period April 19, 2007 to the present, of the laptop computer provided to him by Aon.

RESPONSE TO INTERROGATORY NO. 15:

Plaintiff objects to this interrogatory as overbroad, ambiguous, and vague and that this interrogatory goes beyond the scope of rule 33.3 of the Local Rules. Subject to and without waiving the foregoing General Objections and Specific Objections, Plaintiff responds, as follows:

Plaintiff.

Dated: New York, New York
       June 9, 2008

                              Respectfully Submitted,

                              DECKER DECKER DITO & INTERNICOLA, LLP

                              By:

                              Charles N. Internicola (CI 4059)
                              Attorneys for Plaintiff
                              1610 Richmond Road
                              Staten Island, NY 10304
                              T. 718. 979. 4300

TO:    Lori Van Auken, Esq.
       Winston & Strawn
       200 Park Ave
       New York, NY 10166
       Counsel for:
       AON CORP., AON SERVICE CORPORATION
       and AON CONSULTING, INC.

10

# EXHIBIT 23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DANIEL JUNK

                 Plaintiff,               Case No.: 07-CIV-4640 (LMM)(GWG)

    - against -

AON CORP., AON SERVICE CORPORATION
and AON CONSULTING, INC.

                 Defendants.

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE TO ADMIT

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff, Daniel Junk ("Plaintiff") through his undersigned attorneys, hereby objects and responds to Defendants First Set of Requests for Admission (the "Requests" or the "Notice to Admit") as follows:

### GENERAL OBJECTIONS

1.      Plaintiff does not waive the attorney-client privilege with respect to the Requests posed by Defendants, or any documents relating to said Requests that are privileged. If Plaintiff provides any information that is privileged, such response and production is inadvertent and does not constitute a waiver of the attorney-client privilege.

2.      Plaintiff objects to the Interrogatories to the extent that they require Plaintiff to provide information that is not within Plaintiff's possession, custody or control, or that is in the possession, custody or control of Defendants.

3.      In responding to the Requests, Plaintiff does not concede the relevancy, materiality, or admissibility of any of the information sought therein. Plaintiff's responses are made subject to and without waiving any objections as to the relevancy, materiality, admissibility, vagueness, ambiguity, competency, and/or privilege.

4.      Plaintiff's responses, as set forth herein, are based upon Plaintiff's current knowledge and information and relate exclusively, to this lawsuit and for no other purpose. Plaintiff reserves the right to rely on any facts, documents or other evidence that may develop or become known to Plaintiff.

5.      The foregoing general objections are incorporated into the responses that follow. Plaintiff reserves the right to supplement these responses and to make further objections.

### REQUEST NO. 1

Admit that the signature appearing on the third page of the document attached hereto as Exhibit A, beneath the words "I confirm my acceptance of employment with Aon Consulting subject to the terms and conditions set forth above" is the signature of the Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "1" of the Notice to Admit.

### REQUEST NO. 2
Admit that the document attached hereto as Exhibit A is a true and accurate copy of a letter dated November 7, 2006, Plaintiff provided to Aon Consulting.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "2" of the Notice to Admit.

### REQUEST NO. 3

Admit that the document attached hereto as Exhibit A sets forth the terms and conditions of Plaintiff's employment with Aon Consulting.

RESPONSE:

Plaintiff denies the facts, as stated in paragraph "3" of the Notice to Admit except that Plaintiff admits that Exhibit A is a copy of an agreement between Plaintiff, Aon Service Corporation and Aon Consulting.

### REQUEST NO. 4

Admit that the signature appearing on page four of the document attached hereto as Exhibit B Is the signature of Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "4" of the Notice to Admit.

## REQUEST NO. 5

Admit that the document attached hereto as Exhibit B is a true and accurate copy of the Non-Solicitation Agreement Plaintiff entered into with Aon Consulting, Inc.

RESPONSE:

Plaintiff denies the facts as stated in paragraph "5" of the Notice to Admit.

## REQUEST NO. 6

Admit that the signature appearing on page two of the document attached hereto as Exhibit C is the signature of Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "6" of the Notice to Admit.

## REQUEST NO. 7

Admit that the document attached hereto as Exhibit C is a true and accurate copy of the Confidentiality Agreement Plaintiff entered into with Aon Consulting, Inc.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "7" of the Notice to Admit.

## REQUEST NO. 8

Admit that the signature which appears on the document attached hereto as Exhibit D is the signature of Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "8" of the Notice to Admit.

## REQUEST NO. 9

Admit that the document attached hereto as Exhibit D, is a true and accurate copy

of a letter dated March 30, 2007, Plaintiff addressed to the Hilton Barbados.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "9" of the Notice to Admit.

### REQUEST NO. 10

Admit that the document attached hereto as Exhibit E is a true and accurate copy
of the hotel bill reflecting Plaintiff's stay at the Hilton Barbados during the period January
31, 2007, through February 4, 2007.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "10" of the Notice to Admit.

### REQUEST NO. 11

Admit that Plaintiff submitted an expense report to Aon seeking reimbursement
for the food and beverage charges appearing on the hotel bill attached hereto as Exhibit E.

RESPONSE:

Plaintiff denies the facts as stated in Paragraph "11" of the Notice to Admit.

### REQUEST NO. 12

Admit that Plaintiff submitted an expense report to Aon seeking reimbursement
for the room service delivery charges and tips appearing on the hotel bill attached hereto as
Exhibit E.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "12" of the Notice to Admit.

### REQUEST NO.13

Admit that Plaintiff's wife, Christine Junk, accompanied Plaintiff on a trip to
Barbados during the period of January 31, 2007, through February 4, 2007, and stayed with
Plaintiff at the Hilton Barbados.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "13" of the Notice to Admit.

**REQUEST NO. 14**

Admit that the purpose of Plaintiff's trip to Barbados on January 31, 2007, was to attend a business conference being held at the Hilton Barbados from February 1, 2007 through February 3, 2007.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "14" of the Notice to Admit.


**REQUEST NO. 15**

Admit that the document attached hereto as Exhibit F is a true and accurate copy of a receipt dated February 1, 2007, from the Hilton Barbados, and that the signature which appears on the receipt is the signature of Plaintiff.

RESPONSE:

Plaintiff admits the fact as stated in paragraph "15" of the Notice to Admit.

**REQUEST NO. 16**

Admit that the document attached hereto as Exhibit G, is a true and accurate copy of a receipt dated February 1, 2007, from the Hilton Barbados, and that the signature which appears on the receipt is the signature of Plaintiff's wife, Christine Junk.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "16" of the Notice to Admit.


**REQUEST NO. 17**

Admit that the document hereto as Exhibit H, is a true and accurate copy of a receipt dated February 1, 2007, from the Hilton Barbados, and that the signature which appears on the receipt is the signature of Plaintiff's wife, Christine Junk.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "17" of the Notice to Admit.

**REQUEST NO. 18**

Admit that the document attached hereto attached hereto as Exhibit I is a true and accurate copy of a receipt dated February 2, 2007, from the Hilton Barbados, and that the signature which appears on the receipt is the signature of Plaintiff's wife, Christine Junk.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "18" of the Notice to Admit.


**REQUEST NO. 19**

Admit that the document attached hereto as Exhibit J is a true and accurate copy of a receipt dated February 2, 2007, from the Hilton Barbados, and that the signature which appears on the receipt is the signature of Plaintiff's wife, Christine Junk.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "19" of the Notice to Admit.


**REQUEST NO. 20**

Admit that the document attached hereto as Exhibit K, is a true and accurate copy of a receipt dated February 3, 2007, from the Hilton Barbados, and that the signature which appears on the receipt is the signature of Plaintiff's wife, Christine Junk.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "20" of the Notice to Admit.


**REQUEST NO. 21**

Admit that the document attached hereto as Exhibit L, is a true and accurate copy of a receipt dated February 3, 2007, from the Hilton Barbados, and that the signature which appears on the receipt is the signature of Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "21" of the Notice to Admit.


**REQUEST NO. 22**

Admit that the document attached hereto as Exhibit M is a true and accurate copy
of a receipt dated February 3, 2007, from the Hilton Barbados, and that the signature which
appears on the receipt is the signature of Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "22" of the Notice to Admit.

## REQUEST NO. 23

Admit that the document attached hereto as Exhibit N is a true and accurate copy
of a receipt, dated February 4, 2007, from the Hilton Barbados, and that the signature which
appears on the receipt is the signature of Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "23" of the Notice to Admit.

## REQUEST NO. 24

Admit that the document attached hereto as Exhibit O is a true and accurate copy
of a receipt dated February 4, 2007, from the Hilton Barbados, and that the signature which
appears on the receipt is the signature of Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "24" of the Notice to Admit.

## REQUEST NO. 25

Admit that the document attached hereto as Exhibit P is a true and accurate copy
of a receipt dated February 4, 2007, from the Hilton Barbados, and that the signature which
appears on the receipt is the signature of the Plaintiff.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "25" of the Notice to Admit.

## REQUEST NO. 26

Admit that the document attached hereto as Exhibit Q is a true and accurate copy

of the employment application Plaintiff submitted to Aon.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "26" of the Notice to Admit.


## REQUEST NO. 27

Admit that Plaintiff was employed by Renew Data during the period May 2006 to November 2006.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "27" of the Notice to Admit.


## REQUEST NO. 28

Admit that Renew Data does not owe Plaintiff any money arising out of Plaintiff's employment by Renew Data during 2006.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "28" of the Notice to Admit.


## REQUEST NO. 29

Admit that Plaintiff was not employed as an attorney with the law firm Simpson, Thacher & Bartlett during the period September 1993 through April 2000.

RESPONSE:

Plaintiff denies the facts as stated in paragraph "29" of the Notice to Admit.


## REQUEST NO. 30

Admit that Plaintiff received a signing bonus from Aon in the amount of $25, 000.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "30" of the Notice to Admit.

**REQUEST NO. 31**

Admit that the documents attached to Plaintiff's Initial Disclosures are copies of documents that Plaintiff obtained from Anne Kemp.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "31" of the Notice to Admit.


**REQUEST NO. 32**

Admit that the documents attached to Plaintiff's Initial Disclosures are copies of documents that Plaintiff had in his possession, custody and/or control following the termination of Plaintiff's employment on or about April 19, 1997.

RESPONSE:

Plaintiff denies the facts as stated in paragraph "32" of the Notice to Admit.


**REQUEST NO. 33**

Admit that during the period September 1, 2006 through the including April 19, 2007, Plaintiff resided in the state of South Carolina.

RESPONSE:

Plaintiff admits the facts as stated in paragraph "33" of the Notice to Admit.


Dated:  June 5, 2008
       Staten Island, New York

                        DECKER DECKER DITO & INTERNICOLA

                        By:
                        Charles N. Internicola (CI 4059)
                        1610 Richmond Road
                        Staten Island, New York 10304
                        T. 718.979.4300
                        F. 718. 351.3514


                        Attorneys for the Plaintiff

To:     Lori Van Auken
        Winston & Strawn
        200 Park Ave
        New York, NY 10166

# EXHIBIT 24

From: Anne Kemp
Subject: **RE: update**
Date: January 17, 2008 01:08:54 AM EDT
To: Daniel Junk

You are welcome - I will look for additional info on one of my other computers.  Best, AK

-----Original Message-----

**From:** Dan Junk [mailto:djunkman@mac.com]

**Sent:** Wednesday, January 16, 2008 9:21 PM

**To:** Anne Kemp

**Cc:** Dan Junk

**Subject:** Re: update

Great. Thx.

Dan Junk
843-290-8469
djunkman@mac.com

Sent from my iPhone

On Jan 16, 2008, at 10:54 PM, Anne Kemp <litconsult@foothill.net> wrote:

sent you the emails I could fine...will speak with you tomorrow.  AK

001829

# **EXHIBIT 25**

# WINSTON & STRAWN LLP  Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700    FACSIMILE: 212-294-4700

| | | | | | | |
|---|---|---|---|---|---|---|

**FROM:**    Lori J. Van Auken
212-294-4707

**REFERENCE:**
6345-49

Total pages (Inc): 3

**DATE:**    6/13/2008

## Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | TELEPHONE NO. |
|---|---|---|---|---|
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718.351-3514 | 718.979-4300 |

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE. THANK YOU.212-294-5319**

**COMMENTS**

Re: Junk v. Aon, et al.,
No. 07-CIV-4640 (LMM)(GWG)

Please see attached.

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

NY 1180040.1

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-589

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

June 13, 2008

## BY FACSIMILE, FEDEX & EMAIL

Charles N. Internicola, Esq.
Decker, Decker, Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

Re:    **Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.)(LMM)(GWG)**

Dear Mr. Internicola:

This will acknowledge receipt on Tuesday, June 10, 2008, of numerous documents, bearing Bates-numbers 000001-001835, produced by your client in response to Defendants' First Request for the Production of Documents.

Our initial review of Plaintiff's production shows that a substantial number of documents consist of Aon property containing highly sensitive, privileged and confidential business and proprietary information, including communications between Defendants' Aon counsel and its employees, as well as communications relating to Defendants' clients, potential clients, marketing and sales activities, pricing, acquisition and development of software. Many of these documents are the subject of confidentiality and/or non-disclosure agreements between Aon and third parties.

Plaintiff's production also includes several documents which show that this highly sensitive, privileged and confidential information was obtained by Plaintiff in an unauthorized manner, outside the discovery process, and in violation of Aon's Code of Conduct as well as Plaintiff's Non-Solicitation and Confidentiality Agreement.

Accordingly, Defendants hereby demand that you, the Plaintiff, and any agent, employee, representative or other person acting on Plaintiff's behalf, immediately return to the undersigned by the close of business on Monday, June 16, 2008, each and every copy of the documents which y ou and/or the Plaintiff obtained without the express permission of Aon, including, but not limited to (1) all emails sent or received by an Aon attorney; (2) all emails sent or received by any Aon employee during the period of his or her employment by Aon; (3) all documents relating to Defendants' clients or potential clients; (4) all documents relating to

WINSTON & STRAWN LLP
Charles N. Internicola, Esq.
June 13, 2008
Page 2

Defendants' sales and marketing activities; (5) all documents relating to Defendants' products and services, including the pricing of such products and services; (6) all documents relating to Defendants' research and procurement of software; and (7) all documents relating to Defendants' development of proprietary software.

Defendants also demand that you and the Plaintiff provide the undersigned in writing, by the close of business today, June 13, 2008, with the names and addresses of any and all persons who have been provided with copies of or given access to these highly sensitive, privileged and confidential materials belonging to Aon. Defendants further demand that you confirm, in writing, by the close of business today, June 13, 2008 that you and/or the Plaintiff: (1) have requested all such persons to return all such materials to the undersigned by the close of business on Monday, June 16, 2008; (2) taken all other necessary and appropriate steps to ensure that such documents will be returned; (3) taken all necessary and appropriate steps to ensure that any access to these documents and the information contained therein has been terminated; and (4) have taken all necessary and appropriate steps to ensure that these documents and the information contained therein will be provided to no one but the undersigned.

Finally, as you have failed to provide me with any comments on the proposed Stipulated Protective Order which I sent to you almost two weeks ago, on June 1, 2008, I will assume that you are in agreement with its terms and will so notify the Court unless I hear from you to the contrary.

Very truly yours,

Lori Van Auken

lva:dc

# EXHIBIT 26



# DECKER, DECKER, DITO & INTERNICOLA<sup>LLP</sup>

## A T T O R N E Y S   A T   L A W

1610 Richmond Road, Staten Island, New York 10304
T. 718. 979. 4300   F. 718 351. 3514

---

### FACSIMILE TRANSMITTAL SHEET

| TO:<br>Lori Van Auken, Esq. | FROM:<br>Charles N. Internicola |
|---|---|
| | DATE:<br>June 16, 2008 |
| FAX<br><br>212 294 4700 | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER:<br><br>Junk v Aon | SENDER'S REFERENCE NUMBER: |

PLEASE NOTIFY US IMMEDIATELY IF THIS FACSIMILE IS NOT PROPERLY RECEIVED: The information contained in this facsimile is legally privileged, confidential and intended only for the review and use by the individual or entity named above. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution or copying of this facsimile is prohibited. If you have received this facsimile in error, please notify us by telephone and destroy the original message. Thank you.



# DECKER, DECKER, DITO & INTERNICOLA<sup>LLP</sup>

### A T T O R N E Y S  A T  L A W

June 16, 2008

Lori Van Auken, Esq.
Winston & Strawn, LLP
200 Park Ave
New York, New York 10166

Re:    Junk v. Aon, *et al.*

Dear Ms. Van Auken:

In response to your facsimile correspondence of June 13, 2008 and your proposed stipulated protective order, please note that we object to your proposed order in that you have failed to delineate and identify, with any specificity, the confidential information requiring protection. In particular, in Section "1" of your proposed order, the mandated protection would apply to "all" information disclosed in this action without the Defendant establishing or demonstrating the necessity for protection or the confidentiality of the information. This significant deficiency is acknowledged in your June 13, 2008 correspondence, wherein you acknowledge that certain documents may already be in the possession of third parties who are not subject to any confidentiality or non-disclosure agreements.

Most significantly, it appears that your request for stipulated protection does not relate to your own internal review and assessment of documents and information to be provided to Plaintiff but rather those documents timely produced by Plaintiff in response to Defendants' discovery demands. As of this late date, Defendants remain non-compliant in serving responses to Plaintiff's interrogatory and document demands. Despite making generic reference to categories of documents in Defendants' initial disclosures, you have not served Plaintiff with any documents or detail as the documents and information in your possession. Previously, you indicated that Defendants will commence serving a portion of documents no later than May 30, 2008, however, you have not done so. Now, you request an overly broad protective order without affording or providing any information respecting the documents in your possession.

In order to properly evaluate your request for a stipulated protective order, it is necessary that you identify, with specificity, the documents and information that you believe to be confidential and the basis for that belief. For example, in the past you advised me that you were in the process of checking as to the existence of the third party non-disclosure agreements with companies such as File Control. However, you have not followed up or provided me with this information.

1610 Richmond Road, Staten Island, New York 10304  T: 718.979.4300  F: 718.351.3514  www.dddilaw.com



# DECKER, DECKER, DITO & INTERNICOLA LLP

### ATTORNEYS AT LAW

Kindly advise to the foregoing as I may properly evaluate your request.

Sincerely,

Charles N. Internicola