# EXHIBIT 27

# WINSTON & STRAWN LLP  Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700    FACSIMILE: 212-294-4700

## Fax Number: 212-294-4700

**FROM:**      Lori J. Van Auken
(212) 294-4707

| CHARGEBACK: |
| 10107 |
| 6345.49 |

**DATE:**      6/17/2008

### Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718-351-3514 | 718-979-4300 |

### Total number of pages including this page: 40

**COMMENTS**

Please see attached.

---

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes _____ Name: _____ No: _____

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

June 17, 2008

**BY FACSIMILE**

Charles N. Internicola, Esq.
Decker, Decker, Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

Re:    **Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.)(LMM)(GWG)**

Dear Mr. Internicola:

I am in receipt of your correspondence dated June 16, 2008, regarding the proposed Stipulated Protective Order which I sent to you on June 1, 2008, June 2, 2008, and, again, on June 13, 2008.

According to your letter, Plaintiff objects to the proposed Stipulated Protective Order because it fails to "delineate and identify, with any specificity, the confidential information requiring protection." As a result, you claim Plaintiff is unable to "properly evaluate" the proposal. With all due respect, I believe the proposed order provides you with ample information regarding the types of information requiring protection.

First, contrary to your assertion, Paragraph 1 does not extend protection to "all information" disclosed in the action. Rather, as Paragraph 1 clearly provides, the proposed order applies to "all information . . . that a party or non-party reasonably and in good faith believes to contain Confidential Information as that term is defined in Paragraph 2. . . ." Paragraph 2, in turn, sets out in detail the types of privileged and confidential information requiring protection. It provides, in its entirety, as follows:

Definition of Confidential Information. As used herein, Confidential Information shall be interpreted to include all information disclosed by the Parties and any non-parties, whether in written form, orally or through electronic means, including, without limitation, the following:

2.1    information concerning trade secrets;

WINSTON & STRAWN LLP
Charles N. Internicola, Esq.
June 17, 2008
Page 2

2.2    information concerning prior, current or potential customers;

2.3    information concerning business development, branding, sales and/or marketing activities;

2.4    information concerning any confidential and proprietary technical, research or development information including, but not limited to information concerning any computer hardware, software and/or technology being developed by, for, and/or on behalf of Aon or any non-party;

2.5    information deemed to be confidential and/or proprietary pursuant to any pre-existing confidentiality, non-disclosure or similar agreement protecting the disclosure of information to persons or entities other than those who are parties to such agreement;

2.6    information concerning any financial, budgeting and/or accounting information;

2.7    information concerning business performance and projections, business strategies, decisions and/or negotiations;

2.8    information concerning pricing; and

2.9    all other confidential, proprietary or otherwise sensitive information as to which the Parties or any third party customarily takes steps to limit or prevent its disclosure or misuse.

Moreover, to the extent any party disagrees with the good faith designation made, Paragraph 13 of the proposed Stipulated Protective Order outlines a process pursuant to which the receiving party may, in good faith, challenge such designation.

The categories of documents to which the proposed order would apply also are specifically set forth in Defendants' written responses to Plaintiff's First Request for Production of Documents, dated May 5, 2008 ("Plaintiff's First Request"). In their written response, Defendants advised Plaintiff that they would produce certain documents, subject to their general and specific objections, including the entry of an appropriate protective order. Those categories of documents, moreover, track those specifically identified in Paragraph 2.

WINSTON & STRAWN LLP
Charles N. Internicola, Esq.
June 17, 2008
Page 3

In addition, contrary to your assertion, the proposed Stipulated Protective Order is not intended *solely* to cover the documents produced by Plaintiff, but clearly is intended to cover those documents being produced by Defendants as well. This is readily apparent from the terms of the proposed Stipulated Protective Order itself. Defendants' written responses to Plaintiff's First Request also make clear Defendants' intention to produce certain documents subject to the entry of an appropriate protective order, and I have reiterated Defendants' intention in this regard on several prior occasions.

Notwithstanding the foregoing, however, Defendants are willing to modify Paragraph 2 of the proposed Stipulated Protective Order to make clear that the proposed order is intended to apply to the information listed in Paragraph 2 and otherwise subject to Fed. R. Civ. P. 26(c). Revised and black-lined versions of the proposed Stipulated Protective Order reflecting these changes are attached.

We trust that the changes Defendants have agreed to make will satisfy your objection and that we may now proceed to finalize the proposal and submit it to the Court for approval. Accordingly, please advise the undersigned by the close of business tomorrow, June 18, 2008, if the revisions are satisfactory. To the extent, however, that Plaintiff has no intention of entering into a Stipulated Protective Order along the lines proposed, Defendants respectfully request that you so notify the undersigned by the close of business tomorrow as well.

Lastly, please note my objection to your mischaracterization of my June 13, 2008 correspondence regarding Plaintiff's June 10, 2008 document production. Absolutely nothing in my June 13, 2008 letter reflects an acknowledgement that "certain documents may already be in the possession of third parties who are not subject to any confidentiality or non-disclosure agreements," as you suggest.

Very truly yours,

Lori Van Auken

lva:dc

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.17.08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DANIEL JUNK,

                    Plaintiff,

      - against -

AON CORP., AON SERVICE CORPORATION and
AON CONSULTING, INC.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 07-CIV-4640 (LMM) (GWG)

**STIPULATED
PROTECTIVE ORDER**

WHEREAS on or about June 1, 2007, Daniel Junk ("Junk") filed a complaint against Aon Corp., Aon Service Corporation and Aon Consulting, Inc. (collectively, "Aon") in the United States District Court for the Southern District of New York, entitled, *Daniel Junk v. Aon Corp., et al.*, No. 07 CIV 4640 (LMM), (the "SDNY Litigation");

WHEREAS on or about January 16, 2008, Aon filed an answer and counterclaims against Junk in the SDNY Litigation;

WHEREAS the parties believe that in the course of this SDNY Litigation certain information, documents and testimony are likely to be disclosed and produced through discovery that may constitute or incorporate trade secrets and other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS the parties believe that the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other confidential research, development or commercial information;

WHEREAS good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development or commercial information,

It is hereby STIPULATED, AGREED AND ORDERED, by and between Junk, his heirs, executors, agents, attorneys, successors and assigns, and Aon, their subsidiaries, affiliates, successors, employees agents, attorneys and assigns (together, "the Parties") that the following provisions shall govern the production and exchange of Confidential Information, as that term is defined in Paragraph 2 hereof, during the course of the SDNY Litigation:

1.    Scope of Order.  This Order shall be applicable to and govern the use and dissemination of all information, documents and materials (or portions thereof) that are produced in the SDNY Litigation including, without limitation, information provided with initial disclosures, in response to document requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, responses to requests for admission, stipulations and all other discovery taken, testimony adduced at trial, matters in evidence before this Court, and any other information that a party or non-party reasonably and in good faith believes to contain Confidential Information, as that term is defined in Paragraph 2 hereof, ("Designating Party") and designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" in accordance with the terms of this Order.  The treatment of all documents and other information so designated shall be governed by the terms of this Order.

2.    Definition of Confidential Information.  As used herein, Confidential Information shall be interpreted to include any and all of the following information disclosed by the Parties and any non-parties, whether in written form, orally or through electronic means:

2.1    information concerning trade secrets;

2.2    information concerning prior, current or potential customers;

2

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.17.08

2.3     information concerning business development, branding, sales and/or marketing activities;

2.4     information concerning any confidential and proprietary technical, research or development information including, but not limited to information concerning any computer hardware, software and/or technology being developed by, for, and/or on behalf of Aon or any non-party;

2.5     information deemed to be confidential and/or proprietary pursuant to any pre-existing confidentiality, non-disclosure or similar agreement protecting the disclosure of information to persons or entities other than those who are parties to such agreement;

2.6     information concerning any financial, budgeting and/or accounting information;

2.7     information concerning business performance and projections, business strategies, decisions and/or negotiations;

2.8     information concerning pricing; and

2.9     all other confidential, proprietary or otherwise sensitive information as to which the Parties or any third party customarily takes steps to limit or prevent its disclosure or misuse.

3.     <u>Designation of Confidential Information.</u>

3.1     Any Party or non-party may designate as "CONFIDENTIAL" under the terms of this Order any non-public information that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation which such Party or non-party in good faith believes contains Confidential Information it does not wish to be disclosed to the public.

3.2.     Any Party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order any non-public information including but not limited to that information set forth in Paragraph 2 hereof, that such Party or non-party supplies, discloses, produces or uses in connection with the SDNY Litigation, when it has a good faith belief that such information contains highly sensitive technical, business and/or research information regarding products, services, financial information, marketing plans and

forecasts, client lists, client communications, pricing data, cost data, or other such information the disclosure of which would be detrimental to the Designating Party and/or its business interests.

3.3     In the event that a Party or non-party has not designated any documents, information or testimony that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" but another Party or non-party believes such documents, information or testimony should be so designated, such Party or non-party may so designate such documents, information or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" within fifteen (15) days after actual receipt of such documents, information or testimony or within fifteen (15) days after the entry of this Stipulated Protective Order, whichever is later.

3.4     In the event any Designating Party produces Confidential Information that has not been designated as such, or is not correctly designated, the Designating Party may designate or redesignate the Confidential Information to the same extent as it may be designated the Confidential Information before production, by a subsequent notice in writing specifically identifying the redesignated Confidential Information, in which event, the Parties and any non-party shall henceforth treat such Confidential Information in accordance with this Order, and shall undertake their best efforts to correct any disclosure of such Confidential Information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation. No demonstration or proof of error, inadvertence, or excusable neglect by the Designating Party shall be required for such redesignation.

3.5     The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Information, but also any and all

copies, notes, photographs, excerpts, and summaries thereof, as well as any and all testimony, oral conversations and electronic data reflecting or concerning Confidential Information.

     4.    Procedures For Designating Confidential Information.  Confidential Information shall be designated and marked as follows:

     4.1    Documents.  Documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as Confidential Information by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" on any such document prior to service or filing.  Such legend shall be placed on the first page of each document containing Confidential Information and upon each page within such document considered to be Confidential Information.

     4.2    Magnetic, Optical Media and Other Electronic Documents.  Where a document is produced in a magnetic, optical media or other electronic form (such as hard drive, CD-ROM, DVD or flash memory), the drive, CD-ROM, DVD or medium container shall be marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" as appropriate.  When possible, files contained on these media may be designated as Confidential Information prior to disclosure or production, via the process described in Paragraph 4.1. To the extent such media is printed out, then Paragraph 4.1. will apply.

     4.3    Physical Exhibits:  The confidential status of a physical exhibit shall be indicated by stamping or placing a label on said physical exhibit designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY."

     4.4    Partial Designations:  In the case of information incorporated in answers to interrogatories or responses to requests for admission, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" legend shall be placed on the answer or response and such answers or responses shall be separately produced.

4.5    <u>Deposition Proceedings</u>:    Deposition transcripts may be designated confidential by stamping each page of the confidential portion with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY," by submitting a list of confidential portions identified by page numbers or any other method by which the Parties agree in writing. These transcripts will be treated as Confidential Information in their entirety until such designations are made.

5.    <u>Non-Confidential Information</u>.    The term Confidential Information does not include:

5.1    Information that has been previously published or otherwise made freely available to the general public, other than as a result of wrongful or unauthorized disclosure or disclosure in violation of the terms hereof;

5.2    Information that both Parties agree in writing shall not be designated as Confidential Information.; and

5.3    Information that the Court, upon motion, determines is not subject to the terms of this Order.

6.    <u>Nondisclosure of and Restrictions on Use of Confidential Information</u>. Confidential Information will be kept confidential by the Parties and any non-parties who receive Confidential Information and shall be utilized by such Parties, non-parties and their respective counsel solely for the purposes of this SDNY Litigation and for no other purpose. The Parties and all non-parties who receive Confidential Information pursuant to the terms of this Order shall safeguard all Confidential Information from unauthorized disclosure. Confidential Information may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only to the persons specified in Paragraphs 7 and 8 hereof and only in accordance with the terms of this Order. Without limiting the generality of any other provisions hereof, unless

6

previously specifically authorized in writing by the Designating Party, no Confidential Information shall be disclosed by or on behalf of a Party or non-party in any press release, disclosure document, governmental filing or other public document or medium.

      7.    <u>Disclosure of Confidential Information to Experts</u>.

      7.1    As used herein, "Expert" shall mean a person who has been retained by a Party or its counsel to furnish technical or expert services or give testimony in connection with the SDNY Litigation and who is not an employee or former employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

      7.2    The Parties may disclose Confidential Information to their Experts, but only if such Expert reasonably needs to know the Confidential Information in connection with the SDNY Litigation, and then, only after each such Expert has: (i) been informed of the confidential nature of the Confidential Information; and (ii) executed an Acknowledgment of his/her/their obligation to be bound by the terms of this Stipulated Protective Order, which Acknowledgment shall be in the form attached hereto as Exhibit A.

      7.3    The party whose Expert it is will: (i) inform each such Expert of the confidential nature of the Confidential Information; (ii) cause such Expert to treat the Confidential Information confidentially and not to disclose or use it other than in connection with the SDNY Litigation; (iii) be responsible for any improper disclosure or use of the Confidential Information by the party or any such Expert (including without limitation any Expert, who, subsequent to the date of disclosure of the Confidential Information hereunder, becomes a former Expert).

      8.    <u>Disclosure of Confidential Information to Others</u>.  Confidential Information may also be disclosed only to the following persons in accordance with the terms set forth herein:

8.1    Counsel (both outside counsel of record and in-house counsel) for the Parties to this action and their associated attorneys, paralegals and support staff who are directly assisting such counsel in connection with this SDNY Litigation, who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

8.2    The Court and Court personnel, provided that such Confidential Information is disclosed to the Court and Court personnel in the following manner:

8.2.a    Any Party or non-party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this SDNY Litigation, the words "CONFIDENTIAL INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Court upon disposition of the motion or other proceeding for which they were submitted.

8.2.b    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents, information or testimony which previously has been designated by a party as comprising or containing Confidential Information, shall identify such documents, information or testimony by the production number ascribed to them at the time of production, and should be filed with the Court in the manner set forth in Paragraph 8.2.a. above.

8

8.3     An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 10 and 10.1 hereof;

8.4     Trial and deposition witnesses, and their counsel, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 10 and 10.1 hereof; and

8.5     Any other person agreed to in writing by the Parties or upon Order of the Court for good cause shown.

9.     Disclosure of Highly Confidential Information.  Notwithstanding anything herein to the contrary, any and all material that is designated "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" and any information contained therein shall be shown only to those persons identified in Paragraphs 8.1 and 8.2 hereof, and in the manner and pursuant to the terms set forth therein.

10.     Depositions.  All depositions shall presumptively be treated as Confidential Information and subject to this Stipulated Protective Order during the deposition and for a limited period of fifteen (15) days after a transcript of said deposition is received by counsel for the Party asserting the claim of confidentiality.  On or before the expiration of the fifteen (15) day period, deposition testimony may be designated as Confidential by written notice of the specific pages and lines of testimony that are Confidential. Each Party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody or control.  If no such designation is made within the fifteen (15) day period, the testimony will not be considered or treated as Confidential Information.

10.1    Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulated Protective Order and he/she shall execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order in the form attached hereto as Exhibit A. Counsel for the Party obtaining the Acknowledgement shall supply a copy to counsel for the other Party. In the event that the deposition witness refuses to execute the Acknowledgement during the course of the deposition, that witness, at the option of the Party who made the Confidential Information designation, may be shown Confidential Information to the extent reasonably necessary to obtain his/her testimony but the deposition witness shall not be permitted to make or retain copies of any such Confidential Information and copies of such Confidential Information shall not be sent to the witness with the transcript of his/her deposition testimony.

11.    Court Hearings or Trial. Should the need arise for a Party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the Party may do so only after taking such steps as the Court, upon inquiry of the disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information..

12.    Non-Party Documents or Information. A Party may designate as Confidential Information subject to this Stipulated Protective Order any document, information or testimony produced or given by any non-party to this action, or any portion thereof only to the extent that the documents or information produced or the testimony provided by the non-party discloses the Party's own Confidential Information. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the claim of confidentiality or within fifteen (15)

10

days of entry of this Stipulated Protective Order, whichever is later.  In the case of deposition testimony, designation shall be made by notifying all counsel in writing of the specific pages and lines of testimony which are to be stamped or otherwise treated as Confidential Information at any time up to fifteen (15) days after the transcript is received by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.  Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.  Objections to any such designations shall be handled in the manner set forth in Paragraph 13 hereof.  If no such designation is made within the fifteen (15) day period, the documents, information and/or testimony will not be considered to be or treated as Confidential Information.

13.     Potential Declassification of Confidential Information.  A Party may, at any time within thirty (30) days of receipt of Confidential Information notify the Designating Party that such Party does not concur in the designation of a document or other material as Confidential Information. The receiving party and the Designating Party shall meet and confer in an attempt to resolve such dispute.  If the dispute cannot be resolved, either Party may seek a ruling from the Court by submitting a joint letter to the Court in accordance with the applicable Court rules and Order(s), describing the dispute and requesting a conference.  The Party seeking to retain the Confidential Information designation shall bear the burden of proof in any challenge to such designation.  If no such conference is requested, such documents, information and/or testimony shall continue to be treated as Confidential Information.  If such a conference is requested, the documents, information or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

11

14. <u>Inadvertently Produced Documents Without Confidential Identification</u>. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" nature as provided in Paragraphs 3 and/or 4 above, may be so designated by the Party asserting the claim of confidentiality by written notice to counsel for the other Party identifying the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" within a reasonable time following the discovery that the document or information has been produced without such designation or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.

15. <u>Compelled Disclosure</u>. If any Party or non-party is served with a subpoena or an order issued in another litigation or is otherwise requested or required by applicable law to disclose any Confidential Information,, such Party or non-party will promptly notify the other Party or Parties in writing immediately, and in no event more than five (5) days after receiving the subpoena, order or request in order to permit the Designating Party to seek a protective order or to take other appropriate action. Such notification must include a copy of the subpoena, court order or request. The Party or non-party receiving such subpoena or order also must immediately inform in writing the party who caused the subpoena, order or request to issue that some or all the material covered by the subpoena, order or request is the subject of this Stipulated Protective Order. Additionally, the Party or non-party receiving such subpoena or order must deliver a copy of this Stipulated Protective Order promptly to the party that caused the subpoena, order or request to issue. Notwithstanding the foregoing, nothing herein shall restrict, or otherwise purport to prohibit the Party or non-party from making disclosure of any Confidential Information to a governmental unit as required by any applicable laws, rules or regulations requiring such disclosure; provided however, that the Party or non-party receiving such subpoena

12

or order shall notify the Designating Party of the Confidential Information that is proposed to be disclosed and to whom such disclosure will be made, not less than five (5) business days prior to making such disclosure.  The Party or non-party receiving such subpoena or order also will cooperate in the Designating Party's efforts to obtain a protective order or other reasonable assurance that confidential treatment will be accorded to the Confidential Information.  If, in the absence of a protective order, the Party receiving such subpoena or order is compelled as a matter of law to disclose the Confidential Information, such Party may disclose, but only to the extent required by applicable law, only the part of the Confidential Information as is required by law to be disclosed, provided that such Party shall exercise  commercially reasonable efforts to obtain an order or reasonable assurance that confidential treatment shall be accorded to such Confidential Information.

16.    Unauthorized Disclosure of Protected Material.  If a Party or non-party learns that, by inadvertence, or otherwise, Confidential Information has been disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party or non-party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Confidential Information, (iii) inform the person(s) to whom unauthorized disclosures were made of the terms of this Stipulated Protective Order, and (iv) request that such person(s) execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order.  The Parties agree that any use or disclosure of Confidential Information not authorized under this Stipulated Protective Order constitutes irreparable harm per se, and that the Designating Party can seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party can move for monetary sanctions against the Party or non-party that

13

committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

17. <u>Following Final Termination of This Action</u>. Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, all documents and other materials containing Confidential Information produced or designated, including all reproductions thereof, shall be returned to the Designating Party or shall be destroyed, at the option of the Designating Party. In the event that any documents or other materials containing Confidential Information are to be destroyed, each Party and non-party obligated to destroy such documents and materials shall certify in writing within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, that it has undertaken its best efforts to destroy such documents and materials, and that such documents and materials have been destroyed to the best of its knowledge. The Parties agree that any failure to provide the certification required pursuant to the terms hereof constitutes irreparable harm per se, and that the Designating Party may seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party may move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

18. <u>General Provisions</u>. The following General Provisions govern this Stipulated Protective Order:

18.1 This Stipulated Protective Order shall be construed and enforced in accordance with the laws of the State of New York and the Parties hereto submit to the jurisdiction of federal and state courts of New York for all purposes hereof.

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.17.08

18.2    This Stipulated Protective Order shall not be assignable in whole or in part without the prior written consent of the other Party provided, however, that notwithstanding the lack of such consent, this Stipulated Protective Order shall be binding upon any assignee of or successor in interest to each Party.

18.3    No failure or delay by either Party in exercising any right, power, or privilege under this Stipulated Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

18.4    In the event that any provision of this Stipulated Protective Order is deemed invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Stipulated Protective Order shall not in any way be affected or impaired thereby.

18.5    This Stipulated Protective Order may not be amended or waived, in whole or in part, except by a written instrument signed by the duly authorized representative of both Parties hereto, which specifically refers to the provision or provisions of this Stipulated Protective Order which are amended or waived thereby, or by Court order.

18.6    Nothing herein is intended, nor shall it be deemed to constitute, an amendment or waiver of the terms of any prior agreement between some or all of the Parties.

18.7    This Stipulated Protective Order may be executed in several counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

18.8    All persons who receive Confidential Information agree to submit to the jurisdiction of this Court for purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.

19.    Binding Nature of this Stipulated Protective Order.  This Stipulated Protective Order shall remain in force and effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the Parties.

20.    Effect of Stipulated Protective Order.

20.1    Adherence to this Stipulated Protective Order in no way constitutes an admission by any Party that any information provided in this SDNY Litigation and not subject to this Order is not proprietary or confidential.

20.2    This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or non-party nor obligate any Party or non-party to provide discovery to which it asserts objections.

20.3    The terms of this Stipulated Protective Order shall apply to confidential documents, information or testimony produced or disclosed by non-parties in connection with this SDNY Litigation if such non-party wishes to designate any such documents, information or material as Confidential Information.

21.    Nothing herein shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents, information or testimony, which that Party may deem appropriate, including, but not limited to, restrictions on public disclosure or disclosure to competitors.

The Parties agree to be bound by the terms and conditions of this Stipulated Protective Order and have caused this Stipulated Protective Order to be executed by their duly authorized undersigned counsel effective as of the date set forth below.

Dated: June ___, 2008

16

DANIEL JUNK

By:_____

        Charles N. Internicola
        Attorney for Daniel Junk

Decker Decker Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York  10304
718-979-4300


AON CORPORATION, AON SERVICE
CORPORATION and AON CONSULTING, INC.

By:_____

        Lori J. Van Auken
        Attorney for Aon Corp., Aon Service Corp.
        and Aon Consulting, Inc.

Winston & Strawn LLP
200 Park Avenue
New York, New York 10166

212-294-6700
SO ORDERED:


_____
Gabriel W. Gorenstein
United States Magistrate Judge

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.17.08

# EXHIBIT A

## DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, _____, under penalty of perjury, declare as follows:

1.     I have received a copy of the Stipulated Protective Order ("Order") governing the production of Confidential Information which has been entered in *Daniel Junk v. Aon Corp., Aon Service Corporation and Aon Consulting, Inc.*, 07 CIV 4640 (LMM)(GWG).

2.     I have read the Order, understand the terms, conditions and restrictions imposed upon me by the Order, and agree to be bound by all of the terms, conditions and restrictions imposed by the Order.

3.     I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Confidential Information that is the subject of the Order to any person or entity except in strict accordance with the terms of this Order.

4.     I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur following termination of this SDNY action.

Dated: _____

City and State _____

_____
Signature

_____
Name (Printed)

_____
Employer

_____

_____
Business Address

_____
Business Telephone

18

**FOR DISCUSSION PURPOSES ONLY**
**REV. W&S DRAFT 6.13.08̶6.17.08**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
DANIEL JUNK,                                        :
                                                    :
                          Plaintiff,                :
                                                    :    No. 07-CIV-4640 (LMM) (GWG)
              - against -                           :
                                                    :    **STIPULATED**
AON CORP., AON SERVICE CORPORATION and :             **PROTECTIVE ORDER**
AON CONSULTING, INC.,                               :
                                                    :
                          Defendants.               :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS on or about June 1, 2007, Daniel Junk ("Junk") filed a complaint against Aon Corp., Aon Service Corporation and Aon Consulting, Inc. (collectively, "Aon") in the United States District Court for the Southern District of New York, entitled, *Daniel Junk v. Aon Corp., et al.*, No. 07 CIV 4640 (LMM), (the "SDNY Litigation");

WHEREAS on or about January 16, 2008, Aon filed an answer and counterclaims against Junk in the SDNY Litigation;

WHEREAS the parties believe that in the course of this SDNY Litigation certain information, documents and testimony are likely to be disclosed and produced through discovery that may constitute or incorporate trade secrets and other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS the parties believe that the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other confidential research, development or commercial information;

**FOR DISCUSSION PURPOSES ONLY**
**REV. W&S DRAFT 6.13.086.17.08**

WHEREAS good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development or commercial information,

It is hereby STIPULATED, AGREED AND ORDERED, by and between Junk, his heirs, executors, agents, attorneys, successors and assigns, and Aon, their subsidiaries, affiliates, successors, employees agents, attorneys and assigns (together, "the Parties") that the following provisions shall govern the production and exchange of Confidential Information, as that term is defined in Paragraph 2 hereof, during the course of the SDNY Litigation:

1.    Scope of Order.    This Order shall be applicable to and govern the use and dissemination of all information, documents and materials (or portions thereof) that are produced in the SDNY Litigation including, without limitation, information provided with initial disclosures, in response to document requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, responses to requests for admission, stipulations and all other discovery taken, testimony adduced at trial, matters in evidence before this Court, and any other information that a party or non-party reasonably and in good faith believes to contain Confidential Information, as that term is defined in Paragraph 2 hereof, ("Designating Party") and designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" in accordance with the terms of this Order.    The treatment of all documents and other information so designated shall be governed by the terms of this Order.

2.    Definition of Confidential Information.    As used herein, Confidential Information shall be interpreted to include any and all of the following information disclosed by the Parties and any non-parties, whether in written form, orally or through electronic means, including, without limitation, the following:

2.1    information concerning trade secrets;

2.2    information concerning prior, current or potential customers;

2.3    information concerning business development, branding, sales and/or marketing activities;

2.4    information concerning any confidential and proprietary technical, research or development information including, but not limited to information concerning any computer hardware, software and/or technology being developed by, for, and/or on behalf of Aon or any non-party;

2.5    information deemed to be confidential and/or proprietary pursuant to any pre-existing confidentiality, non-disclosure or similar agreement protecting the disclosure of information to persons or entities other than those who are parties to such agreement;

2.6    information concerning any financial, budgeting and/or accounting information;

2.7    information concerning business performance and projections, business strategies, decisions and/or negotiations;

2.8    information concerning pricing; and

2.9    all other confidential, proprietary or otherwise sensitive information as to which the Parties or any third party customarily takes steps to limit or prevent its disclosure or misuse.

3.    <u>Designation of Confidential Information</u>.

3.1    Any Party or non-party may designate as "CONFIDENTIAL" under the terms of this Order any non-public information that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation which such Party or non-party in good faith believes contains Confidential Information it does not wish to be disclosed to the public.

3.2.Any    Party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order any non-public information including but not limited to that information set forth in Paragraph 2 hereof, that such Party or non-party supplies, discloses, produces or uses in connection with the SDNY Litigation, when it has a good faith belief that such information contains highly sensitive technical, business and/or

research information regarding products, services, financial information, marketing plans and forecasts, client lists, client communications, pricing data, cost data, or other such information the disclosure of which would be detrimental to the Designating Party and/or its business interests.

       3.3    In the event that a Party or non-party has not designated any documents, information or testimony that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" but another Party or non-party believes such documents, information or testimony should be so designated, such Party or non-party may so designate such documents, information or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" within fifteen (15) days after actual receipt of such documents, information or testimony or within fifteen (15) days after the entry of this Stipulated Protective Order, whichever is later.

       3.4    In the event any Designating Party produces Confidential Information that has not been designated as such, or is not correctly designated, the Designating Party may designate or redesignate the Confidential Information to the same extent as it may be designated the Confidential Information before production, by a subsequent notice in writing specifically identifying the redesignated Confidential Information, in which event, the Parties and any non-party shall henceforth treat such Confidential Information in accordance with this Order, and shall undertake their best efforts to correct any disclosure of such Confidential Information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation. No demonstration or proof of error, inadvertence, or excusable neglect by the Designating Party shall be required for such redesignation.

       3.5    The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Information, but also any and all

4

copies, notes, photographs, excerpts, and summaries thereof, as well as any and all testimony, oral conversations and electronic data reflecting or concerning Confidential Information.

4.    <u>Procedures For Designating Confidential Information.</u>  Confidential Information shall be designated and marked as follows:

4.1    <u>Documents</u>. Documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as Confidential Information by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" on any such document prior to service or filing. Such legend shall be placed on the first page of each document containing Confidential Information and upon each page within such document considered to be Confidential Information.

4.2    <u>Magnetic, Optical Media and Other Electronic Documents</u>. Where a document is produced in a magnetic, optical media or other electronic form (such as hard drive, CD-ROM, DVD or flash memory), the drive, CD-ROM, DVD or medium container shall be marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" as appropriate. When possible, files contained on these media may be designated as Confidential Information prior to disclosure or production, via the process described in Paragraph 4.1. To the extent such media is printed out, then Paragraph 4.1. will apply.

4.3    <u>Physical Exhibits</u>: The confidential status of a physical exhibit shall be indicated by stamping or placing a label on said physical exhibit designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY."

4.4    <u>Partial Designations</u>: In the case of information incorporated in answers to interrogatories or responses to requests for admission, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" legend shall be placed on the answer or response and such answers or responses shall be separately produced.

4.5     Deposition Proceedings:     Deposition transcripts may be designated confidential by stamping each page of the confidential portion with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY," by submitting a list of confidential portions identified by page numbers or any other method by which the Parties agree in writing. These transcripts will be treated as Confidential Information in their entirety until such designations are made.

5.     Non-Confidential Information.     The term Confidential Information does not include:

5.1     Information that has been previously published or otherwise made freely available to the general public, other than as a result of wrongful or unauthorized disclosure or disclosure in violation of the terms hereof;

5.2     Information that both Parties agree in writing shall not be designated as Confidential Information.; and

5.3     Information that the Court, upon motion, determines is not subject to the terms of this Order.

6.     Nondisclosure of and Restrictions on Use of Confidential Information. Confidential Information will be kept confidential by the Parties and any non-parties who receive Confidential Information and shall be utilized by such Parties, non-parties and their respective counsel solely for the purposes of this SDNY Litigation and for no other purpose. The Parties and all non-parties who receive Confidential Information pursuant to the terms of this Order shall safeguard all Confidential Information from unauthorized disclosure. Confidential Information may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only to the persons specified in Paragraphs 7 and 8 hereof and only in accordance with the terms of this Order. Without limiting the generality of any other provisions hereof, unless

6

**FOR DISCUSSION PURPOSES ONLY**
**REV. W&S DRAFT 6.13.086.17.08**

previously specifically authorized in writing by the Designating Party, no Confidential Information shall be disclosed by or on behalf of a Party or non-party in any press release, disclosure document, governmental filing or other public document or medium.

7.    Disclosure of Confidential Information to Experts.

7.1    As used herein, "Expert" shall mean a person who has been retained by a Party or its counsel to furnish technical or expert services or give testimony in connection with the SDNY Litigation and who is not an employee or former employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

7.2    The Parties may disclose Confidential Information to their Experts, but only if such Expert reasonably needs to know the Confidential Information in connection with the SDNY Litigation, and then, only after each such Expert has: (i) been informed of the confidential nature of the Confidential Information; and (ii) executed an Acknowledgment of his/her/their obligation to be bound by the terms of this Stipulated Protective Order, which Acknowledgment shall be in the form attached hereto as Exhibit A.

7.3    The party whose Expert it is will: (i) inform each such Expert of the confidential nature of the Confidential Information; (ii) cause such Expert to treat the Confidential Information confidentially and not to disclose or use it other than in connection with the SDNY Litigation; (iii) be responsible for any improper disclosure or use of the Confidential Information by the party or any such Expert (including without limitation any Expert, who, subsequent to the date of disclosure of the Confidential Information hereunder, becomes a former Expert).

8.    Disclosure of Confidential Information to Others.  Confidential Information may also be disclosed only to the following persons in accordance with the terms set forth herein:

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.13.086.17.08

8.1    Counsel (both outside counsel of record and in-house counsel) for the Parties to this action and their associated attorneys, paralegals and support staff who are directly assisting such counsel in connection with this SDNY Litigation, who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

8.2    The Court and Court personnel, provided that such Confidential Information is disclosed to the Court and Court personnel in the following manner:

8.2.a    Any Party or non-party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this SDNY Litigation, the words "CONFIDENTIAL INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Court upon disposition of the motion or other proceeding for which they were submitted.

8.2.b    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents, information or testimony which previously has been designated by a party as comprising or containing Confidential Information, shall identify such documents, information or testimony by the production number ascribed to them at the time of production, and should be filed with the Court in the manner set forth in Paragraph 8.2.a. above.

8

8.3     An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 10 and 10.1 hereof;

8.4     Trial and deposition witnesses, and their counsel, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 10 and 10.1 hereof; and

8.5     Any other person agreed to in writing by the Parties or upon Order of the Court for good cause shown.

9.     <u>Disclosure of Highly Confidential Information. Notwithstanding anything herein to the contrary, any and all material that is designated "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" and any information contained therein shall be shown only to those persons identified in Paragraphs 8.1 and 8.2 hereof, and in the manner and pursuant to the terms set forth therein.</u>

10.     <u>Depositions</u>.    All depositions shall presumptively be treated as Confidential Information and subject to this Stipulated Protective Order during the deposition and for a limited period of fifteen (15) days after a transcript of said deposition is received by counsel for the Party asserting the claim of confidentiality. On or before the expiration of the fifteen (15) day period, deposition testimony may be designated as Confidential by written notice of the specific pages and lines of testimony that are Confidential. Each Party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody or control. If no such designation is made within the fifteen (15) day period, the testimony will not be considered or treated as Confidential Information.

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.13.08̶6.17.08

10.1    Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulated Protective Order and he/she shall execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order in the form attached hereto as Exhibit A. Counsel for the Party obtaining the Acknowledgement shall supply a copy to counsel for the other Party. In the event that the deposition witness refuses to execute the Acknowledgement during the course of the deposition, that witness, at the option of the Party who made the Confidential Information designation, may be shown Confidential Information to the extent reasonably necessary to obtain his/her testimony but the deposition witness shall not be permitted to make or retain copies of any such Confidential Information and copies of such Confidential Information shall not be sent to the witness with the transcript of his/her deposition testimony.

11.    Court Hearings or Trial. Should the need arise for a Party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the Party may do so only after taking such steps as the Court, upon inquiry of the disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information..

12.    Non-Party Documents or Information. A Party may designate as Confidential Information subject to this Stipulated Protective Order any document, information or testimony produced or given by any non-party to this action, or any portion thereof only to the extent that the documents or information produced or the testimony provided by the non-party discloses the Party's own Confidential Information. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the claim of confidentiality or within fifteen (15)

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.13.086.17.08

days of entry of this Stipulated Protective Order, whichever is later. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of the specific pages and lines of testimony which are to be stamped or otherwise treated as Confidential Information at any time up to fifteen (15) days after the transcript is received by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. Objections to any such designations shall be handled in the manner set forth in Paragraph 13 hereof. If no such designation is made within the fifteen (15) day period, the documents, information and/or testimony will not be considered to be or treated as Confidential Information.

13. Potential Declassification of Confidential Information. A Party may, at any time within thirty (30) days of receipt of Confidential Information notify the Designating Party that such Party does not concur in the designation of a document or other material as Confidential Information. The receiving party and the Designating Party shall meet and confer in an attempt to resolve such dispute. If the dispute cannot be resolved, either Party may seek a ruling from the Court by submitting a joint letter to the Court in accordance with the applicable Court rules and Order(s), describing the dispute and requesting a conference. The Party seeking to retain the Confidential Information designation shall bear the burden of proof in any challenge to such designation. If no such conference is requested, such documents, information and/or testimony shall continue to be treated as Confidential Information. If such a conference is requested, the documents, information or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

14.    Inadvertently Produced Documents Without Confidential Identification.    Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" nature as provided in Paragraphs 3 and/or 4 above, may be so designated by the Party asserting the claim of confidentiality by written notice to counsel for the other Party identifying the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" within a reasonable time following the discovery that the document or information has been produced without such designation or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.

15.    Compelled Disclosure.    If any Party or non-party is served with a subpoena or an order issued in another litigation or is otherwise requested or required by applicable law to disclose any Confidential Information,, such Party or non-party will promptly notify the other Party or Parties in writing immediately, and in no event more than five (5) days after receiving the subpoena, order or request in order to permit the Designating Party to seek a protective order or to take other appropriate action. Such notification must include a copy of the subpoena, court order or request. The Party or non-party receiving such subpoena or order also must immediately inform in writing the party who caused the subpoena, order or request to issue that some or all the material covered by the subpoena, order or request is the subject of this Stipulated Protective Order. Additionally, the Party or non-party receiving such subpoena or order must deliver a copy of this Stipulated Protective Order promptly to the party that caused the subpoena, order or request to issue. Notwithstanding the foregoing, nothing herein shall restrict, or otherwise purport to prohibit the Party or non-party from making disclosure of any Confidential Information to a governmental unit as required by any applicable laws, rules or regulations requiring such disclosure; provided however, that the Party or non-party receiving such subpoena

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.13.086.17.08

or order shall notify the Designating Party of the Confidential Information that is proposed to be disclosed and to whom such disclosure will be made, not less than five (5) business days prior to making such disclosure. The Party or non-party receiving such subpoena or order also will cooperate in the Designating Party's efforts to obtain a protective order or other reasonable assurance that confidential treatment will be accorded to the Confidential Information. If, in the absence of a protective order, the Party receiving such subpoena or order is compelled as a matter of law to disclose the Confidential Information, such Party may disclose, but only to the extent required by applicable law, only the part of the Confidential Information as is required by law to be disclosed, provided that such Party shall exercise commercially reasonable efforts to obtain an order or reasonable assurance that confidential treatment shall be accorded to such Confidential Information.

16. <u>Unauthorized Disclosure of Protected Material</u>. If a Party or non-party learns that, by inadvertence, or otherwise, Confidential Information has been disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party or non- party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Confidential Information, (iii) inform the person(s) to whom unauthorized disclosures were made of the terms of this Stipulated Protective Order, and (iv) request that such person(s) execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order. The Parties agree that any use or disclosure of Confidential Information not authorized under this Stipulated Protective Order constitutes irreparable harm per se, and that the Designating Party can seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party can

**FOR DISCUSSION PURPOSES ONLY**
**REV. W&S DRAFT 6.13.08 6.17.08**

move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

17.    <u>Following Final Termination of This Action</u>.    Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, all documents and other materials containing Confidential Information produced or designated, including all reproductions thereof, shall be returned to the Designating Party or shall be destroyed, at the option of the Designating Party. In the event that any documents or other materials containing Confidential Information are to be destroyed, each Party and non-party obligated to destroy such documents and materials shall certify in writing within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, that it has undertaken its best efforts to destroy such documents and materials, and that such documents and materials have been destroyed to the best of its knowledge. The Parties agree that any failure to provide the certification required pursuant to the terms hereof constitutes irreparable harm per se, and that the Designating Party may seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party may move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

18.    <u>General Provisions</u>.    The following General Provisions govern this Stipulated Protective Order:

18.1    This Stipulated Protective Order shall be construed and enforced in accordance with the laws of the State of New York and the Parties hereto submit to the jurisdiction of federal and state courts of New York for all purposes hereof.

18.2    This Stipulated Protective Order shall not be assignable in whole or in part without the prior written consent of the other Party provided, however, that notwithstanding the lack of such consent, this Stipulated Protective Order shall be binding upon any assignee of or successor in interest to each Party.

18.3    No failure or delay by either Party in exercising any right, power, or privilege under this Stipulated Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

18.4    In the event that any provision of this Stipulated Protective Order is deemed invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Stipulated Protective Order shall not in any way be affected or impaired thereby.

18.5    This Stipulated Protective Order may not be amended or waived, in whole or in part, except by a written instrument signed by the duly authorized representative of both Parties hereto, which specifically refers to the provision or provisions of this Stipulated Protective Order which are amended or waived thereby, or by Court order.

18.6    Nothing herein is intended, nor shall it be deemed to constitute, an amendment or waiver of the terms of any prior agreement between some or all of the Parties.

18.7    This Stipulated Protective Order may be executed in several counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

18.8    All persons who receive Confidential Information agree to submit to the jurisdiction of this Court for purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.

**FOR DISCUSSION PURPOSES ONLY**
**REV. W&S DRAFT ~~6.13.08~~6.17.08**

19.    Binding Nature of this Stipulated Protective Order.  This Stipulated Protective Order shall remain in force and effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the Parties.

20.    Effect of Stipulated Protective Order.

20.1    Adherence to this Stipulated Protective Order in no way constitutes an admission by any Party that any information provided in this SDNY Litigation and not subject to this Order is not proprietary or confidential.

20.2    This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or non-party nor obligate any Party or non-party to provide discovery to which it asserts objections.

20.3    The terms of this Stipulated Protective Order shall apply to confidential documents, information or testimony produced or disclosed by non-parties in connection with this SDNY Litigation if such non-party wishes to designate any such documents, information or material as Confidential Information.

21.    Nothing herein shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents, information or testimony, which that Party may deem appropriate, including, but not limited to, restrictions on public disclosure or disclosure to competitors.

The Parties agree to be bound by the terms and conditions of this Stipulated Protective Order and have caused this Stipulated Protective Order to be executed by their duly authorized undersigned counsel effective as of the date set forth below.

Dated:  June ___, 2008

DANIEL JUNK

By:_____
       Charles N. Internicola
       Attorney for Daniel Junk

Decker Decker Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York  10304
718-979-4300


AON CORPORATION, AON SERVICE
CORPORATION and AON CONSULTING, INC.

By:_____
       Lori J. Van Auken
       Attorney for Aon Corp., Aon Service Corp.
       and Aon Consulting, Inc.

Winston & Strawn LLP
200 Park Avenue
New York, New York 10166

212-294-6700
SO ORDERED:


_____
Gabriel W. Gorenstein
United States Magistrate Judge

17

FOR DISCUSSION PURPOSES ONLY
REV. W&S DRAFT 6.13.086.17.08

## EXHIBIT A

## DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, _____, under penalty of perjury, declare as follows:

1.    I have received a copy of the Stipulated Protective Order ("Order") governing the production of Confidential Information which has been entered in *Daniel Junk v. Aon Corp., Aon Service Corporation and Aon Consulting, Inc.*, 07 CIV 4640 (LMM)(GWG).

2.    I have read the Order, understand the terms, conditions and restrictions imposed upon me by the Order, and agree to be bound by all of the terms, conditions and restrictions imposed by the Order.

3.    I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Confidential Information that is the subject of the Order to any person or entity except in strict accordance with the terms of this Order.

4.    I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur following termination of this SDNY action.

Dated: _____

City and State _____        _____
                                            Signature


                                            _____
                                            Name (Printed)


                                            _____
                                            Employer


                                            _____
                                            Business Address


                                            _____
                                            Business Telephone

18

# EXHIBIT 28

**Charlemagne, Daphney**

| | |
|---|---|
| **From:** | cinternicola@dddilaw.com |
| **Sent:** | Thursday, June 19, 2008 9:18 PM |
| **To:** | Van Auken, Lori J. |
| **Subject:** | Re: Junk v. Aon |

Ms Van Auken,

We presently have a conference scheduled due to the defendants documented and ongoing nonproduction.

The plaintiff has timely responded to all of defendants demands. With regard to your June 13 correspondence, I have advised you that we would supplement our responses. Unless you are requesting intervention to mask defendants non-production, in light of my agreement to supplement our responses, I do not understand the point of your remarks.

I do have your revised proposed order in my brief case but it is not presently assessible in that I am in transit right now.


Charles N. Internicola
Decker Decker Dito & Internicola, LLP
1610 Richmond Rd. Staten Island, NY 10304
T. 718.979.4300

(Sent by Wireless BlackBerry)

-----Original Message-----
From: "Van Auken, Lori J." <Lvanauke@winston.com>

Date: Thu, 19 Jun 2008 20:24:12
To:<cinternicola@dddilaw.com>
Subject: RE: Junk v. Aon


Charles,

I am still in my office and available to discuss these matters with you now. We advised you of our intention to seek a protective order in our responses to your document request, and on several occasions prior and subsequent to that time. You have had the proposed protective order for three weeks and the proposed change which I made at your request since Tuesday, June 17. I believe we have provided you and your client with sufficient time to review the proposal. In any event, the issues relating to Plaintiff's production and Plaintiff's failure to comply with the requests made in my June 13, 2008 letter, still warrant the intervention of the Court.


Lori

1

-----Original Message-----
From: cinternicola@dddilaw.com [mailto:cinternicola@dddilaw.com]

Sent: Thursday, June 19, 2008 8:00 PM
To: Van Auken, Lori J.
Subject: Re: Junk v. Aon

Lori,


We were together this past Wednesday and I would of been happy to speak with you. In response to my prior objection, I believe that you have modified your proposed order. I can review this and speak with you on monday. I do not understand why you did not raise this issue when your document production was due.

Again, I can speak on Monday..

Charles N. Internicola
Decker Decker Dito & Internicola, LLP
1610 Richmond Rd. Staten Island, NY 10304
T. 718.979.4300

(Sent by Wireless BlackBerry)

-----Original Message-----
From: "Van Auken, Lori J." <Lvanauke@winston.com>

Date: Thu, 19 Jun 2008 19:29:42

To:<cinternicola@dddilaw.com>
Subject: RE: Junk v. Aon



We intend to seek a pre-motion conference with the court tomorrow regarding the proposed protective order and plaintiff's document production. I am available now if you would like to call me in the office at 212-294-4707.




-----Original Message-----
From: cinternicola@dddilaw.com [mailto:cinternicola@dddilaw.com]

Sent: Thursday, June 19, 2008 7:24 PM
To: Van Auken, Lori J.
Subject: Re: Junk v. Aon

Lori,

I am in DC on a business matter. My partner has forwarded your information and facsimile, although I

will be away, I could make arrangements to speak with you on Monday.
Charles N. Internicola
Decker Decker Dito & Internicola, LLP
1610 Richmond Rd. Staten Island, NY 10304
T. 718.979.4300

(Sent by Wireless BlackBerry)

-----Original Message-----
From: "Van Auken, Lori J." <Lvanauke@winston.com>

Date: Thu, 19 Jun 2008 16:22:54

To:"Charles N. Internicola" <cinternicola@dddilaw.com>
Subject: FW: Junk v. Aon

Charles,

I just left another message with your office.  Please let me know if you are available any time today
for a telephone conference to discuss the proposed protective order and Plaintiff's document
production.   If not, please advise as soon as possible so that I may request a pre-motion conference
with the Court.

Lori

Lori J. Van Auken
Partner

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
T: +1 (212) 294-6700
F: +1 (212) 294-4700

email | www.winston.com

-----------------
From: Van Auken, Lori J.

Sent: Wednesday, June 18, 2008 6:26 PM
To: 'Charles N. Internicola'
Subject: Junk v. Aon

Charles,

I called you this afternoon to follow up on the letter I sent you yesterday regarding the proposed Stipulated Protective Order, and the letter I sent you on Friday, June 13, 2008, regarding Plaintiff's production of privileged and confidential Aon documents. Please let me know if you are available later today or tomorrow to discuss these matters further.

Regards,

Lori J. Van Auken
Partner

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
T: +1 (212) 294-6700
F: +1 (212) 294-4700

email | www.winston.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# **EXHIBIT 29**

```
Confirmation Report - Memory Send

                              Page      : 001
                              Date & Time: 06-20-08   04:59pm
                              Line 1    : +12122941713
                              Line 2    : +12122941713
                              Machine ID : Winston & Strawn


Job number          :   486

Date                :   06-20  04:55pm

To                  : ☎917183513514

Number of pages     :   024

Start time          :   06-20  04:55pm

End time            :   06-20  04:59pm

Pages sent          :   024

Status              :   OK

Job number     : 486        *** SEND SUCCESSFUL ***
```

# WINSTON & STRAWN LLP   Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700   FACSIMILE: 212-294-4700

## Fax Number: 212-294-4700

FROM:   Lori J. Van Auken
        (212) 294-4707

DATE:   6/20/2008

CHARGEBACK:
10107
6345.49

Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page: 23

COMMENTS

Please see attached.

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-6319

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____          No: _____
Confirmation: Yes ____  Name: _____

# WINSTON & STRAWN LLP | Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700   FACSIMILE: 212-294-4700

| | | | | | | |
|---|---|---|---|---|---|---|
| 35 W. WACKER DRIVE<br>CHICAGO IL 60601-9703<br>312 558-5600 | 1700 K STREET, N.W.<br>WASHINGTON, DC 20006-3817<br>202-282-5000 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA 90071-1543<br>213-615-1700 | 101 CALIFORNIA STREET<br>SAN FRANCISCO CA 94111-5894<br>415-591-1000 | 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br>41-22-317-75-75 | 25 AVENUE MARCEAU<br>75116 PARIS, FRANCE<br>33-1-53-64-82-82 | 99 GRESHAM STREET<br>LONDON, UNITED KINGDOM EC2V 7NG<br>44-020-7105-0000 |

## Fax Number: 212-294-4700

**FROM:** Lori J. Van Auken
(212) 294-4707

**DATE:** 6/20/2008

**CHARGEBACK:**
10107
6345.49

## Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page: 23

**COMMENTS**

Please see attached.

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes ____ Name: _____ No: ____

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-154?

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-58?

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

June 20, 2008

**BY HAND**

Honorable Gabriel W. Gorenstein
Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.)(LMM)(GWG)**

Dear Judge Gorenstein:

Winston & Strawn LLP represents the defendants, Aon Corp., Aon Service Corporation and Aon Consulting, Inc. ("Defendants") in the above-referenced action. I am writing pursuant to this Court's individual practices to request a pre-motion conference to discuss Defendants' intent to seek a protective order and sanctions. This request is necessitated by Plaintiff Daniel Junk's production of many of Defendants' privileged and confidential business and proprietary communications and Plaintiff's refusal to return such documents, refrain from disclosing them to third parties, or enter into a protective order that would govern their use in this litigation. A copy of the proposed protective order previously submitted to Plaintiff's counsel is attached hereto as Exhibit A.

A conference is presently scheduled before the Court on July 2, 2008, at 4:00 p.m., to address several other discovery matters that have arisen in this action. The circumstances which necessitate the instant request for a pre-motion conference are as follows.

On June 10, 2008, Plaintiff responded to Defendants' First Request for the Production of Documents by producing written objections and in excess of 1800 pages of documents. Among the documents Plaintiff produced are many items taken from Defendants' files outside the discovery process, in direct violation of company policy and in breach of various confidentiality agreements between Defendants and its current and former employees, including the Plaintiff. Such documents include, among other things: (1) communications between Defendants' employees and Defendants' in-house counsel concerning the above-referenced action (including a communication copied to a Winston & Strawn LLP attorney); (2) communications concerning the development of Defendants' proprietary computer software and business solutions; and (3) communications concerning Defendants' clients, pricing and business development efforts. Many of these documents were also produced by Plaintiff with his Rule 26

WINSTON & STRAWN LLP

Hon. Gabriel W. Gorenstein
June 20, 2008
Page 2

initial disclosures. At that time, several of the documents appeared to have been manipulated, in some instances by grouping unrelated emails together as if they were one, and in other cases, copying the emails in such a way that the source of the emails was cut off.

On June 13, 2008, the undersigned sent a letter to Plaintiff's counsel, Decker Decker Dito & Internicola, LLP, requesting the immediate return of all documents containing such privileged and confidential business and proprietary information. In addition, the undersigned requested notification of the names and addresses of any and all persons to whom such information may have been provided and written assurances that all necessary and appropriate steps had been taken by Plaintiff to ensure that such documents would be returned to the undersigned and disclosed to no one else. To date, Plaintiff has failed to comply with these requests.

Plaintiff's production of these highly sensitive, privileged and confidential documents is particularly disturbing given that Plaintiff has done so deliberately and with full knowledge of Defendants' objection to the disclosure of such information. Plaintiff's conduct is further exacerbated by his *admission*, in response to Defendants' Requests for Admission and First Set of Interrogatories, that he obtained the documents which he produced with his initial disclosures outside the discovery process from two of Defendant Aon Consulting, Inc.'s former employees.

Moreover, at the time Plaintiff produced these confidential documents, he was fully aware of Defendants' intention to seek a protective order governing the production of the types of documents at issue here. Indeed, on June 1, 2008, *ten days prior* to Plaintiff's production, and following several prior discussions concerning the matter among counsel, Defendants sent Plaintiff a proposed "Stipulated Protective Order." In that communication, Defendants advised Plaintiff of their desire to submit the proposed protective order to the Court for approval that very week, as part of a joint letter then being drafted to the Court. Plaintiff's counsel responded several days later, on June 3, 2008, requesting additional time to discuss the proposal with his client. However, instead of responding in good faith to Defendants' proposed protective order, Plaintiff ignored it and proceeded to produce these highly sensitive, privileged and confidential communications in response to Defendants' discovery demands.

Indeed, Plaintiff did not respond to Defendants' proposal until earlier this week when, on June 16, 2008, he sent a letter to Defendants objecting to the breadth of the proposed protective order and requesting that Defendants provide him with additional, specific information to help him "evaluate the proposal." Notwithstanding the questionable sincerity of Plaintiff's request, Defendants responded, by letter dated June 17, 2008, pointing out the multiple provisions of the proposed protective order which specifically identify the types of information at issue and offering to modify the proposed protective order to more narrowly define its reach.

Plaintiff is an attorney. He and his counsel surely must have been aware that the documents which they produced include many highly sensitive, privileged and confidential communications which one or both of them procured outside the discovery process, without Defendants' permission and in violation of various common law and contractual duties owed to

WINSTON & STRAWN LLP

Hon. Gabriel W. Gorenstein
June 20, 2008
Page 3

Defendants. The law is clear that upon receipt of such information, Plaintiff and his counsel had an obligation to notify Defendants that they had received such information and, upon their request, to return all such documents to the Defendants and to refrain from using them in this action or for any other purpose. _Knitting Fever, Inc. v. Coats Holding, Ltd._, No. 05CV1065(DRH)(MLO), 2005 WL 3050299, * 2 (E.D.N.Y. Nov. 14, 2005) (citing Am. Bar Ass'n Standing Comm. on Ethics and Prof. Resp., Formal Op. 92-368 ("_A lawyer who receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under the circumstances where it is clear that they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them._")). Here, Plaintiff and his counsel not only failed to take these fundamental steps but, instead, chose to use these improperly obtained documents in this very litigation.

The undersigned has made several attempts during the last three days to speak with Plaintiff's counsel prior to submitting this letter to the Court. On Wednesday, June 18, 2008, the undersigned telephoned Plaintiff's counsel, and followed up with an email, but Plaintiff's counsel did not respond to either. The undersigned again attempted to contact Plaintiff's counsel by telephone on June 19, 2008. Although Plaintiff's counsel was out of the office, the undersigned spoke with one of his partners and again followed up with an email. Plaintiff's counsel finally responded to the email yesterday evening, but declined my several invitations to speak on the telephone. Instead, Plaintiff's counsel advised, via email, that he would not be available to discuss the proposed protective order until Monday, June 23, 2008. Although he acknowledged receiving Defendants' June 13, 2008 letter, Plaintiff's counsel failed to address Defendants' request for the return of their documents. Accordingly, the undersigned sent a further email to Plaintiff's counsel earlier today, June 20, 2008, reiterating Defendants' positions, explaining the basis for Defendants' intended motion and advising that a letter would be submitted to the Court today. Plaintiff's counsel responded by email with blanket objections to my statements, but did not call.

Defendants regret that they again must request the Court's intervention to address a matter that, in the ordinary course, should be resolved in a professional manner through the good faith negotiation of counsel. Here, however, Plaintiff's utter disregard and disrespect for the sanctity of Defendants' privileged, confidential and proprietary communications and abuse of this Court's discovery processes necessitates this request for relief. Evidently, Plaintiff's refusal to return Defendants' documents or to negotiate the terms of a protective order, in good faith (even when doing so would allow Defendants to begin producing documents) is, in reality, an attempt to delay the process in the hopes that Plaintiff will gain an improper advantage over Defendants in this and potentially other proceedings.

Accordingly, in light of the foregoing, Defendants respectfully request that they be permitted to make a motion (1) for an order compelling Plaintiff and his counsel to return to the undersigned any and all documents (as that term is defined in Local Rule 26.3(c)(2)) containing Defendants' privileged and confidential information; (2) for an order compelling Plaintiff and his counsel to take all necessary and appropriate steps to ensure the return of all

WINSTON & STRAWN LLP

Hon. Gabriel W. Gorenstein
June 20, 2008
Page 4

such materials to the undersigned, and the termination of any and all access to such information, by any third parties; (3) for an order preventing Plaintiff and his counsel from disclosing Defendants' privileged and confidential information to any third parties except to the extent and in the manner set forth in the proposed protective order; and (4) seeking the entry of the proposed protective order attached hereto as Exhibit A.

In addition, Defendants' respectfully request that they be permitted to move this Court for an order dismissing Plaintiff's complaint with prejudice because Plaintiff's procurement, retention and use of Defendants' privileged and confidential communications has so tainted this proceeding that no other lesser sanction could be imposed that would effectively remove that taint. In the alternative, Defendants respectfully request that they be permitted to move the Court for the entry of an order: (1) precluding Plaintiff from asserting any other claim or defense against the Defendants in any other action or proceeding arising out of or in any way relating to the information contained in the Defendants' privileged and confidential documents which Plaintiff and/or his counsel obtained outside the discovery process; (2) precluding Plaintiff from using any and all of the Defendants' privileged and/or confidential documents which Plaintiff and/or his counsel obtained outside the discovery process in this action; (3) awarding Defendants their costs and attorneys' fees associated with their work in bringing and prosecution of this motion; and/or (4) such other and further relief as this Court deems just and proper.

This Court has the authority to order the relief requested by Defendants pursuant to its inherent power to prevent abuses, oppression and injustices and pursuant to Fed. R. Civ. P. 26(c). Courts in this and other jurisdiction have determined that it is appropriate to preclude a Plaintiff from using confidential documents obtained through improper means. See, e.g., Lipin v. Bender, 84 N.Y.2d 562 (1994) (finding dismissal an appropriate sanction for Plaintiff's improper removal and use of privileged documents); Knitting Fever, Inc., 2005 WL 3050299 at *2 (finding duty to return documents not obtained through discovery that on their face appeared to be privileged).

For the reasons stated above, the Defendants respectfully request permission to file a motion for a protective order and sanctions in the manner prescribed and pursuant to the schedule set by this Court.

Respectfully submitted,

Lori J. Van Auken

Enc.
Copies for:    Charles N. Internicola (via facsimile)
               Counsel for Plaintiff

# EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
DANIEL JUNK,                                         :
                                                    :
                            Plaintiff,              :
                                                    :
                                                    :    No. 07-CIV-4640 (LMM) (GWG)
            - against -                             :
                                                    :
                                                    :    **STIPULATED**
AON CORP., AON SERVICE CORPORATION and :    **PROTECTIVE ORDER**
AON CONSULTING, INC.,                               :
                                                    :
                            Defendants.             :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS on or about June 1, 2007, Daniel Junk ("Junk") filed a complaint against

Aon Corp., Aon Service Corporation and Aon Consulting, Inc. (collectively, "Aon") in the

United States District Court for the Southern District of New York, entitled, *Daniel Junk v. Aon*

*Corp., et al.*, No. 07 CIV 4640 (LMM), (the "SDNY Litigation");

WHEREAS on or about January 16, 2008, Aon filed an answer and counterclaims against

Junk in the SDNY Litigation;

WHEREAS the parties believe that in the course of this SDNY Litigation certain

information, documents and testimony are likely to be disclosed and produced through discovery

that may constitute or incorporate trade secrets and other confidential research, development or

commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil

Procedure;

WHEREAS the parties believe that the entry of a Protective Order pursuant to Rule 26(c)

of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other

confidential research, development or commercial information;

WHEREAS good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development or commercial information,

It is hereby STIPULATED, AGREED AND ORDERED, by and between Junk, his heirs, executors, agents, attorneys, successors and assigns, and Aon, their subsidiaries, affiliates, successors, employees agents, attorneys and assigns (together, "the Parties") that the following provisions shall govern the production and exchange of Confidential Information, as that term is defined in Paragraph 2 hereof, during the course of the SDNY Litigation:

1.      Scope of Order.  This Order shall be applicable to and govern the use and dissemination of all information, documents and materials (or portions thereof) that are produced in the SDNY Litigation including, without limitation, information provided with initial disclosures, in response to document requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, responses to requests for admission, stipulations and all other discovery taken, testimony adduced at trial, matters in evidence before this Court, and any other information that a party or non-party reasonably and in good faith believes to contain Confidential Information, as that term is defined in Paragraph 2 hereof, ("Designating Party") and designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" in accordance with the terms of this Order.  The treatment of all documents and other information so designated shall be governed by the terms of this Order.

2.      Definition of Confidential Information.  As used herein, Confidential Information shall be interpreted to include any and all of the following information disclosed by the Parties and any non-parties, whether in written form, orally or through electronic means:

2.1     information concerning trade secrets;

2.2     information concerning prior, current or potential customers;

2

2.3    information concerning business development, branding, sales and/or marketing activities;

2.4    information concerning any confidential and proprietary technical, research or development information including, but not limited to information concerning any computer hardware, software and/or technology being developed by, for, and/or on behalf of Aon or any non-party;

2.5    information deemed to be confidential and/or proprietary pursuant to any pre-existing confidentiality, non-disclosure or similar agreement protecting the disclosure of information to persons or entities other than those who are parties to such agreement;

2.6    information concerning any financial, budgeting and/or accounting information;

2.7    information concerning business performance and projections, business strategies, decisions and/or negotiations;

2.8    information concerning pricing; and

2.9    all other confidential, proprietary or otherwise sensitive information as to which the Parties or any third party customarily takes steps to limit or prevent its disclosure or misuse.

3.    <u>Designation of Confidential Information.</u>

3.1    Any Party or non-party may designate as "CONFIDENTIAL" under the terms of this Order any non-public information that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation which such Party or non-party in good faith believes contains Confidential Information it does not wish to be disclosed to the public.

3.2.    Any Party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order any non-public information including but not limited to that information set forth in Paragraph 2 hereof, that such Party or non-party supplies, discloses, produces or uses in connection with the SDNY Litigation, when it has a good faith belief that such information contains highly sensitive technical, business and/or research information regarding products, services, financial information, marketing plans and

3

forecasts, client lists, client communications, pricing data, cost data, or other such information the disclosure of which would be detrimental to the Designating Party and/or its business interests.

      3.3    In the event that a Party or non-party has not designated any documents, information or testimony that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" but another Party or non-party believes such documents, information or testimony should be so designated, such Party or non-party may so designate such documents, information or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" within fifteen (15) days after actual receipt of such documents, information or testimony or within fifteen (15) days after the entry of this Stipulated Protective Order, whichever is later.

      3.4    In the event any Designating Party produces Confidential Information that has not been designated as such, or is not correctly designated, the Designating Party may designate or redesignate the Confidential Information to the same extent as it may be designated the Confidential Information before production, by a subsequent notice in writing specifically identifying the redesignated Confidential Information, in which event, the Parties and any non-party shall henceforth treat such Confidential Information in accordance with this Order, and shall undertake their best efforts to correct any disclosure of such Confidential Information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation. No demonstration or proof of error, inadvertence, or excusable neglect by the Designating Party shall be required for such redesignation.

      3.5    The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Information, but also any and all

copies, notes, photographs, excerpts, and summaries thereof, as well as any and all testimony, oral conversations and electronic data reflecting or concerning Confidential Information.

4.    Procedures For Designating Confidential Information.  Confidential Information shall be designated and marked as follows:

4.1    Documents.  Documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as Confidential Information by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" on any such document prior to service or filing.  Such legend shall be placed on the first page of each document containing Confidential Information and upon each page within such document considered to be Confidential Information.

4.2    Magnetic, Optical Media and Other Electronic Documents.  Where a document is produced in a magnetic, optical media or other electronic form (such as hard drive, CD-ROM, DVD or flash memory), the drive, CD-ROM, DVD or medium container shall be marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" as appropriate.  When possible, files contained on these media may be designated as Confidential Information prior to disclosure or production, via the process described in Paragraph 4.1.  To the extent such media is printed out, then Paragraph 4.1. will apply.

4.3    Physical Exhibits:  The confidential status of a physical exhibit shall be indicated by stamping or placing a label on said physical exhibit designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY."

4.4    Partial Designations:  In the case of information incorporated in answers to interrogatories or responses to requests for admission, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" legend shall be placed on the answer or response and such answers or responses shall be separately produced.

5

4.5    Deposition Proceedings:    Deposition transcripts may be designated confidential by stamping each page of the confidential portion with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY," by submitting a list of confidential portions identified by page numbers or any other method by which the Parties agree in writing. These transcripts will be treated as Confidential Information in their entirety until such designations are made.

5.    Non-Confidential Information.    The term Confidential Information does not include:

5.1    Information that has been previously published or otherwise made freely available to the general public, other than as a result of wrongful or unauthorized disclosure or disclosure in violation of the terms hereof;

5.2    Information that both Parties agree in writing shall not be designated as Confidential Information.; and

5.3    Information that the Court, upon motion, determines is not subject to the terms of this Order.

6.    Nondisclosure of and Restrictions on Use of Confidential Information. Confidential Information will be kept confidential by the Parties and any non-parties who receive Confidential Information and shall be utilized by such Parties, non-parties and their respective counsel solely for the purposes of this SDNY Litigation and for no other purpose. The Parties and all non-parties who receive Confidential Information pursuant to the terms of this Order shall safeguard all Confidential Information from unauthorized disclosure. Confidential Information may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only to the persons specified in Paragraphs 7 and 8 hereof and only in accordance with the terms of this Order. Without limiting the generality of any other provisions hereof, unless

6

previously specifically authorized in writing by the Designating Party, no Confidential Information shall be disclosed by or on behalf of a Party or non-party in any press release, disclosure document, governmental filing or other public document or medium.

     7.    <u>Disclosure of Confidential Information to Experts</u>.

     7.1    As used herein, "Expert" shall mean a person who has been retained by a Party or its counsel to furnish technical or expert services or give testimony in connection with the SDNY Litigation and who is not an employee or former employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

     7.2    The Parties may disclose Confidential Information to their Experts, but only if such Expert reasonably needs to know the Confidential Information in connection with the SDNY Litigation, and then, only after each such Expert has: (i) been informed of the confidential nature of the Confidential Information; and (ii) executed an Acknowledgment of his/her/their obligation to be bound by the terms of this Stipulated Protective Order, which Acknowledgment shall be in the form attached hereto as Exhibit A.

     7.3    The party whose Expert it is will: (i) inform each such Expert of the confidential nature of the Confidential Information; (ii) cause such Expert to treat the Confidential Information confidentially and not to disclose or use it other than in connection with the SDNY Litigation; (iii) be responsible for any improper disclosure or use of the Confidential Information by the party or any such Expert (including without limitation any Expert, who, subsequent to the date of disclosure of the Confidential Information hereunder, becomes a former Expert).

     8.    <u>Disclosure of Confidential Information to Others</u>.  Confidential Information may also be disclosed only to the following persons in accordance with the terms set forth herein:

7

8.1     Counsel (both outside counsel of record and in-house counsel) for the Parties to this action and their associated attorneys, paralegals and support staff who are directly assisting such counsel in connection with this SDNY Litigation, who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

8.2     The Court and Court personnel, provided that such Confidential Information is disclosed to the Court and Court personnel in the following manner:

8.2.a    Any Party or non-party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this SDNY Litigation, the words "CONFIDENTIAL INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Court upon disposition of the motion or other proceeding for which they were submitted.

8.2.b    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents, information or testimony which previously has been designated by a party as comprising or containing Confidential Information, shall identify such documents, information or testimony by the production number ascribed to them at the time of production, and should be filed with the Court in the manner set forth in Paragraph 8.2.a. above.

8

8.3      An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 10 and 10.1 hereof;

8.4      Trial and deposition witnesses, and their counsel, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 10 and 10.1 hereof; and

8.5      Any other person agreed to in writing by the Parties or upon Order of the Court for good cause shown.

9.      Disclosure of Highly Confidential Information.  Notwithstanding anything herein to the contrary, any and all material that is designated "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" and any information contained therein shall be shown only to those persons identified in Paragraphs 8.1 and 8.2 hereof, and in the manner and pursuant to the terms set forth therein.

10.      Depositions.  All depositions shall presumptively be treated as Confidential Information and subject to this Stipulated Protective Order during the deposition and for a limited period of fifteen (15) days after a transcript of said deposition is received by counsel for the Party asserting the claim of confidentiality.  On or before the expiration of the fifteen (15) day period, deposition testimony may be designated as Confidential by written notice of the specific pages and lines of testimony that are Confidential. Each Party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody or control.  If no such designation is made within the fifteen (15) day period, the testimony will not be considered or treated as Confidential Information.

9

10.1    Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulated Protective Order and he/she shall execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order in the form attached hereto as Exhibit A. Counsel for the Party obtaining the Acknowledgement shall supply a copy to counsel for the other Party. In the event that the deposition witness refuses to execute the Acknowledgement during the course of the deposition, that witness, at the option of the Party who made the Confidential Information designation, may be shown Confidential Information to the extent reasonably necessary to obtain his/her testimony but the deposition witness shall not be permitted to make or retain copies of any such Confidential Information and copies of such Confidential Information shall not be sent to the witness with the transcript of his/her deposition testimony.

11.    <u>Court Hearings or Trial</u>. Should the need arise for a Party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the Party may do so only after taking such steps as the Court, upon inquiry of the disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information..

12.    <u>Non-Party Documents or Information</u>. A Party may designate as Confidential Information subject to this Stipulated Protective Order any document, information or testimony produced or given by any non-party to this action, or any portion thereof only to the extent that the documents or information produced or the testimony provided by the non-party discloses the Party's own Confidential Information. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the claim of confidentiality or within fifteen (15)

10

days of entry of this Stipulated Protective Order, whichever is later. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of the specific pages and lines of testimony which are to be stamped or otherwise treated as Confidential Information at any time up to fifteen (15) days after the transcript is received by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. Objections to any such designations shall be handled in the manner set forth in Paragraph 13 hereof. If no such designation is made within the fifteen (15) day period, the documents, information and/or testimony will not be considered to be or treated as Confidential Information.

13.     Potential Declassification of Confidential Information. A Party may, at any time within thirty (30) days of receipt of Confidential Information notify the Designating Party that such Party does not concur in the designation of a document or other material as Confidential Information. The receiving party and the Designating Party shall meet and confer in an attempt to resolve such dispute. If the dispute cannot be resolved, either Party may seek a ruling from the Court by submitting a joint letter to the Court in accordance with the applicable Court rules and Order(s), describing the dispute and requesting a conference. The Party seeking to retain the Confidential Information designation shall bear the burden of proof in any challenge to such designation. If no such conference is requested, such documents, information and/or testimony shall continue to be treated as Confidential Information. If such a conference is requested, the documents, information or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

11

14.    <u>Inadvertently Produced Documents Without Confidential Identification.</u>    Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" nature as provided in Paragraphs 3 and/or 4 above, may be so designated by the Party asserting the claim of confidentiality by written notice to counsel for the other Party identifying the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" within a reasonable time following the discovery that the document or information has been produced without such designation or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.

15.    <u>Compelled Disclosure.</u>    If any Party or non-party is served with a subpoena or an order issued in another litigation or is otherwise requested or required by applicable law to disclose any Confidential Information,, such Party or non-party will promptly notify the other Party or Parties in writing immediately, and in no event more than five (5) days after receiving the subpoena, order or request in order to permit the Designating Party to seek a protective order or to take other appropriate action. Such notification must include a copy of the subpoena, court order or request.    The Party or non-party receiving such subpoena or order also must immediately inform in writing the party who caused the subpoena, order or request to issue that some or all the material covered by the subpoena, order or request is the subject of this Stipulated Protective Order. Additionally, the Party or non-party receiving such subpoena or order must deliver a copy of this Stipulated Protective Order promptly to the party that caused the subpoena, order or request to issue.    Notwithstanding the foregoing, nothing herein shall restrict, or otherwise purport to prohibit the Party or non-party from making disclosure of any Confidential Information to a governmental unit as required by any applicable laws, rules or regulations requiring such disclosure; provided however, that the Party or non-party receiving such subpoena

12

or order shall notify the Designating Party of the Confidential Information that is proposed to be disclosed and to whom such disclosure will be made, not less than five (5) business days prior to making such disclosure. The Party or non-party receiving such subpoena or order also will cooperate in the Designating Party's efforts to obtain a protective order or other reasonable assurance that confidential treatment will be accorded to the Confidential Information. If, in the absence of a protective order, the Party receiving such subpoena or order is compelled as a matter of law to disclose the Confidential Information, such Party may disclose, but only to the extent required by applicable law, only the part of the Confidential Information as is required by law to be disclosed, provided that such Party shall exercise commercially reasonable efforts to obtain an order or reasonable assurance that confidential treatment shall be accorded to such Confidential Information.

16.    Unauthorized Disclosure of Protected Material. If a Party or non-party learns that, by inadvertence, or otherwise, Confidential Information has been disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party or non-party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Confidential Information, (iii) inform the person(s) to whom unauthorized disclosures were made of the terms of this Stipulated Protective Order, and (iv) request that such person(s) execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order. The Parties agree that any use or disclosure of Confidential Information not authorized under this Stipulated Protective Order constitutes irreparable harm per se, and that the Designating Party can seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party can move for monetary sanctions against the Party or non-party that

13

committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

17.    Following Final Termination of This Action. Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, all documents and other materials containing Confidential Information produced or designated, including all reproductions thereof, shall be returned to the Designating Party or shall be destroyed, at the option of the Designating Party. In the event that any documents or other materials containing Confidential Information are to be destroyed, each Party and non-party obligated to destroy such documents and materials shall certify in writing within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, that it has undertaken its best efforts to destroy such documents and materials, and that such documents and materials have been destroyed to the best of its knowledge. The Parties agree that any failure to provide the certification required pursuant to the terms hereof constitutes irreparable harm per se, and that the Designating Party may seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party may move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

18.    General Provisions. The following General Provisions govern this Stipulated Protective Order:

18.1    This Stipulated Protective Order shall be construed and enforced in accordance with the laws of the State of New York and the Parties hereto submit to the jurisdiction of federal and state courts of New York for all purposes hereof.

14

18.2   This Stipulated Protective Order shall not be assignable in whole or in part without the prior written consent of the other Party provided, however, that notwithstanding the lack of such consent, this Stipulated Protective Order shall be binding upon any assignee of or successor in interest to each Party.

18.3   No failure or delay by either Party in exercising any right, power, or privilege under this Stipulated Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

18.4   In the event that any provision of this Stipulated Protective Order is deemed invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Stipulated Protective Order shall not in any way be affected or impaired thereby.

18.5   This Stipulated Protective Order may not be amended or waived, in whole or in part, except by a written instrument signed by the duly authorized representative of both Parties hereto, which specifically refers to the provision or provisions of this Stipulated Protective Order which are amended or waived thereby, or by Court order.

18.6   Nothing herein is intended, nor shall it be deemed to constitute, an amendment or waiver of the terms of any prior agreement between some or all of the Parties.

18.7   This Stipulated Protective Order may be executed in several counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

18.8   All persons who receive Confidential Information agree to submit to the jurisdiction of this Court for purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.

15

19.    <u>Binding Nature of this Stipulated Protective Order</u>.  This Stipulated Protective Order shall remain in force and effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the Parties.

20.    <u>Effect of Stipulated Protective Order</u>.

20.1    Adherence to this Stipulated Protective Order in no way constitutes an admission by any Party that any information provided in this SDNY Litigation and not subject to this Order is not proprietary or confidential.

20.2    This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or non-party nor obligate any Party or non-party to provide discovery to which it asserts objections.

20.3    The terms of this Stipulated Protective Order shall apply to confidential documents, information or testimony produced or disclosed by non-parties in connection with this SDNY Litigation if such non-party wishes to designate any such documents, information or material as Confidential Information.

21.    Nothing herein shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents, information or testimony, which that Party may deem appropriate, including, but not limited to, restrictions on public disclosure or disclosure to competitors.

16

The Parties agree to be bound by the terms and conditions of this Stipulated Protective Order and have caused this Stipulated Protective Order to be executed by their duly authorized undersigned counsel effective as of the date set forth below.

Dated: June ___, 2008

DANIEL JUNK

By:_____
      Charles N. Internicola
      Attorney for Daniel Junk

Decker Decker Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York  10304
718-979-4300

AON CORPORATION, AON SERVICE
CORPORATION and AON CONSULTING, INC.

By:_____
      Lori J. Van Auken
      Attorney for Aon Corp., Aon Service Corp.
      and Aon Consulting, Inc.

Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
212-294-6700

SO ORDERED:

_____
Gabriel W. Gorenstein
United States Magistrate Judge

17

**EXHIBIT A**

**DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER**

I, _____, under penalty of perjury, declare as follows:

1.    I have received a copy of the Stipulated Protective Order ("Order") governing the production of Confidential Information which has been entered in *Daniel Junk v. Aon Corp., Aon Service Corporation and Aon Consulting, Inc.*, 07 CIV 4640 (LMM)(GWG).

2.    I have read the Order, understand the terms, conditions and restrictions imposed upon me by the Order, and agree to be bound by all of the terms, conditions and restrictions imposed by the Order.

3.    I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Confidential Information that is the subject of the Order to any person or entity except in strict accordance with the terms of this Order.

4.    I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur following termination of this SDNY action.

Dated: _____

City and State _____

_____
Signature

_____
Name (Printed)

_____
Employer

_____
Business Address

_____
Business Telephone

18