# EXHIBIT 30

```
 1                    UNITED STATES DISTRICT COURT
 2                    SOUTHERN DISTRICT OF NEW YORK

 3    -------------------------------x
 4    DANIEL JUNK,

 5                   Plaintiff
 6                                    DOCKET NO.: CV-07-4640 (LMM)
 7              -vs-                  New York, New York
 8                                    July 2, 2008
 9    AON CORP, et al.,


10                 Defendants
11    -------------------------------x

12          TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE

13        BEFORE THE HONORABLE GABRIEL W. GORENSTEIN
14               UNITED STATES MAGISTRATE JUDGE


15   A P P E A R A N C E S:

16   For the Plaintiff:          CHARLES INTERNICOLA, ESQ.
17                               Decker Decker Dito
18                                & Internicola LLP
19                               1610 Richmond Road
20                               Staten Island, NY  10304


21   For the Defendants:         LORI J. VAN AUKEN, ESQ.
22                               Winston & Strawn LLP
23                               200 Park Avenue
24                               New York, NY  10166




25   Audio Operator:             No Audio Operator

26        Proceedings Recorded by Electronic Sound Recording
27        Transcript Produced by Transcription Service
28   ----------------------------------------------------------
29                    KRISTIN M. RUSIN
30                  217 Pine Meadows Circle
31                    Hickory NC 28601
32                  kmrusin@earthlink.net
```

1          THE CLERK:  The case of Junk versus AON Corporation,
2   docket zero seven civil four six four zero.

3          Counsels, please state your name for the record.
4          MS. VAN AUKEN:  Lori Van Auken, from the law firm of
5   Winston & Strawn, counsel for the defendants AON Corporation
6   and Service Corporation and Consulting Inc.

7          MR. INTERNICOLA:  Charles Internicola, counsel to the
8   plaintiff, Daniel Junk.

9          THE COURT:  Okay.

10         Welcome, everyone.  You can be seated if you're not
11  addressing the Court.

12         We're here based upon two letters, one dated June 4th
13  which is a joint letter, and one dated June 20th which is just
14  from defendants.  I guess I'm probably not the first judge to
15  have a request to bifurcate damages and liability discovery,
16  but I think I might be the first judge to have it in the order
17  of damages and then liability.

18         I guess what I don't understand is is the theory that
19  after this discovery there will be zero damages and you could
20  actually move for summary judgment on lack of damages?  Or is
21  it that the plaintiff will see how little damages he has and
22  therefore will be amenable to settlement?  What's the theory?

23         MS. VAN AUKEN:  Your Honor, yes, to answer your
24  questions.  I think both of those were the rationale for the
25  proposal.

1          THE COURT:  Well, how's the first one -- to me, they
2    were either/or.  So I just don't -- I mean, at a minimum, even
3    under your theory, if he does something that hurts him in
4    reliance on the allegedly false promise, like sell his house in
5    North Carolina and uproot his life, or whatever, that, even
6    under your theory, is a damage, right?

7          MS. VAN AUKEN:  No, that's true.  What we do know,
8    though, is that the plaintiff did not sell his house in South
9    Carolina, that the damages he was claiming are damages for harm
10   to his reputation for lost commissions that he --

11         THE COURT:  Well, let's not --

12         MS. VAN AUKEN:  -- might have earned, so --

13         THE COURT:  -- put over the disputed damages.  Are
14   you saying that -- well, maybe I should hear from Mr.
15   Internicola on this.

16         But do you have damages -- accepting their legal
17   theory as to what they think damages are -- and I'm not saying
18   it's correct -- do you have any damages in the categories that
19   they are asserting are what you're limited to?

20         MR. INTERNICOLA:  Your Honor, in all honesty, I'm not
21   sure about their theory.  It's been modified over time by Ms.
22   Van Auken as to what they believe is acceptable damages.  She
23   uses the term such as out-of-pocket or pecuniary expenses and
24   damages.

25         So I'm not certain exactly what limiting theories

1  she's applying -- that counsel's applying, but I cannot

2  personally conceive of any possibility here how there would be

3  no damages under the facts that have been articulated in the

4  complaint.

5          THE COURT:  Well, I mean, just tell me, --

6          MR. INTERNICOLA:  Sure.

7          THE COURT:  -- did he give up something by going to

8  this job or not?

9          MR. INTERNICOLA:  Yes.  Yeah.  The crux of our damage

10 claims --

11         THE COURT:  Here's how I should put it.  Was he

12 harmed by taking them up on the allegedly false promise?

13         MR. INTERNICOLA:  Correct.  Yes, Your Honor.

14         THE COURT:  How?

15         MR. INTERNICOLA:  The crux of our damage claims

16 relate to Mr. Junk left a position with another company where

17 he would have received commissions had he stayed there and not

18 relied on these false promises.

19         THE COURT:  Ah.  So he got less money at the new

20 place.

21         MR. INTERNICOLA:  That's correct.

22         THE COURT:  There you go.

23         MS. VAN AUKEN:  We have been not sitting idly here.

24 We have been pursuing some of this discovery.  We have

25 subpoenaed Mr. Junk's former employer.  We have received some

1 documents from him. We are expecting to receive others and
2 have a deposition scheduled for some time next week. We have
3 not received any information yet from Mr. Junk's former
4 employer that indicates that he did, in fact, leave any -- was
5 harmed when he took his job at AON.

6     THE COURT: I mean, has it ever happened in the
7 history of federal litigation that we've had damage discovery
8 ahead of liability discovery?

9     MS. VAN AUKEN: Well, the -- not to my knowledge, but
10 my point, as set out in the proposed discovery plan, was not to
11 proceed in isolation, doing just damages for a short period of
12 time. It was to proceed with discovery on the other issues but
13 to focus on damages, with the exception of the time-consuming
14 effort for depositions and document production on other issues.

15     But as I said, we have moved on, and we are -- the
16 discovery plan I proposed was back at the end of April. So we
17 have moved on and are trying to pursue discovery on all of
18 these issues while focusing on the damages point as well.

19     THE COURT: Okay. Well, I think I'm going to deny
20 the application to bifurcate in the manner proposed. I have no
21 problem with people focusing on issues they think will help
22 move the case along.

23     If there's some problem, they can let me know. If
24 there's some discovery request that someone thinks is outside
25 the bounds of what's permissible, they can bring that to my

1  attention.  I'll extend the deadline.

2        Would it make sense to have a settlement conference

3  in this case sooner rather than later?  I mean, your ace in the

4  hole is that it's cost them money to do all this, so the longer

5  that we wait, the less you have that ace in the hole.  So it

6  seems to me sooner rather than later is better.

7        On the other hand, I don't want someone coming in and

8  saying oh, we can't talk about settlement because I don't know

9  X and Y and Z, and this, that, and the other thing.

10        So, Mr. Internicola, what do you think?  Then I'll

11  hear from Ms. Van Auken.

12        MR. INTERNICOLA:  Your Honor, we've been involved in

13  mediation, and I do believe there would be a benefit to a

14  conference.  We're not presently prepared for it, for the

15  following reason.  We are in the process -- and along the way,

16  we haven't received any discovery.  And Ms. Van Auken is

17  deposing --

18        THE COURT:  We'll get to that in a moment.

19        MR. INTERNICOLA:  The point being, Your Honor -- is

20  we're addressing her points directly.  There is a deposition

21  that counsel is scheduling with my client's former employer.

22  We're actively requesting files and reviewing them.

23        So at a settlement conference, what I'd like to be

24  able to present to the Court or to opposing counsel is a

25  complete breakdown of how we calculate all our damages, how we

1  attribute commissions he would have received.  And we're in the
2  process of doing that.  I expect in the next couple of weeks
3  we'll have that completed.

4            THE COURT:  So you'd be ready in a couple of weeks.
5            MR. INTERNICOLA:  For a settlement conference?
6            THE COURT:  Yes.
7            MR. INTERNICOLA:  Absolutely.  Yes, Your Honor.
8            THE COURT:  What do you think, Ms. Van Auken?
9            MS. VAN AUKEN:  Well, I think, certainly, we'd be
10  willing to participate in a conference.  As Mr. Internicola
11  mentioned, we have been in mediation on two occasions.
12            THE COURT:  Who's mediating?
13            MS. VAN AUKEN:  It was a court-ordered mediation.
14            THE COURT:  Through our federal mediator program?
15            MS. VAN AUKEN:  Through the federal mediation
16  program, yes.
17            THE COURT:  Oh.  Well, maybe they're going to do it
18  better than I would.  I don't know.  Are your clients appearing
19  at this mediation?
20            MS. VAN AUKEN:  Yes.
21            THE COURT:  Is there another one scheduled?
22            MS. VAN AUKEN:  We have had two, and there is a third
23  scheduled for the end of next week.
24            THE COURT:  Okay.  When I do it, it's usually over in
25  about two or three hours.  I don't know if that helps.

1          Are numbers being discussed at this mediation?

2          MR. INTERNICOLA:  Your Honor, counsel -- getting over

3 the liability issues as to what they believe is recoverable --

4          THE COURT:  Let's go off the record.

5     (Recorder off/recorder on)

6          THE COURT:  We're back on the record.

7          In the meantime, do I need to get involved in

8 document production disputes, or can we hobble along until more

9 has happened on this other front?

10          MS. VAN AUKEN:  I'd like to have the protective order

11 entered.

12          THE COURT:  Ah, yes, the famous protective order.

13          MS. VAN AUKEN:  And I think that way we are -- have

14 many --

15          THE COURT:  You can produce.

16          MS. VAN AUKEN:  We have many --

17          THE COURT:  Then you can produce.

18          MS. VAN AUKEN:  -- documents to produce, yes.

19          THE COURT:  Do you need me to resolve something, or

20 can you work out a protective order?

21          MR. INTERNICOLA:  I would need a little time, and I

22 could possibly work out a protective order.  And I have advised

23 counsel of that previously.  I have no problem with that.

24          THE COURT:  Okay.

25          MR. INTERNICOLA:  So that answers your question, Your

1 Honor.

2          My greater concern relates to the discovery issues

3 I've been trying to raise for a number of months now.

4          THE COURT:  The document production.

5          MR. INTERNICOLA:  Yeah.

6          THE COURT:  Well, I thought some of it is contingent

7 on the protective order.

8          MR. INTERNICOLA:  Your Honor, these demands go way

9 back.  This protective order issue didn't arise until June 1st.

10          THE COURT:  Are you going to produce documents once

11 you get a protective order?

12          MS. VAN AUKEN:  Yes, and I'll tell you the issue of a

13 protective order has arisen many, many weeks -- probably months

14 --

15          THE COURT:  I don't care --

16          MS. VAN AUKEN:  -- prior to June 1st.

17          THE COURT:  -- about the past.

18          MS. VAN AUKEN:  I just -- I -- I --

19          THE COURT:  I just want to solve this.

20          MS. VAN AUKEN:  -- understand.  I just --

21          THE COURT:  It's all right.  So --

22          MS. VAN AUKEN:  -- need to correct that.

23          THE COURT:  -- I think I'd like you to re-raise this,

24 Mr. Internicola, after you've seen the documents you got and

25 whatever explanation you get following the protective order.

1  That seems to make more sense to me.

2         MR. INTERNICOLA:  Yes, Your Honor.  And if I could

3  ask, I did request in prior correspondence -- and I would ask

4  that -- if Ms. Van Auken could address this -- which relates to

5  electronic media.

6         In the past, I've raised this issue.  I've requested

7  information regarding their preservation, custody, and the

8  format of the media and whatnot so I could make arrangements

9  and identify what we need to do in this process, and I haven't

10 received a response to that, and it goes back to a request on

11 April 2nd.  And if this could be --

12         THE COURT:  Is there a problem with the two of you

13 talking to each other?

14         MS. VAN AUKEN:  No, there's not, and --

15         THE COURT:  Because this --

16         MS. VAN AUKEN:  -- I don't believe --

17         THE COURT:  -- you know, I don't -- it's usually not

18 --

19         MS. VAN AUKEN:  Okay.

20         THE COURT:  -- helpful for me to hear about something

21 for the first time without the parties having thrashed it out

22 --

23         MR. INTERNICOLA:  Okay.

24         THE COURT:  -- completely.  So I think I'd like --

25 that's what my individual practices require, paragraph two A,

1    so I think it's best to follow those in the future.

2            MS. VAN AUKEN:  Excuse me.  May I raise a further --

3            THE COURT:  Sure.

4            MS. VAN AUKEN:  -- issue concerning the proposed

5    protective order?  We have submitted a draft to Mr.

6    Internicola, as he indicates, about a month ago and have

7    received only one response from him, which was that he required

8    some further information to be able to evaluate its terms.

9            And I think the terms are rather clear.  It covers

10   the type of documents that are normally covered by protective

11   orders that have been entered in this court.  And I would like

12   to perhaps have some further more specific -- if there are any

13   further specific objections that Mr. Internicola has to that

14   protective order by a certain period of time so that we can

15   move along and get these documents produced to him.

16           THE COURT:  That's fine, though he seems to be the

17   one, I would think, with a greater stake in moving it along.

18           MS. VAN AUKEN:  Agreed.

19           THE COURT:  Mr. Internicola, what do you feel is an

20   appropriate time to raise --

21           MR. INTERNICOLA:  I will respond by next week, Your

22   Honor.

23           THE COURT:  By next week.

24           MR. INTERNICOLA:  Yeah.

25           THE COURT:  I mean, what is the issue, if I could

 1  ask?

 2          MR. INTERNICOLA:  Your Honor, counsel revised the

 3  protective order on June 13th.  We did try to communicate.  And

 4  in the interim, I was away for a week.

 5          THE COURT:  No, I'm wondering what's the problem

 6  substantively with the protective order.

 7          MR. INTERNICOLA:  I don't believe there is one.

 8          THE COURT:  Oh.

 9          MR. INTERNICOLA:  I don't, Your Honor.

10          THE COURT:  Good.  So we'll have this all solved next

11  week.  Wonderful.

12          I think that covers the issues that were -- oh, no,

13  there's the other letter.  You know, feel free to make a

14  motion, I guess is the simple way to do it, at the time you

15  feel is appropriate.

16          And I just ask that you distinguish between

17  privileged and non-privileged material, because I think there's

18  a very big difference about what power this Court has over

19  privileged material versus non-privileged material that may

20  have been obtained properly or improperly.

21          MS. VAN AUKEN:  Will do.

22          THE COURT:  So the pre-motion conference requirement

23  is waived.  I think that might be everything.

24          Mr. Internicola, anything else?

25          MR. INTERNICOLA:  I don't believe so, Your Honor.

1　　　　　THE COURT:  Ms. Van Auken, anything?

2　　　　　MS. VAN AUKEN:  No, I think that is all.

3　　　　　THE COURT:  Okay.  I could -- I mean, I could put

4　down a pretrial order with deadlines.  Should we wait until

5　after we hear about you on settlement?  I think what I'd rather

6　do is let the parties confer on a -- knowing I'm not doing

7　phase one and phase two, after this little settlement period,

8　the parties propose to me a schedule, and if they can't just

9　write me a letter with this is plaintiff's date, this is

10　defendants' date, and any explanations you want.

11　　　　　MS. VAN AUKEN:  For the pretrial order, is that what

12　you --

13　　　　　THE COURT:  Yes, for the Rule 16 order, yes --

14　scheduling order.  Is that all right?

15　　　　　MS. VAN AUKEN:  There is a proposed discovery plan,

16　but --

17　　　　　THE COURT:  Yes, but it presumes --

18　　　　　MS. VAN AUKEN:  Okay.

19　　　　　THE COURT:  -- phase one and two, as I recall.

20　　　　　MR. INTERNICOLA:  That's correct, Your Honor.

21　　　　　MS. VAN AUKEN:  That's true.  It could be easily

22　modified --

23　　　　　THE COURT:  So I need to --

24　　　　　MS. VAN AUKEN:  -- to change that.

25　　　　　THE COURT:  -- we need to get that out there --

1           MS. VAN AUKEN:  Will do.

2           THE COURT:  -- and have actual dates in it.

3           MS. VAN AUKEN:  Okay.

4           THE COURT:  And I would just wait until at least

5    after the next mediation session before you do that.

6           MS. VAN AUKEN:  Okay, will do.

7           THE COURT:  Is that all right?

8           MS. VAN AUKEN:  Yes.

9           THE COURT:  Anything else?

10          MS. VAN AUKEN:  No, that's all.

11          THE COURT:  Okay.

12          Thank you, everyone.

13          MS. VAN AUKEN:  Thank you.

14                    *      *      *      *      *

# EXHIBIT 31

**Charlemagne, Daphney**

| | |
|---|---|
| **From:** | Van Auken, Lori J. |
| **Sent:** | Tuesday, July 08, 2008 5:44 PM |
| **To:** | 'cinternicola@dddilaw.com' |
| **Cc:** | Costello, Chris |
| **Subject:** | Re: Junk v. Aon -- Proposed Protective Order |

Charles,

Thank you for the email yesterday. I trust, based upon your representations to Magistrate Gorenstein last week, that the proposed protective order meets with your satisfaction. Please let me know when we can expect to receive an executed copy from you. We would like to submit it to the court this week.

Separately, your proposal concerning Aon's privileged and confidential documents is grossly inadequate. Almost one month ago, I sent you a letter requesting, among other things, that you and your client immediately return to the undersigned all privileged and confidential documents and other materials belonging to Aon which you and/or your client obtained unlawfully, without authorization and outside the discovery process. Your proposal to cause your client to "divest" himself of those materials and to "sequester" them at your firm until I provide you with the Bates-numbers of the documents in question falls far short of the mark and, frankly, makes no sense. Under your proposal, as soon as I send you the Bates-numbers, your proposed arrangement is of no further force and effect. Accordingly, Defendants continue to insist that you and your client return all such materials to the undersigned at once, and comply with the other requests set forth in my letter of June 13, 2008.

Please also note my disagreement with your representations about what you and your client disclosed and when.

Lori Van Auken
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
212-294-4707
212-294-4700


--------------------------
Lori Van Auken


----- Original Message -----
From: Charles N. Internicola <cinternicola@dddilaw.com>
To: Van Auken, Lori J.
Sent: Mon Jul 07 18:55:32 2008
Subject: RE: Junk v. Aon -- Proposed Protective Order

Lori,


I am reviewing same and will respond shortly. With regard to your prior request respecting the

documents produced by Plaintiff, previously we have identified and disclosed the source of the documents. Likewise we disclosed same in Plaintiff's initial disclosures. To the extent that you claim that certain documents may be subject to some type of confidentiality or privilege, I ask that you provide me with the bates number for each respective document so that we may review same. Likewise, pending such information, I am prepared to enter into some type of agreement whereby my client would divest himself of these documents (to the extent that he may be in possession of same) and that my firm sequester same pending your information.

Charles N. Internicola, Esq.

DECKER DECKER DITO & INTERNICOLA, LLP

1610 Richmond Road, Staten Island, NY 10304

T. 718. 979. 4300 (Ext.29)

F. 718. 351. 3514

www.dddilaw.com <http://www.dddilaw.com/>

CONFIDENTIALITY NOTICE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are notified that dissemination, distribution, or copying of this communication, or any of its contents, is prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you. For more information please visit us at http://www.dddilaw.com

From: Van Auken, Lori J. [mailto:Lvanauke@winston.com]
Sent: Monday, July 07, 2008 6:54 PM
To: Charles N. Internicola
Cc: Costello, Chris
Subject: Junk v. Aon -- Proposed Protective Order


Mr. Internicola,


Further to our conference last week with Magistrate Gorenstein, attached please find correspondence regarding the proposed protective order to be issued in connection with the above-reference litigation.   A copy also has been sent to you via Federal Express.


Lori Van Auken

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
T: +1 (212) 294-6700
F: +1 (212) 294-4700

email <mailto:Lvanauke@winston.com>  | www.winston.com <http://www.winston.com/>


The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************

Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

# EXHIBIT 32

## Charlemagne, Daphney

**From:** Charles N. Internicola [cinternicola@dddilaw.com]

**Sent:** Wednesday, July 09, 2008 1:12 PM

**To:** Van Auken, Lori J.

**Subject:** Proposed Protective Order

Dear Ms. VanAuken:

I am still reviewing the proposed order with my client. Again we believe that we will be able to accommodate all of your concerns and your client's request to protect, among other things, its trade secrets and confidential non-public information. To better facilitate this process, I wish to advise you that while we will agree to an order in a form that I am sure will be acceptable to all parties, we cannot limit the scope of the order such that it would preclude the disclosure of information to the United States Department of Labor. I believe that this may have been an oversight on your behalf. We have an obligation to disclose information to the Department of Labor and I am certain that there should be no issues concerning the Department of Labor's misuse of disclosed information.

Please advise.

Charles N. Internicola, Esq.
DECKER DECKER DITO & INTERNICOLA, LLP
1610 Richmond Road, Staten Island, NY 10304
T. 718. 979. 4300 (Ext.29)
F. 718. 351. 3514
www.dddilaw.com



CONFIDENTIALITY NOTICE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are notified that dissemination, distribution, or copying of this communication, or any of its contents, is prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you. For more information please visit us at http://www.dddilaw.com

## Charlemagne, Daphney

| | |
|---|---|
| **From:** | Van Auken, Lori J. |
| **Sent:** | Wednesday, July 09, 2008 7:46 PM |
| **To:** | 'Charles N. Internicola' |
| **Cc:** | Costello, Chris |
| **Subject:** | RE: Proposed Protective Order |

**Tracking:** **Recipient**            **Read**

'Charles N. Internicola'

Costello, Chris          Read: 7/9/2008 7:46 PM

Mr. Internicola,

This responds to your email earlier today regarding the proposed protective order for the SDNY litigation. Contrary to your representations, Paragraph 15 of the proposed protective order addresses the disclosure of "Confidential Information" pursuant to a subpoena, order or request from a government agency. This provision has been in the draft protective order since I first sent it to you on June 1, 2008.

We are, however, unaware of any "obligation" that you or your client has to disclose to OSHA any privileged and confidential information belonging to Aon that was obtained improperly, outside the discovery process and in violation of your client's common law and contractual obligations. Although you and/or your client are clearly in a better position to know which materials in his possession, custody or control were obtained by him outside the discovery process and in violation of his various legal duties, Defendants, nonetheless, will provide you with a list of the Bates numbers of the documents that Plaintiff thus far has produced, which Defendants believe are privileged and confidential and have requested that Plaintiff immediately return.

Also, as you may recall, on April 15, 2008, I sent you a letter regarding the Confidentiality Agreement for the OSHA proceeding. As you also may recall, we prepared this Confidentiality Agreement at OSHA's request and first sent it to you on October 19, 2007. Although you did not respond to my October 2007 letter until March 2008, and have yet to respond to my April 15, 2008 letter, please be advised that Defendants would be willing to consider certain changes to the proposed OSHA Confidentiality Agreement that would make it consistent with the terms of the protective order Defendants have proposed to use in the Southern District of New York litigation.

Please advise.

**Lori Van Auken**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
T: +1 (212) 294-6700
F: +1 (212) 294-4700

email | www.winston.com

WINSTON
& STRAWN
LLP

7/23/2008

# EXHIBIT 33

Confirmation Report — Memory Send

|  |  |
|---|---|
| Page | : 001 |
| Date & Time: | 07-10-08   05:09pm |
| Line 1 | : +12122941713 |
| Line 2 | : +12122941713 |
| Machine ID : | Winston & Strawn |

| | | |
|---|---|---|
| Job number | : | 668 |
| Date | : | 07-10  05:08pm |
| To | : | ☎915122765555 |
| Number of pages | : | 002 |
| Start time | : | 07-10  05:08pm |
| End time | : | 07-10  05:09pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number     : 668            *** SEND SUCCESSFUL ***

# WINSTON & STRAWN LLP | Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700   FACSIMILE: 212-294-4700

### Fax Number: 212-294-4700

| FROM: | Lori J. Van Auken | CHARGEBACK: |
|---|---|---|
| | 212-294-4707 | 10107 |
| DATE: | 7/10/2008 | 6345-49 |

#### Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Fred Kopec, Esq. | RenewData Corporation | 512-276-5555 | 512-276-5509 |

Total number of pages including this page: 2

**COMMENTS**
Re: Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.) (LLM)

Please see attached.

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials:
Confirmation: Yes _____ Name: _____ No: _____

# Confirmation Report — Memory Send

Page        : 001
Date & Time: 07-10-08   04:55pm
Line 1      : +12122941713
Line 2      : +12122941713
Machine ID : Winston & Strawn

| | | |
|---|---|---|
| Job number | : | 666 |
| Date | : | 07-10  04:55pm |
| To | : ☎917183513514 | |
| Number of pages | : | 002 |
| Start time | : | 07-10  04:55pm |
| End time | : | 07-10  04:55pm |
| Pages sent | : | 002 |
| Status | : | OK |

Job number   : 666          **\*\*\* SEND SUCCESSFUL \*\*\***

# WINSTON & STRAWN LLP | Facsimile

200 PARK AVENUE, NEW YORK, NY 10166-4193
TELEPHONE: 212-294-6700   FACSIMILE: 212-294-4700

### Fax Number: 212-294-4700

| | |
|---|---|
| FROM: | Lori J. Van Auken (212) 294-4707 |
| DATE: | 7/10/2008 |

CHARGEBACK:
10107
6345.49

### Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718-351-3514 | 718-979-4300 |

### Total number of pages including this page: 2

| COMMENTS |
|---|
| Re: Junk v. Aon Corp., et al. No. 07-CIV-4640 (S.D.N.Y.)(LMM)(GWG) <br><br> Please see attached. |

IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-6319

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes _____ Name: _____ No: _____

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

(212) 294-6700

FACSIMILE (212) 294-4700

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-154

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-58

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

July 10, 2008

**BY EMAIL & FACSIMILE**

Charles N. Internicola, Esq.
Decker, Decker, Dito & Internicola, LLP
1610 Richmond Road
Staten Island, New York 10304

Re:    **Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.)(LMM)(GWG)**

Dear Mr. Internicola:

Further to my email yesterday afternoon regarding Renew Data, please be advised that Renew has agreed to produce material responsive to Subpoena Requests Nos. 1, 4, 5 and 6, and to make a witness available for a Rule 30(b)(6) deposition provided that all parties to the litigation agree to a protective order pursuant to which such materials and the information contained therein would be deemed "Highly Confidential" and disclosed solely to counsel for the parties to the litigation. Renew has made this request because the material responsive to these Requests contains privileged, confidential and/or proprietary information concerning, among other things, Renew Data's clients, business policies and practices.

I have advised counsel for Renew Data that Defendants are willing to honor Renew's request and to designate the materials responsive to the Subpoena as "Highly Confidential – Attorney Eyes Only" pursuant to the terms of the Stipulated Protective Order. Counsel for Renew has reviewed the Stipulated Protective Order and is willing to produce responsive documents designated as "Highly Confidential – Attorney Eyes Only" pursuant to the terms of the Order, provided that both parties also agree to the Order's terms.

Although you advised Magistrate Gorenstein last week that you had no problem with the Stipulated Protective Order, I have yet to receive an executed copy of the Order from you. Accordingly, I request that you send it to me today, via facsimile, and bring a duly executed original with you to          tomorrow so that we may submit it to the Court by the end of the week, as Magistrate Gorenstein so advised.

**REDACTED**

Very truly yours,

Lori Van Auken

Copy for:  Fred Kopec

# **EXHIBIT 34**

# Confirmation Report — Memory Send

```
Page      : 001
Date & Time: 07-11-08   09:06pm
Line 1    : +12122941713
Line 2    : +12122941713
Machine ID : Winston & Strawn
```

| | | |
|---|---|---|
| Job number | : | 693 |
| Date | : | 07-11  09:05pm |
| To | : | ☎917183513514 |
| Number of pages | : | 003 |
| Start time | : | 07-11  09:05pm |
| End time | : | 07-11  09:06pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 693          *** SEND SUCCESSFUL ***

# WINSTON & STRAWN LLP    Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700    FACSIMILE: 212-294-4700

### Fax Number: 212-294-4700

| FROM: | Lori J. Van Auken | CHARGEBACK: |
|---|---|---|
| | (212) 294-4707 | 10107 |
| DATE: | 7/11/2008 | 6345.49 |

### Please Deliver as Soon as Possible To:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page:  3

| COMMENTS |
|---|
| **Re:** **Innk v. Aon Corp., et al. No. 07-CIV-4640 (S.D.N.Y.)(LMM)(GWG)** |
| **Please see attached.** |

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

| Operator Initials: _____ |
|---|
| Confirmation: Yes _____  Name: _____  No: _____ |

# WINSTON & STRAWN LLP    Facsimile

200 PARK AVENUE, NEW YORK NY 10166-4193
TELEPHONE: 212-294-6700    FACSIMILE: 212-294-4700

| 35 W. WACKER DRIVE | 1700 K STREET, N.W. | 333 SOUTH GRAND AVENUE | 101 CALIFORNIA STREET | 43 RUE DU RHÔNE | 25 AVENUE MARCEAU | 99 GRESHAM STREET |
|---|---|---|---|---|---|---|
| CHICAGO IL 60601-9703 | WASHINGTON, DC 20006-3817 | LOS ANGELES, CA 90071-1543 | SAN FRANCISCO CA 94111-5894 | 1204 GENEVA, SWITZERLAND | 75116 PARIS, FRANCE | LONDON, UNITED KINGDOM EC2V 7NG |
| 312.558.5600 | 202-282-5000 | 213-615-1700 | 415-591-1000 | 41-22-317-75-75 | 33-1-53-64-82-82 | 44-020-7105-0000 |

## Fax Number: 212-294-4700

**FROM:**     Lori J. Van Auken
              (212) 294-4707

**DATE:**     7/11/2008

| **CHARGEBACK:** |
|---|
| 10107 |
| 6345.49 |

### Please Deliver as Soon as Possible To:

|   | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Charles N. Internicola, Esq. | Decker, Decker, Dito & Internicola LLP | 718-351-3514 | 718-979-4300 |

Total number of pages including this page: **3**

| COMMENTS |
|---|
| **Re:    Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.)(LMM)(GWG)** |
|   Please see attached. |

---

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL OUR FAX OPERATOR AS SOON AS POSSIBLE.
THANK YOU.
212-294-5319**

---

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Operator Initials: _____
Confirmation: Yes _____  Name: _____  No: _____

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703
───────
43 RUE DU RHONE
1204 GENEVA, SWITZERLAND
───────
BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193
───────
(212) 294-6700
───────
FACSIMILE (212) 294-4700
───────
www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-154
───────
21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE
───────
101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5E
───────
1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

LORI J. VAN AUKEN
(212) 294-4707
lvanauken@winston.com

July 11, 2008

**BY FACSIMILE & EMAIL**

Charles N. Internicola, Esq.
Decker, Decker, Dito & Internicola, LLP
1610 Richmond Rd.
Staten Island, New York 10304

Re:    **Junk v. Aon Corp., et al., No. 07-CIV-4640 (S.D.N.Y.)(LMM)(GWG)**

Dear Mr. Internicola:

This letter responds to your email, dated July 7, 2008, requesting the Bates numbers of the documents containing privileged, confidential and/or proprietary information belonging to Defendants which were obtained by you and the Plaintiff without Defendants' authorization, outside the discovery process, and produced by Plaintiff in response to Defendants' discovery demands on June 10, 2008. Although, I believe you and the Plaintiff are well aware of the identity of the documents in question, apparently having had them in your possession for some time, the Bates numbers of the documents at issue are as follows:

000001-000190
000196-000653
000665-000669
000671-000674
000680
000781-000787
000793-001113
001115-001583
001591-001612
001623-001676
001682-001684
001714
001768-001770
01783-001810
001812-001826

**WINSTON & STRAWN** LLP

Charles N. Internicola, Esq.
July 11, 2008
Page 2

Accordingly, Defendants hereby reiterate their prior requests that you, the Plaintiff and anyone else assisting the Plaintiff or acting upon his behalf, immediately return to the undersigned all copies of the documents listed above, including any notes, summaries and other documents or materials created using such documents.

Defendants further demand that you, the Plaintiff and anyone else assisting the Plaintiff or acting upon his behalf immediately return to the undersigned all privileged, confidential and/or proprietary information belonging to the Defendants, in addition to the documents listed above, which information also was obtained without Defendants' authorization, outside the discovery process, including all copies of documents containing such information, and any notes, summaries and other documents or materials created using such documents or information.

By providing you with this list of documents, Defendants do not intend to waive and hereby reserve any and all of their rights with respect their privileged, confidential and/or proprietary information. In particular, nothing in this letter should be construed as a waiver of Defendants' rights to seek appropriate sanctions in connection with the improper procurement, handling and use of Defendants' property, including their privileged, confidential and/or proprietary information.

Very truly yours,

Lori J. Van Auken

lva:dc

# **EXHIBIT 35**

**Van Auken, Lori J.**

| | |
|---|---|
| **From:** | Charles N. Internicola [cinternicola@dddilaw.com] |
| **Sent:** | Monday, July 14, 2008 3:12 PM |
| **To:** | Van Auken, Lori J. |
| **Subject:** | Proposed Protective Order and July 11, 2008 Correspondence |

Ms. Van Auken:

In connection with your proposed protective order, I have requested a simple modification relating to the presently pending Department of Labor investigation, *viz.*, that the Plaintiff not be precluded from submitting documents and evidence to the Department of Labor. Absent this modification, the Plaintiff's position regarding the Department of Labor investigation will be compromised. Moreover, as previously indicated, since the Department of Labor is a government entity, I do not understand the confidentiality concerns that AON would have regarding the Department of Labor's possession of documents and evidence.

In addition to this issue, during the past month, you have raised various threats concerning Plaintiff's possession of "privileged, confidential and/or proprietary information" belonging to Aon. In response to your threats, I asked that you identify the documents to which you claim a privilege and in your July 11, 2008 correspondence you have provided me with a list of Bates numbers relating to documents produced by Plaintiff. In your July 11, 2008 correspondence you do not differentiate or distinguish the documents as to the privilege that you claim. In doing so, you claim that all of the identified documents constitute "privileged, confidential and/or proprietary information" belonging to Aon. You have further requested that my client and my office completely divest themselves of these documents and turnover all copies to your office.

Since your July 11, 2008 correspondence refers to a substantial portion of plaintiff's production and since the identified documents, on their face, appear to be relevant to this litigation, I ask that you provide me with your objection to specific groupings of these documents. For example, separately identify (in groupings) the Bate's numbers for those documents that you claim to be subject to (a) attorney-client privilege, (b) confidentiality agreement and (c) proprietary information. By doing this I believe that we may be able to quickly resolve this issue. For example, to the extent that Plaintiff is in possession of documents subject to an attorney-client privilege, then upon identification of such document (and verification as to the privilege) I will certainly turn over the document(s) and have my client divest himself of all copies of same. With regard to confidential information, I ask that you identify the "confidential documents" and the basis for this claim. To the extent that we may reach agreement as to the confidentiality of such documents, then I suggest we proceed with the confidentiality agreement in a form acceptable to your client. Finally, with regard to your claim as to "proprietary information", I ask that you identify the specific documents so that we may evaluate same. Also, to the extent that such documents are agreed upon to be relevant, I offer that we consider the confidentiality agreement.

I believe that if we follow the foregoing approach, we may promptly evaluate and resolve your concerns.

Charles N. Internicola, Esq.
DECKER DECKER DITO & INTERNICOLA, LLP
1610 Richmond Road, Staten Island, NY 10304

7/17/2008

T. 718. 979. 4300 (Ext.29)
F. 718. 351. 3514
www.dddilaw.com



CONFIDENTIALITY NOTICE: The information contained in this communication may be confidential, is intended only for the use of the recipient named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are notified that dissemination, distribution, or copying of this communication, or any of its contents, is prohibited. If you have received this communication in error, please re-send this communication to the sender and delete the original message and any copy of it from your computer system. Thank you. For more information please visit us at http://www.dddilaw.com

# EXHIBIT 36

## Van Auken, Lori J.

| From: | Van Auken, Lori J. |
|---|---|
| Sent: | Wednesday, July 23, 2008 6:44 PM |
| To: | 'Charles N. Internicola' |
| Subject: | Junk v. Aon |
| Attachments: | DOC_0000024d.pdf; DOC_00000250.pdf |

Mr. Internicola,

This responds to your email dated July 14, 2008, regarding the proposed Stipulated Protective Order and my July 11, 2008 letter.

Proposed Protective Order

We have considered the issue you raised last week regarding the proposed Stipulated Protective Order. As you know, the proposed Order contains a provision entitled "Compelled Disclosure." That provision, Section 15, addresses the situation in which a government agency requests the disclosure of confidential information, or a law obligates a party to disclose confidential information to a government agency.

We believe Section 15 more than adequately addresses your client's concern. Section 15 provides a process pursuant to which the parties are given notice of the proposed disclosure and an opportunity to protect their trade secrets and other privileged and confidential information; it does not preclude disclosure provided that the measures outlined therein are taken.

Moreover, we have found no case in which a court has held that a person is entitled to disclose another's confidential information, particularly when such person obtained that information improperly outside the judicial or administrative process. In fact, our research indicates that a person is not permitted to use information obtained in such a fashion, even to advance a whistleblower claim. Accordingly, for this reason as well, we fail to see how the proposed Protective Order in any way compromises Plaintiff's position. To the extent you have any case law or other support for your position, however, please forward it to me so that we may consider the matter further.

In the meantime, I am, once again, forwarding a copy of the Stipulated Protective Order. To the extent Section 15 may have been unclear, I revised the language so as to clarify our position. Clean and black-lined versions are attached. Assuming that these revisions meet with your satisfaction, please sign the clean copy and return it to me via email or overnight mail.

Return of Documents

We also have studied your response to my July 11, 2008, letter and believe it misses the mark. Essentially, you propose to "return" the privileged documents only if you agree that they are privileged, and to "consider" a confidentiality agreement only if you agree that the documents are "confidential" or "proprietary." It is our intention to conduct discovery in this case pursuant to the Federal Rules of Civil Procedure. Those Rules do not permit litigants to obtain documents outside the discovery process, especially documents which reflect trade secrets and other privileged and confidential information. The Rules also do not permit litigants to retain any such documents while they "verify," "consider" and "evaluate" the owner's privileged and confidential designations. Rather, the proper approach is for you to return all such documents to me so that I may hold them pending the outcome of our dispute. Once

you do so, we will consider any objections you have to our designations. I am confident that if we adhere to the Federal Rules, our clients' respective interests will be sufficiently addressed.

Charles, I also encourage you to execute the proposed Stipulated Protective Order so that we proceed with discovery in this case. It has now been more than seven weeks since I sent you the draft and three weeks since you told the magistrate you had no problems with it. In the meantime, discovery has come to a virtual standstill. Among other things, we would like to proceed with the deposition of Renew Data and the production of additional documents that we believe will allow you to better assess your client's position.

If you would like to discuss these matters further, please give me a call.

**Lori Van Auken**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
T: +1 (212) 294-4707
F: +1 (212) 294-4700

email | www.winston.com

WINSTON
&STRAWN
  LLP

7/23/2008

# EXHIBIT 37

**Van Auken, Lori J.**

| | |
|---|---|
| **From:** | cinternicola@dddilaw.com |
| **Sent:** | Tuesday, July 29, 2008 11:38 AM |
| **To:** | Van Auken, Lori J. |
| **Cc:** | Camille Tobia |
| **Subject:** | Junk v. AON |

Dear Ms. VanAuken:

With regard to your email of July 23, 2008 and your facsimile correspondence of July 28, Please note that I will be out of town until next week on a business matter. I will have my assistant contact your office today to schedule a phone conference for next week.

With regard to the documents that we have disclosed, you have demanded that we simply divest ourselves of same. The basis for your request was that since the documents were obtained "outside the discovery" process we are not entitled to maintain same. While I disagree with this proposition ( and ask that you send me any relevant case law) I have agreed and advised you that if are in possession of any documents subject to attorney client privilege that I would immediately deliver possession of these documents to you. I do not propose studying or reviewing these documents but I would require that you give me the Bates stamp number. Once I turn over the documents to you, I ask that you advise me how we may approach the issue as to whether or not such documents are privileged.

Likewise I have asked that you identify, by Bate's stamp number, documents that you claim to be confidential /proprietary information. If these dicuments are relevant to this matter, then I do not understand why we should not be entitled to maintain possession subject to a confidentiality agreement.

With regard to the confidentiality agreement, as a claimant, Mr. Junk is required to turnover all relevant documents to the dept of labor. Accordingly, I do not understand how we could agree to segregate documents and information in two simultaneous proceedings involving substantially identical issues and information.


Charles N. Internicola
Decker Decker Dito & Internicola, LLP
1610 Richmond Rd. Staten Island, NY 10304
T. 718.979.4300

(Sent by Wireless BlackBerry)

# **EXHIBIT 38**

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Western District of Texas

DANIEL JUNK

V.

AON CORP., AON SERVICE CORPORATION, AND
AON CONSULTING, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07-CIV-4640 (LMM)(GWG)
Southern District of New York

TO:   RenewData Corporation
9500 Arboretum Blvd.
Suite 130
Austin, TX 78759

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be video-taped.

| PLACE OF DEPOSITION   Baker & Botts, LLP, 98 San Jacinto Blvd., Suite 1500, Austin, TX 78701 Attn: Scott Powers - (512) 322-2678 | DATE AND TIME 6/13/2008 10:00 am |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see the attached Schedule A.

| PLACE   Baker & Botts, LLP, 98 San Jacinto Blvd., Suite 1500, Austin, TX 78711 Attn: Scott Powers - (512) 322-2678 | DATE AND TIME 6/6/2008 10:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendants | DATE 5/16/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Lori J. Van Auken, Esq., Winston & Strawn LLP, 200 Park Avenue, New York, New York 10166   (212) 294-6700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | MAY 19, 2008 @ 3:35 pm | 9500 ARBORETUM BLVD, STE 130, AUSTIN, TX 78759 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Fred Kopec | Personal Service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jefferson Keyton | Process Server     SCH-0735 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    MAY 21, 2008
                    DATE

X _____
SIGNATURE OF SERVER

809 Rio Grande, STE 103
ADDRESS OF SERVER

Austin, TX 78701

Affidavit
Attached

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# AFFIDAVIT OF SERVICE

Came to hand on the **19th** day of **May**      , 2008, at  2:00 o'clock  **pm**. Cause No. **07-CIV-4640**

Executed at      **9500 Arboretum Blvd., Suite 130**      **Austin, Texas  78759** within the County of      **Travis**    at 3:35 o'clock **pm** on the **19th** day of **May**      , 2008, by delivering to the within named:

**RENEWDATA CORPORATION,**
**by delivering to its Attorney of Record, FRED KOPEC, in person, a true copy of this Subpoena In A Civil Case together with Request for Production, having first endorsed upon such copy of such Subpoena the date of delivery.**

I am not a party to or interested in the outcome of the suit referenced above. I am authorized by written order to serve citation and other notices. I am not less than eighteen (18) years of age.

Service Fee $60.00

|  |  |
|---|---|
| DANIEL JUNK | By: _____ |
|  | **Jefferson R. Keyton   ID# SCH-735** |
| Plaintiff | (Authorized Person) |
|  |  |
| V. | **THOMAS PROCESS** |
| AON CORP., AON SERVICE | 809 Rio Grande Street |
| CORPORATION, AND AON CONSULTING, | Suite 103 |
| INC. | Austin, Texas  78701 |
| Defendant | (512) 320-8330 |

### VERIFICATION

STATE OF TEXAS         §
COUNTY OF TRAVIS       §

        BEFORE ME, A NOTARY PUBLIC, on this day personally appeared **Jefferson R. Keyton**      , known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
        Given under my hand and seal of office this 21st day of May      , A.D., 2008.

_____
NOTARY PUBLIC, STATE OF TEXAS

38227/AON

# **EXHIBIT 39**

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Western District of Texas

DANIEL JUNK

V.

AON CORP., AON SERVICE CORPORATION, AND
AON CONSULTING, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-CIV-4640 (LMM)(GWG)
Southern District of New York

TO:  RenewData Corporation
9500 Arboretum Blvd.
Suite 130
Austin, TX 78759

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.  The deposition shall be recorded by stenographic and videographic means.

| PLACE OF DEPOSITION   Baker Botts L.L.P., 98 San Jacinto Blvd., Suite 1500, Austin, TX 78701    Attn: Scott Powers - (512) 322-2678 | DATE AND TIME   7/8/2008 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

Please see the attached Schedule A (30(b)(6) deposition topics) and Schedule B (additional requested documents).

| PLACE   Baker Botts L.L.P., 98 San Jacinto Blvd., Suite 1500, Austin, TX 78711    Attn:  Scott Powers - (512) 322-2678 | DATE AND TIME   7/3/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   _[signature]_  Attorney for Defendants | DATE   6/26/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher C. Costello, Esq., Winston & Strawn LLP, 200 Park Avenue, New York, New York 10166   (212) 294-6700

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

_[handwritten date]_

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                    DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and shall include, without limitation, any designated document, electronically stored information, electronic or computerized data compilations, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly, or, if necessary, after translation by the responding party into a reasonably usable form on CD-ROM or similar digital or electronic media.  A draft or non-identical copy is a separate document within the meaning of this term.

2.      The term "Plaintiff" means the Plaintiff in this action, Daniel Junk.

3.      The terms "RenewData," "You" or "Your" means the company RenewData Corporation and its present and former parents, subsidiaries, affiliates, predecessors, successors, and each of their present and former partners, officers, directors, employees, agents, attorneys and representatives and other persons acting or purporting to act on its behalf.

4.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5.      The term "including" shall be construed to mean "without limitation."

6.      The terms "any" and "all" shall be construed to make a request inclusive rather than exclusive.

7.      The connectives "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.      If any otherwise responsive document and/or electronic information was, but no longer is, in existence or in RenewData's possession, custody, or control, state whether the document and/or electronic information: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) has been otherwise disposed of. In each instance described in this paragraph, identify the name and address of the current or last known custodian of such document and/or electronic information, and describe the circumstances surrounding its disposition.

2.      If RenewData withholds any document, including electronic information, requested herein on the ground that it is subject to the attorney-client privilege, the work-product privilege or any other applicable privilege or protection, you shall make that claim expressly and shall support that claim by producing a privilege log that identifies for each such document

and/or electronic information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author(s) or preparer(s) of the document, the addressee(s) of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

## SUBJECTS FOR 30(b)(6) DEPOSITION

1.      The terms and conditions of Plaintiff's employment by RenewData during 2006.

2.      The terms and conditions of the RenewData Management Incentive Plan Fiscal Year 2006, the SM Commission Plan, Effective April 1, 2006, the 2006 EES Sales Manager Compensation Plan for Dan Junk, and any policy, plan or decision pursuant to which the payment of any commissions, bonuses and other forms of compensation by RenewData to the Plaintiff during 2006 may have been based.

3.      The products and services offered for sale by RenewData during the period May 1, 2006 through November 16, 2006.

4.      The sales generated by or attributable to Plaintiff during the period he was employed by RenewData in 2006, including the dollar amount or net revenue generated by those sales, and any adjustments made to those net revenue figures and the reasons therefor.

5.      The basis or bases upon which net revenues were allocated or assigned to RenewData sales personnel, including Plaintiff, for the purpose of determining the amount of any commissions, bonuses or other forms of compensation to be paid by RenewData to such sales personnel during 2006.

6.      The amounts paid to Plaintiff by RenewData during 2006, including but not limited to any salary, commissions, bonuses, allowances, advances, and/or consulting fees.



7.      All commissions, bonuses or other amounts which Plaintiff would have been paid by RenewData for the period October 1, 2006 through and including November 16, 2006, had Plaintiff not resigned from RenewData effective November 16, 2006.

8.      The circumstances surrounding the termination of Plaintiff's employment with RenewData in late 2005 or early 2006.

9.      The circumstances surrounding RenewData's decision to rehire Plaintiff in May 2006.

10.      The circumstances surrounding the termination of Plaintiff's employment with RenewData in November 2006.

      11.        Documents reflecting communications with or concerning the Plaintiff during the period November 16, 2006, to the present, including but not limited to communications concerning the action entitled <u>Junk v. Aon Corp. et al.</u>, 07-CV-4640 (LMM)(GWG).

      12.        The changes in management and sales personnel that have taken place at RenewData between January 1, 2005, and the present, and the reasons for such changes.

## SCHEDULE B

## DOCUMENT REQUESTS

1.    The RenewData Management Incentive Plan for Fiscal Year 2006, and all documents reflecting any changes to such Plan between January 1, 2006 and the present.

2.    Documents concerning the consulting fee paid to Plaintiff by RenewData during 2006, including but not limited to any IRS Form 1099.

3.    Documents concerning Plaintiff or reflecting communications with Plaintiff during the period November 16, 2006, through the present, including but not limited to all email communications concerning Plaintiff during this time period.

4.    Documents reflecting commissions, bonuses or other amounts paid to RenewData sales personnel on account of revenues generated during the period October 1, 2006 through and including November 16, 2006, with respect to each of the following:

|     |     |
| --- | --- |
| a.  | UBS |
| b.  | ING |
| c.  | Wachovia |
| d.  | Williams Connolly / or also WebMD |
| e.  | Omnicare/ or also Dewey Ballentine |
| f.  | CBS or also Paul Weiss |
| g.  | Morgan Stanley |
| h.  | BISYS |
| i.  | BestBuy |
| j.  | Tyco |
| k.  | Wilmer Hale Boston |
| l.  | Symbol Technologies |
| m.  | Alliance Capital or Alliance Bernstein |
| n.  | Arch Capital |

5.    Documents reflecting the extent to which Plaintiff was responsible for generating revenue for RenewData for each of the following clients during the period May 1, 2006, through and including November 16, 2006:

|     |     |
| --- | --- |
| a.  | UBS |
| b.  | ING |
| c.  | Wachovia |
| d.  | Williams Connolly / or also WebMD |
| e.  | Omnicare/ or also Dewey Ballentine |
| f.  | CBS or also Paul Weiss |
| g.  | Morgan Stanley |
| h.  | BISYS |
| i.  | BestBuy |
| j.  | Tyco |
| k.  | Wilmer Hale Boston |

l.      Symbol Technologies
m.     Alliance Capital or Alliance Bernstein
n.     Arch Capital

6.     Documents reflecting the extent to which any other RenewData sales personnel may have been responsible for generating revenue for RenewData from each of the following clients during the period May 1, 2006, through and including November 16, 2006:

a.     UBS
b.     ING
c.     Wachovia
d.     Williams Connolly / or also WebMD
e.     Omnicare/ or also Dewey Ballentine
f.     CBS or also Paul Weiss
g.     Morgan Stanley
h.     BISYS
i.     BestBuy
j.     Tyco
k.     Wilmer Hale Boston
l.     Symbol Technologies
m.     Alliance Capital or Alliance Bernstein
n.     Arch Capital

# EXHIBIT 40

From:  Cliff Shnier
Subject:  RE: Hot Off The Press - Aon Best Practice Strategies for EDD Management [Virus Checked]
Date:  March 08, 2008 10:51:12 AM EDT
To:  Daniel Junk, Anne Kemp

A lot of this document is stuff that I wrote for them, and probably stuff Anne wrote for them too.  And not so much as a thank-you.

Cliff

Cliff Shnier, JD
Electronic Discovery Consulting

Redacted

**From:** Dan Junk [mailto:djunkman@mac.com]

**Sent:** Friday, March 07, 2008 4:59 AM

**To:** Anne Kemp; Cliff Shnier

**Subject:** Fwd: Hot Off The Press - Aon Best Practice Strategies for EDD Management [Virus Checked]

LOL. 18 months behind the market. They talk the talk but when I am thru with them it will be apparent that they don't walk the walk. Hope all is well with you both.

Dan

Dan Junk

Redacted

Sent from my iPhone

Begin forwarded message:

**From:** "Velasco, Jason"          Redacted

**Date:** March 5, 2008 9:33:22 AM EST

**To:** dan@lawfirmkm.com

**Subject: FW: Hot Off The Press - Aon Best Practice Strategies for EDD Management  [Virus Checked]**

Jason Velasco
Vice-President - Client Services

Redacted

001834