UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                              :
DANIEL JUNK,                                  :  No. 07-CIV-4640 (LMM) (GWG)
                                              :
                     Plaintiff,               :  ECF CASE
                                              :
        - against -                           :
                                              :  **[PROPOSED]**
AON CORP., AON SERVICE CORPORATION and        :  **PROTECTIVE ORDER**
AON CONSULTING, INC.,                         :
                                              :
                     Defendants.              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      WHEREAS on or about June 1, 2007, Daniel Junk ("Junk") filed a complaint against Aon Corp., Aon Service Corporation and Aon Consulting, Inc. (collectively, "Aon") in the United States District Court for the Southern District of New York, entitled, *Daniel Junk v. Aon Corp., et al.*, No. 07 CIV 4640 (LMM)(GWG), (the "SDNY Litigation");

      WHEREAS on or about January 16, 2008, Aon filed an answer and counterclaims against Junk in the SDNY Litigation;

      WHEREAS in the course of this SDNY Litigation certain information, documents and testimony are likely to be disclosed and produced through discovery that may constitute or incorporate trade secrets and other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

      WHEREAS entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other confidential research, development or commercial information;

WHEREAS good cause exists for the entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development or commercial information,

It is hereby ORDERED, by and between Junk, his heirs, executors, agents, attorneys, successors and assigns, and Aon, their subsidiaries, affiliates, successors, employees agents, attorneys and assigns (together, "the Parties") that the following provisions shall govern the production and exchange of Confidential Information, as that term is defined in Paragraph 2 hereof, during the course of the SDNY Litigation:

1. <u>Scope of Order</u>. This Order shall be applicable to and govern the use and dissemination of all information, documents and materials (or portions thereof) that are produced in the SDNY Litigation including, without limitation, information provided with initial disclosures, in response to document requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, responses to requests for admission, stipulations and all other discovery taken, testimony adduced at trial, matters in evidence before this Court, and any other information that a party or non-party reasonably and in good faith believes to contain Confidential Information, as that term is defined in Paragraph 2 hereof, ("Designating Party") and designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" in accordance with the terms of this Order. The treatment of all documents and other information so designated shall be governed by the terms of this Order.

2. <u>Definition of Confidential Information</u>. As used herein, Confidential Information shall be interpreted to include any and all of the following information disclosed by the Parties and any non-parties, whether in written form, orally or through electronic means:

    2.1    information concerning trade secrets;

    2.2    information concerning prior, current or potential customers;

    2.3    information concerning business development, branding, sales and/or marketing activities;

    2.4    information concerning any confidential and proprietary technical, research or development information including, but not limited to information concerning any computer hardware, software and/or technology being developed by, for, and/or on behalf of Aon or any non-party;

    2.5    information deemed to be confidential and/or proprietary pursuant to any pre-existing confidentiality, non-disclosure or similar agreement protecting the disclosure of information to persons or entities other than those who are parties to such agreement;

    2.6    information concerning any financial, budgeting and/or accounting information;

    2.7    information concerning business performance and projections, business strategies, decisions and/or negotiations;

    2.8    information concerning pricing; and

    2.9    all other confidential, proprietary or otherwise sensitive information as to which the Parties or any third party customarily takes steps to limit or prevent its disclosure or misuse.

3.    <u>Designation of Confidential Information</u>.

    3.1    Any Party or non-party may designate as "CONFIDENTIAL" under the terms of this Order any non-public information that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation which such Party or non-party in good faith believes contains Confidential Information it does not wish to be disclosed to the public.

    3.2.    Any Party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order any non-public information including but not limited to that information set forth in Paragraph 2 hereof, that such Party or non-party supplies, discloses, produces or uses in connection with the SDNY Litigation, when it has a good faith belief that such information contains highly sensitive technical, business and/or research information regarding products, services, financial information, marketing plans and

forecasts, client lists, client communications, pricing data, cost data, or other such information the disclosure of which would be detrimental to the Designating Party and/or its business interests.

        3.3    In the event that a Party or non-party has not designated any documents, information or testimony that it supplies, discloses, produces, files or uses in connection with this SDNY Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" but another Party or non-party believes such documents, information or testimony should be so designated, such Party or non-party may so designate such documents, information or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" within fifteen (15) days after actual receipt of such documents, information or testimony or within fifteen (15) days after the entry of this Stipulated Protective Order, whichever is later.

        3.4    In the event any Designating Party produces Confidential Information that has not been designated as such, or is not correctly designated, the Designating Party may designate or redesignate the Confidential Information to the same extent as it may have designated the Confidential Information before production, by a subsequent notice in writing specifically identifying the redesignated Confidential Information, in which event, the Parties and any non-party shall henceforth treat such Confidential Information in accordance with this Order, and shall undertake their best efforts to correct any disclosure of such Confidential Information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation. No demonstration or proof of error, inadvertence, or excusable neglect by the Designating Party shall be required for such redesignation.

        3.5    The scope of this Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Information, but also any and all

copies, notes, photographs, excerpts, and summaries thereof, as well as any and all testimony, oral conversations and electronic data reflecting or concerning Confidential Information.

    4.    <u>Procedures For Designating Confidential Information.</u>  Confidential Information shall be designated and marked as follows:

        4.1    <u>Documents</u>.  Documents (including but not limited to discovery responses and court filings), and any information contained therein, may be designated as Confidential Information by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" on any such document prior to service or filing.  Such legend shall be placed on the first page of each document containing Confidential Information and upon each page within such document considered to be Confidential Information.

        4.2    <u>Magnetic, Optical Media and Other Electronic Documents</u>.  Where a document is produced in a magnetic, optical media or other electronic form (such as hard drive, CD-ROM, DVD or flash memory), the drive, CD-ROM, DVD or medium container shall be marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" as appropriate.  When possible, files contained on these media may be designated as Confidential Information prior to disclosure or production, via the process described in Paragraph 4.1.  To the extent such media is printed out, then Paragraph 4.1. will apply.

        4.3    <u>Physical Exhibits</u>:  The confidential status of a physical exhibit shall be indicated by stamping or placing a label on said physical exhibit designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY."

        4.4    <u>Partial Designations</u>:  In the case of information incorporated in answers to interrogatories or responses to requests for admission, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" legend shall be placed on the answer or response and such answers or responses shall be separately produced.

4.5     Deposition Proceedings:  Deposition transcripts may be designated confidential by stamping each page of the confidential portion with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY," by submitting a list of confidential portions identified by page numbers or any other method by which the Parties agree in writing.  These transcripts will be treated as Confidential Information in their entirety until such designations are made.

5.     Non-Confidential Information.  The term Confidential Information does not include:

5.1    Information that has been previously published or otherwise made freely available to the general public, other than as a result of wrongful or unauthorized disclosure or disclosure in violation of the terms hereof;

5.2    Information that both Parties agree in writing shall not be designated as Confidential Information; and

5.3    Information that the Court, upon motion, determines is not subject to the terms of this Order.

6.     Nondisclosure of and Restrictions on Use of Confidential Information. Confidential Information will be kept confidential by the Parties and any non-parties who receive Confidential Information and shall be utilized by such Parties, non-parties and their respective counsel solely for the purposes of this SDNY Litigation and for no other purpose.  The Parties and all non-parties who receive Confidential Information pursuant to the terms of this Order shall safeguard all Confidential Information from unauthorized disclosure.  Confidential Information may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only to the persons specified in Paragraphs 7, 8, 9 and 15 hereof and only in accordance with the terms of this Order.  Without limiting the generality of any other provisions hereof, unless

6

previously specifically authorized in writing by the Designating Party, no Confidential Information shall be disclosed by or on behalf of a Party or non-party in any press release, disclosure document, governmental filing or other public document or medium.

    7.    <u>Disclosure of Confidential Information to Experts</u>.

    7.1    As used herein, "Expert" shall mean a person who has been retained by a Party or its counsel to furnish technical or expert services or give testimony in connection with the SDNY Litigation and who is not an employee or former employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

    7.2    The Parties may disclose Confidential Information to their Experts, but only if such Expert reasonably needs to know the Confidential Information in connection with the SDNY Litigation, and then, only after each such Expert has: (i) been informed of the confidential nature of the Confidential Information; and (ii) executed an Acknowledgment of his/her/their obligation to be bound by the terms of this Stipulated Protective Order, which Acknowledgment shall be in the form attached hereto as Exhibit A.

    7.3    The party whose Expert it is will: (i) inform each such Expert of the confidential nature of the Confidential Information; (ii) cause such Expert to treat the Confidential Information confidentially and not to disclose or use it other than in connection with the SDNY Litigation; (iii) be responsible for any improper disclosure or use of the Confidential Information by the party or any such Expert (including without limitation any Expert, who, subsequent to the date of disclosure of the Confidential Information hereunder, becomes a former Expert).

    8.    <u>Disclosure of Confidential Information to Others</u>.  Confidential Information may also be disclosed only to the following persons in accordance with the terms set forth herein:

8.1   Counsel (both outside counsel of record and in-house counsel) for the Parties to this action and their associated attorneys, paralegals and support staff who are directly assisting such counsel in connection with this SDNY Litigation, who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

8.2   The Court and Court personnel, provided that such Confidential Information is disclosed to the Court and Court personnel in the following manner:

8.2.a   Any Party or non-party may file with the Court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Court in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this SDNY Litigation, the words "CONFIDENTIAL INFORMATION SUBJECT TO STIPULATED PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties."  Such documents shall be returned by the Court upon disposition of the motion or other proceeding for which they were submitted.

8.2.b   All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents, information or testimony which previously has been designated by a party as comprising or containing Confidential Information, shall identify such documents, information or testimony by the production number ascribed to them at the time of production, and should be filed with the Court in the manner set forth in Paragraph 8.2.a. above.

       8.3     An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 10 and 10.1 hereof;

       8.4     Trial and deposition witnesses, and their counsel, if such Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 10 and 10.1 hereof; and

       8.5     Any other person agreed to in writing by the Parties or upon Order of the Court for good cause shown.

       9.     <u>Disclosure of Highly Confidential Information</u>.  Notwithstanding anything herein to the contrary, any and all material that is designated "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" and any information contained therein shall be shown only to those persons identified in Paragraphs 8.1, 8.2, 8.3 and 8.5 hereof, and in the manner and pursuant to the terms set forth therein.  Any and all material designated as "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" and any information contained therein may be shown to the persons identified in Paragraph 8.4 hereof, and in the manner and pursuant to the terms set forth therein, but only if (a) such person authored, created or received such material in the ordinary course of business or is testifying pursuant to Fed. R. Civ. P. 30(b)(6); (b) such person is shown such material for the sole purpose of preparing for any trial or deposition testimony; and (c) such person, prior to being shown such material, is provided with a copy of this Stipulated Protective Order and executes an Acknowledgment to be bound by the terms of this Stipulated Protective Order in the form attached hereto as Exhibit A.

       10.     <u>Depositions</u>.  All depositions shall presumptively be treated as Confidential Information and subject to this Stipulated Protective Order during the deposition and for a

limited period of fifteen (15) days after a transcript of said deposition is received by counsel for the Party asserting the claim of confidentiality. On or before the expiration of the fifteen (15) day period, deposition testimony may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," by written notice of the specific pages and lines of testimony that contain such Confidential Information. Each Party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody or control. If no such designation is made within the fifteen (15) day period, the testimony will not be considered or treated as Confidential Information.

        10.1    Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulated Protective Order and he/she shall execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order in the form attached hereto as Exhibit A. Counsel for the Party obtaining the Acknowledgement shall supply a copy to counsel for the other Party. In the event that the deposition witness refuses to execute the Acknowledgement during the course of the deposition, that witness, at the option of the Party who made the Confidential Information designation, may be shown Confidential Information to the extent reasonably necessary to obtain his/her testimony but the deposition witness shall not be permitted to make or retain copies of any such Confidential Information and copies of such Confidential Information shall not be sent to the witness with the transcript of his/her deposition testimony.

        11.    <u>Court Hearings or Trial</u>. Should the need arise for a Party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, the Party may do so only after taking such steps as the Court, upon inquiry of the disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

12. <u>Non-Party Documents or Information</u>.  A Party may designate as Confidential Information subject to this Stipulated Protective Order any document, information or testimony produced or given by any non-party to this action, or any portion thereof only to the extent that the documents or information produced or the testimony provided by the non-party discloses the Party's own Confidential Information.  In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as Confidential Information at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.  In the case of deposition testimony, designation shall be made by notifying all counsel in writing of the specific pages and lines of testimony which are to be stamped or otherwise treated as Confidential Information at any time up to fifteen (15) days after the transcript is received by counsel for the Party asserting the claim of confidentiality or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.  Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.  Objections to any such designations shall be handled in the manner set forth in Paragraph 13 hereof.  If no such designation is made within the fifteen (15) day period, the documents, information and/or testimony will not be considered to be or treated as Confidential Information.

13. <u>Potential Declassification of Confidential Information</u>.  A Party may, at any time within thirty (30) days of receipt of Confidential Information, notify the Designating Party that such Party does not concur in the designation of a document or other material as Confidential Information.  The receiving party and the Designating Party shall meet and confer in an attempt to resolve such dispute.  If the dispute cannot be resolved, either Party may seek a ruling from

11

the Court by submitting a joint letter to the Court in accordance with the applicable Court rules and Order(s), describing the dispute and requesting a conference. The Party seeking to retain the Confidential Information designation shall bear the burden of proof in any challenge to such designation. If no such conference is requested, such documents, information and/or testimony shall continue to be treated as Confidential Information. If such a conference is requested, the documents, information or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

14.     <u>Inadvertently Produced Documents Without Confidential Identification</u>. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" nature as provided in Paragraphs 3 and/or 4 above, may be so designated by the Party asserting the claim of confidentiality by written notice to counsel for the other Party identifying the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" within a reasonable time following the discovery that the document or information has been produced without such designation or within fifteen (15) days of entry of this Stipulated Protective Order, whichever is later.

15.     <u>Compelled Disclosure</u>.

15.1     If any Party or non-party is served with a subpoena or an order issued in another proceeding or is otherwise requested, required or compelled by applicable law, rule or regulation to disclose any Confidential Information ("Compelled Disclosure Demand"), such Party or non-party will promptly notify the other Party or Parties in writing immediately, and in no event more than five (5) days after receiving such Compelled Disclosure Demand, in order to permit such Party or Parties to seek a protective order or to take other appropriate action. Such notification must include a copy of the Compelled Disclosure Demand and identify the law, rule

or regulation pursuant to which disclosure of Confidential Information has been requested, required or compelled. The Party or non-party receiving such Compelled Disclosure Demand must immediately inform in writing the person or entity which caused the Compelled Disclosure Demand to issue that some or all of the material covered by the Compelled Disclosure Demand is the subject of this Stipulated Protective Order. Additionally, the Party or non-party receiving such Compelled Disclosure Demand must deliver a copy of this Stipulated Protective Order promptly to the party that caused the Compelled Disclosure Demand to issue.

        15.2    Notwithstanding the foregoing, nothing herein shall restrict or otherwise purport to prohibit a Party or non-party receiving a Compelled Disclosure Demand from a governmental unit from complying with such Compelled Disclosure Demand; provided, however, that the Party or non-party receiving such a Compelled Disclosure Demand must (1) notify the Party or Parties of the Confidential Information that is proposed to be disclosed and to whom such disclosure is proposed to be made at least five (5) business days prior to making any disclosure; (2) provide the Party or Parties with a copy of the Compelled Disclosure Demand and identify the law, rule or regulation pursuant to which the disclosure of Confidential Information has been requested, required or compelled; (3) promptly deliver a copy of this Stipulated Protective Order to the governmental unit which caused the Compelled Disclosure Demand to issue; and (4) cooperate with the Party's or Parties' efforts to obtain a protective order or other reasonable assurances that confidential treatment will be accorded to the Confidential Information. If, in the absence of a protective order, the Party or non-party receiving such Compelled Disclosure Demand from a governmental unit is compelled as a matter of law to disclose the Confidential Information, such Party or non-party may disclose only that part of the Confidential Information such Party or non-party is required by law, rule or regulation to disclose, and only to the extent required by such law, rule or regulation, provided that such Party

or non-party shall exercise commercially reasonable efforts to obtain a protective order, confidentiality agreement or other reasonable assurances from the person or entity to whom such compelled disclosure is to be made that confidential treatment shall be accorded to such Confidential Information.

16.     <u>Unauthorized Disclosure of Protected Material</u>.  If a Party or non-party learns that, by inadvertence, or otherwise, Confidential Information has been disclosed to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party or non-party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Confidential Information, (iii) inform the person(s) to whom unauthorized disclosures were made of the terms of this Stipulated Protective Order, and (iv) request that such person(s) execute an Acknowledgment to be bound by the terms of this Stipulated Protective Order.  The Parties agree that any use or disclosure of Confidential Information not authorized under this Stipulated Protective Order constitutes irreparable harm per se, and that the Designating Party can seek injunctive relief from the Court.  The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party can move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure.  The amount of sanctions, if any, will be determined at the discretion of the Court.

17.     <u>Following Final Termination of This Action</u>.  Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, all documents and other materials containing Confidential Information produced or designated, including all reproductions thereof, shall be returned to the Designating Party or shall be destroyed, at the option of the Designating Party.  In

the event that any documents or other materials containing Confidential Information are to be destroyed, each Party and non-party obligated to destroy such documents and materials shall certify in writing within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this SDNY Litigation, including any appeals therefrom, that it has undertaken its best efforts to destroy such documents and materials, and that such documents and materials have been destroyed to the best of its knowledge. The Parties agree that any failure to provide the certification required pursuant to the terms hereof constitutes irreparable harm per se, and that the Designating Party may seek injunctive relief from the Court. The Parties also agree that regardless of whether the Designating Party can show actual harm proximately caused by any unauthorized use or disclosure of Confidential Information, the Designating Party may move for monetary sanctions against the Party or non-party that committed the unauthorized use or disclosure. The amount of sanctions, if any, will be determined at the discretion of the Court.

    18.    <u>General Provisions</u>. The following General Provisions govern this Stipulated Protective Order:

    18.1    This Stipulated Protective Order shall be construed and enforced in accordance with the laws of the State of New York and the Parties hereto submit to the jurisdiction of federal and state courts of New York for all purposes hereof.

    18.2    This Stipulated Protective Order shall not be assignable in whole or in part without the prior written consent of the other Party provided, however, that notwithstanding the lack of such consent, this Stipulated Protective Order shall be binding upon any assignee of or successor in interest to each Party.

    18.3    No failure or delay by either Party in exercising any right, power, or privilege under this Stipulated Protective Order shall operate as a waiver thereof, nor shall any

single or partial exercise thereof preclude any other or further exercise of any right, power, or privilege hereunder.

18.4   In the event that any provision of this Stipulated Protective Order is deemed invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Stipulated Protective Order shall not in any way be affected or impaired thereby.

18.5   This Stipulated Protective Order may not be amended or waived, in whole or in part, except by a written instrument signed by the duly authorized representative of both Parties hereto, which specifically refers to the provision or provisions of this Stipulated Protective Order which are amended or waived thereby, or by Court order.

18.6   Nothing herein is intended, nor shall it be deemed to constitute, an amendment or waiver of the terms of any prior agreement between some or all of the Parties.

18.7   This Stipulated Protective Order may be executed in several counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument.

18.8   All persons who receive Confidential Information agree to submit to the jurisdiction of this Court for purposes of any proceeding relating to the performance under, compliance with, or violation of this Order.

19.   <u>Binding Nature of this Stipulated Protective Order</u>.   This Stipulated Protective Order shall remain in force and effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the Parties.

20.  Effect of Stipulated Protective Order.

20.1  Adherence to this Stipulated Protective Order in no way constitutes an admission by any Party that any information provided in this SDNY Litigation and not subject to this Order is not proprietary or confidential.

20.2  This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or non-party nor obligate any Party or non-party to provide discovery to which it asserts objections.

20.3  The terms of this Stipulated Protective Order shall apply to confidential documents, information or testimony produced or disclosed by non-parties in connection with this SDNY Litigation if such non-party wishes to designate any such documents, information or material as Confidential Information.

21.  Nothing herein shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents, information or testimony, which that Party may deem appropriate, including, but not limited to, restrictions on public disclosure or disclosure to competitors.

Dated: September ___, 2008

SO ORDERED:

_____
Gabriel W. Gorenstein
United States Magistrate Judge

# EXHIBIT A

## DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, _____, under penalty of perjury, declare as follows:

1. I have received a copy of the Stipulated Protective Order ("Order") governing the production of Confidential Information which has been entered in *Daniel Junk v. Aon Corp., Aon Service Corporation and Aon Consulting, Inc.*, 07 CIV 4640 (LMM)(GWG).

2. I have read the Order, understand the terms, conditions and restrictions imposed upon me by the Order, and agree to be bound by all of the terms, conditions and restrictions imposed by the Order.

3. I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Confidential Information that is the subject of the Order to any person or entity except in strict accordance with the terms of this Order.

4. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur following termination of this SDNY Litigation.

Dated: _____   _____
City and State _____   Signature

_____
Name (Printed)

_____
Employer

_____
_____
Business Address

_____
Business Telephone